Thomas P. Bleau, Esq., SBN 152945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone  :  (323) 874-8613
Facsimile  :  (323) 874-1234
e-mail      :  bleaushark@aol.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT IN AND FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | 1.  DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF (VIOLATIONS OF THE PETROLEUM MARKETING PRACTICES ACT, 15 U.S.C. § 2801, ET SEQ.) |
| Defendants. | 2.  DECLARATORY RELIEF |
| | **DEMAND FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.  Plaintiff, HOUTAN PETROLEUM, INC. ("Plaintiff"), is a California corporation that operates a motor fuel service station located at 101 E. El Camino Real, Mountain View, California 94040 ("filling station").

2. Plaintiff, is informed and believes and based thereon alleges that Defendant, CONOCOPHILLIPS COMPANY, (hereinafter referred to as "CONOCO") successor by merger to TOSCO Corporation is now, and at all times mentioned herein was, a Corporation doing business in the State of California with its headquarters and principal place of business in Houston, Texas.

3.  Plaintiff is not aware of the true names or capacities, whether individual,

corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff shall amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained. Plaintiff is informed and believe and on that basis alleges that each of the fictitiously named Defendants is in some manner intentionally or negligently responsible for the things herein alleged and the damages suffered by the Plaintiff.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants, fictitious and real, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the fictitiously named Defendants was the agent, servant, employee, co-venturer and/or alter ego of each of the remaining fictitiously named Defendants and were acting within the course, scope, purpose, consent, knowledge and authorization of such agency, employment and/or joint venture and each fictitiously named Defendant has ratified and approved the acts of his, her and/or its agent.

6. Whenever in this complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

<u>JURISDICTION</u>

7. Jurisdiction over this action is based on the provisions of the Petroleum Marketing Practices Act (hereinafter "PMPA"), 15 U.S.C. Section 2805, which explicitly confers jurisdiction on the United States District Courts over civil actions brought against franchisors by franchisees, regardless of the amount in controversy. Jurisdiction over this action is therefore appropriate since this case involves a Federal Question pursuant to the provisions of 28 U.S.C. Section 1331.

8.   Jurisdiction over the remaining counts of this Complaint arises under 28 U.S.C. §1367 because the state and common law claims alleged herein are so related to federal claims that they form part of the same case or controversy.

<u>VENUE</u>

9.  Venue is appropriate in this district pursuant to 28 U.S.C. Section 1391(b) and 15 U.S.C. Section 2805(a) because Plaintiff's business premises is located within the boundaries of the Northern District of California.

<u>GENERAL ALLEGATIONS</u>

10.    Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, Defendants were the agents, employees and/or joint venturers of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency, co-employment and/or joint venture.

11. At all times relevant hereto, CONOCOPHILLIPS leased the property on which the petroleum marketing franchise of Plaintiff is located from the landowner of the property under a "Master Lease," and subleased the property to Plaintiff, pursuant to Retail Facility Lease.

12. At all relevant times herein, Plaintiff had subleased its aforementioned premises from CONOCOPHILLIPS, for the purpose of operating the subject Union 76 branded motor fuel filling station.

13. At all relevant times herein, Plaintiff was in a franchise relationship with CONOCOPHILLIPS, operating the subject Union 76 branded motor fuel filling station as a CONOCOPHILLIPS franchisee pursuant to a "Union 76 Dealer Station Lease and Motor Fuel Supply Agreement" (hereinafter referred to as the "Franchise Agreement").

14.    As a franchisee of a gasoline filling station, Plaintiff is the intended protectee of the PMPA. Defendant is subject to the PMPA as a franchisor.

15. In spite of the fact that Plaintiff's franchise agreement was not due to expire

1   until August 31, 2010, on or about September 18, 2007, CONOCOPHILLIPS sent
2   notice to Plaintiff that it has decided to terminate the franchise agreement because it
3   allegedly lost the right to grant possession of the premises due to the "expiration of
4   an underlying lease" between CONOCOPHILLIPS and the third party Lessor.
5   ("Notice of Termination").

6       16.   The Notice of Termination also indicated that Plaintiff's franchise
7   relationship with CONOCOPHILLIPS would terminate at 12:00 noon on October 31,
8   2007 ("Termination Date").

9       17.   However, the PMPA expressly provides that a franchisor such as
10   CONOCOPHILLIPS shall furnish notification of termination "not less than 90 days
11   prior to the date on which such termination or nonrenewal takes effect." 15 U.S.C.
12   §2804(a)(2).

