Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone : (323) 874-8613
Facsimile : (323) 874-1234
e-mail:    bleaushark@aol.com
e-mail:    glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

UNITED STATES DISTRICT COURT IN AND FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO. |
| Plaintiff, | |
| vs. | **DECLARATION OF ED HADDAD IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION OF HOUTAN PETROLEUM, INC.** |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | |
| Defendants. | |

I, Ed Haddad, declare and state as follows:

1. If called upon to testify to the facts stated herein I could and would do so fully and competently based upon my personal knowledge of same.

2. I am over 18 years of age and the President of Plaintiff, Houtan Petroleum, Inc., which company owns and operates the Union 76 branded service station, located at 101 E. El Camino Real, Mountain View, California 94040 (hereinafter referred to as the "Premises").

3. Houtan Petroleum, Inc. purchased the Union 76 branded franchise at the Premises in approximately September 1997 for approximately $500,000 and has

-1-
DECLARATION OF ED HADDAD

operated such station pursuant a Union 76 Dealer Station Lease and Motor Fuel Supply Agreement (hereinafter referred to as the "Franchise Agreement") with franchisor ConocoPhillips Company continuously thereafter.

4. The latest Franchise Agreement was entered into with ConocoPhillips Company, on March 30, 2007, the term of the agreement commencing on September 1, 2007 and expiring on August 31, 2010. Attached hereto as **Exhibit "A"** is a true and correct copy of such latest Franchise Agreement.

5. Until October 31, 2007, ConocoPhillips Company leased the subject Premises on which the filling station is located from a third party owner of the premises, pursuant to an "Underlying Lease" which by its terms, expired on October 31, 2007.

6. On or about September 18, 2007, ConocoPhillips Company sent Houtan Petroleum, Inc. a "Notice of Termination" indicating that it has decided to terminate its Franchise Agreement, effective 12:00 noon on October 31, 2007 ("Termination Date") because the Underlying Lease with the third party owner expired on October 31, 2007. Attached hereto as **Exhibit "B"** is a true and correct copy of such Notice of Termination.

8. On October 16, 2007, Houtan Petroleum, Inc. and the landlord of the subject Premises, V.O. Limited Partners, a California limited partnership ("Landlord"), entered into a long term lease agreement with the effective date of November 1, 2007, pursuant to which Houtan Petroleum, Inc. acquired legal possession of the subject station Premises. A true and correct copy such lease is attached hereto as **Exhibit "C."**

9. On October 18, 2007, I sent ConocoPhillips Company a letter indicating that Houtan Petroleum would be acquiring possession of the premises from the landlord and demanding that ConocoPhillips sell its improvements and equipment to Houtan Petroleum. Attached hereto as **Exhibit "D"** is a true and correct copy of such letter.

10. On or about October 22, 2007, in response to my letter, ConocoPhillips

DECLARATION OF ED HADDAD

sent Houtan Petroleum an "Offer to Sell Improvements." This offer indicated that Houtan Petroleum could buy ConocoPhillips' improvements and equipment at the Premises for $340,000, but only if the offer is accepted by October 29, 2007 and is provided with a certified check for the full purchase price no later than 12:00 noon on October 31, 2007. Attached hereto as **Exhibit "E"** is a true and correct copy of such letter and the Bill of Sale that was included with the letter.

11. On October 29, 2007, my attorney, Thomas P. Bleau of the Bleau Fox firm sent ConocoPhillips a letter addressing Houtan Petroleum's position with regard to this matter. A true and correct copy of such letter is attached hereto as **Exhibit "F."**

12. Despite these communications, on October 30, 2007, ConocoPhillips notified the Landlord through its management company, De Anza Properties, that it intended to start removing its equipment and improvements from the subject Premises on November 1, 2007. Attached hereto as **Exhibit "G"** is a true and correct copy of ConocoPhillips' letter indicating this intention to De Anza Properties.

13. On October 31, 2007, ConocoPhillips sent bulldozers to the station Premises to begin removal of its equipment and improvements. Houtan Petroleum refused to cooperate with such activities and prevented them for the time being. This was followed up by a letter from Bleau Fox to ConocoPhillips' attorneys, dated October 31, 2007, indicating our intention to seek injunctive relief from the Court. A true and correct copy such letter is attached hereto as **Exhibit "H."**

14. On November 1, 2007, the Landlord, through De Anza Properties confirmed with ConocoPhillips of the Landlord's lease agreement with Houtan Petroleum and the fact that it cannot authorize ConocoPhillips to remove the improvements and equipment from the Premises. A true and correct copy of such letter is attached hereto as **Exhibit "I."**

15. As of 12:00 noon on October 31, 2007, ConocoPhillips cut off supply of fuel to the subject station and stopped processing all credit card sale transactions at

the station. This has already resulted in significant damages to Houtan Petroleum and stands to result in substantial irreparable harm to its goodwill if the franchise relationship is not resumed.

