GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
        afriedenberg@glynnfinley.com

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.,<br><br>             Plaintiff,<br><br>     vs.<br><br>CONOCOPHILLIPS COMPANY, A Texas<br>corporation and DOES 1 through 10,<br>Inclusive,<br><br>             Defendants. | Case No. 07-CV-5627 SC<br><br>**DECLARATION OF ADAM FRIEDENBERG IN SUPPORT OF DEFENDANT CONOCOPHILLIPS COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:   November 16, 2007<br>Time:   10:00 a.m.<br>Judge:  Hon. Samuel Conti |

I, Adam Friedenberg, say:

1.     I am an attorney licensed to practice in the State of California, and I am a member of the bar of this Court. I am associated with Glynn & Finley LLP, attorneys for defendant ConocoPhillips Company ("COP"). I know the following facts of my own personal knowledge and if called upon could and would competently testify thereto.

2.     Attached hereto as Exhibits A and B are true and correct copies of correspondence I sent to Plaintiff's counsel, Thomas P. Bleau, on October 31 and November 1, repsectively.

3.     Last week I spoke with Mr. Bleau on multiple occasions regarding this matter. During one of our conversations on October 30 or 31, Mr. Bleau advised me that Houtan

- 1 -

DECLARATION OF ADAM FRIEDENBERG

1    Petroleum had secured a fuel supply agreement with ARCO, another major petroleum franchisor in

2    the California market.

3              I declare under penalty of perjury, under the laws of the State of California, that the

4    foregoing is true and correct.  Executed this 9th day of November, 2007, at Walnut Creek,

5    California.

6

7    _____

     Adam Friedenberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ADAM FRIEDENBERG

*EXHIBIT A*

GLYNN & FINLEY, LLP

ONE WALNUT CREEK CENTER
SUITE 500
100 PRINGLE AVENUE
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: (925) 210-2800

FACSIMILE: (925) 945-1975

WRITER'S DIRECT DIAL NUMBER
(925) 210-2809
e-mail:  afriedenberg@glynnfinley.com

October 31, 2007

ConocoPhillips/Houtan Petroleum

**VIA FACSIMILE**

Thomas P. Bleau, Esq.
Bleau, Fox & Fong
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068-1336

Dear Tom:

As you know, we represent ConocoPhillips Company.  I write further to our conversation of yesterday regarding your client, Houtan Petroleum.  This letter also responds to your correspondence of yesterday to R. L. Matthews of ConocoPhillips.

You stated in your letter, and again when we spoke yesterday, that your client has acquired possession of the station premises at 101 E. El Camino Real, Mountain View, CA.  Obviously, in order to fully evaluate and respond to the issues raised by your letter, we will need to review a copy of the lease or other agreement by which you claim Houtan Petroleum has obtained such rights.  Accordingly, I requested that you provide a copy of any such agreement(s).  You agreed to obtain and forward copies of such documents, and I again urge you to do so as soon as possible.

You also claimed in your letter that ConocoPhillips "failed to give [your] client proper notice of termination in violation of the PMPA."  When we spoke, you repeated this claim, stating that ConocoPhillips failed to give your client 90 days notice of termination.  As you undoubtedly know, however, the PMPA does not require 90 days notice "[i]n circumstances in which it would not be reasonable for the franchisor to furnish notification, not less than 90 days prior to the date on which termination . . . takes effect. . . ."  18 U.S.C. § 2804(b)(1).  Such was the case here.  Indeed, ConocoPhillips did not confirm that it would not be able to renew or otherwise extend its underlying lease with the premises owner until September 2007.  It promptly thereafter advised Houtan of this fact, and that it would consequently be necessary to terminate Houtan's franchise agreement.  Moreover, ConocoPhillips fully disclosed to Houtan, including prior to and at the time of the most recent renewal of Houtan's franchise, the existence of this underlying lease, and the possibility that its termination might necessitate termination of the franchise agreement.  The termination was therefore proper and properly effected.

Thomas P. Bleau, Esq.
October 31, 2007
Page 2

        Your claim that ConocoPhillips failed to make a "bona fide offer" to sell
the improvements and equipment at the station premises is also incorrect.  In fact,
ConocoPhillips timely made such an offer upon your client's request that it do so, and in
conformance with the requirements of the PMPA.  The offer was based on a competent
appraisal, prepared by Valuation Research Corporation, a licensed third-party appraiser.
A copy of that appraisal is attached.  It establishes a depreciated building value of
$73,521.00, and depreciated values of $54,499.00 and $212,002.00, respectively, for the
site improvements and gasoline related improvements.  Thus, the total appraised value of
the building and improvements is $340,022.00, the amount at which ConocoPhillips
offered to sell the building, equipment and improvements to your client.  If you have an
appraisal or some other evidence that you believe indicates an alternative value, please
provide it.

