UNITED STATES DISTRICT COURT IN AND FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>  Plaintiff,<br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive<br><br>  Defendants. | CASE NO. 07-CV-5627 SC<br><br>[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND ORDER<br><br>[After hearing on the record on November 16, 2007] |

TO DEFENDANT, CONOCOPHILLIPS COMPANY AND TO ITS ATTORNEY OF RECORD:

On November 16, 2007, the Order to Show Cause re: Plaintiff, Houtan Petroleum, Inc.'s, application for Preliminary Injunction came regularly for hearing before the United States District Court for the Northern District of California, before the Honorable Samuel Conti presiding. The parties appeared through their counsel of record.

The Court has duly considered the Complaint on file herein, the moving papers, the responding papers, the reply papers, the declarations submitted by the parties and the evidence submitted therewith and after a hearing on the record, makes the following Findings of Fact and Conclusions of Law Re: Preliminary Injunction.

///

///

## Findings of Fact

1. Plaintiff, Houtan Petroleum, Inc., is a ConocoPhillips Company franchisee that operates the Union 76 branded gasoline station franchise located at 101 E. El Camino Real, Mountain View, California 94040 (the "Station"). (Haddad declaration, ¶2).

2. Plaintiff operates its franchise pursuant to a franchise agreement with ConocoPhillips, with an existing expiration date of August 31, 2010. (Haddad declaration, ¶4, Exhibit A).

3. On September 18, 2007, Defendant forwarded a Notice of Termination to Plaintiff, deeming the franchise agreement to be terminated effective October 31, 2007. (Haddad declaration, ¶6, Exhibit B).

4. This Notice of Termination was provided less than 90 days prior to the effective date of termination.

5. On October 18, 2007, Plaintiff notified Defendant of its intention to acquire possession of the property, immediately upon Defendant's loss of its right to grant possession and requested that Defendant tender a *bona fide* offer for the sale of its equipment and improvements at the Station. (Haddad declaration, ¶9, Exhibit D).

6. On October 22, 2007, Defendant made an offer to sell its equipment and improvements at the station for $340,000.00. (Haddad declaration, ¶10, Exhibit E).

7. Effective, November 1, 2007, Plaintiff acquired possession through a lease entered into with the landlord of the property on which the Station is located. (Haddad declaration, ¶8, Exhibit C).

8. Plaintiff contends that the termination failed to comply with the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2801, et seq. because the Notice of Termination was made less than 90 days prior to the effective date of termination and because Defendant's offer to sell its equipment and improvements was not *bona fide* because it exceeded and failed to approach fair market value, based on Plaintiff's approximate 20 years of experience as an operator of over fifteen gasoline station over the years. (Haddad declaration, ¶¶ 21, 22).

9.   On November 5, 2007, Plaintiff initiated the underlying action and filed an ex parte application for temporary restraining order and preliminary injunction under the PMPA §2801, et seq., seeking to enjoin Defendant from terminating its franchise relationship with Plaintiff and compelling Defendant to continue to supply Plaintiff with motor fuel pursuant to its franchise agreement. This Court granted said Application for Temporary Restraining Order on November 6, 2007 by separate order and set an Order to Show Cause Re: Preliminary Injunction for hearing on November 16, 2007.

10.   Defendant has filed papers in response to the Order to Show Cause and has opposed Plaintiff's application for Preliminary Injunction on the grounds that it was not required to provide Plaintiff with 90 days notice of termination, that it did provide Plaintiff with 90 days notice of termination and that its offer to Plaintiff was *bona fide* because it did approach fair market value.

11.   According to Defendant, it was not required to provide Plaintiff with 90 days notice of termination because it would not have been reasonable for it to do so under the circumstances explained in its response papers.

12.   According to Defendant, it did provide Plaintiff with 90 days notice of termination because of a disclosure contained in the franchise agreement that Plaintiff signed more than 90 days prior to the effective date of termination.

13.   According to Defendant, it's offer approached fair market value based on an appraisal that it had obtained from a licensed third-party appraiser.

## Conclusions of Law

14.   The Court has jurisdiction of this action pursuant to the provisions of the Petroleum Marketing Practices Act, 15 U.S.C. Section 2805.

