Thomas P. Bleau, Esq., SBN 152945
Martin R. Fox, Esq., SBN 155783
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone    :  (323) 874-8613
Facsimile    :  (323) 874-1234
E-mail: bleaushark@aol.com
E-mail: glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.


GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant
CONOCOPHILLIPS COMPANY

**UNITED STATES DISTRICT COURT IN AND FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO.  CV 07-05627 SC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | Date:    12/14/07<br>Time:    10:00 a.m. |
| Defendants. | |

Pursuant to Local Rule 16-9 and the Court's Order Setting Case Management Conference, Plaintiff, HOUTAN PETROLEUM, INC. ("Houtan") and Defendant, CONOCOPHILLIPS COMPANY ("ConocoPhillips"), hereby submit this Joint Case Management Statement.

-1-
JOINT CASE MANAGEMENT STATEMENT

1. **Jurisdiction and Service:**

Plaintiff contends that the Court has subject matter jurisdiction over this action based on the provisions of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. Section 2805, which explicitly confers jurisdiction on the United States District Courts over civil actions brought against franchisors by franchisees, regardless of the amount in controversy. Plaintiff contends that jurisdiction over this action is therefore appropriate since this case involves a federal question pursuant to the provisions of 28 U.S.C. Section 1331. ConocoPhillips disputes that Plaintiff has stated a claim upon which relief may be granted under the PMPA, and therefore contends that the Court lacks subject matter jurisdiction. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

2. **Summary of Facts:**

Houtan formerly operated a Union 76 gas station in Mountain View, California (the "Station") as a ConocoPhillips franchisee and sublessee for approximately 10 years. ConocoPhillips did not own the Station premises, but leased it from a third-party, V.O. Limited Partners ("V.O. Limited"). ConocoPhillips owns the structures, equipment and improvements at the Station.

The previous franchise agreement between Houtan and ConocoPhillips expired on August 31, 2007. The Master Lease between ConocoPhillips and V.O. Limited was set to expire on October 31, 2007, and ConocoPhillips had no further option or right to renew the Master Lease. ConocoPhillips contends that it advised Houtan of these facts, but that Houtan still wished to enter a new three-year franchise agreement. ConocoPhillips contends that it provided such an agreement to Houtan in May 2007.

The effective date of the renewed franchise agreement was September 1, 2007, and expiring on August 31, 2010. ConocoPhillips contends, however, that the franchise agreement included an addendum providing that, in the event ConocoPhillips was unable to secure an extension or renewal of the Master Lease, the franchise agreement was thereby terminated effective October 31, 2007. ConocoPhillips contends, and Houtan disputes, that this addendum constituted an effective notice of termination under the PMPA. Houtan executed the franchise agreement, including by separately initialing the addendum described above, on July 6, 2007. ConocoPhillips executed the franchise

agreement on August 6, 2007.

ConocoPhillips contends that it made several attempts to communicate with V.O. Limited regarding an extension or renewal of the Master Lease, but that V.O. Limited never provided a substantive response. Accordingly, in September 2007, ConocoPhillips advised Houtan that the franchise agreement would terminate as set forth in the franchise agreement. On October 18, 2007, Houtan advised ConocoPhillips that it had entered into a lease agreement for the Station premises directly with V.O. Limited, and demanded that ConocoPhillips make a bona fide offer to sell its equipment and improvements at the Station to Houtan. ConocoPhillips contends that Houtan's demand for such an offer was untimely under the PMPA. Houtan disputes this contention. Nevertheless, ConocoPhillips subsequently offered to sell its equipment and improvements to Houtan for $340,000 within 7 days of the offer. ConocoPhillips contends that this price was based on an appraised value determined by an independent, third-party appraiser retained by ConocoPhillips. Houtan contends that the terms and conditions of the offer were arbitrary, commercially unreasonable and generally exceeded and failed to approach the fair market value of the improvements and equipment.

Houtan contends that Conoco's termination failed to comply with the PMPA for various reasons, including untimely notice of termination and because its offer was not *bona fide*. ConocoPhillips disputes these contentions and maintains that its termination was timely, and in all other respects fully complied with the requirements of the PMPA. Further, ConocoPhillips denies that it was legally required to offer to sell its equipment and improvements to Houtan, but contends that if it was required to make such an offer, it did so by offering to sell its interest in the equipment and improvements to Houtan for $340,000. Houtan disputes this and contends that the PMPA did require ConocoPhillips to offer to sell the equipment and improvements. Houtan also contends that by virtue of having made the offer in response to Houtan's demand, ConocoPhillips has waived and should be estopped from arguing that it was not required to make the offer or that its offer need not have been *bona fide* within the meaning of the PMPA. ConocoPhillips disputes Houtan's contentions.

