1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  ADAM FRIEDENBERG, Bar No. 205778
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5  Email: cglynn@glynnfinley.com
          afriedenberg@glynnfinley.com
6
   Attorneys for Defendant
7  ConocoPhillips Company

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  HOUTAN PETROLEUM, INC.            )   Case No. 3:07-cv-5627
                                      )
12              Plaintiff,            )   **MEMORANDUM OF POINTS AND**
                                      )   **AUTHORITIES IN SUPPORT OF**
13      vs.                           )   **CONOCOPHILLIPS COMPANY'S**
                                      )   **APPLICATION FOR WRIT OF**
14  CONOCOPHILLIPS COMPANY, a Texas   )   **POSSESSION AND PRELIMINARY**
    corporation and DOES 1 through 10,)   **INJUNCTION**
15  Inclusive                         )
                                      )
16              Defendants.           )   Date:        January 25, 2008
                                      )   Time:        10:00 a.m.
17  _____   )   Courtroom:   1
                                          Before:      Hon. Samuel Conti

18

19

20

21

22

23

24

25

26

27

28

---

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION...........................................................................................................1

II.   FACTUAL BACKGROUND ......................................................................................2

      A.  Termination of the Franchise Agreement ...........................................................2

      B.  The Court Denies Plaintiff's Request For Preliminary Injunctive Relief....................4

      C.  ConocoPhillips Makes, And Plaintiff Rejects, Several Offers To Leave
          The Equipment And Improvements At the Station *Pendente Lite*.........................4

III.  ARGUMENT ...............................................................................................................6

      A.  Houtan Petroleum Has No Right To Retain ConocoPhillips' Property.....................6

      B.  The Court Should Issue a Writ of Possession .......................................................8

          1.  ConocoPhillips has established the probable validity of its
              claim to possession of its equipment and improvements.................................9

          2.  No undertaking should be required of ConocoPhillips.................................10

          3.  The Court should enter a preliminary injunction to protect
              ConocoPhillips' property pending turnover or seizure .................................10

          4.  The Court should authorize the United States Marshal and
              ConocoPhillips to enter the Station to remove the property ........................10

      C.  Should The Court For Any Reason Decline To Issue A Writ Of Possession,
          ConocoPhillips Is Entitled To A Preliminary Injunction..................................11

          1.  ConocoPhillips is entitled to return of its property without satisfying
              the traditional elements for a preliminary injunction.................................11

          2.  ConocoPhillips is entitled to preliminary injunctive relief under
              traditional standards ..........................................................................12

              a.  ConocoPhillips has a strong likelihood of prevailing on
                  the merits of its termination of the lease .......................................12

              b.  ConocoPhillips faces irreparable injury and significant
                  hardship as a result of Houtan Petroleum's continued
                  use of the equipment and improvements .........................................13

              c.  The public interest is served by an injunction...................................13

IV.   CONCLUSION............................................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

3    CASES

4    *Ford Motor Credit Co. v. Sebastopol Ford, Inc.*
         2007 WL 1545187, *6 (N.D. Cal. May 27, 2007) ....................................................... 8, 9, 10
5

     *Johnson v. California State Bd. of Accountancy*
6         72 F.3d 1427 (9th Cir. 1995) ....................................................................... 12

7    *Loomis v. Gulf Oil Corp.*
         567 F.Supp. 591 (M.D. Fla. 1983) .............................................................. 11
8

     *Maintanis v. Shell Oil Co.*
9         Bus. Franchise Guide (CCH) ¶ 8160 (D. Mass. 1984) ...................................... 11

10   *Persaud v. Exxon Corp.*
         867 F. Supp. 128 (E.D.N.Y. 1994) ................................................... 7, 9, 11
11

12   STATUTES

13   Federal

14   Federal Rules of Civil Procedure, Rule 64 ........................................................ 8

15   15 United States Code (U.S.C.)
         Section 2802(c)(4)(C) ............................................................................. 9
16       Section 2802(c)(4)(C)(i) ......................................................................... 7

17   State

18   California Code of Civil Procedure
         Section 511.090............................................................................. 9
19       Section 512.010............................................................................. 8, 9
         Section 512.060(a) ........................................................................ 8
20       Section 513.010(c) ........................................................................ 10
         Section 514.010(c) ........................................................................ 10
21       Section 515.010(b)........................................................................ 10

22

23

24

25

26

27

28

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1    I.    **INTRODUCTION**

2        Plaintiff Houtan Petroleum operates a gasoline service station in Mountain View,

3    California (the "Station"). Houtan Petroleum formerly operated the station as a ConocoPhillips

4    franchisee and sublessee. ConocoPhillips' master property lease with the property owner (the

5    "Ground Lease") terminated on October 31, 2007, and thereby ended ConocoPhillips' right to

6    sublease the land.

