Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone   : (323) 874-8613
Facsimile   : (323) 874-1234
E-mail: bleaushark@aol.com
E-mail: glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

UNITED STATES DISTRICT COURT IN AND FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | CASE NO. 3:07-CV-05627-SC<br><br>**DECLARATION OF ED HADDAD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO CONOCOPHILLIPS COMPANY'S APPLICATION FOR WRIT OF POSSESSION AND PRELIMINARY INJUNCTION**<br><br>Date:        January 11, 2008<br>Time:       10:00 a.m.<br>Courtroom: 1<br>Before:     Hon. Samuel Conti |

I, Ed Haddad, declare and state as follows:

1. If called upon to testify to the facts stated herein I could and would do so fully and competently based upon my personal knowledge of same.

2. I am over 18 years of age and the President of Plaintiff, Houtan Petroleum, Inc., which company owns and operates the service station, located at 101 E. El Camino Real, Mountain View, California 94040 (hereinafter referred to as the "Premises").

3. Houtan Petroleum is currently operating the gasoline station at the Premises as an unbranded (independent) station.

4.   Houtan Petroleum, Inc. has offered and is still willing to be responsible for each of

-1-
DECLARATION OF ED HADDAD

the following during the pendency of this lawsuit, until ConocoPhillips' compliance with the PMPA, or lack thereof, can be decided on the merits:

    a.    Houtan would be responsible for all environmental obligations from the date Houtan acquired possession of the station property, immediately after the expiration of the underlying lease between ConocoPhillips and the landlord;

    b.    Houtan would be responsible for all real estate property taxes to the extent required by its lease with the landlord;

    c.    Houtan would have the right to maintain and repair the equipment and improvements, but shall not be obligated to do so;

    d.    ConocoPhillips would also have the right to maintain and repair the equipment and improvements, but shall not be obligated to do so;

    e.    ConocoPhillips would have access to the station premises during the pendency of the litigation to conduct any necessary certification, testing, auditing, monitoring or investigation related to its equipment and improvements only;

    f.    If ConocoPhillips prevails in the litigation, or if Houtan prevails but the parties fail to agree on the terms of the sale of the equipment and improvements, ConocoPhillips would have access to the station premises for a reasonable period after the conclusion of the litigation to conduct any environmental or other necessary work and to remove its buildings, equipment and improvements;

    g.    Houtan would execute a mutually acceptable access agreement giving ConocoPhillips access to the property to conduct the above-referenced maintenance, repairs and testing.

5.    Additionally, it should be noted that Houtan Petroleum has already secured liability Storage Tank insurance for one million dollars ($1,000,000.00) for each occurrence and

1 | two million dollars in the aggregate ($2,000,000.00) that includes ConocoPhillips as an additional
2 | insured on the property, exclusive of defense costs. Attached hereto as **Exhibit "J"** is a true and
3 | correct copy of the Storage Tank Certificate of Insurance to Demonstrate Financial Responsibility.
4 | ConocoPhillps is identified as an additional insured on the Additional Insured(s) Endorsement
5 | found toward the end of the document. For ease of reference, a true and correct copy of this
6 | Additional Insured(s) Endorsement is attached hereto as **Exhibit "K."**

6. If ConocoPhillips is permitted to remove its equipment and improvements, the subject station property that Houtan Petroleum is currently leasing, would be left as an empty dirt lot. This would cause Houtan Petroleum to suffer an irreparable loss to the entirety whatever business goodwill it has left, as well as a devastating complete loss of income at the station.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 3rd day of January, 2008, in Mountain View, California.

