GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No. 3:07-cv-5627<br><br>**CONOCOPHILLIPS COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:      January 25, 2008<br>Time:      10:00 a.m.<br>Courtroom: 1<br>Before:    Hon. Samuel Conti |

Defendant ConocoPhillips Company ("ConocoPhillips") submits this reply in support of its motion to dismiss the Complaint of Houtan Petroleum, Inc. ("Houtan Petroleum").

I.   **INTRODUCTION**

ConocoPhillips' motion demonstrated that ConocoPhillips' termination of the parties' franchise agreement was proper, and Houtan Petroleum's claims thus fail as a matter of law, for three reasons:

- *First,* the termination was for a proper reason under the PMPA -- expiration of ConocoPhillips' underlying property lease of the station premises (Docket No. 26 at 4:16-5:6);

- *Second,* ConocoPhillips provided Houtan Petroleum a proper and timely notice of termination in the franchise agreement itself (*Id.* at 3:3-4:5, 5:7-6:2); and

- *Third,* Houtan Petroleum's claim that ConocoPhillips failed to make a "bona fide offer" to sell its equipment and improvements to Houtan Petroleum under the PMPA is not cognizable because Houtan Petroleum failed to request such an offer within 30 days after notice of termination, as the PMPA explicitly requires (*Id.* at 6:3-17).

Houtan Petroleum's opposition fails to show that the termination was improper, and thus concedes the first two points. Houtan Petroleum is forced to do so because the Court, in denying Houtan Petroleum's request for injunctive relief, has already found that ConocoPhillips fully complied with those two requirements.

Instead, Houtan Petroleum contends that it was not obligated to comply with the 30-day deadline of the PMPA. The argument, however, is unsupported by controlling authority, and directly contradicted by the clear language of the PMPA. Houtan Petroleum can offer only a tortured misreading of the relevant statutory provision. Such tactics cannot create a PMPA violation where none exists; rather, they serve only to underscore the absence of any legitimate claim. The Court should therefore grant ConocoPhillips' motion, and dismiss Houtan Petroleum's Complaint.

**II.    ARGUMENT**

Houtan Petroleum does not dispute that a franchisor is obligated to offer to sell its equipment and improvements to a terminated franchisee only upon the franchisee's timely and proper request for such an offer. To this much the parties agree. Thus, on this motion, the only issue remaining for judicial determination is whether Houtan Petroleum made such a timely and proper request. (ConocoPhillips could also prevail by establishing that its offer was "bona fide" under the PMPA, but the instant motion need not address this issue.)

Houtan Petroleum first argues "that it **did** request that ConocoPhillips sell its interest in the property to him within 30 days after ConocoPhillips' loss of right to grant possession" of the service station premises. (Docket No. 40 at 4:1-3.) This is a non-sequitur. Houtan Petroleum is misstating the requirements of the PMPA in order to argue it complied with a requirement that does not exist.

///

The PMPA does not require that the franchisor make a bona fide offer where the franchisee requests such an offer within 30 days after the franchisor's loss of possession. Rather, the explicit language of the PMPA provides that such an offer is required only where "requested in writing by the franchisee not later than 30 days after *notification was given pursuant to section 2804 of this title.*" 15 U.S.C. § 2802(c)(4)(C)(i) (emphasis added). The "notification" referred to is the franchisor's notice (to the franchisee) of termination (or nonrenewal) of the franchise agreement. *See* 15 U.S.C. 2804. Thus, Houtan Petroleum was obligated to request a bona fide offer, if at all, within 30 days after ConocoPhillips gave notice of termination of the parties' franchise agreement.

The Court has already found that ConocoPhillips provided the notice of termination required by section 2804 *in the Franchise Agreement itself*. (Docket No. 18 at 8:20-11:13; *see* Docket No. 26, Ex. A at 000011-12 (¶2(a)), 000063 (Addendum 1).) The Court has already found that ConocoPhillips provided this notice to Houtan Petroleum in *May 2007*. (Docket No. 18 at 3:10-11.) Houtan Petroleum signed the franchise agreement, and separately initialed the notice of termination, on July 6, 2007. (Docket No. 18 at 3:10-14, 4:8-10, 11:5-9; *see* Docket No. 26, Ex. A at 000011-12 (¶2(a)), 000063 (Addendum 1).)

Thus, assuming *arguendo* that ConocoPhillips provided the Franchise Agreement to Houtan Petroleum on July 6, 2007,[1] it was entitled to a bona fide offer under the PMPA only if it requested such an offer in writing no later than August 5, 2007. Houtan Petroleum admits, however, that it did not make such a request until October 16, 2007, more than two months after the statutory deadline. The request was therefore untimely as a matter of law, and insufficient to give rise to a claim for relief under the PMPA.

