GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM D. FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
        afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | Case No. 3:07-cv-5627 |
| Plaintiff, | **DEFENDANT CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS FOR:** |
| vs. | |
| CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive | **(1) BREACH OF CONTRACT; (2) CONVERSION; AND (3) UNJUST ENRICHMENT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips")

hereby answers the Complaint of Plaintiff Houtan Petroleum, Inc. ("Houtan Petroleum") and

asserts the counterclaims set forth herein.

## CONOCOPHILLIPS' ANSWER TO THE COMPLAINT

### PRELIMINARY ALLEGATIONS

1.    ConocoPhillips is without information or knowledge sufficient to form a

belief as to the truth of the allegations of paragraph 1 and on that basis denies them.

2.    ConocoPhillips admits the allegations of paragraph 2.

3.    ConocoPhillips is without information or knowledge sufficient to form a

belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4.    ConocoPhillips denies the allegations of paragraph 4.

1    5.    ConocoPhillips denies the allegations of paragraph 5.

2    6.    ConocoPhillips denies that it acted "jointly and/or severally" with any

3  other defendant and therefore denies the allegations of paragraph 6.

4                                JURISDICTION

5    7.    ConocoPhillips denies the allegations of paragraph 7.

6    8.    ConocoPhillips denies the allegations of paragraph 8.

7                                   VENUE

8    9.    ConocoPhillips admits that venue is appropriate in this district.

9                            GENERAL ALLEGATIONS

10    10.    ConocoPhillips denies the allegations of paragraph 10.

11    11.    ConocoPhillips admits that it leased the subject property and subleased

12  such property to Houtan Petroleum at certain times relevant to this action, but otherwise denies

13  the allegations of paragraph 11.

14    12.    ConocoPhillips admits that at certain times relevant to this action Houtan

15  Petroleum subleased the subject property for the purpose of operating a Union 76 branded motor

16  fuel filling station, but otherwise denies the allegations of paragraph 12.

17    13.    ConocoPhillips admits that Houtan Petroleum and ConocoPhillips were

18  previously "in a franchise relationship," but otherwise denies the allegations of paragraph 13.

19    14.    ConocoPhillips denies the allegations of paragraph 14.

20    15.    ConocoPhillips denies the allegation of paragraph 15 that "Plaintiff's

21  franchise agreement was not due to expire until August 31, 2010." ConocoPhillips admits the

22  remaining allegations of paragraph 15, but avers that the notice referred to therein was not the

23  first notice of termination it provided to Houtan Petroleum.

24    16.    ConocoPhillips admits the allegations of paragraph 16.

25    17.    ConocoPhillips denies the allegations of paragraph 17.

26    18.    ConocoPhillips is without information or knowledge sufficient to form a

27  belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

28    19.    ConocoPhillips denies the allegations of paragraph 19.

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    20.    ConocoPhillips denies the allegations of paragraph 20.

2    21.    ConocoPhillips denies the allegations of paragraph 21, and specifically

3    denies that Houtan Petroleum requested a bona fide offer in accordance with the requirements of

4    the PMPA.

5    22.    ConocoPhillips admits the allegations of paragraph 22.

6    23.    ConocoPhillips denies the allegations of paragraph 23.

7    24.    ConocoPhillips admits the allegations of paragraph 24.

8    25.    ConocoPhillips admits that it ceased delivering fuel to the station and

9    processing credit card transactions at the station on or about October 31, 2007. ConocoPhillips

10    denies the remaining allegations of paragraph 25.

11    26.    ConocoPhillips denies the allegation that Houtan Petroleum "has therefore

12    been forced to file the instant lawsuit. . . ." ConocoPhillips is without information or knowledge

13    sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and on that

14    basis denies them.

15    27.    ConocoPhillips denies the allegations of paragraph 27.

16    **FIRST CLAIM FOR RELIEF**

17    (For Violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.)

18    28.    ConocoPhillips incorporates and repleads its responses to paragraphs 1

19    through 27 as though fully set forth herein.

