GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No. 3:07-cv-5627<br><br>**DEFENDANT AND COUNTER-PLAINTIFF CONOCOPHILLIPS COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**<br><br>Date: February 6, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Before: Hon. Samuel Conti<br><br>Trial Date: February 11, 2008 |

TO PLAINTIFF HOUTAN PETROLEUM, INC., AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") will bring on for hearing this motion for an order striking Plaintiff Houtan Petroleum, Inc.'s jury demand pursuant to Federal Rule of Civil Procedure 39(a) on the ground that the claims for relief alleged in Plaintiff's Complaint are to be tried to the Court, not a jury. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities submitted herewith, the Court's previous orders in this matter and all other papers in the record, as well as the arguments presented in reply and at hearing and such further matters of which the Court may take judicial notice.

CONOCOPHILLIPS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Most of the relevant factual background is set forth in ConocoPhillips' opposition to Plaintiff's motion for preliminary injunction and the Court's order denying that motion (Docket Nos. 11, 18). We set forth here a brief summary of the factual history pertinent to this motion.

### A. Termination of the Franchise Agreement

Plaintiff operates a gasoline service station in Mountain View, California ("the Station"). Plaintiff previously operated the Station as a ConocoPhillips franchisee pursuant to a succession of sublease and franchise agreements. (Docket No. 18 at 1:28-2:1, 2:7-12; Docket No. 12 ¶ 2.) ConocoPhillips owns the structures, equipment and improvements at the Station. (Docket No. 18 at 2:5-6; Docket No. 13 ¶ 3.) ConocoPhillips formerly leased the real property from a third-party, V.O. Limited Partners ("V.O. Limited"), pursuant to a lease that expired on October 31, 2007 (the "Ground Lease"). (Docket No. 18 at 2:2-4; Docket No. 13 ¶ 3.)

The parties' most recent franchise agreement (the "Franchise Agreement") provided that it would terminate upon expiration of the Ground Lease (i.e., October 31, 2007). (*Id.* at 11-12 (¶2(a)), 63 (Addendum 1).) Although the parties specifically agreed in the Franchise Agreement that ConocoPhillips would be under no obligation to attempt to extend or renew its Ground Lease with V.O. Limited, ConocoPhillips nonetheless attempted to do so. (Docket No. 5, Ex. A at 63; Docket No. 13 ¶¶ 5-6.) These efforts were unsuccessful because, as ConocoPhillips later learned, Houtan Petroleum had negotiated its own lease directly with V.O. Limited. (Docket No. 18 at 5:5-11; Docket No. 13 ¶ 7.) ConocoPhillips consequently was forced to proceed with termination of the Franchise Agreement pursuant to its express terms.

Houtan Petroleum commenced this action, asserting claims under the Petroleum Marketing Practices Act (the "PMPA"), 15 U.S.C. § 2801, *et seq.*, and for declaratory relief. The gravamen of the Complaint is Plaintiff's contention that ConocoPhillips's offer to sell its equipment and improvements to Houtan Petroleum was not "bona fide" under the PMPA. Plaintiff seeks equitable relief to compel ConocoPhillips to make a new offer. (Compl. ¶¶ 42, 47(4).) (The Complaint also seeks compensatory damages, but, as discussed below, Houtan

1  Petroleum has remained in possession of ConocoPhillips' equipment and improvements
2  throughout the litigation without paying any rent to ConocoPhillips and has thus suffered no
3  damages resulting from the termination.)

