1  Thomas P. Bleau, Esq., SBN 152945
   Gennady L. Lebedev, Esq., SBN 179945
2  BLEAU / FOX, A P.L.C.
   3575 Cahuenga Boulevard West, Suite 580
3  Los Angeles, California 90068
   Telephone   :  (323) 874-8613
4  Facsimile   :  (323) 874-1234
   e-mail:       bleaushark@aol.com
5  e-mail:       glebedev@bleaufox.com

6  Attorneys for Plaintiff,
   HOUTAN PETROLEUM, INC.
7

8

9                  **UNITED STATES DISTRICT COURT IN AND FOR**

10                 **THE NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO. 3:07-CV-05627-SC |
| Plaintiff, | **PLAINTIFF, HOUTAN PETROLEUM, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE DEFENDANT CONOCOPHILLIPS COMPANY FROM INTRODUCING EVIDENCE OF SETTLEMENT DISCUSSIONS** |
| vs. | |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | |
| Defendants. | |
| | Date:       February 6, 2008 |
| | Time:       10:00 a.m. |
| | Courtroom:  1 |
| | Before:     Hon. Samuel Conti |

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that on February 6, 2008, at 10:00 a.m., or as soon thereafter as the

23  matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco,

24  California, Plaintiff and Counter-Defendant, Houtan Petroleum, Inc. ("Houtan") will bring on for

25  hearing this motion to in limine for an order that:

26      1.    Defendant and Counter-Plaintiff, ConocoPhillips Company ("ConocoPhillips"), its

27            counsel and all witnesses be precluded from mentioning or referring to, directly or

28            indirectly, in any manner whatsoever, and from introducing any evidence of

-1-

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE

1  settlement discussions between Houtan Petoroleum, Inc. and ConocoPhillips Company;

2. ConocoPhillips counsel informs all its percipient and expert witnesses not to make any reference or comment on any evidence regarding settlement discussions between Houtan Petroleum, Inc. and ConocoPhillips Company.

This motion is based upon the grounds that introduction of such evidence would be highly improper and prejudicial to Houtan Petroleum, Inc., as well as prohibited by Federal Rule of Evidence 408. Any reference, comment or argument concerning such evidence should be precluded as a matter of law.

This Motion is based upon the attached memorandum of points and authorities, the pleadings, records and files herein and any oral or documentary evidence presented at the hearing.

        Respectfully submitted,

Dated: January 29, 2008        BLEAU/FOX, A P.L.C.

        //s//

By:  Thomas P. Bleau, Esq.
      Gennady L. Lebedev, Esq.
      Attorneys for Plaintiff and Counterclaimant, Houtan Petroleum, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    Evidence of Settlement Discussions Between the Parties Regarding This Case Is Inadmissible.**

Rule 408 of the *Federal Rules of Evidence* provides that evidence of "(1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim..." are inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction."

Rule 408 clearly states that settlement discussions are not admissible for the purpose of proving liability. *See, Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) (Rule 408 bars admission of evidence relating to settlements if that evidence is offered to prove liability for the claim).

In this instance, ConocoPhillips has already, on several occasions, attempted to reference settlement discussions between the parties in the form of correspondence attached to the various motions that are on file with the Court. Any such discussions are inadmissible under Rule 408.

**B.    The Probative Value of Settlement Discussions Between The Parties Is Substantially Outweighed by the prejudice and Confusion They Create.**

If the Court finds that Rule 408 is not applicable to settlement discussions between the parties, such evidence should nevertheless be excluded under Rule 403. The *Federal Rules of Evidence* 403 provides: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In this instance, the relevancy of the settlement discussions between the parties is substantially outweighed by the unfair prejudice, confusion of the issues and ability to mislead the jury this evidence causes.

1   Therefore, under Rule 403, the Court should exclude such evidence.

2   **C.    Conclusion**

3   For the above reasons, Plaintiff respectfully requests the Court to prohibit ConocoPhillips, its counsel and all witnesses from introducing evidence, mentioning or referring to, directly or indirectly, in any manner whatsoever, settlement discussions between the parties regarding this case.

Respectfully submitted,

Dated: January 29, 2008              BLEAU/FOX, A P.L.C.

//s//
_____
By:   Thomas P. Bleau, Esq.
      Gennady L. Lebedev, Esq.
      Attorneys for Plaintiff and Counterclaimant, Houtan Petroleum, Inc.

-4-
PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE