GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No. 3:07-cv-5627 SC<br><br>**CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 1**<br><br>**RE: EXCLUSION OF EVIDENCE OR ARGUMENT REGARDING PROPRIETY OF CONOCOPHILLIPS' TERMINATION OF THE PARTIES' FRANCHISE AGREEMENT**<br><br>Pretrial Conference: February 6, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Before: Hon. Samuel Conti<br><br>Trial Date: February 11, 2008 |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby moves in limine for an order excluding evidence or argument regarding the propriety of the termination of the parties' franchise agreement.

## I. INTRODUCTION

Plaintiff's complaint makes three essential allegations: that ConocoPhillips violated the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq. (the "PMPA") by 1) terminating the parties' franchise agreement for an improper reason; 2) failing to provide 90 days' notice of termination; and 3) failing to make a "bona fide offer" to sell its equipment and improvements to

Houtan Petroleum (because the offer price was allegedly too high). In denying Houtan Petroleum's motion for preliminary injunction, the Court has already adjudicated the first two of these allegations. The expiration of ConocoPhillips' underlying property lease is an explicit ground for termination under both the PMPA and the operative franchise agreement (the "Franchise Agreement"). Moreover, the Franchise Agreement itself, which ConocoPhillips provided to Houtan Petroleum more than 90 days prior to the effective termination date, constituted an explicit and timely notice of termination under the PMPA.

As the Court has found, Houtan Petroleum cannot show facts sufficient even to demonstrate a fair ground for litigation of these issues. (Docket No. 18 at 8:20-12:18.) The only issue in this litigation that is even theoretically triable is whether ConocoPhillips' bona fide offer complied with the PMPA. (*Id.* at 14:13-15.) Evidence or argument regarding whether the termination itself was appropriate would serve only to waste time and confuse or mislead the trier of fact. Accordingly, the Court should exclude any argument or evidence on these issues at trial.

## II.    FACTUAL BACKGROUND

Houtan Petroleum formerly operated the Station as a ConocoPhillips sublessee and franchisee pursuant to a succession of sublease and franchise agreements. Both parties knew when they executed the Franchise Agreement that ConocoPhillips' underlying property lease ("the Ground Lease") would expire on October 31, 2007, and that ConocoPhillips would thereafter have no right to sublease the Station premises to Houtan Petroleum. (Docket No. 18 at 2:14-4:10.) Accordingly, the Franchise Agreement provided that "[t]he term of this Agreement commences on September 1, 2007 and expires on August 31, 2010 . . . provided, however, that . . . if CONOCOPHILLIPS' underlying lease expires, is cancelled or terminates for any reason on or prior to [August 31, 2010] . . . then this Agreement shall terminate consistent with the cancellation or termination of said underlying lease." (Docket No. 5, Ex. A at ¶ 2(a).) In addition, Addendum 1 to the Franchise Agreement provided:

> There is a possibility that the term of the underlying lease to the Station might expire and not be renewed upon the underlying lease's expiration date. DEALER hereby acknowledges CONOCOPHILLIPS' disclosure to DEALER that this Agreement and the Station herein are subject to all the

| | |
|---|---|
| 1 2 3 4 | terms and conditions of an underlying lease held by CONOCOPHILLIPS in the property and premises, **which underlying lease expires on October 31, 2007** and that such underlying lease may expire and may not be renewed during the Term of this Agreement. Thereby, the DEALER is hereby on notice that this Agreement **is hereby terminated** on the date the underlying lease expires or on a prior date in the event CONOCOPHILLIPS' lessor terminates the underlying lease or the underlying lease otherwise requires early termination. |
| 5 6 | CONOCOPHILLIPS is under no obligation to seek an extension or renewal, or exercise any renewal options it may have, of such underlying lease, but may do so at its discretion. |

7  (*Id.* at Addendum 1 (original and added emphasis).)

8  ConocoPhillips first provided the Franchise Agreement, and incorporated notice of termination, to Houtan Petroleum in May 2007, almost six months prior to termination. (Docket No. 12 ¶¶ 3-4; Docket No. 18 at 3:10-11.) Houtan Petroleum executed the Franchise Agreement, and separately initialed the included notice of termination, on July 6, 2007, 117 days prior to the termination. (*Id.* at 3:10-4:1; Docket No. 5, Ex. A.)

### III. ARGUMENT

#### A. No Evidence Could Support The Claim That Expiration Of The Ground Lease Was Not A Proper Basis For Franchise Termination.

Count one alleges that ConocoPhillips' "determination to terminated Plaintiff's franchise agreement was not made in good faith or in the normal course of business but rather were purely pretextual." (Compl. ¶ 30.) Under the PMPA, however, a franchisor may terminate a franchise agreement upon "[t]he occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable. . . ." 15 U.S.C. § 2802(b). Such an event includes "loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease." 15 U.S.C. § 2802(c)(4).

This is precisely what occurred here, as the Court has already found. (Docket No. 18 at 8:4-9:1.) The Franchise Agreement disclosed that ConocoPhillips would lose the right to grant possession of the Station Property when the Ground Lease expired, and clearly provided that it would terminate upon expiration of the Ground Lease. (*Id.* at 9:14-27, 10:19-11:13.) Moreover, as Houtan Petroleum had been negotiating to lease the property directly from the landowner, it

was of course aware of the impending termination, even before ConocoPhillips was certain it would be unable to obtain an extension of the Ground Lease. (*Id.* at 10:3-13.) The termination was therefore permissible under the PMPA, *as this Court has already found*. (*Id.* at 8:20-9:1.) No further evidence or argument is required for disposition of this issue.

### B. ConocoPhillips Gave Timely Notice Of Termination Under The PMPA.

The PMPA ordinarily requires a franchisor to provide at least 90 days' notice of termination of a franchise agreement. 15 U.S.C. § 2804(a). Here, ConocoPhillips provided the Franchise Agreement to Plaintiff in May 2007, almost six months prior to termination. Houtan Petroleum executed the Franchise Agreement -- and separately initialed the notice of termination -- on July 6, 2007, 117 days prior to October 31, 2007 (the effective date of termination). (Docket No. 18 at 3:10-14, 4:8-10, 11:5-9; Ex. A at 37, 63.) Thus, on the question of whether ConocoPhillips' notification of termination was timely under the PMPA, ConocoPhillips is also entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests that the Court enter an order excluding any evidence regarding the propriety of ConocoPhillips' termination of the Franchise Agreement and prohibit Plaintiff from arguing that the termination was improper under the PMPA or the terms of the Franchise Agreement. If the case is tried to a jury, ConocoPhillips requests that the Court instruct the jury at the commencement of trial that the Court has already determined that the termination was appropriate and timely.

Dated: January 29, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant and Counter-Plaintiff ConocoPhillips Company