GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>            Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>            Defendants. | Case No. 3:07-cv-5627 SC<br><br>**CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 2**<br><br>**RE: EXCLUSION OF EVIDENCE THAT CONOCOPHILLIPS' OFFER TO SELL ITS EQUIPMENT AND IMPROVEMENTS TO HOUTAN PETROLEUM WAS NOT BONA FIDE**<br><br>Pretrial Conference: February 6, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Before: Hon. Samuel Conti<br><br>Trial Date: February 11, 2008 |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby moves in limine for an order excluding evidence that ConocoPhillips' offer to sell its equipment and improvements to Houtan Petroleum, Inc. ("Houtan Petroleum") was not bona fide under the PMPA.

**I.  INTRODUCTION**

Houtan Petroleum contends that under the PMPA it was entitled to a "bona fide offer" from ConocoPhillips to sell its equipment and improvements at the Station. The PMPA, however, obligates a franchisor to make such an offer only where requested by the franchisee

1  within 30 days after notice of termination. Houtan Petroleum failed to request the offer within
2  the statutorily required time. Although ConocoPhillips nevertheless offered to sell its property
3  to Houtan Petroleum, it was under no legal obligation to do so (under the PMPA or otherwise),
4  and it is thus axiomatic that its voluntary offer cannot give rise to a claim under the PMPA.

5  **II.    ARGUMENT**

6  Where a franchisor terminates a franchise agreement due to the loss of its underlying
7  lease of the station property, and the franchisee thereafter acquires possession of the property,
8  the franchisee may request a bona fide offer to purchase the franchisor's interest in all station
9  and improvements at the station. 15 U.S.C. § 2802(c)(4)(C)(i). The franchisor is obligated to
10 make such an offer only where "requested in writing by the franchisee not later than 30 days
11 after notification was given pursuant to section 2804 of this title." 15 U.S.C. § 2802(c)(4)(C)(i).
12 The "notification" referred to in Section 2802(c)(4)(C)(i) is the franchisor's notification of
13 termination (or nonrenewal) of the franchise agreement. *See* 15 U.S.C. 2804. Thus, Houtan
14 Petroleum was obligated to request a bona fide offer, if at all, within 30 days after
15 ConocoPhillips gave notice of termination of the parties' franchise agreement.

16 This Court has already found that ConocoPhillips provided the notice of termination
17 required by section 2804 *in the Franchise Agreement itself*. (Docket No. 18 at 8:20-11:13; *see*
18 Docket No. 26, Ex. A at 000011-12 (¶2(a)), 000063 (Addendum 1).) ConocoPhillips provided
19 this notice to Houtan Petroleum in May 2007. (Docket No. 18 at 3:10-11.) Houtan Petroleum
20 signed the franchise agreement, and separately initialed the notice of termination, on July 6,
21 2007. (*Id.* at 3:10-14, 4:8-10, 11:5-9; Docket No. 26, Ex. A at 000011-12 (¶2(a)), 000063
22 (Addendum 1).) Houtan Petroleum admits, however, that it did not request a "bona fide offer"
23 until October 18, 2007, months after the statutory deadline had passed. (Docket No. 3 at 2:2-5;
24 Docket No. 5 ¶ 9.)

25 Houtan Petroleum may argue that its 30 days in which to request the "bona fide offer"
26 did not start to run until November 1, 2007 (the date on which it began leasing the premises
27 ///
28 ///

directly from the landowner).[1] The argument, however, makes no sense; Houtan Petroleum did not wait until November 1 to request the offer, but rather made the request two weeks earlier, on October 16. In any event, the statutory language is clear: the notice of termination, not Plaintiff's lease, commences the 30-day period in which the franchisee must request the bona fide offer.

Houtan Petroleum previously argued that "it would be futile and impractical for Plaintiff to have requested that ConocoPhillips make such offer within 30 days after executing the franchise agreement" and incorporated notice of termination "before either Plaintiff or ConocoPhillips knew whether ConocoPhillips would eventually secure a renewal of its lease with the third party landlord." (Docket No. 40 at 7:25-28.) This argument is particularly disingenuous as it was Houtan Petroleum's direct negotiations with the landowner, not any action or inaction by ConocoPhillips, that prevented ConocoPhillips from obtaining an extension of the Ground Lease. Such an extension, of course, would have obviated the franchise termination of which Houtan Petroleum now complains.

In reality, Houtan Petroleum could have prudently and timely requested a bona fide offer at any time during, or even prior to, its negotiations with the landowner. (As Houtan Petroleum claims it signed its lease agreement on October 16, these negotiations were necessarily ongoing prior to that date.) The mere request for a bona fide offer would not have given rise to any obligation to purchase the equipment and improvements in the event Houtan Petroleum failed to reach a lease agreement with the landowner. A "bona fide offer" is just that -- an offer. Houtan Petroleum's decision not to request the offer within the statutory time frame was grounded not in

---

[1] In support of the argument, Houtan Petroleum previously cited *Hazara Enterprises, Inc. v. Motiva Enterprises, LLC*, 126 F. Supp. 2d 1365 (S.D. Fla. 2000). In *Hazara Enterprises*, however, the Court granted summary judgment in favor of the *franchisor*, finding it was not required to sell its equipment and improvements to the franchisee after termination (for expiration of an underlying ground lease) where the subject equipment was "potentially dangerous." *Id.* at 1372-73. The Court's comment regarding the timing of the franchisee's request for a bona fide offer was therefore moot and irrelevant, as the Court itself recognized. *Id.* In any event, as shown, the PMPA on its face requires the franchisee make such a demand "not later than 30 days after *notification*" of termination. 15 U.S.C. §2802(c)(4)(C)(i) (emphasis added). Thus even had *Hazara Enterprises* purported to hold that the 30 day period commences upon some other event (such as the first day on which the franchisee acquires possession), it would have been incorrect and unpersuasive.

1  logic or necessity, but rather was a tactical gambit intended to force ConocoPhillips to accept an unjustifiably low price or defend a groundless lawsuit.  Such tactics are contrary to the PMPA which thus provides Houtan Petroleum no legitimate basis for relief.

## IV. CONCLUSION

The indisputable evidence shows that Houtan Petroleum failed to request a "bona fide offer" within 30 days after ConocoPhillips provided notice of termination.  Accordingly, ConocoPhillips was not required under the PMPA to make, and the Court should therefore enter an order excluding any evidence or argument that Houtan Petroleum was entitled to receive, such an offer.

Dated: January 29, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant and Counter-Plaintiff ConocoPhillips Company