GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. <br><br> Plaintiff, <br><br> vs. <br><br> CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive <br><br> Defendants. | Case No. 3:07-cv-5627 SC <br><br> **CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 3** <br><br> **RE: EXCLUSION OF EVIDENCE OF LOST PROFITS, CONSEQUENTIAL DAMAGES OR OTHER ALLEGED ACTUAL DAMAGES** <br><br> Pretrial Conference: February 6, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 1 <br> Before: Hon. Samuel Conti <br><br> Trial Date: February 11, 2008 |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby moves in limine for an order excluding evidence of lost profits, consequential damages or other actual damages.

## I. INTRODUCTION

The gravamen of the Complaint is Plaintiff's contention that ConocoPhillips's offer to sell its equipment and improvements to Houtan Petroleum was not "bona fide" under the PMPA. Plaintiff seeks equitable relief to compel ConocoPhillips to make a new offer. (Compl. ¶¶ 42, 47(4).) As the Court recognized in denying Plaintiff's application for preliminary injunctive relief, this equitable claim is the only issue truly in dispute for trial. (Docket No. 18 at 14:13-15.)

1   Although the Complaint includes a conclusory allegation that Houtan Petroleum "has, and will
2   continue to suffer damages . . . as a proximate result of" ConocoPhillips' alleged PMPA
3   violation (Compl., ¶¶ 41, 47), Plaintiff does not, because it cannot, allege any facts to support the
4   claim. Moreover, the Court has already found that the termination was proper (Docket No. 18 at
5   10:1-12:18), and thus Plaintiff could not establish any recoverable damages caused by the
6   termination.

7   Further, although the Court denied Houtan Petroleum's application for injunctive relief
8   (to maintain possession of ConocoPhillips' equipment and improvements pending the litigation),
9   Houtan Petroleum has refused to return this property to ConocoPhillips. Instead, it remains in
10  exclusive possession of ConocoPhillips' property, which it continues to use to operate the
11  Station, without paying any rent to ConocoPhillips. It has never ceased operations. Thus Houtan
12  Petroleum has effectively obtained the preliminary injunction this Court denied. As a matter of
13  law, therefore, Houtan Petroleum cannot establish any recoverable damages resulting from the
14  franchise termination.

15  **II.   ARGUMENT**

16  Although the PMPA permits recovery of damages caused by an improper franchise
17  termination, the Court here has already found that Plaintiff cannot establish an improper
18  termination. ConocoPhillips provided timely notice in the franchise agreement itself that the
19  agreement would terminate when ConocoPhillips' underlying property lease expired (a proper
20  ground for termination under the PMPA). (Docket No. 18 at 11:2-13; 15 U.S.C. § 2802(c)(4).)
21  As the termination was proper, it is axiomatic that Plaintiff could not demonstrate any resulting
22  damages resulting therefrom.

23  Moreover, where a franchisee asserts a claim under the PMPA to challenge a franchise
24  termination, but remains in possession of the station property pending litigation, the franchisee as
25  a matter of law cannot establish any damages resulting from the termination. *See, e.g., Chevron*
26  *U.S.A., Inc. v. El-Khoury*, 202 WL 31256160, *2 (C.D. Cal. 2002); *Blankenship v. Knox Oil Co.*,
27  548 F. Supp. 789 (E.D. Tenn. 1982) ("Plaintiff has had possession of the premises and has
28  continued to operate the service station. He has, therefore, suffered no damages"); *see also Clark*

CONOCOPHILLIPS' MIL NO. 3: TO EXCLUDE EVIDENCE OF ACTUAL DAMAGES

*v. Mobil Oil Corp.*, 496 F. Supp. 132, 136 (E.D.Mo. 1980) ("inasmuch as plaintiff has continued to operate the filling station [pending resolution of PMPA litigation challenging nonrenewal] he has sustained no actual damages other than nominal"); *Noe v. Mobil Oil Corp.*, 503 F. Supp. 213, 216 (E.D.Mo. 1980) (notwithstanding trial verdict resulting in imposition of injunction to prevent franchise termination, franchisee was denied monetary damages where "there was no evidence that plaintiff suffered any actual damages from defendant's attempt to terminate"). Such is the case here. Plaintiff has maintained station operations throughout the litigation, retaining and using -- but without paying any rent for -- ConocoPhillips' pumps, storage tanks, buildings and other property. In reality, the franchise termination has, thus far, resulted in a substantial windfall, not any compensable monetary loss, to Plaintiff.

The termination has affected station operations in two ways: 1) Houtan Petroleum may no longer use ConocoPhillips' trademarks and trade dress; and 2) ConocoPhillips no longer supplies gasoline to the station (which instead purchases gasoline from other sources). Under the Franchise Agreement, however, Plaintiff had no reasonable expectation that it would continue to use ConocoPhillips' trademarks or receive fuel supply from ConocoPhillips after October 31, 2007. The plain language of the agreement made clear that it would terminate, and with it Plaintiff's right to use ConocoPhillips' intellectual property, upon expiration of ConocoPhillips' underlying property lease. (Docket No. 5, Ex. A at ¶¶ 2(a), 10(d), Addendum 1.) Moreover, it was Houtan Petroleum's agreement to lease the property directly from the property owner (V.O. Limited), and not any act by ConocoPhillips, that necessitated termination. Plaintiff thus cannot show "termination or non-renewal of the franchise on terms other than those permitted" (*El-Khoury*, 2002 WL 31256160 at *2), much less any resulting injury.

///
///
///
///
///
///

### III.  CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests that the Court enter an order excluding any evidence or claim of lost profits, consequential damages or other actual damages resulting from ConocoPhillips' termination of the parties' franchise agreement.

Dated: January 29, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant and Counter-Plaintiff ConocoPhillips Company