Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone   :  (323) 874-8613
Facsimile   :  (323) 874-1234
e-mail:        bleaushark@aol.com
e-mail:        glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>               Plaintiff,<br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas Corporation   and  DOES  1 through 10, Inclusive<br><br>               Defendants.<br>_____ | CASE NO.  07-CV-5627 SC<br><br>**PLAINTFF/CROSS-DEFENDANT, HOUTAN PETROLEUM, INC.'S, OBJECTION AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT/CROSS-COMPLAINANT, CONCOPHILLIPS COMPANY'S WITNESSES AT TRIAL**<br><br>Date:          February 6, 2008<br>Time:         10:00 a.m.<br>Courtroom:  1<br>Before:       Hon. Samuel Conti<br><br>**Accompanying Document:**<br><br>**Declaration of Gennady L. Lebedev** |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff and Counter-Defendant, Houtan Petroleum, Inc. ("Houtan") hereby Objects to Defendant and Counter-Plaintiff, ConocoPhillips Company's ("ConocoPhillips") designation and use of any expert and fact witnesses at trial in this case for failure to comply with Rule 26, initial and expert witness disclosures and that on February 6, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Houtan will bring on for hearing this motion to strike the expert witnesses designated by ConocoPhillips pursuant to Rule 26.  Said motion is made on the grounds that ConocoPhillips' has failed to comply with Rule 26 and the parties' stipulation

1  regarding initial disclosures and expert witness designations in this case.

2      This motion is based upon this Notice of Motion and Motion and the Memorandum of Points
3  and Authorities submitted herewith, declaration of Gennady L. Lebedev, all orders, pleadings and
4  papers on file in this action, and upon such other matters of which the Court may take judicial notice
5  or which may be presented to the Court at the time of hearing.

6                                          Respectfully submitted,

7  Dated: January 31, 2008                    BLEAU/FOX, A P.L.C.

8

9                                          By:   Thomas P. Bleau, Esq.
10                                               Gennady L. Lebedev, Esq.
                                              Attorneys for Plaintiff and
11                                               Counterclaimant, Houtan
                                              Petroleum, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On January 11, 2008, this Court issued an Order Re: Jury Trial Preparation For Judge Samuel Conti. The Order indicated that "any expert testimony shall strictly comply with FRCP Rule 26(a)." (Order entered January 11, 2008, Docket No. 44, p.2, ¶(5)(c)).

Due to the condensed schedule arising out of the trial set by this Court for February 11, 2008, counsel for ConocoPhillips requested and counsel for Houtan Petroleum, Inc. agreed that the parties would exchange their respective Expert Witness disclosures and reports under Rule 26 on Monday, January 28, 2008. The parties also agreed that, with respect to appraiser experts "a complete appraisal report shall be sufficient to satisfy the requirements of Rule 26(a)(2)(B)(i)-(iii)." (Lebedev Decl., ¶¶ 2, 3, Exh. "A," "B").

On January 28, 2008, ConocoPhillips designated Peter Morrison as its expert witness pertaining to the value of its equipment and improvements but failed to serve a copy of a "complete appraisal report" as previously agreed and as required by Rule 26. (Lebedev Decl., ¶¶ 4, 6 Exh. "C," "E").

Moreover, on on January 30, 2008, counsel for ConocoPhillips sent a belated e-mail indicating that ConocoPhillips would be adding two witnesses to its Rule 26 disclosures, (1) Sandy Matthews, a ConocoPhillips employee, as a fact witness and (2) Robert W. Wintz of Valuation Research Corporation, as an expert witness. (Lebedev Decl., ¶9, Exh. "F"). To date, ConocoPhillips has not produced any report from its newly designated expert witness. (Lebedev Decl., ¶12)

Nevertheless, Houtan Petroleum did produce a complete appraisal in conformance with Rule 26 and the parties' agreement and ConocoPhillips has already taken the deposition of such witness, Andrew C. Plaine, on January 31, 2008. (Lebedev Decl., ¶10).

With the trial date fast approaching, Houtan Petroleum has been severely prejudiced by ConocoPhillips' failure to comply with the witness disclosure requirements and the stipulation between counsel for the parties. Consequently, the Court should strike ConocoPhillips' expert witness designations as to Peter Morrison and Robert W. Witnz, as well as fact witness Sandy

1  Matthews, and preclude ConocoPhillips from presenting testimony from any expert witnesses at trial.

## II.

## LEGAL ARGUMENT

Under Rule 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not, unless such failure is harmless, permitted to use as evidence at a trial... any witness or information not so disclosed**." *Fed. R. Civ. P.* 37(c)(1) (emphasis added). This exclusion sanction is "mandatory" and "automatic," unless ConocoPhillips can show its failure to disclose was justifiable or harmless. *See, e.g. Finley v. Marathon Oil Co.* 75 F.3d 1225, 1230 (7th Cir. 1996); *accord Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming exclusion of key document that was not produced prior to discovery cutoff because the defendant did not proffer a "substantial justification' for not disclosing this document"); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming exclusion of expert testimony because expert report was submitted 45 days late); *Fed. R. Civ. P.* 37, 1993 Adv. Comm. Note ("Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(3)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence...").

