1  Thomas P. Bleau, Esq., SBN 152945
   Martin R. Fox, Esq., SBN 155783
2  Gennady L. Lebedev, Esq., SBN 179945
   BLEAU / FOX, A P.L.C.
3  3575 Cahuenga Boulevard West, Suite 580
   Los Angeles, California 90068
4  Telephone    : (323) 874-8613
   Facsimile    : (323) 874-1234
5  E-mail: bleaushark@aol.com
   E-mail: glebedev@bleaufox.com
6

7  Attorneys for Plaintiff and Counter-Defendant
   HOUTAN PETROLEUM, INC.
8

9
   GLYNN & FINLEY, LLP
10 CLEMENT L. GLYNN, Bar No. 57117
   ADAM FRIEDENBERG, Bar No. 205778
11 One Walnut Creek Center
   100 Pringle Avenue, Suite 500
12 Walnut Creek, CA 94596
   Telephone: (925) 210-2800
13 Facsimile: (925) 945-1975
   Email: cglynn@glynnfinley.com
14        afriedenberg@glynnfinley.com

15 Attorneys for Defendant and Counter-Plaintiff
   CONOCOPHILLIPS COMPANY
16

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 19 | HOUTAN PETROLEUM, INC. ) | CASE NO.  CV 07-05627 SC |
| 20 | Plaintiff, ) | **JOINT JURY INSTRUCTIONS** |
| 21 | v. ) | **[SOURCES OMITTED]** |
| 22 | CONOCOPHILLIPS COMPANY, a Texas ) Corporation and DOES 1 through 10, ) | |
| 23 | Inclusive ) | Trial Date:   February 11, 2008 |
| | ) | Time:         10:00 a.m. |
| 24 | Defendants. ) | Courtroom:  1 |
| | ) | Before:       Hon. Samuel Conti |

25

26     Plaintiff and Counter-Defendant Houtan Petroleum, Inc. ("Houtan Petroleum") and Defendant

27 and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips ") hereby jointly propose the

28

following General and Special Jury Instructions:[1]

This version of the instructions does <u>not</u> include the sources for the instructions. Pursuant to the Court's Order, a second version is being filed that <u>does</u> display the sources.

## **INDEX OF INSTRUCTIONS**

1. Duty of Jury

2. Duty of Jury (End of Case)

3. Burden of Proof-Preponderance of the Evidence

4. What Is Evidence

5. What Is Not Evidence

6. Evidence for Limited Purpose

7. Direct and Circumstantial Evidence

8. Ruling on Objections

9. Credibility of Witnesses

10. Conduct of the Jury

11. No Transcript Available to Jury

12. Taking Notes

13. Bench Conferences and Recesses

14. Outline of Trial

15. Stipulations of Fact

---

[1] For the reasons set forth in ConocoPhillips Company's motion to strike Plaintiff's jury demand (Docket No. 48), ConocoPhillips contends that Plaintiff's claims for relief must be tried to the Court, not a jury. ConocoPhillips Company's submission of these instructions is without prejudice to or waiver of that motion or any arguments made therein or in reply. ConocoPhillips Company submits these proposed jury instructions solely for the purpose of complying with the Court's pretrial order. Additionally, for the reasons stated in Houtan Petroleum's Motion to Dismiss ConocoPhillips' Counterclaims based on preemption by the PMPA (Docket No. 49 & 50), some of these instructions, especially those pertaining to breach of contract, conversion and unjust enrichment claims, may need to be excluded or revised, depending on the Court's ruling of such Motion. Houtan Petroleum, Inc.'s submission of these instructions is without prejudice to or waiver of that motion or any arguments made therein or in reply. Houtan Petroleum, Inc. submits these proposed jury instructions solely for the purpose of complying with the Court's pretrial order.

16. Deposition In Lieu of Life Testimony

17. Impeachment Evidence-Witness

18. Expert Opinion

19. Duty To Deliberate

20. Communication With Court

21. Return of Verdict

22. Corporations and Partnerships-Fair Treatment

23. Liability of Corporations-Scope of Authority Not In Issue

24. Damages-Proof

25. Damages-Mitigation

26. Party Having Power To Produce Better Evidence

27. Failure to Deny or Explain Adverse Evidence

28. Witness Willfully False

29. Hypothetical Questions

30. Speculative Damages Not Permitted

31. Pleadings or Arguments – Not Evidence of Damages

32. Jury Not to Take Cue from Judge

33. All Instructions Not Necessarily Applicable

34. How Jurors Should Approach Their Task

35. Chance or Quotient Verdict Prohibited

36. Manner of Recording Instruction of No Significance-Content Only Governs

37. Nature of Claim [HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]

38. Nature of Claim [CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]

39. PMPA §2802(b), (c)

40. PMPA §2802(c) [HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]

41. PMPA §2802(c) [CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]

JOINT STATEMENT OF THE CASE

42. Franchise-Definition

43. Franchise Relationship

44. Franchisor

45. Franchisee

46. Marketing Premises

47. Leased Marketing Premises

48. Termination

49. Essential Elements of Plaintiff's Claim-Generally

50. Notification Requirement

51. Determining a Bona Fide Offer [HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]

52. Determining a Bona Fide Offer [CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]

53. Fair Market Value

54. Interpretation-Reasonable Time

55. Causation-Generally

56. Damages-Generally

57. Conversion

58. Unjust Enrichment

59. Breach of Contract

60. Interpretation-Construction of Contract as a Whole

61. Contract Damages

62. Knowledge of Contents of Signed Contract

Dated: February 1, 2008                BLEAU / FOX,
                                       A Professional Law Corporation

                                       By:  /S/ Thomas P. Bleau              .
                                       Thomas P. Bleau, Esq.
                                       Martin R. Fox, Esq.
                                       Gennady L. Lebedev, Esq.
                                       Attorneys for Plaintiff, Houtan Petroleum, Inc.

1  Dated: February 1, 2008                    GLYNN & FINLEY, LLP

2                                             By:    /S/  Adam Friedenberg                .
                                                   Clement L. Glynn, Esq.
3                                                  Adam Friedenberg, Esq.
                                                   Attorneys for Defendant, ConocoPhillips
4                                                  Company