**JURY INSTRUCTION NO. ____**

**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. ____**

**DUTY OF JURY (END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. ____**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. ____

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

### JURY INSTRUCTION NO. ____

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. ____**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. \_\_\_\_**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. ____**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. ____**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**JURY INSTRUCTION NO. ____**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## JURY INSTRUCTION NO. _____

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. ____**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. ____**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. ____**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. \_\_\_\_**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**JURY INSTRUCTION NO. \_\_\_\_**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. ____**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. ____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. \_\_\_\_**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. \_\_\_\_**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTION NO. ____**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## JURY INSTRUCTION NO. _____

### DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. [Likewise, if you find for the cross-complainant, you must determine the cross-complainant's damages.] The [party claiming damages] has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the [claimant] for any injury you find was caused by the [party against whom the damages are sought].

* * *

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. ____**

**DAMAGES—MITIGATION**

[A party seeking damages] has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The [party from whom the damages are sought] has the burden of proving by a preponderance of the evidence:

1.    that the [other party] failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**JURY INSTRUCTION NO. ____**

Party Having Power To Produce Better Evidence


You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**JURY INSTRUCTION NO. \_\_\_\_**

Failure to Deny or Explain Adverse Evidence

In determining what inferences to draw from the evidence you may consider, among other things, a party's failure to explain or to deny such evidence.

## JURY INSTRUCTION NO. \_\_\_\_

Witness Willfully False

A witness false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

**JURY INSTRUCTION NO. ____**

Hypothetical Questions

A hypothetical question is a question in which an expert witness is asked to assume that certain facts are true and to give an opinion based upon that assumption. If any fact assumed in such a question has not been established by the evidence, you should determine the effect of that omission upon the value of an opinion based on that fact.

**JURY INSTRUCTION NO. ____**

Speculative Damages Not Permitted

You are not permitted to award a party speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.

However, if you determine that a party is entitled to recover, you should compensate a party for loss or harm caused by the injury in question which is reasonably certain to be suffered in the future.

**JURY INSTRUCTION NO. ____**

Pleadings or Argument--Not Evidence of Damages

The amount of damages claimed in the argument of counsel, must not be considered by you as evidence of reasonable compensation.

**JURY INSTRUCTION NO. _____**

Jury Not to Take Cue from Judge

I have not intended by anything I have said or done, or by any questions that I have asked, to suggest how you should decide any questions of fact, or that I believe or disbelieve any witness.

If anything I have done or said has seemed so to indicate, you must disregard it and form your own opinion.

**JURY INSTRUCTION NO. ____**

All Instructions Not Necessarily Applicable

The purpose of the court's instructions is to instruct you as to the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Even though I have instructed you on various subjects, including damages, you must not treat the instructions as indicating the court's opinion on how you should decide any issue in this case or as to which party is entitled to your verdict.

**JURY INSTRUCTION NO. ____**

How Jurors Should Approach Their Task

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown that it is wrong. Remember that you are not partisans or advocates in this matter. You must be impartial judges of the facts.

**JURY INSTRUCTION NO. ____**

Chance or Quotient Verdict Prohibited

You must not determine any issue in this case by chance such as the flip of a coin, the drawing of lots or by any other chance determination. For example, if you determine that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to determine an average and to make that your verdict, without further exercise of your independent consideration, judgment and decision.

**JURY INSTRUCTION NO. \_\_\_\_**

Manner of Recording Instruction of No Significance--Content Only Governs


The instructions which I am now giving to you will be made available in written form for your deliberations.

You will find that the instructions may be typed, printed or handwritten. Portions may have been added or deleted. You must disregard any deleted part of an instruction and not speculate as to what it was or as to the reasons for its deletion. You are not to be concerned with the reasons for any modification.

Every part of the text of an instruction, whether typed, printed or handwritten, is of equal importance. You are to be governed only by the instruction in its final wording

**JURY INSTRUCTION NO. _____**

**[HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]**

**"Nature of Claim"**

This is an action under the Petroleum Marketing Practices Act ("Act").  The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's notice provisions and without stating a reason for termination sanctioned by the Act.  The purpose of the Act is to provide protection for franchises from arbitrary or discriminatory termination of their franchises.

