GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. <br><br> Plaintiff, <br><br> vs. <br><br> CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive <br><br> Defendants. | Case No. 3:07-cv-5627 <br><br> **CONOCOPHILLIPS COMPANY'S OPPOSITION TO HOUTAN PETROLEUM'S MOTION TO DISMISS COUNTERCLAIMS** <br><br> Date: February 6, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 1 <br> Before: Hon. Samuel Conti |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") submits this opposition to Plaintiff and Counter-Defendant Houtan Petroleum, Inc.'s ("Houtan Petroleum") motion to dismiss ConocoPhillips' counterclaims.

## I.   INTRODUCTION

Houtan Petroleum's motion to dismiss argues that the PMPA preempts all inconsistent law regarding franchise termination. However, ConocoPhillips' counterclaims do not address the propriety of the franchise termination, an issue the Court has already resolved in ConocoPhillips' favor. Rather, ConocoPhillips' counterclaims address Houtan Petroleum's *post-termination wrongful conduct*; specifically its failure to return ConocoPhillips' equipment and improvements or pay rent *after* the termination of the franchise agreement.

1   Houtan Petroleum argues that the PMPA preempts ConocoPhillips' counterclaims
because ConocoPhillips was allegedly required, but failed, to make a bona fide offer to sell
Houtan Petroleum the equipment and improvements. This argument asks the Court to presume
that ConocoPhillips' offer was not bona fide, yet that is the very issue raised by Plaintiff's
complaint. Such a factual finding is impermissible on a motion to dismiss, and Houtan
Petroleum's motion must therefore be denied.

## II.  ARGUMENT

### A.  Applicable law

"'In enacting the PMPA, Congress attempted to provide national uniformity of petroleum franchise termination law.' [Citation.] That uniformity 'would be frustrated' if the PMPA did not preempt 'all inconsistent state law.' [Citation.] Section 2806(a) of Title 15 provides for preemption of all state law with respect to termination of a petroleum franchise which is inconsistent with the PMPA." *Unocal Corp. v. Kaabipour,* 177 F.3d 755, 768 (9th Cir. 1999). However, "[t]he preemptive scope of the PMPA is limited; it does not reach any state laws which only incidentally affect franchise termination or nonrenewal." *Id.*; *see also Pride v. Exxon Corp.*, 911 F.2d 251, 258 (9th Cir. 1990) ("the Act 'does not preempt every state law that relates remotely to the termination or nonrenewal of petroleum franchises; but it does preempt any state law with respect to "grounds for, procedures for, and notification requirements" with respect to terminations and nonrenewals').

"The PMPA does not attempt to govern everything that happens in a motor fuel franchise relationship. State contract law continues to govern where not preempted, as does state tort law." *Sun Chase Enterprises, Inc. v. Swati Enterprises, Inc.*, 143 S.W.3d 902, 905 (2004) (citation omitted); *see also O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 593 (3rd Cir. 1989) "[t]he goal of the framers of the PMPA was to create a uniform system of franchise termination, not a uniform system of contract law. . . . There is no reference to any legislative intent to preempt the general common law of contract, even to the extent that it may become involved in a PMPA action (citation omitted).

///

1   Common law claims for rental obligations that accrue after the termination of a franchise agreement are not preempted by the PMPA. *See Koylum Inc. v. Peksen Realty Corp.*, 357 F.Supp.2d 593 (E.D.N.Y. 2005) *affirmed in part, vacated in part in Koylum Inc. v. 1677 Ridge Road Realty Corp.*, 2005 WL 3528781 (2nd Cir. 2005). In *Koylum Inc.*, the franchisor terminated its franchise agreement with its franchisee and then initiated proceedings in state court to dispossess the franchisee from the property after it refused to vacate. 357 F.Supp.2d at 595.[1] Subsequently, the franchisee filed suit in federal court alleging violations of the PMPA and a right to purchase the premises. *Id.* After the franchisor prevailed at trial on the PMPA claims and the court found that the franchisee was a holdover tenant, the franchisor sought rent from the franchisee for the period from the termination of the franchise agreement until the end of trial plus interest pursuant to a liquidated damages clause in the franchise agreement. *Id.* The Court granted the franchisor's request on a motion for summary judgment and ordered the franchisee to pay $373,438.54 in back rent plus interest and previously awarded costs. *Id.* at 597. On appeal, the trial court's order was affirmed, although the tenancy period was shortened. *Koylum Inc., supra*, 2005 WL 3528781 at *2.

