Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone   : (323) 874-8613
Facsimile    : (323) 874-1234
e-mail:       bleaushark@aol.com
e-mail:       glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

**UNITED STATES DISTRICT COURT IN AND FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOUTAN PETROLEUM, INC. <br><br> Plaintiff, <br><br> vs. <br><br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive <br><br> Defendants. | CASE NO. 07-CV-5627 SC <br><br> PLAINTIFF, HOUTAN PETROLEUM, INC.'S, OPPOSITION TO CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 1 <br><br> RE: EXCLUSION OF EVIDENCE OR ARGUMENT REGARDING PROPRIETY OF CONOCOPHILLIPS' TERMINATION OF THE PARTIES' FRANCHISE AGREEMENT |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff and Counter-Defendant, Houtan Petroleum, Inc. ("Houtan Petroleum"), hereby opposes Motion In Limine No. 1, filed by Defendant and Counter-Plaintiff, ConocoPhillips Company ("ConocoPhillips") as follows:

ConocoPhillips has filed its Motion in Limine No. 1 seeking an order excluding evidence or argument regarding the propriety of the termination of the parties' franchise agreement.

Plaintiff opposes such Motion on the grounds that it is ConocoPhillips, rather than HoutanPetroleum's, burden to prove that the termination was proper and that such propriety has not been conclusively decided, as factual issues still remain in dispute on this topic.

Additionally, it is ConocoPhillips, rather than Houtan Petroleum, that has the burden of proving that it has fully complied with the prerequisites for termination under the PMPA.

Under the PMPA, the only items which Houtan Petroleum is required to establish is that there

has been a nonrenewal of its franchise and its damages caused by ConocoPhillips' failure to comply with the PMPA. Given that there is no dispute that ConocoPhillips terminated the franchise, effective October 31, 2008, the burden shifts to ConocoPhillips to prove that it has complied with all of the PMPA requirements for termination of the franchise relationship. 15 U.S.C. § 2805(c). Additionally, it is the franchisor who bears the burden of proving that its notice of termination complies with the PMPA. *Pruitt v. New Eng. Petroleum L.P.*, *supra*, (citing 15 U.S.C. § 2805(c)).

Although Houtan Petroleum does not dispute that ConocoPhillips complied with the first notice provision under 15 U.S.C. §2802(c)(4)(A)[1], it does dispute ConocoPhillips' contention that it complied with all of the other pre-conditions for termination found in Section 2804 of the PMPA. Consequently, in order for ConocoPhillips to prove the "propriety" of its termination of the franchise agreement, it must establish the following disputed facts.

(1) Prior to termination of the franchise, ConocoPhillips furnished notice of such termination "not less than 90 days prior to the date on which such termination" took effect. 15 U.S.C. §2804(a)(2). (2) If it is determined that ConocoPhillips failed to give such Notice of Termination within the statutory time-frame, ConocoPhillips has the burden of proving that the circumstances were such that "it would not be reasonable" for ConocoPhillips to have furnished such notification "not less than 90 days prior to the date on which termination" took effect. 15 U.S.C. §2804(b)(1). (3) Additionally, ConocoPhillips would be required to prove that it furnished such notification "on the earliest date on which furnishing of such notification [was] reasonably practicable." 15 U.S.C. §2804(b)(1)(A).

In addition to proving that it complied with the notice requirements of the PMPA, ConocoPhillips is also required to prove that (4) it complied with the requirement of tendering a *bona fide* offer to Houtan Petroleum under 15 U.S.C. §2802(c)(4)(C) (i) which provides as follows:

> 2802(c)  Definition. As used in this subsection (b)(2)(C) of ths section, the term "an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable"

---

[1] Section 2802(c)(4)(A) provides for a requirement that a franchisee be given notice **prior to the start** of the term of the franchise of the possibility that the franchise may be terminated early due to the expiration of the term of the underlying lease.

-2-

1  includes events such as -

2  2802(c)(4) loss of the franchisor's right to grant possession of the leased marketing premises through expiration of the underlying lease, **if** -

3

4  2802(c)(4)(C) in a situation in which the franchisee acquires possession of the leased marketing premises effective immediately **after the loss of the right of the franchisor to grant possession** (through an assignment [of an option to extend the underlying lease] pursuant to subparagraph (B) or by obtaining a new lease or purchasing the marketing premises from the landowner), the franchisor (if requested in writing by the franchisee not later than 30 days after notification was given pursuant to section 2804 of this title), during the 90 - day period after notification was given pursuant to section 2804 of this title .

5

6

7

8

9  (i) made a **bona fide offer** to sell, transfer, or assign to the franchisee the interest of the franchisor in any improvements or equipment located on the premises. (Emphasis added).

10

11  Consequently, even if ConocoPhillips is somehow successful in establishing compliance with

12  all of the notice requirements of the PMPA, it must still establish compliance with the *bona fide* offer

13  requirement of the PMPA. If the *bona fide* offer requirement is not met, the termination of the

14  franchise relationship cannot be found to have been "reasonable" under the definition stated in

15  Section 2802(c) even though the underlying lease had expired. In other words, unless ConocoPhillips

16  can establish that it offer was *bona fide*, its termination of Houtan Petroleum's franchise cannot be

17  found to have been "proper."

18  Given that the questions of "reasonableness" of the shortened time for the Notice of

19  Termination, whether notice was eventually given on the earliest date that was "reasonable

20  practicable," and whether the offer eventually given to Houtan Petroleum was "bona fide" are all

21  disputed and genuine questions of fact that ConocoPhillips has the burden of proving, the instant

22  Motion must be summarily denied. Unless ConocoPhillips is willing to concede that it cannot prove

23  these factual questions, Houtan Petroleum may not be precluded from introducing evidence to

24  contravene ConocoPhillips' contentions in that regard.

25  The Court's discretion over evidentiary matters should not unfairly prevent a plaintiff a full

26  opportunity to present its case with a blanket pretrial evidentiary exclusion. *Mendelshon v.*

27  *Sprint/United Management Company* 466 F.3d 1223, 1230 (10th Cir. 2006). The instant Motion In

28  Limine must therefore be denied because the jury is better suited to assess the probativeness of

1  disputed evidence in the context of all the evidence and issues in the entire trial, something which a
2  trial judge should not do in ruling on a pretrial in limine motion.  Moreover, a motion in limine such
3  as the one before the Court, seeking to exclude all evidence on a material element of the case is really
4  a disguised motion for summary judgment that would be improperly granted as denying Plaintiff's
5  right to due process.
6        Based upon the foregoing, Houtan Petroleum respectfully requests that the Court deny of
7  ConocoPhillips' motion in limine.

                                         Respectfully submitted,

Dated: February 4, 2008              BLEAU / FOX, A P.L.C.

                                         //s//
                             By: _____
                                  Thomas P. Bleau, Esq.
                                  Gennady L. Lebedev, Esq.
                                  Attorneys for Plaintiff
                                  Houtan Petroleum, Inc.