Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone   : (323) 874-8613
Facsimile   : (323) 874-1234
e-mail:   bleaushark@aol.com
e-mail:   glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

**UNITED STATES DISTRICT COURT IN AND FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOUTAN PETROLEUM, INC. <br><br> Plaintiff, <br><br> vs. <br><br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive <br><br> Defendants. | CASE NO. 07-CV-5627 SC <br><br> PLAINTIFF, HOUTAN PETROLEUM, INC.'S, OPPOSITION TO CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 6 <br><br> RE: EXCLUSION OF EVIDENCE OF LOST PROFITS, CONSEQUENTIAL DAMAGES OR OTHER ALLEGED ACTUAL DAMAGES |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff and Counter-Defendant, Houtan Petroleum, Inc. ("Houtan Petroleum"), hereby opposes Motion In Limine No. 6, filed by Defendant and Counter-Plaintiff, ConocoPhillips Company ("ConocoPhillips") as follows:

ConocoPhillips has filed its Motion in Limine No. 6 seeking an order excluding testimony by Houtan Petroleum's expert witness on damages, Russel S. Braasch, E.A.

Plaintiff opposes such Motion on the grounds that the PMPA permits recovery of "actual damages" to a franchisee prevailing in any such action against a franchisor. 15 U.S.C. §2805(d)(1)(A).

ConocoPhillips' instant motion is not based on any contention that Mr. Braasch is not competent or qualified to render any opinion for which he was designated. Rather, it contends that Mr. Braasch should be excluded because Plaintiff is not entitled to recover damages althogether.

1  However, as explained in Plaintiff's opposition to Motion in Limine Number 3, as well as the Trial
2  Brief and opposition to Motion to Strike Jury, Plaintiff did suffer and is entitled to recover all
3  damages arising out of ConocoPhillips' failure to comply with the PMPA.

4  Houtan Petroleum intends to prove that as a result of the condensed time frame created by ConocoPhillips' shortened Notice of Termination, Houtan Petroleum was placed in a position where it was unable to sell fuel through credit card transactions for a period of five days. Until the Court granted Plaintiff's application for temporary restraining order and Plaintiff's station was placed back online by ConocoPhillips, Plaintiff suffered an estimated loss in gross sales of $75,250.00 and lost gross profits in the amount of $25,090.00. But for ConocoPhillips' delay in issuing the Notice of Termination and making its offer, Plaintiff could have prepared for the October 31, 2007 termination date sooner and could have avoided the five days of down time. Mr. Braasch's testimony will pertain to these damage calculations. ConocoPhillips has no reasonable excuse for its failure to comply with the 90 day notice requirements of the PMPA because, by its own admissions, "the earliest day on which furnishing such notification [was] reasonably practicable" was clearly much earlier than September 18, 2007. 15 U.S.C. 2804(b)(1).

Thus, the damages being sought are not related to Plaintiff's inability to purchase the equipment and improvements at a price that approaches fair market value, rather the damages arise out of ConocoPhillips failure to provide the Notice of Termination and a bona fide offer sooner, as mandated by the PMPA. Consequently, Plaintiff's ability to continue operating the station is irrelevant to whether it suffered damages arising out of ConocoPhillips' failure to comply with the PMPA.

Based upon the foregoing, Houtan Petroleum respectfully requests that the Court deny of ConocoPhillips' motion in limine.

Respectfully submitted,

Dated: February 4, 2008

BLEAU / FOX, A P.L.C.
　　　　//s//
By: _____
　　Thomas P. Bleau, Esq.
　　Gennady L. Lebedev, Esq.
　　Attorneys for Plaintiff
　　Houtan Petroleum, Inc.

HOUTAN PETROLEUM'S OPPOSITION TO CONOCOPHILLIPS' MOTION IN LIMINE