| | |
|---|---|
| 1 | GLYNN & FINLEY, LLP |
| | CLEMENT L. GLYNN, Bar No. 57117 |
| 2 | ADAM D. FRIEDENBERG, Bar No. 205778 |
| | JONATHAN A. ELDREDGE, Bar No. 238559 |
| 3 | One Walnut Creek Center |
| | 100 Pringle Avenue, Suite 500 |
| 4 | Walnut Creek, CA 94596 |
| | Telephone: (925) 210-2800 |
| 5 | Facsimile: (925) 945-1975 |
| | Email: cglynn@glynnfinley.com |
| 6 | afriedenberg@glynnfinley.com |
| | jeldredge@glynnfinley.com |
| 7 | |
| | Attorneys for Defendant |
| 8 | ConocoPhillips Company |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOUTAN PETROLEUM, INC. | ) | Case No. 3:07-cv-5627 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CONOCOPHILLIPS COMPANY'S MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S COMPLAINT** |
| vs. | ) | |
| CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive | ) | |
| | ) | Date: May 9, 2008 |
| Defendants. | ) | Time: 10:00 a.m. |
| | ) | Courtroom: 1 |
| | | Before: Hon. Samuel Conti |

Defendant ConocoPhillips Company ("ConocoPhillips") submits this memorandum of points and authorities in support of its motion for summary judgment of Plaintiff Houtan Petroleum, Inc.'s ("Houtan Petroleum") Complaint.

I. **INTRODUCTION**

Plaintiff's Complaint is based on two essential allegations: (1) that ConocoPhillips violated the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq. (the "PMPA") by failing to provide 90 days' notice of termination of Houtan Petroleum's franchise; and (2) that ConocoPhillips' offer to sell its equipment and improvements to Houtan Petroleum was not "bona fide" under the PMPA.

In denying Houtan Petroleum's motion for preliminary injunction, the Court has already adjudicated the first of these allegations. The operative franchise agreement included an explicit notice of termination, which Houtan separately initialed. ConocoPhillips provided this notice to Houtan Petroleum in May 2007, more than five months prior to the October 31, 2007 termination date. Thus, as this Court has already found, ConocoPhillips provided the statutorily required 90 days' notice. (Docket No. 18 at 10:18-11:13.) The Court must therefore again adjudicate this issue in ConocoPhillips' favor.

Houtan Petroleum is likewise unable to establish any triable issue on its claim that it was entitled to a "bona fide offer" from ConocoPhillips to sell its equipment and improvements at the Station. The PMPA requires that a franchisor make such an offer only where the franchisee demands the offer within 30 days after receiving notice of termination. Here, Houtan Petroleum waited several months after the statutory deadline passed to make such a demand. ConocoPhillips thus was under no legal obligation to make a bona fide offer. Summary judgment in favor of ConocoPhillips on Plaintiffs' Complaint is therefore required.

## II. FACTUAL BACKGROUND[1]

### A. The Ground Lease

Houtan Petroleum operates a gasoline service station in Mountain View, California ("the Station"). Houtan Petroleum formerly operated the Station as a ConocoPhillips franchisee and sublessee pursuant to successive sublease and franchise agreements with ConocoPhillips. (Docket No. 1 at ¶¶ 12-13.) ConocoPhillips did not own the Station property, but formerly leased the Station from a third-party pursuant to an underlying property lease ("the Ground Lease"). (*Id.* at ¶ 11.) Although ConocoPhillips attempted to obtain an extension of the Ground Lease, these efforts were unsuccessful and the Ground Lease expired on October 31, 2007. (Docket No. 13 at ¶¶ 3-6.)

///

---

[1] The full factual background of this matter is set forth in ConocoPhillips' response to the Court's order to show cause and the Court's order denying Houtan Petroleum's motion for preliminary injunction. (Docket Nos. 11, 18). Accordingly, ConocoPhillips repeats here only those factual allegations directly relevant to this motion.