13       18.   Plaintiff has already obtained acquired legal possession of the subject
14   station Premises by entering into a long term lease with the landowner, effective
15   immediately upon CONOCOPHILLIPS' loss of the right to grant possession as of
16   November 1, 2007 and had advised CONOCOPHILLIPS of doing so on October 18,
17   2007.

18       19.   In such an instance, if at the time such Notice of Termination is served, a
19   franchisor is leasing the premises from a third party lessor pursuant to a Master Lease
20   then, within the 90 day notice period provided for in 15 U.S.C. §2804(a)(2), the
21   franchisor has an obligation to make a bona fide offer to sell, transfer or assign to the
22   franchisee all of franchisor's interest in such premises and in any improvements or
23   equipment located on the premises at a price that approaches fair market value.

24       20.   Plaintiff is informed and believes and based thereon alleges that
25   CONOCOPHILLIPS' determination to terminate Plaintiff's franchise relationship was
26   not made in good faith and in the normal course of business.

27       21.   In accordance with Plaintiff's statutory rights, Plaintiff requested from
28   CONOCOPHILLIPS to purchase the improvements and equipment on the premises.

1    CONOCOPHILLIPS, however, has failed to make such a bona fide offer as required

2    by the PMPA.

3        22.  Instead, on or about October 22, 2007, ConocoPhillips sent Plaintiff an

4    "Offer to Sell Improvements" and gave plaintiff merely 7 days to accept such Offer

5    and merely 9 days to tender the stated purchase price of $340,000.

6        23.  Plaintiff is informed and believes and based thereon alleges that the Offer

7    was not "bona fide" under the PMPA because it exceeded and failed to approach fair

8    market value and because it did not give Plaintiff sufficient time to consider it, accept

9    it and tender the purchase price.

10       24.  On October 31, 2007, CONOCOPHILLIPS sent bulldozers to the subject

11   station Premises to begin removal of its equipment and improvements, but was not

12   successful in doing so.

13       25.  As of 12:00 noon on October 31, 2007, CONOCOPHILLIPS cut off supply

14   of fuel to Plaintiff's subject station and stopped processing all credit card sale

15   transactions at the station.  This has resulted in significant damages to Plaintiff and

16   stands to result in substantial irreparable harm to its goodwill if the franchise

17   relationship is not resumed.

18       26.  As of the date of this Complaint, Plaintiff is still willing to exercise its

19   PMPA rights to purchase the improvements and equipment at the Premises for a price

20   that approaches fair market value. Plaintiff has therefore been forced to file the instant

21   lawsuit for a redress of its rights under the PMPA.

22       27. Plaintiff is informed and believes and based thereon alleges that Defendant

23   CONOCOPHILLIPS has wrongfully terminated the Plaintiff's Franchise Agreement

24   and that said termination was not made in good faith and/or in the normal course of

25   business.

26                          **FIRST CLAIM FOR RELIEF**

27       (For Damages, Injunctive Relief and Equitable Relief, Exemplary Damages,

28       Attorney's Fees and Costs against CONOCOPHILLIPS for Violations of the

Petroleum Marketing Practices Act,

15 U.S.C. § 2801 et seq.)

28. Plaintiff incorporates and re-allege the allegations of paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. CONOCOPHILLIPS has furnished Plaintiff with notice that Plaintiff's franchise, including but not limited to his retail sales agreement will be terminated effective October 31, 2007.

30. Plaintiff is informed and believes and based thereon alleges that CONOCOPHILLIPS' determination to terminate Plaintiff's franchise agreement was not made in good faith or in the normal course of business but rather were purely pretextual.

31. Pursuant to Section 2804(a)(2) of the PMPA, CONOCOPHILLIPS shall was required to furnish notification of termination "not less than 90 days prior to the date on which such termination or nonrenewal takes effect."

32. CONOCOPHILLIPS failed to comply with this provision of the PMPA by furnishing its notification of termination less than 90 days prior to the effective date of the termination.

33. Plaintiff is informed and believes and based thereon alleges that such failure to comply with the express language of the PMPA was an intentional and willful violation of the PMPA.

34. Pursuant to Section 2802(c)(4)(C)(i), CONOCOPHILLIPS was obligated, to make a bona fide offer to sell, transfer, or assign to Plaintiff its interest in any improvements or equipment located on the station premises "during the 90-day period after the notification was given."

35. CONOCOPHILLIPS failed to comply with this provision of the PMPA by failing to make a "bona fide offer" in that the offer provided Plaintiff a mere 7 days to accept and a mere 9 days to tender payment in full for the requested purchase price and because the purchase price sought by CONOCOPHILLIPS of $340,000 exceeded

1  and failed to approach fair market value.