16. The subject filling station is located in a busy intersection of an upper scale neighborhood. It has built up considerable goodwill at its present location over the last ten years, a significant portion of which is due to the fact that it sells branded gasoline, specifically the Union 76 brand. Virtually all of the goodwill at the station is associated with being a Union 76 branded station.

17. In an attempt to preserve this goodwill, Houtan Petroleum is currently in the process of engaging in discussions with independent suppliers of Union 76 branded gasoline ("Jobbers"), as well as with suppliers of other branded gasoline, to resume supply of branded fuel after ConocoPhillips' termination of its franchise relationship with Houtan Petroleum. Forcing Houtan Petroleum to sell unbranded/independent gasoline would cause it to suffer irreparable harm in the form of substantial detriment and loss of its business goodwill.

18. The extremely short notice that ConocoPhillips provided to Houtan Petroleum prior to its effective date of termination, was not enough time to secure a fuel supply agreement with such a branded supplier of gasoline.

19. Additionally, the mere nine (9) days that ConocoPhillips gave Houtan Petroleum to come up with $340,000 to purchase its equipment and improvements was grossly inadequate.

20. Additionally, Houtan Petroleum is currently in the process of obtaining an appraisal from an MAI appraiser of all such equipment and improvements, which it was not able to obtain on such short notice prior to executing this declaration.

21. Nevertheless, I have been involved in the business of operating gasoline service stations for approximately 20 years. In the last 20 years, I have operated over fifteen (15) different gasoline service stations. I am currently operating 9 different gasoline service stations. Consequently, I have substantial experience and knowledge

regarding the market value of equipment and improvements at gasoline stations, such as the subject station located at 101 E. El Camino Real, Mountain View, California.

22. As Attachment "A" to the Bill of Sale (attached to this declaration as part of Exhibit "E") indicates, the 2 underground storage tanks at the Premises are almost twenty (20) years old, installed on January 1, 1988. The piping a the Station are almost 13 years old, installed on January 1, 1994. The dispensers at the Station are also very old and will likely have to be replaced in 2009 due to governmental requirements of having to change to a new system. Likewise, the rest of the equipment and improvements at the station, including the canopies and the building are extremely old and in poor physical condition. Consequently, based on my extensive experience with gasoline service stations, it is my opinion that the fair market value of the equipment and improvements identified on ConocoPhillips' Bill of Sale, which are located at the subject Premises, does not exceed $120,000.

23. Regardless, I am currently willing to exercise my PMPA rights to purchase the improvements and equipment at the Premises for a price that approaches fair market value. However, I believe that ConocoPhillips' Offer fails to comply with the PMPA and that it has failed to convey a truly "bona fide" offer to me. I therefore request that the Court grant my Application for a Preliminary Injunction preventing ConocoPhillips from terminating its Franchise Agreement and ordering it to resume supply of gasoline and processing of credit card transactions during the pendency of this lawsuit.

24. Unless this honorable Court enjoins ConocoPhillips from terminating its franchise relationship and orders it to continue such relationship during the pendency of this case, Houtan Petroleum, will lose a substantial amount of its goodwill that it has built up over the last 10 years.

25. Based substantially on the foregoing facts, including but not limited to its failure to provide 90 days notice of the termination, I believe that ConocoPhillips'

decision to terminate its franchise relationship with Houtan Petroleum was not in good faith and in the normal course of business. Likewise, I believe that ConocoPhillips' Offer for the sale of equipment and improvements at the Premises was not bona fide for a variety of reasons, including but not limited to those stated in this declaration.

26. I believe that Houtan Petroleum will be irreparably harmed if ConocoPhillips is not ordered to resume supply of gasoline and processing of credit card transactions and is allowed to remove the equipment and improvements from the Premises because this would put Houtan Petroleum out of business completely.

27. If the equipment and improvements are not removed and ConocoPhillips resumes its franchise relationship, including supply of gasoline and processing of credit card transactions, during the pendency of this lawsuit, Houtan Petroleum will be unable to remain in business and sell gasoline until all of the issues can be resolved on the merits.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 4th day of November, 2007, in Mountain View, California.

_____
Ed Haddad