        You advised in your letter that ConocoPhillips may not remove the
improvements and equipment without a court order and "that should ConocoPhillips
attempt to remove the improvements and equipment, [your] client will have no choice but
to call the police and have anyone attempting to do so physically removed from the
premises by the authorities."  The improvements and equipment to which you refer are the
property of ConocoPhillips.  Pursuant to ConocoPhillips' lease agreement with the property
owner, ConocoPhillips has the right to enter the premises and remove any such structures,
improvements or equipment at any time during, or within 10 days after termination of, the
lease.  Any lease or other agreement your client has entered with the landowner would
necessarily be subject to and limited by ConocoPhillips' right to enter and remove its
improvements and equipment.  If your client wishes to obtain the improvements and
equipment, it may accept ConocoPhillips' bona fide offer.  If Houtan declines to do so,
however, we expect that it will not interfere with ConocoPhillips' right to remove and
retain its improvements and equipment, should ConocoPhillips elect to so remove.

        Finally, you asked if ConocoPhillips intends to continue supplying fuel to
the station.  As the franchise agreement terminates today at noon, ConocoPhillips has no
further obligation to deliver fuel to the station.  In order to permit your client sufficient time
to arrange for a new fuel source, ConocoPhillips, subject to its management's approval, is
willing to consider an extension of the current franchise agreement for 90 days (subject to
the parties' agreement to waive rent and maintenance and agreement on other material
terms).  If this is of interest to Houtan, please advise today by noon.  If not, then we expect
your client to cease using the Union 76 trademarks and trade dress as of noon today, as
required by the parties' agreements and applicable law.

                                Very truly yours,

                                Adam Friedenberg

Attach.



Valuation Research Corporation

50 California Street
San Francisco, CA 94111

# Summary Exhibits of
# Leasehold Interest Appraisal

## 255661 – Mountain View, CA

### Exhibits

| Exhibit 1 | Valuation Summary |
| Exhibit 2 | Valuation Summary 2006 -- Value of Land and Improvements |
| Exhibit 3 | Valuation Summary 2006 -- Value of Improvements Adjusted for Remaining Term of Lease |
| Exhibit 4 | Discounted Cash Flow Analysis -- Land Lease and Permits/Entitlements |

Exhibit 2

**Valuation Summary - 2007 Value of Land & Improvements**
ConocoPhillips Cost Center 255661 · Mountain View, CA

### Building Improvements

| | | |
|---|---|---|
| Base Cost (Sec 64/Pg 1, Class S, Average) | $95.03 | |
| Multipliers: | | |
| Area/Perimeter | 0.956 | |
| Height | 1.000 | |
| Current Cost | 1.030 | |
| Local | 1.210 | |
| Total | | 1.191 |
| Adjusted Base Cost | $113.18 | |
| Building Area (SF) | 1,624 | |
| Subtotal Replacement Cost New (RCN) | $183,804 | |
| Less Physical Deterioration @    60% | (110,283) | |
| Subtotal RCN Less Physical Deterioration | 73,521 | |
| Add Soft Costs (Permitting and Entitlements) | 202,500 | |
| Total RCN Less Physical Deterioration - Building | | $276,021 |

### Site Improvements

| Description | Units | Unit Cost | Total RCN | Effective Age | Economic Life | % Physical Deterioration | RCNLD |
|---|---|---|---|---|---|---|---|
| Grading | 24,700 SF | $0.29 | 7,163 | -- | -- | -- | 7,163 |
| Asphalt Paving | 12,000 SF | $2.44 | 29,280 | 6 | 10 | 60% | 11,712 |
| Concrete Paving | 8,000 SF | $6.69 | 53,520 | 9 | 16 | 56% | 23,549 |
| Concrete Curbing | 370 LF | $9.00 | 3,330 | 11 | 20 | 55% | 1,499 |
| Landscaping | -- | -- | -- | -- | -- | -- | 5,000 |
| Miscellaneous (Fencing, etc.) | 120 LF | $25.00 | 3,000 | 0 | 25 | 0% | 3,000 |
| Trash Enclosure | 80 SF | $5.65 | 452 | 15 | 25 | 60% | 181 |
| Lighting | 3 Fix | $1,815 | 5,445 | 9 | 16 | 56% | 2,396 |

| | |
|---|---|
| Total Replacement Cost New Less Physical Deterioration - Site Improvements | 54,499 |