15.   "Congress enacted the Petroleum Marketing Practices Act to protect franchisees from arbitrary or discriminatory termination or non-renewal of their franchises." *Khorenian v. Union Oil Co.* 761 F.2d 533, 535 (9th Cir. 1985) (Internal quotations omitted).

16.   Courts have "recognized that as remedial legislation, the Act must be given a liberal construction consistent with its goal of protecting franchisees." *Id.* (Internal quotations

omitted).

17. The "PMPA prohibits termination or nonrenewal of a franchise except for specifically enumerated reasons and upon the franchisor's compliance with the [PMPA's] notice requirements." *Khorenian*, 761 F.2d at 535.

18. The PMPA is intended to protect gas station franchise owners from arbitrary and discriminatory termination or nonrenewal of their franchises with large oil corporations and gasoline distributors, and to remedy the disparity in bargaining power between the parties to gasoline franchise contracts. *DuFresne's Auto Service, Inc. v. Shell Oil Company*, 992 F.2d 920, 925 (9th Cir. 1993) and *Mobil Oil Corporation v. Virginia Gasoline Marketers and Automotive Repair Association*, 34 F.3d 220, 223 (4th Cir. 1994).

19. Section 2804 of the PMPA requires that in order for termination or nonrenewal of a franchise to be valid, the franchisor must give the franchise notice of such termination not less than 90 days prior to the date on which such termination or nonrenewal takes effect, unless it would not be reasonable to do so under the circumstances.

20. Courts construe the PMPA notice requirements strictly. *Pruitt v. New Eng. Petroleum L.P.*, 2006 U.S. Dist. LEXIS 85961 (D. Conn. 2006) (citing, *Ceraso*, 326 F.3d at 314 and *Escobar v. Mobil Oil Corp.*, 678 F.2d 398, 400 n.2 (2d Cir. 1982); see also, *Davy v. Murphy Oil*, 488 F. Supp. 1013, 1016 (W.D.Mich.1980) (Failure to comply with the notice provision, even if the defect is only a minor or technical one, is grounds to enjoin the termination or nonrenewal of the franchise relationship). Additionally, it is the franchisor who bears the burden of proving that its notice of termination complies with the PMPA. *Pruitt v. New Eng. Petroleum L.P., supra*, (citing 15 U.S.C. § 2805©)).

21. The 90-days notice requirement is an important provision of the PMPA and should not be lightly excused. *Oparaocha v. Sun Co.*, 3 F. Supp. 2d 4, 7 (D.D.C. 1998) (citing, *Wisser Co., Inc. v. Mobil Oil Corp.*, 730 F.2d 54 (2d Cir. 1984)); see also, *Zipper v. Sun Co., Inc.* 947 F. Supp. 62, 68 (E.D.N.Y. 1996) (finding less than 90-days notice to be invalid in a situation where franchisee was delinquent in paying the franchisor for money that was allegedly due) (quoting, *Wisser Co., Inc. v. Mobil Oil Corp.*, 730 F.2d 54, 60 (2d Cir.

1984)). In fact, the 90-days notice is so important that failure to comply with the requirement can show a "willful disregard" of the PMPA so as to warrant imposition of exemplary damages. *See e.g., Oparaocha v. Sun Co., supra.*

22. Thus where a franchisor improperly terminates a plaintiff's franchise, the plaintiff is accordingly entitled to have its franchise reinstated, subject to a later termination consistent with applicable law. Since the PMPA requires both notice and proper grounds, it is not necessary for the Court to consider the propriety of the grounds for termination when the notice was inadequate. *Hanes v. Mid-America Petroleum, Inc.*, 577 F. Supp. 637, 647 (D. Mo. 1983).

23. A franchisor that has elected to terminate a franchise due to a loss of its right to grant possession must make "a bona fide offer to sell, transfer or assign" its interest in the premises to the franchisee who has requested such offer based on the franchisee's ability to gain possession of the premises with the third party landlord. 15 U.S.C. §2802(c)(4)(C)(i).