On November 5, 2007, Houtan initiated the underlying action and filed an *ex-parte* application for a temporary restraining order and preliminary injunction to prevent the termination of

the franchise. Although the Court initially granted a temporary restraining Order on November 6, 2007, it later denied Houtan's application for preliminary injunction pursuant to its Order dated November 16, 2007. Houtan contends that the Court's denial of preliminary injunctive relief was not a conclusive finding of the merits of Houtan's claims and did not constitute an authorization for ConocoPhillips to remove its equipment and improvements from the property during the pendency of this action.

### 3. Legal Issues

The key legal issue to be decided is whether ConocoPhillips' termination of Houtan's franchise complied with the PMPA.

### 4. Motions

On November 5, 2007, Houtan filed an *ex parte* application for a temporary restraining order and preliminary injunction. The Court granted the application for temporary restraining order on November 6, 2007. The Court then denied the application for preliminary injunction on November 16, 2007, thus dissolving the temporary restraining order.

ConocoPhillips intends to move to dismiss the Complaint pursuant to Rule 12(b)(6) on the ground that Houtan's Complaint fails to state a claim upon which relief can be granted. The bases for the motion will be that: 1) ConocoPhillips provided adequate and timely notice of termination for a legitimate reason under the PMPA; and 2) Houtan's request for a "bona fide offer" from ConocoPhillips was untimely under the PMPA, as Houtan Petroleum failed to make such a demand within 30 days after receipt of notice of termination. The parties have stipulated that ConocoPhillips' last day to file such a motion to dismiss (or alternatively to answer the Complaint) shall be extended to December 31, 2007.

In the event Houtan declines to purchase or rent ConocoPhillips' equipment or improvements, it may be necessary for ConocoPhillips to seek an order compelling Houtan to allow ConocoPhillips to access the Station property to remove the equipment and improvements, which Houtan disputes ConocoPhillps has a right to do during the pendency of this action.

### 5. Amendment of Pleadings

Houtan does not anticipate the need for amendment of its complaint. In the event the

parties do not reach a mutually acceptable agreement regarding either the purchase or rental of ConocoPhillips' equipment and improvements and Houtan prevents ConocoPhillips from removing such property from the station prior to ConocoPhillips' answer to the Complaint, ConocoPhillips may assert appropriate counterclaims against Houtan, including for any appropriate provisional relief. To the extent the Court does not grant ConocoPhillips' motion to dismiss, ConocoPhillips will of course answer the Complaint and assert all appropriate affirmative defenses.

**6.     Evidence Preservation**

The parties do not anticipate any issues regarding the preservation of evidence.

**7.     Disclosures**

The parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(f) by January 7, 2007.

**8.     Discovery**

Houtan plans to take the depositions of ConocoPhillips' Persons Most Knowledgeable, including but not limited to Richard Mathews, Jay Rollins and Dan Pellegrino.

ConocoPhillips plans to take the depositions of Houtan, its president, Ed Haddad, and such other representatives of Houtan as may be indicated. ConocoPhillips also intends to take the deposition of John Vidovich of V.O. Limited. ConocoPhillips may take such additional depositions as may be indicated by the parties' initial disclosures and written discovery responses and its continuing case investigation.

The parties also intend to conduct documentary discovery in the form of interrogatories, requests for admissions and requests for production of documents.

The parties do not propose that any limitations or modifications of the discovery rules should be made.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

There are no related cases pending before another judge of this court, or before another court

or administrative body.

### 11. Relief

Houtan contends that the complaint seeks injunctive relief seeking reinstatement of the franchise relationship and damages arising out of ConocoPhillips' termination of the franchise agreement without its alleged compliance with the PMPA. Based on the current state of affairs, if liability is established, damages take the form of lost profits and goodwill value of business based on its cessation of supply of Union 76 branded gasoline and de-branding of the station. Such damages tend to increase with each day that Houtan operates the station without the Union 76 brand. Ultimately, the total amount of such damages sustained will be a matter for expert opinion.

ConocoPhillips contends that "reinstatement of the franchise relationship" is not possible as ConocoPhillips no longer has any right to convey possession of the leased franchise premises to Houtan. As such, the franchise termination was appropriate, as the Court recognized in denying preliminary injunctive relief. Accordingly, ConocoPhillips contends that after the effective date of termination, Houtan had no right to continued supply from ConocoPhillips or use of ConocoPhillips' Union 76 marks, and thus would not be entitled to any damages for "lost profits and goodwill."