7        Plaintiff moved for a preliminary injunction to compel ConocoPhillips' continued

8    performance under the Franchise Agreement, but such continued performance was impossible.

9    Moreover, Plaintiff's motion was based on a central factual misstatement -- that ConocoPhillips

10   had failed to provide Houtan Petroleum with notice of termination at least 90 days in advance of

11   the effective date of termination, when in fact ConocoPhillips had done so. In addition,

12   ConocoPhillips was willing to rent the structures, equipment and other improvements it had

13   installed at the Station to Plaintiff pending resolution of this litigation. Accordingly, the Court

14   denied Plaintiff's motion for preliminary injunctive relief.

15       ConocoPhillips did not wish to terminate its business relationship with Plaintiff. It had

16   no choice. As the Ground Lease, and consequently the Franchise Agreement, had terminated,

17   ConocoPhillips could not prudently deliver gasoline products to the Station, or permit Plaintiff to

18   continue to use the equipment and improvements ConocoPhillips had constructed and installed at

19   the Station, without any operative written agreement with Plaintiff.

20       Since the Court's denial of Plaintiff's motion, ConocoPhillips has made multiple

21   proposals aimed at resolving the parties' dispute or at least preserving the status quo pending

22   litigation. ConocoPhillips offered to enter a new fuel supply agreement with Plaintiff.

23   ConocoPhillips invited Plaintiff to make a reasonable offer to purchase ConocoPhillips'

24   equipment and improvements. Finally, ConocoPhillips offered to rent its property to Plaintiff for

25   the pendency of this litigation.

26       Plaintiff rejected each of these proposals, and refuses to pay any interim rent for use of

27   ConocoPhillips' property. Plaintiff likewise refuses to permit ConocoPhillips to remove its

28   property from the Station. Instead, Plaintiff continues to operate the Station, and asserts a right

- 1 -

1   to force ConocoPhillips to leave its property in place. Plaintiff has thus, by self-help, obtained

2   provisional relief the Court has already denied.

3           The Court has already found that ConocoPhillips properly and timely terminated the

4   parties' franchise agreement. Plaintiff has declined to rent or purchase the equipment and

5   improvements, and thus has no right to refuse to return the property to ConocoPhillips. But this

6   is precisely what Plaintiff is doing. As a result, Houtan Petroleum is using ConocoPhillips' fuel

7   tanks, pumps and other equipment, without any maintenance or environmental compliance

8   supervised by ConocoPhillips and without payment. Accordingly, the Court should issue a writ

9   of possession or preliminary injunction authorizing ConocoPhillips immediately to remove its

10  property.

11  **II.      FACTUAL BACKGROUND**

12          Most of the relevant factual background is set forth in ConocoPhillips' opposition to

13  Plaintiff's motion for preliminary injunction and the Court's order denying that motion. (DN 11,

14  18.)[1] Here, we set forth a brief summary of that factual history, as well as a statement of

15  relevant events since the Court's denial of Plaintiff's motion.

16          **A.      Termination of the Franchise Agreement**

17          Plaintiff operated the Station as a Union 76-branded station pursuant to a succession of

18  three-year sublease and franchise agreements with ConocoPhillips and its predecessors. (DN 18

19  at 1:28-2:1, 2:7-12; Pellegrino Decl., ¶ 2.)[2] ConocoPhillips formerly leased the Station property

20  from a third-party, V.O. Limited Partners ("V.O. Limited"). (DN 18 at 2:2-4; Matthews Decl., ¶

21  3.) ConocoPhillips owns the structures, equipment and improvements at the Station.[3] (DN 18 at

22  2:5-6; Matthews Decl., ¶ 3.)

23  _____

24  [1] "DN 18" refers to Docket No. 18, the Court's November 16, 2007 Order Denying Plaintiff's
    Motion for Preliminary Injunction. A copy is submitted herewith for the Court's convenience as
    Exhibit H to the Declaration of Adam Friedenberg.
25  [2] The "Pellegrino Decl." is the Declaration of Dan Pellegrino previously submitted as Docket
    No. 12. The "Mathews Decl." is the Declaration of Richard L. Mathews previously submitted as
26  Docket No. 13. Copies of both are submitted herewith for the Court's convenience.

27  [3] The structures, equipment and improvements include underground fuel storage tanks, fuel
    pumps and dispensers, piping and other machinery and salvageable items with significant reuse
28  or resale value to ConocoPhillips. (Mathews Decl., ¶ 8; Rollins Decl., Ex. A.)

1        The parties' penultimate franchise agreement expired on August 31, 2007.  (DN 18 at

2    2:7-8; Pellegrino Decl., ¶ 3.)  Although ConocoPhillips' underlying property lease with V.O.