Ed Haddad, declarant

# EXHIBIT "J"

| STORAGE TANK CERTIFICATE OF INSURANCE TO |
|:---:|
| DEMONSTRATE FINANCIAL RESPONSIBILITY |
| STATE OF CALIFORNIA |

**Facility Name and Address:**
Houtain Petroleum
101 E. El Camino Real
Mt.View, CA, 94040

**Insurer Name and Address:**
ACE American Insurance Company
c/o ACE Environmental Risk, 436 Walnut Street, Philadelphia, PA 19106

**Policy Number:** G2186836A

**Policy Period:**
From 12:01am 12/21/2007    to 12:01am 12/21/2008

**Insured Name and Address:**
Houtan Petroleum
101 E. El Camino Real
Mt. View, CA, 94040

I. The Insurer, as identified above, hereby certifies that it has issued liability insurance covering the following Underground Storage Tanks:

| Facility | Identification No. | Number of Tanks |
|---|---|---|
| Houtain Petroleum | CAL000003641 | 3 |

for taking corrective action and/or compensating third parties for bodily injury and property damage caused by either sudden accidental releases or non-sudden accidental releases or accidental releases in accordance with and subject to the limits of liability, exclusions, conditions, and other terms of the Policy arising from operating the underground storage tanks identified above.

The Limits of Liability are:

   a. $1,000,000        Each Occurrence
   b. $2,000,000        Annual Aggregate

exclusive of legal defense costs, which are subject to a separate limit under the policy. This coverage is provided under policy number G2186836A    . The effective date of said policy is 12/21/2007    .

II. The Insurer further certifies the following with respect to the insurance described in Paragraph I:

   A. Bankruptcy or insolvency of the insured shall not relieve the Insurer of its obligations under the Policy to which this certificate applies.

B. The Insurer is liable for the payment of amounts within any deductible applicable to the Policy to the provider of corrective action or a damaged third-party, with a right of reimbursement by the insured for any such payment made by the Insurer. This provision does not apply with respect to that amount of any deductible for which coverage is demonstrated under another mechanism or combination of mechanisms as specified in 40 CFR 280.95-280.102.

C. Whenever requested by a Director of an implementing agency, the Insurer agrees to furnish to the Director a signed duplicate original of the Policy and all endorsements.

D. Cancellation or any other termination of the insurance by the Insurer, except for non-payment of premium or misrepresentation by the insured, will be effective only upon written notice and only after the expiration of 60 days after a copy of such written notice is received by the insured.

E. The insurance covers claims otherwise covered by the Policy that are reported to the Insurer within six months of the effective date of cancellation or non-renewal of the Policy except where the new or renewed Policy has the same Retroactive Date or a Retroactive Date earlier than that of the prior policy, and which arise out of any covered occurrence that commenced after the Policy Retroactive Date, if applicable, and prior to such renewal or termination date. Claims reported during such extended reporting period are subject to the terms, conditions, limits, including limits of liability, and exclusions of the Policy.

I hereby certify that the wording of this instrument is identical to the wording in 40 CFR 280.97 (b) (2) and that the Insurer is eligible to provide insurance as an excess or surplus lines insurer in one or more states.

_William P. Hazelton_ (signature)
Authorized Agent

William P. Hazelton
Name
Sr. Vice President - ACE Environmental Risk
Title
436 Walnut Street, Philadelphia, PA 19106
Address

ace usa

ACE American Insurance Company
_Insurance Company_

Houtan Petroleum
_Policyholder_

G2186836A
_Policy Number_

Peck & Peck Insurance Brokers
_Broker/Producer_

## UST SCHEDULE

| Facility Name | Tank ID | Installation Date | Tank Construction | Tank Capacity | Tank Content |
|---|---|---|---|---|---|
| Houtain Petroleum | 1 | 04/01/1977 | Double Walled | 12000 | Unleaded |
| Houtain Petroleum | 2 | 04/01/1977 | Double Walled | 12000 | Unleaded |
| Houtain Petroleum | 3 | 01/01/1985 | Double Walled | 500 | Waste Oil |

UST Schedule (1/04)



ACE American Insurance Company

# TANK SAFE – Storage Tank Liability Insurance Policy Declarations

This Policy is issued by the stock insurance company listed above (herein called the "Insurer").