Faced with this reality, Houtan Petroleum contends that its 30 days in which to request the "bona fide offer" did not start to run until November 1, 2007 (the date on which it began leasing the premises directly from the landowner). In support of the argument, Houtan

---

[1] ConocoPhillips provided the notice to Houtan Petroleum in May 2007, as the Court has already found. (Docket No. 18 at 3:10-11.) We recognize, however, that for purposes of this motion the Court is constrained to consider only the allegations of the pleadings and the exhibits referred to therein.

1  Petroleum cites *Hazara Enterprises, Inc. v. Motiva Enterprises, LLC*, 126 F. Supp. 2d 1365 (S.D.
2  Fla. 2000). In *Hazara Enterprises*, however, the Court granted summary judgment in favor of
3  the *franchisor*, finding it was not required to sell its equipment and improvements to the
4  franchisee after termination (for expiration of an underlying ground lease) where the subject
5  equipment was "potentially dangerous." *Id.* at 1372-73. The Court's comment regarding the
6  timing of the franchisee's request for a bona fide offer was therefore moot and irrelevant, as the
7  Court itself recognized. *Id.* In any event, as shown, the PMPA on its face requires the franchisee
8  make such a demand "not later than 30 days after *notification*" of termination. 15 U.S.C.
9  §2802(c)(4)(C)(i) (emphasis added). Thus even had *Hazara Enterprises* purported to hold that
10  the 30 day period commences upon some other event (such as the first day on which the
11  franchisee acquires possession), it would have been incorrect and unpersuasive.

12  Houtan Petroleum's reliance on *Hazara Enterprises* makes no sense for another reason.
13  Houtan Petroleum cites the case as authority for the argument that it was justified in waiting until
14  November 1 to request a bona fide offer. But Houtan Petroleum did not wait until November 1
15  to request the offer. Rather, it made the request on October 16 -- two weeks before
16  commencement of the 30 day period during which it posits the request could properly be made.
17  The argument falls of its own weight.

18  Houtan Petroleum next argues that "it would be futile and impractical for Plaintiff to
19  have requested that ConocoPhillips make such offer within 30 days after executing the franchise
20  agreement" and incorporated notice of termination "before either Plaintiff or ConocoPhillips
21  knew whether ConocoPhillips would eventually secure a renewal of its lease with the third party
22  landlord." (Docket No. 40 at 7:25-28.) The statutory requirement, however, is clear; the
23  franchisee must request the offer within 30 days of notice of termination.[2]

24  Moreover, Houtan Petroleum contends it executed a lease agreement with the landowner
25  on October 16, and thus undoubtedly was negotiating with the owner long before October 16.

---

[2] Houtan Petroleum's argument is particularly disingenuous, moreover, given that Houtan Petroleum's direct negotiations, culminating in a lease agreement, with the landowner were the ultimate reason for ConocoPhillips' inability to obtain an extension of the lease pursuant that allowed it to sublease the property to Houtan Petroleum. Such an extension, of course, would have obviated the franchise termination of which Houtan Petroleum now complains.

Houtan Petroleum could have prudently and timely requested a bona fide offer at any time during, or even prior to, these negotiations. The mere request would not have given rise to any obligation to purchase the equipment and improvements in the event Houtan Petroleum failed to reach a lease agreement with the landowner. A "bona fide offer" is just that -- an offer. Houtan Petroleum's decision not to request the offer within the statutory time frame was grounded not in logic or necessity, but rather was a tactical gambit intended to force ConocoPhillips to accept an unjustifiably low price or defend a groundless lawsuit. Houtan Petroleum was free to pursue such a risky path, but it must live with the consequences of its tactics.

Finally, Houtan Petroleum argues alternatively that by making such an offer in an attempt to accommodate Houtan Petroleum, ConocoPhillips somehow waived its right to raise Houtan Petroleum's non-compliance with the 30-day deadline. The argument makes no sense, of course, and Houtan Petroleum cites no apposite authority. What does control is the plain language of the PMPA, language which clearly conditions the franchisor's *obligation* to make a "bona fide offer" on the franchisee's demand within 30 days after receipt of notice of termination. A franchisor is always free to make an offer even without a timely request by the franchisee, but such does not alter rights already vested by virtue of the franchisee's failure to make a timely request.

## III. CONCLUSION

For all the foregoing reasons, ConocoPhillips submits the Court should grant its motion and dismiss the complaint. As the defects are not curable, dismissal should be with prejudice.

Dated: January 11, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant
ConocoPhillips Company