20    29.    ConocoPhillips admits the allegations of paragraph 29.

21    30.    ConocoPhillips denies the allegations of paragraph 30.

22    31.    ConocoPhillips denies the allegations of paragraph 31.

23    32.    ConocoPhillips denies the allegations of paragraph 32, and specifically

24    denies that it "furnish[ed] its notification of termination less than 90 days prior to the effective

25    date of termination."

26    33.    ConocoPhillips denies the allegations of paragraph 33, and specifically

27    denies that it failed to comply with the PMPA.

28    34.    ConocoPhillips denies the allegations of paragraph 34.

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    35.    ConocoPhillips denies the allegations of paragraph 35.

2    36.    ConocoPhillips denies the allegations of paragraph 36, and specifically

3    denies that it "fail[ed] to comply with the express language of the PMPA."

4    37.    ConocoPhillips denies the allegations of paragraph 37.

5    38.    ConocoPhillips denies the allegations of paragraph 38.

6    39.    ConocoPhillips denies the allegations of paragraph 39.

7    40.    ConocoPhillips denies the allegations of paragraph 40.

8    41.    ConocoPhillips denies the allegations of paragraph 41, and specifically

9    denies that it has violated the PMPA.

10    42.    ConocoPhillips denies the allegations of paragraph 42.

11    43.    ConocoPhillips denies the allegations of paragraph 43, and specifically

12    denies that it has violated or "willful[ly] disregard[ed] . . . the requirements of the PMPA and the

13    rights of Plaintiff."

14    44.    ConocoPhillips denies the allegations of paragraph 44.

15    ## SECOND CLAIM FOR RELIEF

16    (For Declaratory Relief)

17    45.    ConocoPhillips incorporates and repleads its responses to paragraphs 1

18    through 44 as though fully set forth herein.

19    46.    ConocoPhillips denies the allegations of paragraph 46.

20    47.    ConocoPhillips admits that Houtan Petroleum seeks a declaration but

21    denies that such is appropriate.

22    ## AFFIRMATIVE DEFENSES

23    ### FIRST DEFENSE

24    48.    As a separate and additional defense, ConocoPhillips avers that the

25    Complaint and each purported claim for relief contained therein fails to state facts sufficient to

26    constitute a claim upon which relief can be granted.

27    ///

28    ///

- 4 -

1

SECOND DEFENSE

2      49.    As a separate and additional defense, ConocoPhillips is informed and
3  believes, and thereon avers, that Houtan Petroleum's claims are barred by the equitable defense
4  of laches.

5

THIRD DEFENSE

6      50.    As a separate and additional defense, ConocoPhillips is informed and
7  believes, and thereon avers, that Houtan Petroleum's claims are barred by the equitable defense
8  of unclean hands.

9

FOURTH DEFENSE

10      51.    As a separate and additional defense, ConocoPhillips is informed and
11  believes, and thereon avers, that Houtan Petroleum's claims are barred by the equitable defense
12  of equitable estoppel.

13

FIFTH DEFENSE

14      52.    As a separate and additional defense, ConocoPhillips is informed and
15  believes, and thereon avers, that Houtan Petroleum has waived any and all claims that it may
16  have or have had against ConocoPhillips.

17

SIXTH DEFENSE

18      53.    As a separate and additional defense, ConocoPhillips is informed and
19  believes, and thereon avers, that Houtan Petroleum was careless and negligent with respect to the
20  matters alleged in its Complaint, and said carelessness and negligence proximately caused or
21  contributed to its damages, if any.

22

SEVENTH DEFENSE

23      54.    As a separate and additional defense, ConocoPhillips is informed and
24  believes, and thereon avers, that Houtan Petroleum failed to mitigate its damages, if any.

25

EIGHTH DEFENSE

26      55.    As a separate and additional defense, ConocoPhillips avers that it at all
27  times complied with all applicable Federal and State statutes and regulations including, but not
28  limited to, 15 U.S.C. § 2801, et seq., which regulatory frame work occupies the field and

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1   otherwise precludes Houtan Petroleum's non-PMPA claims, if any.