    **B.    The Court Denies Plaintiff's Request For Preliminary Injunctive Relief**

5  Houtan Petroleum applied for a preliminary injunction to compel ConocoPhillips not to
6  terminate the Franchise Agreement. The request was inherently illogical. As the Court
7  recognized, upon expiration of ConocoPhillips' property lease and commencement of Houtan
8  Petroleum's lease from V.O. Limited, "there was no way Conoco could still perform under the
9  Franchise Agreement" (Docket No. 18 at 17:14-15) which was principally a sublease of the
10 Station by ConocoPhillips to Houtan Petroleum. Houtan Petroleum was "essentially asking the
11 Court to create a new franchise agreement." (*Id.* at 17:23-24). The Court properly denied the
12 request, finding, moreover, that ConocoPhillips' termination was for a permissible reason under
13 the PMPA (expiration of the Ground Lease) and that the Franchise Agreement itself (which
14 Houtan Petroleum executed 117 days prior to termination and received several weeks before
15 then) constituted timely notice of termination under the PMPA. (*Id.* at 8:20-11:13.) The Court
16 found that "the issue that remains in this action is whether the price contained in the offer was
17 reasonable, and, therefore, whether the offer was bona fide." (*Id.* at 14:13-15.)

    **C.    Houtan Petroleum Retains ConocoPhillips' Property In Defiance Of The Court's Denial Of Injunctive Relief.**

20 Notwithstanding the Court's denial of injunctive relief, Houtan Petroleum has refused to
21 return ConocoPhillips' equipment and improvements to ConocoPhillips. Instead, it remains in
22 exclusive possession of ConocoPhillips property, and continues to use this property to operate
23 the Station, without paying any rent to ConocoPhillips. Thus Houtan Petroleum has effectively
24 obtained the preliminary injunction this Court denied.

25 **II.    ARGUMENT**

26 "[T]he right to a jury trial depends on the nature of the remedies sought." *Chevron*
27 *U.S.A., Inc. v. El-Khoury*, 2002 WL 31256160, *3 (C.D. Cal. September 23, 2002) *citing Abad*
28 *Corp. v. Sun Company Inc.*, 2000 WL 62308, *2 (E.D. Pa. 2000). "There seems to be little

1  question that where a party may be entitled to recover actual damages under the PMPA, decisions
2  about liability for actual damages or amount thereof are properly submitted to a jury." 2002 WL
3  31256160 at *1. Where, however, the franchisee "fails to allege any basis for such damages" the
4  PMPA provides no right to trial by jury. *Id.* at *2.

5  Merely asserting a right to damages is insufficient. *Id.* Rather, the franchisee may not
6  recover actual damages under the PMPA, and is thus not entitled to trial by jury, unless it can
7  demonstrate "damages which *result* from termination or non-renewal of the franchise on terms
8  other than those permitted." *Id.* (original emphasis, citations omitted). Further, "the PMPA
9  expressly makes punitive/exemplary damages a question for a court instead of a jury. . . ." *Id.*
10 citing *Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1386; 15 U.S.C. § 2805(d)(2).

11 In *El-Khoury*, as here, a petroleum franchisee asserted claims under the PMPA and for
12 declaratory relief challenging the franchisor's termination of the parties' franchise agreement.
13 2002 WL 31256160 at *2. The franchisee (El Khoury) sought injunctive relief, actual damages
14 and punitive damages; the franchisor (Chevron) alleged breach of contract and sought
15 repossession of the station premises. *Id.* at *1-2. Pursuant to a "standstill" agreement, El-
16 Khoury remained in possession of the station premises, and continued to operate the station,
17 throughout the litigation. *Id.* at *2. As a result, El-Khoury could not demonstrate any basis for
18 actual damages under the PMPA -- i.e., damages caused by an improper termination of the
19 franchise agreement. *Id.*