Here, ConocoPhillips cannot show that its failure to disclose its complete appraisal report or to designate Rorbert W. Witnz as an expert witness along with his Rule 26 expert report, or to identify its own employee, Sandy Matthews, in a timely manner was justified or harmless. The two exceptions to Rule 37's rule of mandatory exclusion (substantial justification and harmlessness) were included in the Rule to address situations strikingly unlike the one at bar:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of

knowledge of a pro se litigant of the requirement to make disclosures. *Fed R. Civ. P. 37*, 1993 Adv. Comm. Note.

It is clear from the e-mails of ConocoPhillips' counsel, Adam Friedenberg, that ConocoPhillips did not "inadvertently" omit the name of its proposed expert witness or failed to provide a copy of complete appraisal reports. Rather, it either willfully refused to provide the information as a litigation tactic or willfully delayed in attempting to discover the witness itself.

It is important to note that ConocoPhillips has been representing to this Court from the beginning of this case that it's offer for sale of equipment and improvements to Houtan Petroleum, Inc. at the price of $340,000 was based on an "independent appraisal from a licensed third-party appraiser, Valuation Research Corporation" of such items. (*See, e.g.* Declaration of Richard L. Mathews In Support Of Defendant ConocoPhillips Company's Response To Order To Show Cause Re Preliminary Injunction, filed on November 9, 2007, Docket No. 13, p.2, ln. 27-p.3, ln. 2, Exh. E). If this is true, there is absolutely no reason for ConocoPhillips to have failed to include such "complete report" with its expert witness disclosures or to timely designate another associate at Valuation Research Corporation as its expert witness.

In any event, there is no justification for ConocoPhillips' violations, let alone "substantial" justification. *See Finley,* 75 F.3d at 1230 (affirming preclusion where only justification for delayed disclosure was that plaintiff was "tardy in seeking the data from [a] third party").

If ConocoPhillips were permitted to call expert witnesses whom they have not either identified or provided their expert reports in a timely manner, Houtan Petroleum would be unfairly and irreparably prejudiced. The purpose of Rule 26(a) is to allow opposing parties to adequately take discovery of witnesses on whom parties intend to rely. ConocoPhillips' failure to timely identify and produce reports has prevented Houtan Petroleum from questioning those witnesses prior to trial, taking further discovery based on information provided by the witnesses and to have Houtan Petroleum's own witnesses be prepared to respond to the contentions and opinions put forth by such witnesses. *See, e.g., Thompson v. International Ass'n of Machinists and Aerospace Workers*, 614 F.SUpp. 1002, 1011 (D.D.C. 1985) (precluding testimony from three witnesses listed on witness list because the witnesses were not identified in response to interrogatory); *Minnkota Power Co-op., Inc.*

*v. Manitowoc Co., Inc.* 669 F.2d 525, 528 (8th Cir. 1982) (affirming preclusion of expert testimony where supplemental interrogatory response identifying substance of expert's testimony was served three months after discovery cutoff); *Ferrara v. Balistreri & DiMaio, Inc.* 105 F.R.D. 147 150 (D.Mass. 1985) (precluding party from calling experts regarding whom adequate discovery responses and supplemental responses were not made: "Counsel may not postpone supplementation indefinitely by delaying the retaining of experts and expect that he will be able to supplement at the last possible moment before trial is to start.").

### III.
### CONCLUSION

This is precisely the type of situation for which Rule 37's rule of automatic preclusion was adopted. *See Fed. R. Civ. P.* §37, 1993 Adv. Comm. Note ("Paragraph (1) prevents a party from using as evidence any witness or information that, without substantial justificiaotion, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence..."). The Court should sustain Houtan Petroleum's objection to ConocoPhillips' introduction of expert witness testimony from Peter Morrison and Robert W. Wintz of Valuation Research Corporation and fact testimony from Sandy Matthews and/or grant the instant Motion to exclude their testimony from trial.

Respectfully submitted,

Dated: January 31, 2008     BLEAU / FOX, A P.L.C.

By: //s// _____
Thomas P. Bleau, Esq.
Gennady L. Lebedev, Esq.
Attorneys for Plaintiff
Houtan Petroleum, Inc.