Plaintiff, Houtan Petroleum, Inc., claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide" (i.e. the terms were objectively reasonable and the sale price approached fair market value of such equipment and improvements).  Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide.

**JURY INSTRUCTION NO. _____**

**[CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]**

**"Nature of Claim"**

This is an action under the Petroleum Marketing Practices Act ("Act"). The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's notice provisions and without stating a reason for termination sanctioned by the Act. The purpose of the Act is to provide protection for franchises from arbitrary or discriminatory termination of their franchises.

Plaintiff, Houtan Petroleum, Inc., claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide" (i.e., objectively reasonable which means that it approached fair market value of such equipment and improvements). Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide" (i.e., objectively reasonable).

**JURY INSTRUCTION NO. \_\_\_\_**


**"PMPA §2802(b), (c)"**


Under Section 2802(b) of the Petroleum Marketing Practices Act (the "Act"),  a franchisor may terminate a franchise due to the occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise relationship is reasonable, if such event occurs during the period of the franchise is in effect and the franchisor first acquired actual or constructive knowledge of such occurrence - -

> (i)      not more than 120 days prior to the date on which notification of termination is given, if notification is given pursuant to section 2804(a) of the Act; or

> (ii)     not more than 60 days prior to the date on which notification of termination is given, if less than 90 days notification is given pursuant to section 2804(b)(1) of the Act.

**JURY INSTRUCTION NO. \_\_\_\_\_**

**[HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]**

**"PMPA §2802(c)"**

As used in this section 2802(b) of the Act, the term "an event which is relevant to the franchise relationship and as a result of which termination of the franchise relationship is reasonable" includes an event such as the loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease, if - -

(A)  the franchisee was notified in writing, prior to the commencement of the term of the then existing franchise - -

(i)  of the duration of the underlying lease; and

(ii)  of the fact that such underlying lease might expire and not be renewed during the term of such franchise (in the case of termination);

(B)  in a situation in which the franchisee acquires possession of the leased marketing premises effective immediately after the loss of the right of the franchisor to grant possession (through an assignment or by obtaining a new lease or purchasing the marketing premises from the landowner), the franchisor (if requested in writing by the franchisee not later than 30 days after notification was given pursuant to section 2804 of the Act, during the 90-day period after notification was given pursuant to section 2804 of the Act made a bona fide offer to sell, transfer, or assign to the franchisee the interest of the franchisor in any improvements or equipment located on the premises

In this case, the parties have stipulated and it is undisputed that defendant, ConocoPhillips Company was leasing the marketing premises from another landowner and was subleasing it to plaintiff, Houtan Petroleum, Inc. The parties have also stipulated and it is undisputed that defendant, ConocoPhillips Company, lost its right to grant possession of the leased marketing premises to plaintiff, Houtan Petroleum, Inc., because of the expiration of its underlying lease with the landowner. It is also stipulated and undisputed that plaintiff, Houtan Petroleum, Inc., acquired possession of the leased marketing premises effective immediately after the loss of the right of the defendant to grant possession by entering into a new lease with the landowner. It is also stipulated and undisputed that defendant, ConocoPhillips Company, made an offer sell its interest in the leased marketing premises including the improvements and equipment that it owns on the property to plaintiff, Houtan Petroleum, Inc..

In this case, there is a dispute between plaintiff, Houtan Petroleum, Inc., and defendant, ConocoPhillips Company over whether ConocoPhillips' notice of termination to Houtan Petroleum was timely

There is also a dispute over whether ConocoPhillips' offer to Houtan Petroleum for the sale of ConocoPhillips' improvements and equipment was "bona fide" as defined further in these instructions.