Houtan Petroleum has not cited any case establishing that ConocoPhillips is *not* legally entitled to recover its property and receive reasonable rent for the period during which Houtan Petroleum wrongfully refused to return ConocoPhillips' property. Further, Houtan Petroleum has not cited any case establishing that the PMPA preempts common law claims for return of property and reasonable rent *after* the termination of a franchise agreement.

**B.    ConocoPhillips' counterclaims do not address the franchise termination and thus do not conflict with the PMPA**

The parties' sublease and franchise agreement (the "Franchise Agreement") terminated on October 31, 2007, when ConocoPhillips' underlying property lease expired. As the Court has already recognized, the Franchise Agreement explicitly contemplated, and provided for termination upon such an occurrence. (Docket No. 18 at 3:10-4:10.) The termination thus was not the result of any improper act -- or any act at all -- by ConocoPhillips. Rather,

---

[1] A more complete recitation of the facts for *Koylum Inc. v. Peksen Realty Corp.* is laid out in *Koylum Inc. v. Peksen Realty Corp.* (E.D.N.Y. 2002) 223 F.Supp.2d 405.

ConocoPhillips was prevented from extending or renewing its underlying lease by Houtan Petroleum's negotiation of its own lease agreement directly with the property owner. (*Id.* at 5:5-11.) Accordingly, this Court has already found that ConocoPhillips' termination of the franchise agreement was appropriate under the PMPA. (*Id.* at 8:20-11:13.)

The franchise agreement further provided that upon its termination or expiration, Houtan Petroleum was obligated to surrender all station property to ConocoPhillips. (Docket No. 5 Ex. A at ¶ 32.) Houtan Petroleum has refused to do so, however, but instead remains in possession of ConocoPhillips' equipment and improvements, without paying rent. It claims that merely by commencing an action under the PMPA it is entitled indefinitely to use ConocoPhillips' property for free. This is precisely the contention Houtan Petroleum made in its application for preliminary injunctive relief. The Court denied that application, and in doing so recognized that if Houtan Petroleum wished to maintain use and possession of ConocoPhillips' improvements pending the litigation, it could agree to an interim rental with ConocoPhillips. (Docket No. 18 at 16:7-14.) Despite the Court's ruling, Houtan Petroleum refuses to pay rent until the merits of its claim are adjudicated.

Houtan Petroleum's argument that the PMPA preempts inconsistent state laws related to franchise termination and non-renewals misses the point. ConocoPhillips' counterclaims do not address the "grounds for, procedures to, and notification requirements with respect to termination and nonrenewals" (*Pride*, 911 F.2d at 258), nor do they ask the Court to rule on the propriety of the termination, though, as the Court has already found, the termination was clearly proper. Regardless of the merits of Houtan Petroleum's PMPA claim, in the absence of provisional relief requiring ConocoPhillips to leave its property in place, there was, and is, no legal basis for Houtan Petroleum's refusal either to pay rent or return the property. ConocoPhillips' counterclaims simply seek damages for this wrongful conduct and the return of its property.

/ / /

/ / /

/ / /

### III. CONCLUSION

ConocoPhillips is entitled to the return of its property and reasonable rent for the period Houtan Petroleum has wrongfully retained possession of the property. Plaintiff's motion should be denied.

Dated: February 4, 2008

                                    GLYNN & FINLEY, LLP
                                    CLEMENT L. GLYNN
                                    ADAM FRIEDENBERG
                                    One Walnut Creek Center
                                    100 Pringle Avenue, Suite 500
                                    Walnut Creek, CA 94596

By _____
       Attorneys for Defendant and Counter-
       Plaintiff ConocoPhillips Company

CONOCOPHILLIPS' OPPOSITION TO MOTION TO DISMISS COUNTER-CLAIMS