**B.    The Franchise Agreement**

The parties' most recent franchise agreement ("the Franchise Agreement") was effective August 31, 2007. (Docket No. 5, Exh. A at 11-12 (¶ 2(a)).) Both parties knew when they executed the Franchise Agreement in July 2007 that the Ground Lease would expire on October 31, 2007, and that ConocoPhillips would thereafter have no right to continue to sublease the Station premises to Houtan Petroleum. (*Id.*) Indeed, Houtan Petroleum had already started negotiating with the landowner for its own direct lease of the property several months earlier, in April 2007. (Declaration of Jonathan A. Eldredge, Exh. A.) Houtan Petroleum ultimately obtained such a lease agreement, pursuant to which it continues to occupy and operate the Station. (Docket No. 5 at ¶ 8 and Exh. C.)

The Franchise Agreement gave explicit notice that the Ground Lease, and thus the Franchise Agreement, would terminate on October 31, 2007. It provided that:

> The term of this Agreement commences on September 1, 2007 and expires on August 31, 2010 . . . provided, however, that . . . if CONOCOPHILLIPS' underlying lease expires, is cancelled or terminates for any reason on or prior to [August 31, 2010] . . . then this Agreement **shall terminate** consistent with the cancellation or termination of said underlying lease."

(Docket No. 5, Exh. A at ¶. 11-12 (¶ 2(a)) (emphasis added).)

In addition, Addendum 1 to the Franchise Agreement provided:

> There is a possibility that the term of the underlying lease to the Station might expire and not be renewed upon the underlying lease's expiration date. DEALER hereby acknowledges CONOCOPHILLIPS' disclosure to DEALER that this Agreement and the Station herein are subject to all the terms and conditions of an underlying lease held by CONOCOPHILLIPS in the property and premises, **which underlying lease expires on October 31, 2007** and that such underlying lease may expire and may not be renewed during the Term of this Agreement. Thereby, the DEALER is hereby on notice that this Agreement **is hereby terminated** on the date the underlying lease expires or on a prior date in the event CONOCOPHILLIPS' lessor terminates the underlying lease or the underlying lease otherwise requires early termination.
>
> CONOCOPHILLIPS is under no obligation to seek an extension or renewal, or exercise any renewal options it may have, of such underlying lease, but may do so at its discretion.

(*Id.* at p. 63 (original and added emphasis).)

ConocoPhillips provided the Franchise Agreement to Houtan Petroleum in May 2007. (Docket No. 12 at ¶ 5.) Houtan Petroleum executed the Franchise Agreement, and separately initialed the included notice of termination (i.e., Addendum 1), on July 6, 2007, 117 days prior to the termination.[2] (Docket No. 5, Exh. A) Thus, as the Court has already found in denying Houtan Petroleum's motion for preliminary injunction, the Franchise Agreement itself constituted an effective and timely notice of termination under the PMPA. (Docket No. 18 at 8:3-11:13.)

### C. Houtan Petroleum Demands a Bona Fide Offer

Houtan Petroleum did not request a "bona fide offer" within 30 days after it received the notice of termination, or even within 30 days after its signature of the notice. Instead, Houtan Petroleum admits it waited several months, until October 18, 2007, to request an offer from ConocoPhillips. (Docket No. 5 at ¶ 9 and Exh. D.) This occurred 104 days after July 6, 2007 -- the date on which Houtan Petroleum executed the Franchise Agreement and incorporated notice of termination. ConocoPhillips nevertheless voluntarily offered to sell its property to Houtan Petroleum.

## III. ARGUMENT

### A. No Triable Issue Exists On Plaintiff's PMPA Claim (Count One).

#### 1. Expiration of the Ground Lease was a proper basis for termination.

The Court has already determined that the expiration of the Ground Lease was a proper basis for termination of the Franchise Agreement. (Docket 18 at 8:3-9:27.) Under the PMPA, a franchisor may terminate a franchise agreement upon "[t]he occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable. . . ." 15 U.S.C. § 2802(b). Such an event

---

[2] ConocoPhillips first provided the Franchise Agreement, and incorporated notice of termination, to Houtan Petroleum in May 2007, as this Court has already recognized. (Docket No. 18 at 3:10-11.) Thus, Houtan Petroleum had more than 117 days notice of the termination of the franchise agreement.