2      36.  Plaintiff is informed and believes and based thereon alleges that such
3  failure to comply with the express language of the PMPA was also an intentional and
4  willful violation of the PMPA.

5      37.  There  are  serious  questions  surrounding  the  validity  of
6  CONOCOPHILLIPS' actions and CONOCOPHILLIPS' obligations to the Plaintiff
7  under the PMPA. Such questions are fair grounds for litigation.

8      38.  Any hardship imposed on CONOCOPHILLIPS, as a franchisor, by a
9  temporary restraining order/injunction would be far less than the enormous hardship
10  imposed on the Plaintiff, the franchisee, if injunctive relief were not granted.

11      39.  Plaintiff is therefore entitled to a temporary restraining order/preliminary
12  injunction/permanent injunction for CONOCOPHILLIPS to be compelled, prohibited,
13  restrained, enjoined and ordered as follows:

14      A.    From taking any further action to interfere with Plaintiff, Houtan
15            Petroleum, Inc.'s, assumption of immediate possession as the tenant at
16            the premises located at 101 E. El Camino Real, Mountain View,
17            California 94040 upon the termination of ConocoPhillips' right to grant
18            possession of such premises October 31, 2007;

19      B.    From removing, or causing, in any manner to be removed any equipment
20            or improvements located at the premises located at 101 E. El Camino
21            Real, Mountain View, California 94040;

22      C.    Compelling it to resume its franchise relationship with Plaintiff, Houtan
23            Petroleum, Inc., including but not limited to the delivery of motor fuel
24            and electronic processing of credit card sales transactions pursuant to its
25            franchise agreement with Plaintiff;

26      D.    Being compelled to continue to sell and supply Union 76 branded fuel to
27            Plaintiff under the existing retail sales agreement between Plaintiff and
28            ConocoPhillips Company.

-7-
COMPLAINT

40.  Plaintiff is also entitled to a temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining CONOCOPHILLIPS, its agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates and/or subsidiaries, from attempting to, or to take any, bad faith efforts in attempting to establish grounds for termination with CONOCOPHILLIPS.

41.  Plaintiff is informed and believes and based thereon alleges that Plaintiff has, and will continue to, suffer damages, in an amount to be proven at trial, as a proximate result of the violations of the PMPA by CONOCOPHILLIPS as set forth herein.

42.  Plaintiff is entitled to the above-requested relief under the PMPA §2801, *et seq*.  Plaintiff is also entitled to any other equitable relief which the Court determines is necessary in order to remedy the effect of CONOCOPHILLIPS' willful failure to comply with Sections 2801, 2802, 2804 and 2805 of the PMPA, including, but not limited to, compelling CONOCOPHILLIPS to make a bona fide offer of the its interest in the leased marketing premises and compelling CONOCOPHILLIPS to continue to supply Plaintiff Shell branded motor fuel through the existing retail sales agreement.

43.  Plaintiff is entitled to and request exemplary damages, in an amount sufficient to deter further violations of the PMPA, as a result of CONOCOPHILLIPS' willful disregard of the requirements of the PMPA and the rights of Plaintiff.

44.  Plaintiff is entitled to and requests attorneys' fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to Section 2805(d) of the PMPA.

## SECOND CLAIM FOR RELIEF

(For Declaratory Relief Against CONOCOPHILLIPS)

45.  Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 44, inclusive, as if fully set forth herein.

46.  A dispute has arisen and an actual controversy exists with respect to the

rights of the parties and the obligations of the parties with respect to the following:

   a.   The rights and obligations of the parties under the provisions of the PMPA;

   b.   Whether CONOCOPHILLIPS has complied with the notice requirements of the PMPA.

   c.   Whether CONOCOPHILLIPS', Offer to Plaintiff to sell the equipment and improvements was in fact "bona fide" within the meaning of the PMPA;

   d.   Whether CONOCOPHILLIPS' determination to terminate Plaintiffs' franchise agreements, including but not limited to the lease agreements and the Motor Fuel Supply Agreements, was made in good faith and in the normal course of business;

   e.   Whether CONOCOPHILLIPS' termination of its franchise relationship with Plaintiff was lawful.

   f.   Whether the franchise relationship between the Plaintiff and CONOCOPHILLIPS should be reinstated.

   g.   Whether CONOCOPHILLIPS should be ordered to continue to supply Union 76 branded motor fuel to the Plaintiff unless and until CONOCOPHILLIPS can do so based on lawful grounds, following lawful procedure;

   g.   Any other controversy of the parties relating to the agreements entered into between them, the validity of their actions or the proper interpretation of the statutory claims at issue in this action, which the Court determines is a genuine controversy in need of resolution;

47. Therefore, Plaintiff seeks a declaration of the rights and obligations of the parties with respect to the controversies referred to above.