### Gasoline Related Improvements

| Description | Units | Unit Cost | Total RCN | Effective Age | Economic Life | % Physical Deterioration | RCNLD |
|---|---|---|---|---|---|---|---|
| Canopy | 1,012 SF | $29.44 | 29,793 | 9 | 16 | 56% | 13,109 |
| Canopy | 1,012 SF | $29.44 | 29,793 | 9 | 16 | 56% | 13,109 |
| Signage | 1 Fix | $7,879 | 7,879 | | | 50% | 3,940 |
| Machinery and Equipment: | | | | | | | |
| UST  12,032 Gal | 1 | $41,689 | 41,689 | | | 46% | 22,512 |
| UST  12,032 Gal | 1 | $39,120 | 39,120 | | | 46% | 21,125 |
| UST     550 Gal | 1 | $11,151 | 11,151 | | | 46% | 6,022 |
| Dispensers | 6 | $18,255 | 109,530 | | | 42% | 63,527 |
| Control Console | 1 | $14,002 | 14,002 | | | 42% | 8,121 |
| Piping | -- | $4,278 | 25,668 | | | 32% | 17,454 |
| Spill Containment | -- | $24,530 | 24,530 | | | 44% | 13,737 |
| Additional Installation | -- | $51,341 | 51,341 | | | 57% | 22,077 |
| Lift | 3 | $6,441 | 19,323 | | | 71% | 5,804 |
| Air Compressor | 1 | $4,273 | 4,273 | | | 61% | 1,666 |

| | |
|---|---|
| Total Replacement Cost New Less Physical Deterioration - Gasoline Related Improvements | 212,002 |

| | |
|---|---|
| Subtotal Replacement Cost New of Improvements Less Physical Deterioration | $542,522 |
| Less Functional Obsolescence | 0 |
| Less External Obsolescence | 0 |
| Total Replacement Cost New of Improvements Less Physical Deterioration | $542,522 |
| Add Land Value | 1,729,000 |
| Total Estimated Value by the Cost Approach | $2,271,522 |
| Rounded | $2,270,000 |

Land
Permitting and Entitlements
Leasehold Improvements

*EXHIBIT B*

GLYNN & FINLEY, LLP

ONE WALNUT CREEK CENTER
SUITE 500
100 PRINGLE AVENUE
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: (925) 210-2800

FACSIMILE: (925) 945-1975

WRITER'S DIRECT DIAL NUMBER

(925) 210-2809
e-mail: afriedenberg@glynnfinley.com

November 2, 2007

ConocoPhillips/Houtan Petroleum

**VIA FACSIMILE & U.S. MAIL**

Thomas P. Bleau, Esq.
Bleau, Fox & Fong
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068-1336

Dear Tom:

      Thank you for your letter of earlier today and for the letter from De Anza Properties which you forwarded. Unfortunately, these letters fall short of what is required for ConocoPhillips to resume fuel deliveries to the station. As I have specifically and consistently advised you for the last several days (see my two letters to you of October 31 and my email to you of November 1 at 1:37 p.m.), ConocoPhillips cannot resume deliveries of highly flammable gasoline until you provide: 1) either a copy of Houtan Petroleum's lease with De Anza Properties or written confirmation from De Anza that your client has the right to possess, occupy and operate as a service station the station premises at least through the 90 day period for which Houtan wishes to extend the franchise agreement; and 2) written assurance from De Anza that ConocoPhillips' time pursuant to the lease to remove any structures, improvements or equipment from the premises shall be tolled, and that ConocoPhillips shall have 10 days to remove any such structures, improvements or equipment, upon ConocoPhillips' receipt of written notice from De Anza. The letter you forwarded earlier today fails to provide these assurances, and thus, at this time, ConocoPhillips cannot resume fuel deliveries. If your client has acquired such rights and De Anza is agreeable to such an extension of ConocoPhillips' right to remove its buildings, improvements and equipment, then it should not be difficult for you to obtain such assurances from De Anza. Please do so as soon as possible.

      In the meantime, the franchise agreement between ConocoPhillips and Houtan Petroleum is expired as it has been since it terminated effective October 31, 2007, at 12:00 p.m. Houtan, however, is continuing to use ConocoPhillips' trademarks and trade dress without authorization or permission of ConocoPhillips. Indeed, we understand that your client has refused to allow ConocoPhillips to enter the station

Thomas P. Bleau, Esq.
November 2, 2007
Page 2

premises to remove its trademarks and trade dress. Such refusal and Houtan's continued use of ConocoPhillips' trademarks and trade dress is in breach of the franchise agreement, and constitutes trademark infringement and unfair competition in violation of the Lanham Act and state law. Houtan's right to use ConocoPhillips' trademarks and trade dress expired upon termination of the franchise agreement, and Houtan therefore must immediately cease using ConocoPhillips' trademarks and trade dress.

We remain hopeful that we will be able to reach agreement on the 90 day extension of the franchise agreement subject to the terms we have proposed. (Such an agreement would, of course, be subject to approval by ConocoPhillips management.) As we have discussed, however, a necessary precondition of any such agreement is that we receive the assurances from DeAnza outlined above. We again urge you to obtain and forward to us such assurances without further delay. In the meantime, the franchise agreement has expired and Houtan must accordingly cease using ConocoPhillips' trademarks and trade dress.

Very truly yours,

Adam Friedenberg