24. Whether a bona fide offer has been made "is measured by an objective market standard. To be objectively reasonable, an offer must 'approach [] fair market value.'" *Ellis v. Mobil Oil Corp.*, 969 F.2d 784, 788 (9th Cir. 1992) (quoting *Slatky v. Amoco Oil Co.*, 830 F.2d 476, 485 (3rd Cir. 1987)); *Arnold v. Amoco Oil Co.*, 872 F.Supp. 1493, 1500 (W.D. Va. 1995)). "The offer to buy at fair market value... assur[es] the franchisee an opportunity to continue to earn a livelihood from the property while permitting the distributor to recover the fair market value of the property sold and to end the franchise relationship." *Ellis, supra*, 969 F.2d at 788. What constitutes a bona fide offer is determined on a case-by-case basis. *Id.*

25. In this case, the Court finds serous issues going to the merits of (1) whether Defendant's notice of termination was timely within the meaning of Section 2804 of the PMPA and (2) whether Defendant's offer to sell its equipment and improvements was in fact a *bona fide* offer within the meaning of Section 2802(c)(4)(C) of the PMPA and the case law interpreting same.

26. In the action at hand, Plaintiff has established the following requirements under the PMPA Section 2805(b)(2)(A) and (B) to warrant the granting of preliminary injunctive

relief:

    a.    The franchise relationship to which the Plaintiff is a party has been terminated;

    b.    There exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and

    c.    On balance, the hardships imposed upon the franchisor by the issuance of a preliminary injunctive relief will be less than the hardship which would be imposed upon the franchisee if such preliminary injunctive relief were not granted.

Good cause appearing, IT IS HEREBY ORDERED that CONOCOPHILLIPS COMPANY, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with it (hereinafter referred to as the "Enjoined Parties") are PRELIMINARILY ENJOINED from committing any of the following acts during the pendency of this action:

    1)    Taking any further action to interfere with Plaintiff, Houtan Petroleum, Inc.'s, use of the equipment and improvements at the Station and its operation of the Station after assumption of immediate possession as the tenant at the premises located at 101 E. El Camino Real, Mountain View, California 94040 upon the termination of ConocoPhillips' right to grant possession of such premises October 31, 2007;

    2)    Removing, or causing, in any manner to be removed any equipment or improvements located at the premises located at 101 E. El Camino Real, Mountain View, California 94040;

    3)    Terminating the existing franchise relationship with Plaintiff, Houtan Petroleum, Inc., including but not limited to the delivery of motor fuel and electronic processing of credit card sales transactions pursuant to its franchise agreement with Plaintiff;

    4)    Refusing to sell and supply Plaintiff with Union 76 branded fuel in accordance

with the terms of the existing franchise agreement between Plaintiff and Defendant, ConocoPhillips Company.

The Court orders that this Preliminary Injunction is effective immediately.

Dated:_____

                                                Honorable Samuel Conti
                                                United States District Judge

Presented by:

BLEAU / FOX, A P.L.C.

_____
Thomas P. Bleau, Esq.
Gennady L. Lebedev, Esq.
Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **3575 Cahuenga Boulevard West, Suite 580, Los Angeles, California 90068.**

On **November 13, 2007**, I served the documents described as:

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND ORDER**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Clement Glynn, Esq.
> Adam Friedenberg, Esq.
> Glynn & Finley, LLP
> One Walnut Creek Center
> 100 Pringle Avenue, Suite 500
> Walnut Creek, CA 94596
> Facsimile: (925) 945-1975

/X/ BY ELECTRONIC TRANSMISSION as follows: I sent such documents by e-mail to Adam Friedenberg, Esq. at **afriedenberg@glynnfinley.com**.

/X/ BY EXPRESS MAIL Via Overnight Delivery

/X/ As follows: On such date as indicated above, I deposited such envelope with an express overnight delivery service, **California Overnight**, with delivery fees paid or provided for, addressed as indicated above.

/X/ BY FACSIMILE: I sent a copy via facsimile transmission to the telefax number(s) indicated above. No error was reported by machine. I caused the machine to print a transmission record of the transmission.

Executed on this **13th day of November, 2007**, at Los Angeles, California.

/X/ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Gennady Lebedev