Houtan contends that in light of the fact that Houtan is in lawful possession of the property by virtue of its lease with the landowner, reinstatement of the franchise relationship under the terms of the September 2007 franchise agreement is not only possible, but is mandated by the PMPA if it is found that ConocoPhillips failed to comply with all of the conditions for lawful termination under the PMPA.

### 12. Settlement and ADR

Counsel on behalf of all parties have been actively engaged in settlement discussions. Plaintiff believes that discovery pertaining to ConocoPhillips' alleged appraisal of the equipment and improvements and a decision on ConocoPhillips' contemplated motion for summary judgment may be necessary to position the parties to negotiate a resolution. The parties intend to fully comply with the requirements of ADR Local Rule 3-5. The parties are agreeable to participating in a settlement conference before a Magistrate Judge.

### 13. Consent to Magistrate Judge For All Purposes

The parties will not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties will meet and confer in connection with the eventual submission of a proposed pretrial conference order in an effort to narrow the issues and/or regarding the possibility of presenting evidence at trial through summaries or stipulated facts.

**16.    Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

The parties propose the following schedule:

| | |
|---|---|
| Designation of experts: | July 14, 2008 |
| Rebuttal expert reports: | August 18, 2008 |
| Discovery cutoff: | September 19, 2008 |
| Hearing on dispositive motions: | November 3, 2008 |
| Final pretrial conference: | December 2, 2008 |
| Trial: | January 26, 2009 |

**18.    Trial**

Houtan contends that it is entitled to a jury trial because it has suffered and continues to suffer damages arising out of ConocoPhillips' termination of the franchise relationship, which Houtan will be entitled to recover if it is determined that ConocoPhillips failed to comply with the PMPA with regard to such termination.

ConocoPhillips contends that in light of the Court's finding in its decision denying Houtan's application for preliminary injunction that the termination of the franchise agreement was appropriate, Houtan Petroleum had no right to continue to use the Union 76 trademarks.

Consequently, ConocoPhillips contends that Houtan's claim for damages fails as a matter of law and only equitable claims will remain for trial, and that trial to the Court would therefore be appropriate.

The parties estimate that a jury trial would last 5 to 7 days, but if the case is tried to the Court the parties estimate a 3-5 day trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, the undersigned certify that the as of this date, other than the named parties, there is no such interest to report, except with regard to Ed Haddad, an individual, who does have a financial interest in the subject matter in controversy by virtue of the fact that he is a director and shareholder of Plaintiff, Houtan Petroleum, Inc.

Dated: December 7, 2007              BLEAU / FOX,
                                     A Professional Law Corporation


                                     By:   /S/  Thomas P. Bleau              .
                                            Thomas P. Bleau, Esq.
                                            Martin R. Fox, Esq.
                                            Gennady L. Lebedev, Esq.
                                            Attorneys for Plaintiff, Houtan Petroleum, Inc.

Dated: December 7, 2007              GLYNN & FINLEY, LLP


                                     By:      /S/  Adam Friedenberg          .
                                            Clement L. Glynn, Esq.
                                            Adam Friedenberg, Esq.
                                            Attorneys for Defendant, ConocoPhillips Company

# [PROPOSED] ORDER

For good cause shown, the Court hereby ORDERS:

The following case management dates shall apply to this action:

| | |
|---|---|
| Designation of experts: | July 14, 2008 |
| Rebuttal expert reports: | August 18, 2008 |
| Discovery cutoff: | September 19, 2008 |
| Hearing on dispositive motions: | November 3, 2008 |
| Final pretrial conference: | December 2, 2008 |
| Trial: | January 26, 2009 |

Dated:_____            _____
                                        The Honorable Samuel Conti
                                        United States District Judge

1  I hereby attest that I have on file all holograph signatures for any signatures indicated by a
2  "conformed" signature (/S/) within this efiled document.

3

4
    Dated: December 7, 2007                    BLEAU / FOX,
5                                              A Professional Law Corporation

6
                                               By:    /S/ Thomas P. Bleau                        .
7
                                                   Thomas P. Bleau, Esq.
8                                                  Martin R. Fox, Esq.
                                                   Gennady L. Lebedev, Esq.
9                                                  Attorneys for Plaintiff, Houtan Petroleum, Inc.