3    Limited (the "Ground Lease") was to expire on October 31, 2007, and Houtan Petroleum was

4    fully aware that a new agreement with a September 1, 2007, effective date would likely terminate

5    less than two months later, Houtan Petroleum still wished to continue its franchise relationship

6    with ConocoPhillips as long as possible.  (*Id.*, ¶¶ 3-4.)  Thus the parties entered the most recent

7    franchise agreement (the "Franchise Agreement").  (Haddad Decl., Ex. A.)[4]  In light of the

8    impending expiration of the Ground Lease, the Franchise Agreement included a notice of

9    termination pursuant to the PMPA providing that the Franchise Agreement would terminate

10   effective October 31, 2007 (even though the agreement was nominally for a three-year term).

11   (*Id.* at 63 (Addendum 1).)  ConocoPhillips provided Houtan Petroleum a copy of the Franchise

12   Agreement and notice of termination in May 2007, and Houtan Petroleum signed both on July 6,

13   2007, 117 days before the October 31 termination. (DN 18 at 3:10-14, 4:8-10 citing Haddad

14   Decl., Ex. A at 80.)

15       Although the parties specifically agreed in the Franchise Agreement that ConocoPhillips

16   would be under no obligation to attempt to extend or renew its Ground Lease with V.O. Limited,

17   ConocoPhillips nonetheless attempted to do so.  (Haddad Decl., Ex. A at 63; Mathews Decl., ¶¶

18   5-6.)  These efforts were unsuccessful because, as ConocoPhillips later learned, Houtan

19   Petroleum had negotiated its own lease directly with V.O. Limited. (DN 18 at 5:5-11; Mathews

20   Decl., ¶ 7.)  ConocoPhillips consequently was forced to proceed with termination of the

21   Franchise Agreement pursuant to its express terms.

22       ConocoPhillips attempted to remove its equipment, structures and other improvements

23   from the Station premises, as it was entitled to do under the Franchise Agreement and *required* to

24   do under the Ground Lease.  (DN 18 at 5:20-21; Haddad Decl., Ex. A at 33 (¶ 32); Mathews

25   Decl., ¶ 8, Ex. A at ¶ 6.)  Houtan Petroleum, however, refused to allow ConocoPhillips to access

26   the Station property, and continued for several days after October 31 to use ConocoPhillips'

27   _____

28   [4] The "Haddad Decl." is the Declaration of Ed Haddad which Houtan Petroleum submitted in
     support of its ex parte application as Docket No. 5.  A copy is submitted herewith.

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1   trademarks and trade dress, without authorization and in violation of the Franchise Agreement,

2   the PMPA and the Lanham Act. (Pellegrino Decl., ¶¶ 7-8.)  Several days later, Plaintiff

3   commenced this action and moved *ex parte* for a temporary restraining order and preliminary

4   injunction to compel ConocoPhillips to:  1) continue to supply fuel to the Station; and 2) leave its

5   equipment and improvements at the Station, for no compensation, for the duration of the

6   litigation.

7       **B.      The Court Denies Plaintiff's Request For Preliminary Injunctive Relief**

8           The Court found that ConocoPhillips' termination was for a permissible reason (the

9   expiration of ConocoPhillips' underlying property lease) and that the notice of termination

10  included in the Franchise Agreement itself (which Houtan Petroleum executed 117 days prior to

11  termination) was timely under the PMPA. (DN 18 at 8:20-11:13.)  Thus, the Court found "that

12  there are not sufficiently serious questions going to the merits of Houtan's claim that Conoco

13  failed to give the requisite notice of termination." (*Id.* at 12:15-18.)  The Court specifically

14  found that "the parties' disagreement as to the value of the equipment and improvements is not

15  grounds for a preliminary injunction." (*Id.* at 14:11-12.)  Moreover, the Court recognized that in

16  light of the expiration of ConocoPhillips' Ground Lease and Houtan Petroleum's negotiation of

17  its own lease, "there was no way Conoco could still perform under the Franchise Agreement" (*Id.*

18  at 17:14-15) and that "Houtan is now essentially asking the Court to create a new franchise

19  agreement" (*Id.* at 17:23-24).  The Court rejected the request, denying preliminary injunctive

20  relief to prevent the franchise termination.

21      **C.      ConocoPhillips Makes, And Plaintiff Rejects, Several Offers To Leave
            The Equipment And Improvements At The Station *Pendente Lite***
22

23          Prior to the litigation, ConocoPhillips offered to leave its equipment and improvements at

24  the Station pending the parties' resolution or litigation of their value.  Even after Plaintiff moved

25  for injunctive relief, ConocoPhillips remained willing to make such an accommodation, as it

26  made clear in its opposition and as the Court recognized in its order denying injunctive relief.