COVERAGE A OF THIS POLICY PROVIDES BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGE FOR CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED TO THE INSURER, IN WRITING, DURING THE POLICY PERIOD. COVERAGE B OF THIS POLICY PROVIDES CORRECTIVE ACTION COSTS COVERAGE ON AN INCIDENT-REPORTED BASIS.

PLEASE READ THIS POLICY CAREFULLY. SOME OF THE PROVISIONS CONTAINED IN THIS POLICY RESTRICT COVERAGE, SPECIFY WHAT IS AND IS NOT COVERED AND DESIGNATE RIGHTS AND DUTIES. LEGAL DEFENSE EXPENSES ARE SUBJECT TO AND WILL ERODE A SEPARATE AGGREGATE LIMIT OF LIABILITY.

THE DECLARATIONS, TOGETHER WITH THE COMPLETED AND SIGNED APPLICATION, THIS POLICY AND ANY ENDORSEMENTS OR SCHEDULES ATTACHED HERETO, CONSTITUTE THE INSURANCE POLICY.

| | | |
|---|---|---|
| Policy No.: | G2186836A | Renewal of: |
| Item 1. | Named Insured: | Houtan Petroleum |
| | Principal Address: | 101 E. El Camino Real<br>Mt. View, CA, 94040 |
| Item 2. | Policy Period:<br>From 12:01A.M. 12/21/2007   To 12:01 A.M. 12/21/2008<br>(Local time at the address shown in Item 1.) | |
| Item 3. | Retroactive Date: 12/21/2007 | |
| Item 4. | Limit of Liability:<br>a. $ 1,000,000   Each Pollution Incident Limit<br>b. $ 2,000,000   Aggregate Limit<br>c. $ 2,000,000   Aggregate Legal Defense Expense Limit | |
| Item 5. | Deductible:<br>$ 25,000   Per Claim or Corrective Action Cost | |
| Item 6. | Premium: $ 1,673.00<br><br>TOTAL AMOUNT DUE   $ 1,673.00 | |
| Item 7. | Notice to Insurer:<br>a.   Notice of Claim or Storage Tank Incident:<br>ACE Casualty Risk Claims<br>140 Broadway, 40th Floor<br>New York, NY 10005<br>Attn: Environmental Claims Unit<br>Facsimile: (646)458-5933 | |

|         |                                                    |
|---------|----------------------------------------------------|
|         | b.  All Other Notices:<br><br>Unit Underwriting Officer<br>ACE Casualty Risk<br>P O Box 1000<br>436 Walnut Street – WA 07A<br>Philadelphia, PA 19106 |
| Item 8. | Schedule of Covered Underground Storage Tank(s):   |
| Item 9. | Schedule of Covered Aboveground Storage Tank(s):<br>NOT APPLICABLE |
| Item 10.| Producer Name and Address: Peck & Peck Insurance Brokers<br>1724 Laurel Street<br>San Carlos, CA, 94070<br>15.00% Standard Commission |

**Forms and Endorsements Attached at Policy Issuance:**

| Endorsement Number: | Form Number: | Form Name: |
|---|---|---|
|  | CG00641202 | War Exclusion |
|  | CG21711202 | Limited Terrorism Exclusion |
|  | IL00171198 | Common Policy Conditions |
|  | LD-2S53b | Cancellation and Nonrenewal |
|  | CG32340105 | State Changes |
|  | ADDINS | Additional Insureds |
|  | CC-1K11d | Signature Form |
|  | OFAC | Regulatory Form |
|  | ALL-21101 | TRADE OR ECONOMIC SANCTIONS ENDORSEMENT |
|  | ALL20887 | ACE Producer Compensation Practices and Policies P |
|  | TRIA11a | Policyholder Disclosure Notice of Terrorism Insura |
|  | TT_FORMNUM12_TT | TT_FORMNAM12_TT |

IN WITNESS WHEREOF, the Insurer has caused this Policy to be countersigned by a duly authorized representative of the Insurer.

DATE: 12/21/2007
_____                    _____
MO/DAY/YR.                               AUTHORIZED REPRESENTATIVE