2                                   NINTH DEFENSE

3          56.     As a separate and additional defense, ConocoPhillips avers that the

4   Complaint fails to allege facts sufficient to state a claim for exemplary or punitive damages, and

5   that an award of exemplary or punitive damages in this action would be unconstitutional.

6                                   TENTH DEFENSE

7          57.     As a separate and additional defense, ConocoPhillips avers that Houtan

8   Petroleum's purported claims are rendered moot for the reason that Houtan Petroleum has no

9   intent to purchase the relevant equipment and improvements.

10                                  ELEVENTH DEFENSE

11         58.     As a separate and additional defense, ConocoPhillips avers that Houtan

12  Petroleum's damage, if any, must be off-set by amounts owed by Houtan Petroleum to

13  ConocoPhillips.

14         WHEREFORE, ConocoPhillips prays for judgment on Houtan Petroleum's

15  Complaint as follows:

16         1.      That Houtan Petroleum be awarded nothing in this action, and its

17                 Complaint be dismissed with prejudice;

18         2.      That judgment be entered in favor of ConocoPhillips on the Complaint;

19         3.      That Houtan Petroleum's Complaint be adjudged frivolous pursuant to 15

20                 U.S.C. § 2805(d)(3);

21         4.      That ConocoPhillips be awarded costs of suit, including expert witness

22                 fees, and attorneys' fees incurred herein pursuant to the relevant franchise

23                 agreement and 15 U.S.C. § 2805(d)(3);

24         5.      That ConocoPhillips be awarded costs of suit to the extent permitted by

25                 law; and

26         6.      For such other and further relief as the court may deem just and proper.

27  / / /

28  / / /

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    **CONOCOPHILLIPS' COUNTERCLAIMS AGAINST HOUTAN PETROLEUM**

2         ConocoPhillips asserts counterclaims against Houtan Petroleum as follows.

3                                   **THE PARTIES**

4         59.    ConocoPhillips is a Delaware corporation with its principal place of

5    business in Houston, Texas.

6         60.    ConocoPhillips is informed and believes and thereon alleges that Houtan

7    Petroleum is a California corporation with its principal place of business in California.  Houtan

8    Petroleum operates a gasoline service station at 101 East El Camino Real, Mountain View,

9    California, 94040 (the "Station").

10                                  **JURISDICTION**

11        61.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as complete

12   diversity of citizenship exists and the amount in controversy is more than $75,000, exclusive of

13   interest and costs.

14        62.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1367 and the

15   doctrine of supplemental jurisdiction as ConocoPhillips' counterclaims are so closely related to

16   the claims asserted by Houtan Petroleum that they form part of the same case or controversy.

17        63.    This Court has personal jurisdiction over Houtan Petroleum as it has its

18   principal place of business and does business within this judicial district and has committed and

19   is committing the acts alleged herein within this judicial district.  In addition, Houtan Petroleum

20   has consented to the jurisdiction of this Court by filing its Complaint in this action in this Court.

21                                     **VENUE**

22        64.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as a

23   substantial part of the events and omissions giving rise to this action occurred within this district.

24                              **GENERAL ALLEGATIONS**

25        65.    ConocoPhillips formerly leased the real property on which the Station is

26   located (the "Station Property") from V.O. Limited ("V.O. Limited") through a lease agreement

27   (the "Ground Lease").  ConocoPhillips' predecessor and V.O. Limited's predecessor entered the

28   Ground Lease on August 13, 1965.  The Ground Lease was for a term of 25 years, commencing

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    on March 1, 1966, and ending on February 28, 1991.  A true and correct copy of the Ground

2    Lease is attached hereto as **Exhibit A**.

3             66.      On or about October 20, 1987, ConocoPhillips' predecessor agreed to a

4    Modification of Lease (the "Modification") with V.O. Limited's predecessor.  The Modification

5    extended the term of the Ground Lease to October 31, 2002, and granted ConocoPhillips'

6    predecessor an option to extend the Ground Lease for one additional five-year term.