20 Similarly, the plaintiff in *Blankenship v. Knox Oil Co.*, 548 F. Supp. 789 (E.D. Tenn.
21 1982) challenged a franchise non-renewal under the PMPA. *Id.* at 790. The plaintiff-franchisee
22 sought a preliminary injunction, without opposition from the franchisor, and as a result remained
23 in possession of the station throughout the litigation. *Id.* The Court thereafter summarily
24 adjudicated, in the franchisor's favor, plaintiff's claim for damages, finding: "Plaintiff has had
25 possession of the premises and has continued to operate the service station. He has, therefore,
26 suffered no damages." *Id.*; *see also Clark v. Mobil Oil Corp.*, 496 F. Supp. 132, 136 (E.D.Mo.
27 1980) ("inasmuch as plaintiff has continued to operate the filling station [pending resolution of
28 PMPA litigation challenging nonrenewal] he has sustained no actual damages other than

nominal"); *Noe v. Mobil Oil Corp.*, 503 F. Supp. 213, 216 (E.D.Mo. 1980) (notwithstanding trial verdict resulting in imposition of injunction to prevent franchise termination, franchisee was denied monetary damages where "there was no evidence that plaintiff suffered any actual damages from defendant's attempt to terminate").

The facts of those cases are almost identical to those here. Houtan Petroleum challenges the termination of its franchise on the ground that ConocoPhillips failed to make a bona fide offer to sell its equipment and improvements to Houtan Petroleum. However, Houtan Petroleum cannot reasonably dispute that the termination was for an appropriate reason under the PMPA or that notification was timely -- Plaintiff's own signature establishes the timeliness of the notice. Rather, as the Court recognized in denying injunctive relief, the only matter truly at issue in this case is the question of whether ConocoPhillips' offer to sell its property to Houtan Petroleum was "bona fide" under the PMPA.[1]  (Docket No. 18 at 14:13-15.)

Should the Court determine that ConocoPhillips' offer did not approach fair market value, Plaintiff may in theory be entitled to a new offer. Plaintiff admits, however, that such a remedy would be equitable. (Docket No. 1 at 11:2-6 (seeking "equitable relief . . . compelling CONOCOPHILLIPS to make a bona fide offer").)  It is well-settled that equitable claims are tried to the Court. *See Tull v. United States*, 481 U.S. 412, 417-18, 107 S.Ct. 1831, 1835 (1987).

Although Houtan Petroleum makes a conclusory allegation that it has suffered damages as a result of the termination, no facts support the claim -- nor are there any that could be alleged. Plaintiff has retained and continues to use ConocoPhillips' property. It has maintained station operations throughout the litigation, without paying any rent for use of the pumps, storage tanks, buildings and other property owned by ConocoPhillips. Thus the termination has resulted in a substantial windfall, rather than any compensable monetary loss, to Plaintiff.

Plaintiff may argue that it has lost the right to use ConocoPhillips' trademarks and upon termination of the Franchise Agreement. However, the plain language of the Franchise

---

[1] As will be addressed in a subsequent motion in limine, ConocoPhillips contends that, as a matter of law, it was under no obligation to make such an offer as Houtan Petroleum failed to request the offer within the time required by the PMPA. For purposes of this motion, however, we assume *arguendo* that this issue will be tried.

1 Agreement made clear that it would terminate, and with it Plaintiff's right to use ConocoPhillips'
2 intellectual property, upon expiration of the Ground Lease. (Docket No. 5, Ex. A at ¶¶ 2(a),
3 10(d), Addendum 1.) Moreover, it was Houtan Petroleum's agreement to lease the property
4 directly from the property owner (V.O. Limited), and not any act by ConocoPhillips, that
5 necessitated termination of the Franchise Agreement. Plaintiff thus cannot show "termination or
6 non-renewal of the franchise on terms other than those permitted" (*El-Khoury*, 2002 WL
7 31256160 at *2), much less any resulting damages.

**III.   CONCLUSION**

"In the instant case, the controversy set forth is not of the kind that has traditionally been determined in trial by a jury. Cases decided under the PMPA in which there are no decisions about liability for actual damages are appropriately decided by the Court." *El-Khoury*, 2002 WL 31256160 at *3. Accordingly, ConocoPhillips respectfully submits that the Court should strike Plaintiff's jury demand; the issue of whether ConocoPhillips' offer to sell its equipment and improvements to Plaintiff was bona fide must be tried to the Court.

Dated: January 22, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant and
Counter-Plaintiff ConocoPhillips
Company