## JURY INSTRUCTION NO. _____

## **[CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]**

### "PMPA §2802(c)"

As used in this section 2802(b) of the Act, the term "an event which is relevant to the franchise relationship and as a result of which termination of the franchise relationship is reasonable" includes an event such as the loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease, if - -

(A)     the franchisee was notified in writing, prior to the commencement of the term of the then existing franchise - -

(i)     of the duration of the underlying lease; and

(ii)    of the fact that such underlying lease might expire and not be renewed during the term of such franchise (in the case of termination);

(B)     in a situation in which the franchisee acquires possession of the leased marketing premises effective immediately after the loss of the right of the franchisor to grant possession (through an assignment or by obtaining a new lease or purchasing the marketing premises from the landowner), the franchisor (if requested in writing by the franchisee not later than 30 days after notification was given pursuant to section 2804 of the Act, during the 90-day period after notification was given pursuant to section 2804 of the Act made a bona fide offer to sell, transfer, or assign to the franchisee the interest of the franchisor in any improvements or equipment located on the premises.

The parties have stipulated and it is undisputed that defendant, ConocoPhillips Company was leasing the marketing premises from another landowner and was subleasing it to plaintiff, Houtan Petroleum, Inc. The parties have also stipulated and it is undisputed that defendant, ConocoPhillips Company, lost its right to grant possession of the leased marketing premises to plaintiff, Houtan Petroleum, Inc., because of the expiration of its underlying lease with the landowner. It is also stipulated and undisputed that plaintiff, Houtan Petroleum, Inc., acquired possession of the leased marketing premises effective immediately after the loss of the right of the defendant to grant possession by entering into a new lease with the landowner.

In this case, there is a dispute between plaintiff, Houtan Petroleum, Inc., and defendant, ConocoPhillips Company over whether ConocoPhillips' notice of termination to Houtan Petroleum was timely. If ConocoPhillips provided such notice 90 days prior to the date of

termination, such notice was timely under the PMPA.

There is also a dispute over whether Houtan Petroleum had a right to receive a "bona fide" offer from ConocoPhillips and whether Houtan Petroleum did receive a "bona fide" offer for the sale of ConocoPhillips' improvements and equipment as defined further in these instructions.  If Houtan Petroleum failed to request a bona fide offer from ConocoPhillips Company within 30 days after ConocoPhillips Company gave Houtan Petroleum notification of termination, then ConocoPhillips Company was not required to make a bona fide offer and you need not determine whether the offer was bona fide under the Act.

## JURY INSTRUCTION NO. ___

### "Franchise-Definition"

A "franchise" is any contract (1) between a refiner and a distributor, (2) between a refiner and a retailer, (3) between a distributor and another distributor, (4) between a distributor and a retailer, under which a refiner or distributor (as the case may be) authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such use.

"Franchise" includes (1) any contract under which a retailer or distributor (as the case may be) is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment, or distribution of motor fuel under a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such occupancy; (2) any contract pertaining to the supply of motor fuel which is to be sold, consigned or distributed (a) under a trademark owned or controlled by a refiner; or (b) under a contract which has existed continuously since May 15, 1973, and pursuant to which, on May 14, 1973, motor fuel was sold, consigned or distributed under a trademark owned or controlled on such date by a refiner; and (3) the unexpired portion of any franchise, as defined by the preceding provisions of this paragraph which is transferred or assigned as authorized by the provisions of such franchise or by any applicable provision of State law which permits such transfer or assignment without regard to any provision of the franchise.

**JURY INSTRUCTION NO. \_\_\_\_**

**"Franchise Relationship"**

The term "franchise relationship" means the respective motor fuel marketing or distribution obligations and responsibilities of a franchisor and a franchisee resulting from the marketing of motor fuel under a franchise.

**JURY INSTRUCTION NO. \_\_\_\_**

**"Franchisor"**

A "franchisor" is a refiner or distributor (as the case may be) who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

## JURY INSTRUCTION NO. _____

### "Franchisee"

A "franchisee" is a retailer or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment or distribution of motor fuel.

**JURY INSTRUCTION NO. _____**

**"Marketing Premises"**

The term "marketing premises" means, in the case of any franchise, premises which, under such franchise, are to be employed by the franchisee in connection with sale, consignment, or distribution of motor fuel.

**JURY INSTRUCTION NO. \_\_\_\_**

**"Leased Marketing Premises"**


  The term "leased marketing premises" means marketing premises owned, leased, or in any way controlled by a franchisor and which the franchisee is authorized or permitted, under the franchise, to employ in connection with the sale, consignment, or distribution of motor fuel.