MEMO. IN SUPPORT OF CONOCOPHILLIPS COMPANY'S MOTION FOR SUMMARY JUDGMENT

includes "loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease." 15 U.S.C. § 2802(c)(4).

This is precisely what occurred here. The Franchise Agreement disclosed that ConocoPhillips would lose the right to grant possession of the Station Property when the Ground Lease expired, and was consequently self-terminating.[3] (Docket No. 18 at 9:14-27, 10:18-11:13.) Termination on this ground was permissible under the PMPA, as the Court has already decided. (*Id.* at 8:20-9:1.) On this essential element of its claim, therefore, Houtan Petroleum cannot raise any triable issue.

### 2. ConocoPhillips gave proper and timely notice of termination.

The Court has also already determined that the Franchise Agreement itself constituted timely notice of termination under the PMPA. (Docket 18 at 10:18-11:13 ("Houtan executed the renewed Franchise Agreement on July 6, [2007,] and . . . the Agreement contained express language indicating that Conoco's inability to renew the Master Lease would necessarily require termination of the Franchise Agreement").) The PMPA ordinarily requires a franchisor to provide at least 90 days' notice of termination of a franchise agreement. 15 U.S.C. § 2804(a). Here, the Ground Lease was to expire on October 31, 2007, two months after the Franchise Agreement became effective. Thus it would have been impossible for ConocoPhillips to provide 90 days' notice after commencement of the Franchise Agreement. This is why ConocoPhillips provided the required notice of termination as part of the Franchise Agreement itself.

Houtan Petroleum executed the Franchise Agreement -- and separately initialed the notice of termination -- on July 6, 2007, 117 days prior to the effective date of termination. (Docket No. 18 at 3:10-14, 4:8-10, 11:5-9; Docket No. 5, Exh. A at 37, 63.) ConocoPhillips thus

///

///

---

[3] As Houtan Petroleum had been negotiating to lease the property directly from the landowner since April 2007, it was aware of the impending termination even before ConocoPhillips was certain it would be unable to obtain an extension of the Ground Lease. Indeed, as the Court has already determined, "Houtan could reasonably have expected that by negotiating directly with V.O. Limited to take over the Master Lease, the Franchise Agreement with Conoco would be terminated." (Docket 18 at 10:10-13.)

provided more than the required 90 days' notice, as this Court has already found.[4] For this independent reason, Plaintiff cannot raise a triable issue on its PMPA claim.

### 3. ConocoPhillips had no obligation to sell its equipment and improvements to Houtan Petroleum.

The PMPA provides explicit requirements that a franchisee must follow before a franchisor is required to offer to sell its improvements and equipment to the franchisee. Where, as here, a franchisor terminates a franchise agreement due to the loss of its underlying lease of the station property, and the franchisee acquires possession of the real property, the franchisee may request a bona fide offer to purchase the franchisor's improvements and equipment. 15 U.S.C. § 2802(c)(4)(C). Section 2802(c)(4)(C) states:

> in a situation in which the franchisee acquires possession of the leased marketing premises effective immediately after the loss of the right of the franchisor to grant possession . . . the franchisor (**if requested in writing by the franchisee not later than 30 days after notification was given pursuant to section 2804 of this title**) during the 90-day period after notification was given pursuant to section 2804 of this title— (i) made a bona fide offer to sell, transfer, or assign to the franchisee the interest of the franchisor in any improvements or equipment located on the premises. . . .

(Emphasis added.)