   **WHEREFORE**, Plaintiffs pray for judgment as follows:

**With respect to the First Claim for Relief, an order granting:**

1.    A temporary restraining order, preliminary injunction and permanent injunction compelling, restraining and enjoining CONOCOPHILLIPS, it agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, as follows:

        A.    From taking any further action to interfere with Plaintiff, Houtan Petroleum, Inc.'s, assumption of immediate possession as the tenant at the premises located at 101 E. El Camino Real, Mountain View, California 94040 upon the termination of ConocoPhillips' right to grant possession of such premises October 31, 2007;

        B.    From removing, or causing, in any manner to be removed any equipment or improvements located at the premises located at 101 E. El Camino Real, Mountain View, California 94040;

        C.    Compelling it to resume its franchise relationship with Plaintiff, Houtan Petroleum, Inc., including but not limited to the delivery of motor fuel and electronic processing of credit card sales transactions pursuant to its franchise agreement with Plaintiff;

        D.    Being compelled to continue to sell and supply Union 76 branded fuel to Plaintiff under the existing retail sales agreement between Plaintiff and ConocoPhillips Company.

2.    A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining CONOCOPHILLIPS, it agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from attempting to, or to take any, bad faith efforts in attempting to establish grounds for termination with CONOCOPHILLIPS.

3.    An award of Compensatory damages as allowed under the PMPA which were incurred as a proximate result of CONOCOPHILLIPS' violations

1    of the PMPA;

2    4.    Any other equitable relief which the Court determines is necessary in

3          order to remedy the effect of CONOCOPHILLIPS' willful failure to

4          comply with Sections 2801, 2802, 2804 and 2805 of the PMPA,

5          including, but not limited to, compelling CONOCOPHILLIPS to make

6          a bona fide offer of the its interest in the leased marketing premises and

7          compelling CONOCOPHILLIPS to continue to supply Plaintiff Shell

8          branded motor fuel through a renewed motor retail sales agreement;

9    5.    An award of exemplary damages in a amount to deter further violations

10         of the PMPA as a result of CONOCOPHILLIPS' willful disregard of the

11         requirements of the PMPA and the rights of Plaintiff;

12   6.    An award of attorney's fees, expert fees and costs under the PMPA in

13         connection with bringing the instant action pursuant to the PMPA;

14   **With respect to the Second Claim for Relief:**

15   7.    An order determining the rights and obligations of the parties under the

16         provisions of the PMPA;

17   8.    An order determining whether CONOCOPHILLIPS has complied with

18         the notice requirements of the PMPA.

19   9.    An order determining whether CONOCOPHILLIPS', Offer to Plaintiff

20         to sell the equipment and improvements was in fact "bona fide" within

21         the meaning of the PMPA;

22   10.   An order determining whether CONOCOPHILLIPS' determination to

23         terminate Plaintiffs' franchise agreements, was made in good faith and

24         in the normal course of business;

25   11.   An order determining whether the franchise relationship between the

26         Plaintiff and CONOCOPHILLIPS should be reinstated;

27   12.   An order determining whether CONOCOPHILLIPS should be ordered

28         to continue to supply Union 76 branded motor fuel to the Plaintiff unless

-11-
COMPLAINT

and until CONOCOPHILLIPS can do so based on lawful grounds,
following lawful procedure;

13.    An order determining any other controversy of the parties relating to the
agreements entered into between them, the validity of their actions or the
proper interpretation of the statutory claims at issue in this action, which
the Court determines is a genuine controversy in need of resolution;

**With respect to All Claims for Relief:**

14.    Any other and further relief the Court deems just and proper.

Dated: November 5, 2007                      BLEAU / FOX, A
                                             Professional Law Corporation

                                             By: _____
                                                 Thomas P. Bleau, Esq.
                                                 Attorneys for Plaintiff,
                                                 HOUTAN PETROLEUM, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff hereby
demands a trial by jury of all claims herein which are properly the subject of a trial
by jury.

Dated: November 5, 2007                      BLEAU / FOX, A
                                             Professional Law Corporation

                                             By: _____
                                                 Thomas P. Bleau, Esq.
                                                 Attorneys for Plaintiff,
                                                 HOUTAN PETROLEUM, INC.

COMPLAINT