27  (DN 18 at 16:7-14, 18:12-15.)  As the Court acknowledged, however, ConocoPhillips'

28  willingness to enter such an interim agreement was contingent on the parties' agreement to:

1    1) an appropriate interim rental payment by Houtan Petroleum; 2) an allocation of responsibility

2    for environmental compliance and other maintenance and repair obligations; and 3) an

3    appropriate manner and time for removal in the event Houtan Petroleum ultimately declines to

4    purchase this property.  (DN 18 at 16:7-14.)

5            After the Court denied injunctive relief, Houtan Petroleum indicated that it was interested

6    in a continuing fuel supply arrangement with ConocoPhillips. (Declaration of Adam Friedenberg

7    ("Friedenberg Decl."), Ex. A.)  Accordingly, ConocoPhillips offered to enter a 10-year fuel

8    supply agreement with Houtan Petroleum.  (*Id.*, Ex. B.)  As part of that proposal, ConocoPhillips

9    offered to allow Houtan Petroleum to continue to use ConocoPhillips' equipment and

10   improvements, without making any rent payment, for the duration of the fuel supply agreement.

11   (*Id.*)  It further offered to make a $250,000 loan to Houtan Petroleum to assist in rebuilding the

12   station.  (*Id.*)  Houtan Petroleum rejected the proposal.  (Friedenberg Decl., ¶ 4, Ex. C.)

13           Although Houtan Petroleum had rejected ConocoPhillips' voluntary offer, Houtan

14   Petroleum remained in possession of, and continued to operate the Station using,

15   ConocoPhillips' equipment and improvements -- a situation which continues today.  As the

16   Court has recognized, however, ConocoPhillips had, and has, "no control and no right of entry"

17   and no ability "to supervise or ensure prudent station practices and compliance with applicable

18   regulations." (DN 18 at 18:23-27.)  Thus, ConocoPhillips could have reasonably and prudently

19   (and certainly legally) removed its equipment and improvements without further delay.

20   Nevertheless, ConocoPhillips continued its efforts to reach a reasonable interim agreement so

21   that Houtan Petroleum could continue to operate the Station pending the litigation.

22           ConocoPhillips made yet another proposal to Houtan Petroleum, this time without any

23   fuel supply arrangement.  (Friedenberg Decl., Ex. D.)  ConocoPhillips simply offered to rent its

24   equipment and improvements to Houtan Petroleum, for the duration of the litigation, subject to

25   ConocoPhillips' right to inspect and maintain its property (and certain other reasonable terms by

26   which ConocoPhillips would be able to monitor its equipment to mitigate any environmental or

27   other risks). (*Id.*)  Alternatively, ConocoPhillips again offered to consider *any* reasonable

28   proposal by Houtan Petroleum to purchase the equipment and improvements. (*Id.*)

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1    Plaintiff rejected the rental option, and has made no purchase offer. (*Id.*, Ex. E.) Instead,

2    Houtan Petroleum has advised ConocoPhillips that it intends to continue using the equipment

3    and improvements, without paying rent, for the duration of the litigation, and that it will not

4    permit removal of the property. (Friedenberg Decl., Ex. E.) Last week, ConocoPhillips advised

5    Houtan Petroleum that if Houtan Petroleum did not make a reasonable rental or purchase offer,

6    ConocoPhillips would seek immediate provisional relief authorizing removal of the equipment

7    and improvements. (Friedenberg Decl., Ex. F.)

8    **III.    ARGUMENT**

9        **A.    Houtan Petroleum Has No Right to Retain ConocoPhillips' Property.**

10        There can be no reasonable dispute that the Franchise Agreement was the sole basis of

11    Houtan Petroleum's right to use and possess ConocoPhillips' equipment and improvements. The

12    Franchise Agreement, however, has terminated. In its Order denying Plaintiff's motion for

13    preliminary injunction, the Court found explicitly that upon termination of the Franchise

14    Agreement Houtan Petroleum's right to use ConocoPhillips' Union 76 trademarks expired. (DE

15    18 at 19:19-24.) So too ended Houtan Petroleum's right to use ConocoPhillips' improvements.

16    Indeed, the Franchise Agreement explicitly requires that upon termination Houtan Petroleum

17    surrender the premises to ConocoPhillips. (Haddad Decl., Ex. A at 33 (¶ 32).) Houtan

18    Petroleum refuses to do so.

19        As the basis for such self-help, Houtan Petroleum claims that the Court denied Plaintiff's

20    request for injunctive relief because ConocoPhillips expressed a willingness to allow Houtan

21    Petroleum to remain in possession of the equipment and improvements to Houtan Petroleum on

22    an interim basis. ConocoPhillips' offer to do so was, as the Court explicitly recognized,

23    conditioned on Houtan Petroleum's agreement to an interim rental payment, among other things.