7    ConocoPhillips exercised this option.  The Ground Lease was not further renewed or extended,

8    and expired on October 31, 2007.

9             67.      The Ground Lease entitled ConocoPhillips to use the Station Property "for

10   a motor vehicle service station and for such other related uses as Lessee, at its option, may

11   determine." (Ex. A at ¶ 6.)  The Ground Lease also provided that "[l]essee shall have the right to

12   place and maintain thereon all structures, improvements and equipment which Lessee may desire

13   for such purposes and to remove the same and any structures, improvements or equipment

14   heretofore or hereafter placed upon said premises by Lessee or which have been purchased or

15   owned by Lessee, at any time during the term hereof or within ten (10) days after termination of

16   this lease." (*Id.*)

17            68.      ConocoPhillips used the Station Property for a motor vehicle service

18   station and related uses, and did construct and place on the Station Property various structures,

19   improvements and equipment.

20            69.      Prior to expiration of the Ground Lease, Houtan Petroleum operated the

21   Station as a ConocoPhillips franchisee under a succession of franchisee agreements.  A true and

22   correct copy of the most recent of these agreements, titled Union 76 Dealer Station Lease and

23   Motor Fuel Supply Agreement (the "Franchise Agreement"), is attached hereto as **Exhibit B**.

24            70.      Pursuant to the Franchise Agreement, ConocoPhillips subleased the

25   Station Property, including ConocoPhillips' structures, improvements and equipment located

26   thereon, to Houtan Petroleum.  The Franchise Agreement also granted Houtan Petroleum the

27   right to use ConocoPhillips' Union 76 trademarks and trade dress (the "Union 76 marks") while

28   the Franchise Agreement was effective.

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

71.   ConocoPhillips is informed and believes and thereon alleges that Houtan Petroleum executed the Franchise Agreement on or about July 6, 2007.  At that time, both ConocoPhillips and Houtan Petroleum were aware that the Ground Lease was to expire on October 31, 2007, and that ConocoPhillips had no further right to renew or extend the Ground Lease.  Indeed, several months prior to execution of the Franchise Agreement, ConocoPhillips advised Houtan Petroleum that there was a possibility the Ground Lease would expire and not be renewed upon its expiration date.  ConocoPhillips further advised Houtan Petroleum that if such an expiration and non-renewal of the Ground Lease were to occur, ConocoPhillips would have no right to continue to sublease the Station Property to Houtan Petroleum and the Franchise Agreement would necessarily terminate.

72.   Accordingly, the Franchise Agreement provided that "[t]he term of this Agreement commences on September 1, 2007 and expires on August 31, 2010 . . . provided, however, that . . . if CONOCOPHILLIPS' underlying lease expires, is cancelled or terminates for any reason on or prior to [August 31, 2010] . . . then this Agreement shall terminate consistent with the cancellation or termination of said underlying lease."  (Ex. B at 3-4 (¶ 2(a)) (original emphasis removed).)  In addition, Addendum 1 to the Franchise Agreement specifically provided, and Houtan Petroleum acknowledged and agreed, as follows:

> There is a possibility that the term of the underlying lease to the Station might expire and not be renewed upon the underlying lease's expiration date.  DEALER hereby acknowledges CONOCOPHILLIPS' disclosure to DEALER that this Agreement and the Station herein are subject to all the terms and conditions of an underlying lease held by CONOCOPHILLIPS in the property and premises, which underlying lease expires on **October 31, 2007** and that such underlying lease may expire and may not be renewed during the Term of this Agreement.  Thereby, the DEALER is hereby on notice that this Agreement is hereby terminated on the date the underlying lease expires or on a prior date in the event CONOCOPHILLIPS' lessor terminates the underlying lease or the underlying lease otherwise requires early termination.
>
> CONOCOPHILLIPS is under no obligation to seek an extension or renewal, or exercise any renewal options it may have, of such underlying lease, but may do so at its discretion.