**JURY INSTRUCTION NO. ____**

**"Termination"**

For purposes of the Act, the term "termination" includes cancellation.

## JURY INSTRUCTION NO. ____

### "Essential Elements of Plaintiff's Claim-Generally"

In this case, the parties have stipulated and it is undisputed that Plaintiff, Houtan Petroleum, Inc. had a motor fuel franchise with defendant, ConocoPhillips Company and that it sub-leased the premises at which the motor fuel is sold from defendant, ConocoPhillips Company, who in turn, was leasing the premises from the landlord, VO Limited Partnership.

The parties have also stipulated and it is undisputed that defendant, ConocoPhillips Company, terminated plaintiff, Houtan Petroleum, Inc.'s, motor fuel franchise.

Defendant, ConocoPhillips Company, has the burden of establishing by a preponderance of the evidence its affirmative defense that the termination was permitted under the Petroleum Marketing Practices act and that defendant, Conoco Phillips Company's action was undertaken in compliance with the procedural notice requirements of the Act.

Because the parties do not dispute the termination the burden of proof has shifted to the defendant, ConocoPhillips Company to prove its affirmative defense.

The Act provides two conditions upon which termination of a franchise is permitted.

These are:

1.    The notification requirements of the Act must be met; and

2.    The termination must be based upon a ground described in the Act.

These two conditions are described in the following instructions.

# JURY INSTRUCTION NO. _____

## "Notification Requirement"

The Act requires that, before the termination of any franchise relationship, defendant, ConocoPhillips Company, must furnish notification of the termination to the plaintiff, Houtan Petroleum, Inc.  The notice must satisfy the following requirements:

    1.     The notice must be in writing.

    2.     The notice must contain:

        (a) A statement of intention to terminate the franchise relationship together with the reasons for the termination;

        (b) The date on which the termination takes effect; and

        (c) A summary statement of the provisions of the Act.

The notification must be given not less than 90 days before the date on which the termination took effect.  However, where it would not be reasonable for defendant, ConocoPhillips Company to furnish at least 90 days' notice to plaintiff, Houtan Petroleum, Inc., defendant, ConocoPhillips Company, must notify plaintiff, Houtan Petroleum, Inc., on the earliest date on which furnishing notice is reasonably practicable.

What is "reasonable" is to be determined by you upon consideration of all the facts, circumstances and evidence appearing in the case.

**JURY INSTRUCTION NO. ___**

**[HOUTAN PETROLEUM'S VERSION OF DISPUTED INSTRUCTION]**

**"Determining a Bona Fide Offer"**

      Under the PMPA (the "Act"), whether ConocoPhillips Company made a bona fide offer, the terms of the offer must be objectively reasonable and the sale price in the offer must "approach the fair market value" of the equipment and improvements being offered for sale, but need not be the actual fair market value of the property.

      In deciding whether ConocoPhillips Company's offer was bona fide, you may take into consideration all facts presented regarding the offer.

**JURY INSTRUCTION NO. ___**

**[CONOCOPHILLIPS' VERSION OF DISPUTED INSTRUCTION]**

**"Determining a Bona Fide Offer"**

Under the PMPA (the "Act"), whether ConocoPhillips Company made a bona fide offer, the terms of the offer must be objectively reasonable. To be objectively reasonable, an offer must "approach the fair market value" of the equipment and improvements being offered for sale, but need not be the actual fair market value of the property. A range of prices may reasonably "approach fair market value."

## JURY INSTRUCTION NO. ____

### "Fair Market Value"

Whether a bona fide offer has been made is measured by an objective market standard. To be objectively reasonable, an offer must approach fair market value.

In general, the "fair market value" of the equipment and improvements at the subject service station should reflect what a willing purchaser would pay for that property. The offering price need not be the actual fair market value of the property. The fair market value is a flexible concept and a range of prices may have a reasonable claim to being (i.e., approaching) fair market value.

**JURY INSTRUCTION NO. \_\_\_\_**

**Interpretation—Reasonable Time**

If either a contract or the applicable law does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

# JURY INSTRUCTION NO. ___

## "Causation-Generally"

Plaintiff, Houtan Petroleum, Inc., has the burden of proving the termination of its franchise relationship.  Defendant, ConocoPhillips Company, has the burden of going forward with the evidence to establish as an affirmative defense that such termination was permitted under the Act.