The plain language of the PMPA thus gives a franchisee a right to a bona fide offer only where the franchisee requests such an offer "not later than 30 days after notification [of termination] was given." *Id.* Here, it is undisputed that ConocoPhillips gave such notice (via the Franchise Agreement) in May 2007. (Docket No. 12 at ¶ 5.) Houtan Petroleum signed the Franchise Agreement and incorporated notice of termination on July 6, 2007. (Docket No. 18 at 3:10-14, 4:8-10, 11:5-9; Docket No. 5, Exh. A at 37, 63.) Even assuming that July 6 was the effective date of notice, Houtan Petroleum still had until no later than August 5, 2007, to request a bona fide offer under the PMPA. 15 U.S.C. § 2802(c)(4)(C). Houtan Petroleum admits,

---

[4] It is further undisputed that the notice of termination complied with all other requirements of the PMPA -- i.e., that it (1) be written, (2) be served by certified mail or personally delivered to the franchisee, (3) contain a statement of an intention to terminate the franchise together with the reasons, (4) contain the date when termination is effective, and (5) enclose a Summary Statement of the PMPA as prepared and published by the Secretary of Energy. 15 U.S.C. § 2804(c); *see* Docket No. 5, Exh. A; Docket No. 12 at ¶ 5.

however, that it did not make its request for a "bona fide offer" until October 18, 2007, months after the statutory deadline had passed. (Docket No. 3 at 2:2-5; Docket No. 5 at ¶ 9.)

As Houtan Petroleum failed to request a "bona fide offer" within the required 30 day period, ConocoPhillips had no obligation under the PMPA to make such an offer. Houtan Petroleum surrendered any PMPA right to such an offer by not making a timely demand. ConocoPhillips' voluntary offer did not, and could not, resurrect this right, and Houtan Petroleum's claim that the offer was not bona fide is therefore legally irrelevant and insufficient to raise any triable issue.[5] For this additional reason, ConocoPhillips is entitled to judgment as a matter of law.

### B.     No Triable Issue Exists On Plaintiff's Declaratory Relief Claim (Count Two).

Plaintiff's second claim is merely a reformulation of Plaintiff's PMPA claim: it seeks a declaration that ConocoPhillips violated the PMPA by terminating the Franchise Agreement and failing to make a bona fide offer. (Docket No. 1 at ¶ 46.) However, declaratory relief is appropriate only where the parties require guidance regarding their *prospective* rights and obligations. It is well settled that such a claim "is inappropriate [where] 'more effective relief can and should be obtained by another procedure.'" *Cunningham Bros., Inc. v. Bail* (7th Cir. 1969) 407 F.2d 1165, 1168 (citation omitted); *see also, The Pantry, Inc. v. Stop-N-Go Foods, Inc.* (S.D. In. 1991) 777 F.Supp. 713, 717 ("[w]hen declaratory relief and another remedy are substantially similar, the court may exercise its discretion to dismiss the declaratory judgment claim"). Here, plaintiff seeks a declaration that ConocoPhillips has *already* violated the PMPA. The claim is therefore inappropriate and defective as a matter of law.

---

[5] The situation is not unlike that in which a plaintiff seeks to assert time-barred claims, relying on conduct of the defendant that occurred *after* the limitations period has run. It is well-settled that a defendant's conduct after the limitations period has run cannot revive a stale claim. *See Aceves v. Allstate Insurance Co.* (9th Cir. 1995) 68 F.3d 1160, 1163, citing *Prudential-LMI Ins. Co. v. Sup. Ct.* (1990) 51 Cal.2d 674, 690 fn. 5; *see also Vashita v. Allstate Ins. Co.* (C.D. Cal. 1997) 989 F.Supp. 1029, 1033 ("it would be impossible for Allstate to waive the notice requirements and/or the statute of limitations for the rental properties *after* the limitations period has already passed"). Similarly, here, Houtan Petroleum relinquished any legal right to a bona fide offer by not requesting one within the 30 day period required by the PMPA. That ConocoPhillips nevertheless subsequently offered to sell its property to Houtan Petroleum cannot revive that right.

In any event, as shown above, ConocoPhillips gave proper and timely notice of termination, and Houtan Petroleum failed to make a timely request to purchase ConocoPhillips' fixtures and equipment. Plaintiff therefore cannot raise any triable issue on its PMPA claim, and its redundant claim for declaratory relief likewise fails.

## IV.  CONCLUSION

For all the foregoing reasons, ConocoPhillips submits the Court should grant this motion and enter judgment in ConocoPhillips' favor on Plaintiff's Complaint.

Dated: April 4, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By _____
Attorneys for Defendant
ConocoPhillips Company

- 8 -