24    (DN 18 at 16:7-14.) Houtan Petroleum has refused, however, to pay *any* rent. Instead, it has

25    issued itself the injunctive relief this Court denied.

26        In response to this motion, Houtan Petroleum may argue that the equipment and

27    improvements must be left in place because its claim for relief under the PMPA asks the Court to

28    order ConocoPhillips to sell its property to Plaintiff for a bona fide price. Such an argument

- 6 -

1  would serve only to further demonstrate the extent to which Plaintiff seeks to involve the Court

2  in its bad faith negotiating tactics. ConocoPhillips has repeatedly invited Houtan Petroleum to

3  make any reasonable offer, or to provide any evidence of valuation, and Houtan Petroleum has

4  consistently ignored these invitations. Moreover, the Court has already found that Plaintiff's

5  PMPA claim is insufficient to justify injunctive relief allowing Houtan Petroleum to continue to

6  use ConocoPhillips' equipment and improvements without compensation to ConocoPhillips.

7  (DN 18 at 15:18-16:7.)

8          In any event, as shown in ConocoPhillips' motion to dismiss (filed concurrently

9  herewith), Houtan Petroleum's claim under the PMPA is without basis. A franchisee is entitled

10  to a bona fide offer to purchase the franchisor's equipment and improvements only where it

11  demands such an offer within 30 days after notice of termination. 15 U.S.C. § 2802(c)(4)(C)(i).

12  Here, ConocoPhillips provided such notice in May 2007 and Houtan Petroleum signed the notice

13  on July 6, 2007. (Pellegrino Decl., ¶ 5; DN 18 at 3:10-14, 9:14-16, 10:26-11:13; Haddad Decl.,

14  Ex. A at 37, 63.) Houtan Petroleum admits, however, that it did not request a bona fide offer

15  until October 18, 2007. (Haddad Decl., ¶ 9.) As a matter of law, therefore, Plaintiff has no

16  cognizable claim under the PMPA.

17          Under the PMPA, and the express terms of the Franchise Agreement, ConocoPhillips is

18  entitled to immediate repossession of the station premises upon proper termination of a

19  franchise.[5] *Persaud v. Exxon Corp.*, 867 F. Supp. 128, 141 (E.D.N.Y. 1994); Haddad Decl., Ex.

20  A at 33 (¶ 32). There is thus no justification for Houtan Petroleum's refusal to return

21  ConocoPhillips' property. Such conduct reflects a casual and unjustifiable disdain for both this

22  Court and the rule of law, and cannot be condoned -- particularly in light of the Court's previous

23  order denying the very relief to which Houtan Petroleum claims entitlement. Houtan Petroleum

24  is using the equipment without any supervision, oversight or inspection by ConocoPhillips, with

25

26

_____

27  [5] Of course, ConocoPhillips seeks repossession of only its fixtures, not the real property, which
    Houtan Petroleum has apparently leased directly from V.O. Limited.

28

1   significant risk to ConocoPhillips.[6] Provisional relief authorizing ConocoPhillips' immediate

2   removal of its property is therefore required.

3          **B.      The Court Should Issue a Writ of Possession.**

4          Under California law, a writ of possession permitting recovery of personal property is

5   authorized upon a party's showing that:  1) it has a right to immediate possession of tangible

6   personal property; and 2) the property is being wrongfully withheld.[7]  Cal. Code Civ. Proc.

7   § 512.010; *Ford Motor Credit Co. v. Sebastopol Ford, Inc.*, 2007 WL 1545187, *6 (N.D. Cal.

8   May 27, 2007).  Issuance of the writ is mandatory where "(1) the plaintiff has established the

9   probable validity of the plaintiff's claim to possession of the property and (2) the undertaking

10  requirements of § 515.010 are satisfied." *Id.* at *6; Cal. Code Civ. Proc. § 512.060(a).  The

11  application for a writ of possession shall include:

12
13          (1) A showing of the basis of the plaintiff's claim and that the plaintiff is
            entitled to possession of the property claimed. If the basis of the plaintiff's
            claim is a written instrument, a copy of the instrument shall be attached.

14
15          (2) A showing that the property is wrongfully detained by the defendant, of
            the manner in which the defendant came into possession of the property,
            and, according to the best knowledge, information, and belief of the
            plaintiff, of the reason for the detention.
16

17          (3) A particular description of the property and a statement of its value.

18          (4) A statement, according to the best knowledge, information, and belief
            of the plaintiff, of the location of the property and, if the property, or some
            part of it, is within a private place which may have to be entered to take
19          possession, a showing that there is probable cause to believe that such
            property is located there.
20

21          (5) A statement that the property has not been taken for a tax, assessment,
            or fine, pursuant to a statute; or seized under an execution against the
            property of the plaintiff; or, if so seized, that it is by statute exempt from
22          such seizure.

23

24  _____

25  [6] In response, Houtan Petroleum may argue that it has offered to permit ConocoPhillips access to
    the property.  This offer, however, was in the context of a proposed interim agreement whereby
    ConocoPhillips would waive any right to receive rent for its property. Obviously,
26  ConocoPhillips is, under no obligation to allow Houtan Petroleum to use its property for free,
    and Houtan Petroleum's "offer" of access is insufficient to forestall provisional relief.
27

    [7] State law provisional remedies relating to the seizure of property are available in a federal court
28  to the extent authorized by the law of the state in which the court is located. Fed. R. Civ. P. 64.

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1    Cal. Code Civ. Proc. § 512.010; *Ford Motor Credit*, 2007 WL 1545187 at *5-6. ConocoPhillips'

2    motion and the supporting Declaration of Jay Rollins make the required showing and statements.

3    (Rollins Decl., ¶¶ 2-3, Ex. A.)

4          **1.    ConocoPhillips has established the probable validity of its**
               **claim to possession of its equipment and improvements.**

5

6          "A claim has 'probable validity' where it is more likely than not that the plaintiff will

7    obtain a judgment against the defendant on that claim." Cal. Code Civ. Proc. § 511.090; *Ford*

8    *Motor Credit*, 2007 WL 1545187 at *6. There can be no reasonable dispute here that: 1) any

9    right Houtan Petroleum had to use ConocoPhillips' equipment and improvements was pursuant

10   to the Franchise Agreement; and 2) the Franchise Agreement has terminated. Thus, just as the

11   Court found that Houtan Petroleum had no further right to use ConocoPhillips' trademarks and

12   trade dress (DN 18 at 19:19-24), Houtan Petroleum has no further right to use the tangible

13   property leased pursuant to the Franchise Agreement. Rather, ConocoPhillips is entitled to

14   immediate repossession of its property. *Persaud*, 867 F. Supp. at 141; Haddad Decl., Ex. A at 33

15   (¶ 32).

16         The pendency of Plaintiff's PMPA claim does not justify interference with

17   ConocoPhillips' property rights. First, the Court has already ruled that the pending dispute over

18   equipment value does not entitle Houtan Petroleum to injunctive relief permitting its continued

19   possession and use of this property. (DN 18 at 16:5-7.) Plaintiff has no right to retain possession

20   of ConocoPhillips' property absent the parties' agreement to an interim rental. Moreover, as

21   shown, Plaintiff failed to demand a bona fide offer under the PMPA within 30 days after

22   receiving notice of termination, and its PMPA claim will therefore fail as a matter of law. See 15

23   U.S.C. § 2802(c)(4)(C).

24         If Houtan Petroleum truly has an interest in acquiring ConocoPhillips' equipment and

25   improvements, it need only do just that. ConocoPhillips has made multiple alternative offers to

26   Houtan Petroleum, each of which would have left the improvements in place pending -- and in

27   some cases beyond -- the litigation. Houtan Petroleum rejected each of these proposals, choosing

28   instead self-help. Absent provisional relief, Houtan Petroleum will continue to use the

1   equipment and improvements, free of charge, for as long as it likes, without ConocoPhillips'

2   supervision or oversight.  Immediate entry of a writ of possession is therefore necessary.

3                    **2.      No undertaking should be required of ConocoPhillips.**

4           "If the court finds that the defendant has no interest in the property, the court *shall waive*

5   the requirement of the plaintiff's undertaking. . . ." Cal. Code Civ. Proc. § 515.010(b) (emphasis

6   added).  As shown, any right Houtan Petroleum had to use ConocoPhillips' equipment and

7   improvements expired with the Franchise Agreement.  If Houtan Petroleum truly believes it has a

8   colorable claim under the PMPA -- a belief without basis, as shown above -- it may continue to

9   litigate that claim.  Plaintiff's confidence in its claim, however, gives rise to no present property

10  right in ConocoPhillips' equipment and improvements.  The Court must therefore waive the

11  bond requirement.

12                    **3.      The Court should enter a preliminary injunction to protect
13                              ConocoPhillips' property pending turnover or seizure.**

14          Where a court grants a writ of possession, it "may issue a preliminary injunction to

15  remain in effect until the property is seized pursuant to the writ of possession." Cal. Code Civ.

16  Proc. § 513.010(c).  The purpose of such an injunction is to prevent the property from being

17  transferred, concealed, removed or substantially impaired in value. *Ford Motor Credit Co. v.*

18  *Sebastopol Ford, Inc.*, 2007 WL 1189749, *2 (N.D. Cal. April 19, 2007).  Accordingly, the Court

19  should enter a preliminary injunction prohibiting Houtan Petroleum from taking any steps to

20  transfer, conceal, remove or otherwise impair the value of ConocoPhillips' equipment and

21  improvements pending their removal by the United States Marshal and/or ConocoPhillips.

22                    **4.      The Court should authorize the United States Marshal and
23                              ConocoPhillips to enter the Station to remove the property.**

24          The Court may direct the "levying officer" (i.e., the United States Marshal) to enter the

25  Station property "at any reasonable time or times, using any necessary reasonable force as

26  authorized by California Code of Civil Procedure § 514.010(c), whether the premises are

27  occupied or unoccupied" to take possession of ConocoPhillips' property. *Ford Motor Credit,*

28  2007 WL 1545187 at *1.  Alternatively, the "levying officer . . . may maintain the peace and

1    supervise the seizure while" ConocoPhillips "its agents and employees take and maintain

2    possession of the" equipment and improvements. *Id.* at *2. In light of the nature of the property

3    at issue, and the environmental sensitivities associated with its removal, it would be appropriate

4    for ConocoPhillips to arrange for appropriate individuals to perform the removal. Accordingly,

5    ConocoPhillips requests that the Court enter an order directing the United States Marshal to

6    accompany ConocoPhillips to the Station to supervise the removal at a reasonable time or times.

7          **C.**    **Should The Court For Any Reason Decline To Issue A Writ Of Possession, ConocoPhillips Is Entitled To A Preliminary Injunction.**

8

           **1.**    **ConocoPhillips is entitled to return of its property without**

9                          **satisfying the traditional elements for a preliminary injunction.**

10        Where, as here, a franchisor has terminated a petroleum franchise pursuant to the PMPA,

11    the franchisee must immediately cease using and return all property owned by the franchisor.

12    Indeed, where a franchisee seeks, but is denied, injunctive relief forestalling termination, the

13    franchisor is entitled to automatic repossession of the station premises. *Persaud*, 867 F. Supp. at

14    141; *see also Loomis v. Gulf Oil Corp.*, 567 F.Supp. 591, 597-98 (M.D. Fla. 1983) (franchisor

15    entitled to repossess station without establishing elements of preliminary injunction and on less

16    than 90 days notice); *Maintanis v. Shell Oil Co.*, Bus. Franchise Guide (CCH) ¶ 8160 (D. Mass.

17    1984).[8]

18        In *Maintanis*, as here, the franchisor properly terminated the parties' franchise agreement.

19    The franchisee was unable to meet the liberal PMPA standard for obtaining temporary injunctive

20    relief to remain in possession of the station pending litigation. Accordingly, the Court found that

21    Shell was automatically entitled to repossession of the service station premises. The court

22    reasoned as follows:

23                  Section 2805 reflects the legislative concern for franchisees, expressly
providing for injunctive relief against franchisor takeover of facilities

24                  pending litigation, if the franchisee meets a given standard. That standard
is more easy to satisfy than the traditional equitable one, in that plaintiff

25                  [i.e. franchisee] need not demonstrate a substantial likelihood of prevailing
upon the merits, but only a fair grounds for litigation. Clearly, Congress

26                  intended to allow franchisees who meet the statutory standard to remain in
possession pending litigation, **but the fact that it carefully delineated**

27

─────────────────────────────

28    [8] A copy of *Maintanis* is attached to the Friedenberg Decl. as Exhibit G.

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1    **such a standard implies that franchisees not meeting the standard are
     not so protected.**

2

3    *Id.* at 14,390 (emphasis added).

4    As a result, after denying the franchisee's motion to enjoin termination of the franchise,

5    the Court granted Shell's motion under the PMPA for preliminary repossession of the service

6    station premises -- without examining traditional injunctive criteria. *Id.* Accordingly, the Court

7    should enter an order permitting ConocoPhillips to remove its property from the station premises

8    forthwith.

9                    **2.    ConocoPhillips is entitled to preliminary injunctive relief
                            under traditional standards**

10

11   Under traditional standards, a party may obtain preliminary injunctive relief by showing

12   *either* 1) probable success on the merits and the possibility of irreparable injury, *or* 2) serious

13   questions as to the merits, with the balance of hardships tipped sharply in its favor. *See Johnson*

14   *v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). In addition, the

15   court may also consider and balance the following traditional equitable factors: 1) a strong

16   likelihood of success on the merits, 2) the possibility of irreparable harm to plaintiff if the

17   injunctive relief is not granted, 3) a balance of hardships in plaintiff's favor, and 4) the

18   advancement of the public interest. *Id.* Application of any of the three tests set forth in *Johnson*

19   compels imposition of a preliminary injunction authorizing ConocoPhillips immediately to

20   remove its property from the Station.

21                   **a.    ConocoPhillips has a strong likelihood of prevailing on the
                            merits.**

22

23   As shown above, the Court has already found that the franchise termination was proper.

24   Therefore, under the PMPA and the Franchise Agreement, Houtan Petroleum no longer has any

25   right to use or possess ConocoPhillips' equipment and improvements. Houtan Petroleum thus

26   can demonstrate no basis for its continued assertion of dominion and control and no good faith

27   justification for its refusal to permit ConocoPhillips to remove its property.

28   / / /

1          b.    **ConocoPhillips faces irreparable injury and significant**
                 **hardship as a result of Houtan Petroleum's continued**
2                **use of the equipment and improvements.**

3          The balance of hardships weighs heavily in ConocoPhillips' favor. If provisional relief is

4   denied, "Conoco would be forced to leave its fuel storage and dispensation system at a station

5   site over which it has no control and no right of entry." (DN 18 at 18:22-24.) Although Houtan

6   Petroleum has offered to provide limited access to ConocoPhillips, this misses the point.

7   ConocoPhillips is no longer delivering fuel to the Station, and it is obviously not practical for

8   ConocoPhillips to enter the site to supervise every fuel delivery that is made. "In light of the

9   environmental issues associated with a gas station, Conoco would be exposed to risks if it were

10  unable to supervise or ensure prudent station practices and compliance with applicable

11  regulations." (*Id.* at 18:24-27.)

12         Moreover, Houtan Petroleum made its offer of access in the context of a proposal by

13  which ConocoPhillips would be forced to waive any right to rent for the duration of the litigation.

14  There is no proper ground for such a waiver. To even make the request ignores the Court's order

15  denying injunctive relief, in which the Court explicitly recognized ConocoPhillips' right to

16  interim rent.

17         Houtan Petroleum on the other hand, faces significantly less hardship. Its loss of control

18  over ConocoPhillips' improvements and equipment represents no legally cognizable interest

19  since Houtan Petroleum has no present legal right to its use or possession. Entry of the requested

20  provisional relief would simply require that Houtan Petroleum follow the law and abide by the

21  terms of its agreement. Although it might become necessary for Houtan Petroleum temporarily

22  to shut down the Station while it secures replacement equipment, Houtan Petroleum is not an

23  individual franchisee with no other means of support. It is a sophisticated corporation operating

24  multiple other service stations in California. The balance of hardships thus weighs in favor of

25  injunctive relief.

26         c.    **The public interest is served by an injunction.**

27         Clearly the public interest requires removal of the equipment and improvements. While

28  Houtan Petroleum was operating the Station as a ConocoPhillips franchisee, ConocoPhillips had

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION

1    the right, ability and access to visit, inspect and repair the Station, and otherwise to supervise and

2    control procedures and practices at the Station.  Indeed, this control over the Station, and hence

3    the franchised brand, is the essence of a franchise relationship.  In light of Houtan Petroleum's

4    refusal to agree to an appropriate interim rent, ConocoPhillips currently has no right to protect or

5    monitor the environmental integrity of the Station and its operations.  For this additional reason,

6    entry of a preliminary injunction is appropriate.

7    **IV.    CONCLUSION**

8         ConocoPhillips has gone far beyond what is required by the law in an effort to

9    accommodate Houtan Petroleum's stated desire to continue to operate the station pending the

10   litigation.  Houtan Petroleum has refused to negotiate a reasonable interim agreement. It wants to

11   use ConocoPhillips' property indefinitely, and without providing fair -- or any -- compensation.

12   The Court has already denied such a remedy, and Houtan Petroleum's defiant acts of self-help

13   reflect a scofflaw attitude antithetical to the orderly administration of justice.  Accordingly, the

14   Court should issue a writ of possession and/or preliminary injunction authorizing ConocoPhillips

15   immediately to remove and repossess its equipment and improvements.

16        Dated:  December 20, 2007

                                        GLYNN & FINLEY, LLP
17                                      CLEMENT L. GLYNN
                                        ADAM FRIEDENBERG
18                                      One Walnut Creek Center
                                        100 Pringle Avenue, Suite 500
19                                      Walnut Creek, CA  94596

20

21                                      By _____
                                        Attorneys for Defendant
22                                      ConocoPhillips Company

23

24

25

26

27

28

- 14 -

MEMO. IN SUPPORT OF CONOCOPHILLIPS' APP. FOR WRIT OF POSSESSION/PRELIMINARY INJUNCTION