(*Id.* at 54 (original emphasis).)  ConocoPhillips is informed and believes and thereon alleges that

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    when Houtan Petroleum's president, Ed Hadad, executed the Franchise Agreement on July 6,

2    2007, he separately initialed this Addendum/notice of termination.

3          73.    Although ConocoPhillips was under no contractual or other legal

4    obligation to secure an extension or renewal of the Ground Lease, it attempted to do so, so that

5    Houtan Petroleum could continue to operate the Station as a ConocoPhillips franchisee.

6    Beginning in 2004, and continuing through September 2007, ConocoPhillips attempted to engage

7    V.O. Limited in discussions or negotiations regarding an extension or renewal of the Ground

8    Lease.

9          74.    V.O. Limited never provided a substantive response to ConocoPhillips and

10    eventually ceased responding to ConocoPhillips' communications. Accordingly, in September

11    2007, ConocoPhillips advised V.O. Limited that if V.O. Limited did not respond by September

12    21, 2007, to ConocoPhillips' request to extend the Ground Lease, ConocoPhillips would construe

13    such a silence as a rejection and refusal by V.O. Limited to extend the Ground Lease.

14          75.    V.O. Limited did not provide any response to ConocoPhillips.

15    Accordingly, as the Ground Lease was to expire on October 31, 2007, and ConocoPhillips would

16    thereafter have no right to occupy or possess the Station Property, much less sublease the Station

17    Property to Houtan Petroleum, ConocoPhillips was left with no choice but to proceed with

18    termination of the Franchise Agreement pursuant to the express language of the Franchise

19    Agreement. ConocoPhillips sent Houtan Petroleum a notice confirming that due to the imminent

20    expiration of the Ground Lease, and ConocoPhillips' consequent loss of its right to grant

21    possession of the Station Property to Houtan Petroleum, the Franchise Agreement would

22    terminate on October 31, 2007, at 12:00 p.m., pursuant to the terms of the Franchise Agreement.

23          76.    On or about October 18, 2007, Houtan Petroleum advised ConocoPhillips

24    for the first time that it had entered a lease with V.O. Limited for the Station Property, to

25    commence upon expiration of the Ground Lease. Also on October 18, Houtan Petroleum

26    requested, for the first time, that ConocoPhillips make it a bona fide offer to sell Houtan

27    Petroleum the structures, improvements and equipment that ConocoPhillips had placed on the

28    Station Property.

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1          77.    The Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.,

2  required that Houtan Petroleum request a "bona fide offer" within 30 days after receiving notice

3  of termination of the Franchise Agreement (i.e., the notice set forth in the Franchise Agreement

4  itself). As Houtan Petroleum failed to make a timely request for a "bona fide offer,"

5  ConocoPhillips was under no legal obligation to make such an offer. Nevertheless, on or about

6  October 22, 2007, ConocoPhillips made Houtan Petroleum a bona fide offer to sell all such

7  structures, improvements and equipment to Houtan Petroleum for $340,000.00 (the "Bona Fide

8  Offer"). The Bona Fide Offer was based on an independent appraisal prepared by a licensed

9  third-party appraiser.

10         78.    Houtan Petroleum declined to accept the Bona Fide Offer, and advised

11  ConocoPhillips that it believed that the Bona Fide Offer amount was more than the true value of

12  the structures, improvements and equipment located at the Station Property. ConocoPhillips

13  requested that Houtan Petroleum provide ConocoPhillips with any appraisal or alternative

14  evidence of valuation. Houtan Petroleum failed to do so prior to commencing this litigation.

15         79.    The Franchise Agreement provides that "[u]pon expiration, termination,

16  nonrenewal or cancellation of this Agreement, for any reason, DEALER shall immediately cease

17  and discontinue the use of said Union 76 Marks or any marks or names confusingly similar

18  thereto in DEALER's operations or in advertising and promotions and return to

19  CONOCOPHILLIPS all signs and advertising materials containing such Union 76 Marks." (Ex.

20  D at 12 (¶ 10(d).) The Franchise Agreement further provides that "[a]t the expiration,

21  nonrenewal or earlier termination of this Agreement, DEALER shall yield immediate and

22  peaceable possession of the Station to CONOCOPHILLIPS. . . ." (*Id.* at 25 (¶ 32).)

23        80.    ConocoPhillips attempted to remove its structures, improvements and

24  equipment from the Station Property prior to expiration of the Ground Lease. As ConocoPhillips

25  was required to remove all such structures, improvements and equipment from the Station

26  Property no later than 10 days after expiration of the Ground Lease, it was critical that

27  ConocoPhillips immediately commence removal operations. Houtan Petroleum, however,

28  refused to allow ConocoPhillips to access the Station Property for this purpose.

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    81.    ConocoPhillips is informed and believes and thereon alleges that Houtan

2    Petroleum failed to discontinue its use of the Union 76 Marks as required by the Franchise

3    Agreement, but instead continued to operate the Station using the Union 76 Marks, without

4    ConocoPhillips' license or permission, until on or about November 20, 2007. Moreover,

5    ConocoPhillips is informed and believes and thereon alleges that Houtan Petroleum engaged in

6    the sale of non-ConocoPhillips gasoline using the Union 76 Marks.

7    82.    ConocoPhillips advised Houtan Petroleum in writing that its use after

8    October 31, 2007, at 12:00 p.m., of the Union 76 Marks was improper, unlawful and in violation

9    of the Franchise Agreement and applicable law. In addition, ConocoPhillips attempted to

10    remove and/or conceal the Union 76 Marks. Houtan Petroleum, however, refused to cease using

11    the Union 76 Marks and interfered with and frustrated ConocoPhillips' efforts to conceal or

12    remove the Union 76 Marks from the Station. Houtan Petroleum did not permit ConocoPhillips

13    to remove or conceal the Union 76 Marks until on or about November 20, 2007.

14    83.    Houtan Petroleum commenced this litigation on or about November 5,

15    2007. Houtan Petroleum applied for a temporary restraining order and preliminary injunction to

16    require, among other things, that ConocoPhillips not remove its structures, equipment and

17    improvements from the Station Property and that Houtan Petroleum be permitted to continue to

18    use this property pending the litigation. The Court initially entered a temporary restraining order

19    but thereafter denied preliminary injunctive relief.

20    84.    After the Court denied preliminary injunctive relief, ConocoPhillips made

21    a number of alternative proposals by which Houtan Petroleum could have purchased or leased

22    ConocoPhillips' structures, equipment and improvements. ConocoPhillips has offered to enter

23    an interim, month-to-month lease by which Houtan Petroleum could lease the structures,

24    equipment and improvements for the duration of this litigation. Houtan Petroleum has rejected

25    all of ConocoPhillips' proposals. Accordingly, ConocoPhillips has advised Houtan Petroleum

26    that it intends to remove its structures, equipment and improvements from the Station Property.

27    85.    Houtan Petroleum has advised ConocoPhillips that, notwithstanding the

28    Court's denial of injunctive relief and the expiration of the Franchise Agreement, it will not

- 12 -

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1    permit ConocoPhillips to remove its structures, equipment and improvements from the Station

2    Property while the litigation is pending.  Houtan Petroleum has further advised ConocoPhillips

3    that it will not pay any rent for the use of ConocoPhillips' structures, equipment and

4    improvements.

5                              **FIRST CLAIM FOR RELIEF**

6                                    (Breach of Contract)

7            86.    ConocoPhillips repleads and incorporates the allegations of paragraphs 59

8    through 85 as though fully set forth herein.

9            87.    Houtan Petroleum has breached the Franchise Agreement by, *inter alia*,

10   failing to cease using the Union 76 Marks on October 31, 2007, as required, and failing to

11   surrender the Station Property to ConocoPhillips so that ConocoPhillips could remove its

12   structures, equipment and improvements from the Station Property.

13           88.    ConocoPhillips has fully performed all of the conditions, covenants and

14   promises required to be performed on its part under the Franchise Agreement.

15           89.    As a result of Houtan Petroleum's breaches, ConocoPhillips has been

16   damaged in an amount to be proven at trial.

17                            **SECOND CLAIM FOR RELIEF**

18                                      (Conversion)

19           90.    ConocoPhillips repleads and incorporates the allegations of paragraphs 59

20   through 89 as though fully set forth herein.

21           91.    Houtan Petroleum's conduct as alleged herein, including without

22   limitation refusing to allow ConocoPhillips to remove its structures, improvements and

23   equipment from the Station Property, constitutes conversion of ConocoPhillips' property in that

24   Houtan Petroleum has wrongfully asserted dominion and control over ConocoPhillips' property

25   and has knowingly and unlawfully interfered with ConocoPhillips' legitimate rights in such

26   property.

27           92.    As a direct and proximate result of such conversion by Houtan Petroleum,

28   ConocoPhillips has been damaged in an amount to be proven at trial.

- 13 -

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1          **THIRD CLAIM FOR RELIEF**

2                (Unjust Enrichment)

3          93.    ConocoPhillips repleads and incorporates the allegations of paragraphs 58

4    through 91 as though fully set forth herein.

5          94.    Houtan Petroleum's conduct as alleged herein, including without

6    limitation refusing to allow ConocoPhillips to remove its structures, improvements and

7    equipment from the Station Property, has resulted in Houtan Petroleum's acquisition of a benefit

8    which it may not justly retain.

9          95.    Houtan Petroleum must therefore be required to return ConocoPhillips'

10   property and further to pay over to ConocoPhillips the value of its improper use of

11   ConocoPhillips' property as well as any amounts it has received as a result of its unjust retention

12   of ConocoPhillips' property.

13         **PRAYER FOR RELIEF**

14         WHEREFORE, ConocoPhillips prays for judgment against Houtan Petroleum as

15   follows:

16         1.    For compensatory damages according to proof as pleaded above;

17         2.    For punitive and exemplary damages;

18         3.    For a writ of possession, preliminary and permanent injunctions, and such

19   other provisional relief as may be necessary, authorizing ConocoPhillips to access and enter upon

20   the Station Property and remove its structures, improvements and equipment;

21         4.    For disgorgement and restitution of any amounts Houtan Petroleum has

22   realized or received as a result of its improper retention of ConocoPhillips' property and for the

23   value of Houtan Petroleum's use of such property;

24         4.    For an award of ConocoPhillips' reasonable attorneys' fees under the

25   Franchise Agreement and to the extent otherwise permitted by law;

26         5.    For prejudgment interest;

27   / / /

28   / / /

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS

1          6.      For ConocoPhillips' costs of suit; and

2          7.      For such other and further relief as the court may deem just and proper.

3    Dated: January 18, 2008

4                            GLYNN & FINLEY, LLP
                                  CLEMENT L. GLYNN

5                            ADAM D. FRIEDENBERG
                                One Walnut Creek Center

6                            100 Pringle Avenue, Suite 500
                                Walnut Creek, CA 94596

7

8                      By _____

9                       Attorneys for Defendant and Counter-
                       Plaintiff ConocoPhillips Company

- 15 -

1

## **DEMAND FOR JURY TRIAL**

2    ConocoPhillips hereby demands a jury trial on all counterclaims so triable.

3    Dated: January 18 2008

4                                          GLYNN & FINLEY, LLP
                                           CLEMENT L. GLYNN
5                                          ADAM D. FRIEDENBERG
                                           One Walnut Creek Center
6                                          100 Pringle Avenue, Suite 500
                                           Walnut Creek, CA  94596

7

8    By _____

9        Attorneys for Plaintiff and
         Counter-Defendant
10       ConocoPhillips Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONOCOPHILLIPS COMPANY'S ANSWER AND COUNTERCLAIMS