**JURY INSTRUCTION NO. ___**

**"Damages-Generally"**

   If you find in favor of Plaintiff, Houtan Petroleum, Inc., you must then consider the issue of plaintiff's damages. You should award plaintiff an amount of money that will fairly compensate it for the damage the evidence shows it sustained and/or is reasonably certain to sustain in the future as a result of defendant, ConocoPhillips Company's termination of plaintiff's franchise.

**JURY INSTRUCTION NO. ____**

**"Conversion"**

In this case, ConocoPhillips asserts a claim of "conversion" against Houtan Petroleum.

The basis for a claim of conversion is one party's alleged hostile act of dominion or control over a specific chattel to which the other party has the right of immediate possession.

In order to prevail on its claim of conversion, ConocoPhillips must prove:

1. Its ownership or immediate right to possession of the property in question;

2. That Houtan Petroleum wrongfully interfered with ConocoPhillips' possession of the property;

3. That ConocoPhillips was harmed as a result of Houtan Petroleum's alleged interference with ConocoPhillips' possession of the property.

**JURY INSTRUCTION NO. ____**

**"Unjust Enrichment"**

ConocoPhillips also asserts a claim for "unjust enrichment" against Houtan Petroleum.

The basis for a claim of "unjust enrichment" is the equitable principle that "a person should not be allowed to enrich himself at the expense of another."  Unjust enrichment "presupposes the acceptance and retention of a benefit by one party with full appreciation of the facts, under circumstances making it inequitable for the benefit to be retained without payment of the reasonable value thereof."

In order to prevail on its claim of unjust enrichment, ConocoPhillips must prove:

1.  That Houtan Petroleum received a benefit of some kind; and

2.  That Houtan Petroleum unjustly retained that benefit at ConocoPhillips' expense.

<u>**JURY INSTRUCTION NO.**</u>

**Breach of Contract**

ConocoPhillips claims that it and Houtan Petroleum entered into a contract in the form of a franchise agreement for supply and delivery of gasoline and sublease of the land, equipment and improvements on which the subject gas station is located.  ConocoPhillips claims that Houtan Petroleum breached this contract when it allegedly prevented ConocoPhillips from removing its equipment and improvements from the station property after the termination of the parties' contract.

ConocoPhillips also claims that Houtan Petroleum's alleged breach of this contract caused harm to ConocoPhillips for which Houtan Petroleum should pay.

Houtan Petroleum denies that it breached the contract and also claims that ConocoPhillips did not have the right to remove its equipment and improvements from the property because Houtan Petroleum has a right to purchase the property pursuant to the Petroleum Marketing Practices Act ("PMPA") which is defined elsewhere in these Instructions.

To recover damages from Houtan Petroleum for breach of contract, ConocoPhillips must prove all of the following:

1.  That ConocoPhillips and Houtan Petroleum entered into a contract;

2.  That ConocoPhillips did all, or substantially all, of the significant things that the contract required it to do or it was excused from doing those things;

3.  That all conditions required by the contract and the PMPA for Houtan Petroleum's performance had occurred;

4.  That Houtan Petroleum failed to do something that the contract required it to do; and

5.  That ConocoPhillips was harmed by that failure.

**JURY INSTRUCTION NO. ____**

**Interpretation—Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**JURY INSTRUCTION NO. ____**

**Contract Damages**


If you decide that ConocoPhillips has proved its claim against Houtan Petroleum for breach of contract, you also must decide how much money will reasonably compensate ConocoPhillips for the harm caused by the breach, if any. This compensation is called "damages." The purpose of such damages is to put ConocoPhillips in as good a position as it would have been if Houtan Petroleum had performed as promised.

To recover damages for any harm, ConocoPhillips must prove:

1.      That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.   That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.


ConocoPhillips also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**JURY INSTRUCTION NO. \_\_\_\_**

**"Knowledge of Contents of Signed Contract"**

"The general rule is that, when a person with a capacity of reading and understanding an instrument signs it, he is in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding."