**EXHIBIT "2"**

Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone  : (323) 874-8613
Facsimile   : (323) 874-1234
e-mail:       bleaushark@aol.com
e-mail:       glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO. 07-cv-5627 SC |
| Plaintiff, vs. | **DECLARATION OF THOMAS P. BLEAU IN SUPPORT OF PLAINTIFF'S OPPOSITION TO CONOCOPHILLIPS COMPANY'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND** |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | Date:        February 6, 2008<br>Time:        10:00 a.m.<br>Courtroom: 1<br>Before:      Hon. Samuel Conti |
| Defendants. | Trial Date:  February 11, 2008 |
| | **Accompanying Document:** |
| | Opposition to ConocoPhillips Company's Motion to Strike Plaintiff's Jury Demand |

I, Thomas P. Bleau, declare as follows:

1. That I am an attorney duly licensed to practice law before all courts of the State of California and the Central District of California and am a partner with the law firm of Bleau / Fox, A P.L.C., counsel of record for Plaintiff in this action, Houtan Petroleum, Inc.. That if called upon to testify, I could and would do so competently based upon my personal knowledge of the facts as stated herein. I make this declaration in support of Plaintiff's Opposition to Defendant, ConocoPhillips Company's, Motion to Strike Plaintiff's Jury Demand.

2. On January 28, 2008, my office received ConocoPhillips Company's initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure. A true and correct copy of the written

-1-
DECLARATION OF THOMAS P. BLEAU

disclosure, not including the evidentiary documents that accompanied the disclosure, is attached hereto as **Exhibit "A."**

3. Attached hereto as **Exhibit "B"** is a true and correct copy of an e-mail, dated March 21, 2007, from ConocoPhillips Company's real estate manager, Richard L. Mathews to the property manager of the subject station operated by Plaintiff, De Anza Properties, that was received as part of ConocoPhillips Rule 26 initial disclosures, bates labeled by ConocoPhillips as COP 00013.

4. Attached hereto as **Exhibit "C"** is a true and correct copy of a letter, dated April 12, 2007, from ConocoPhillips Company's real estate manager, Richard L. Mathews to the attention of John Vidovich, representing the owner of the subject station operated by Plaintiff, that was received as part of ConocoPhillips Rule 26 initial disclosures, bates labeled by ConocoPhillips as COP 00010.

5. Attached hereto as **Exhibit "D"** is a true and correct copy of a letter, dated September 17, 2007, from ConocoPhillips Company's real estate manager, Richard L. Mathews to the attention of John Vidovich, representing the owner of the subject station operated by Plaintiff, that was received as part of ConocoPhillips Rule 26 initial disclosures, bates labeled by ConocoPhillips as COP 000132.

6. Attached hereto as **Exhibit "E"** is a true and correct copy of a letter, dated May 24, 2007, from John Vidovich, representing the owner of the subject station operated by Plaintiff, V.O. Partnership, to R.L. Matthews, real estate manager for ConocoPhillips Company, that was received as part of ConocoPhillips Rule 26 initial disclosures, bates labeled by ConocoPhillips as COP 00143.

7. Attached hereto as **Exhibit "F"** is a true and correct copy of an expert report of Russell S. Braasch, E.A. (without exhibits/attachments) that was produced to ConocoPhillips on Plaintiff's behalf, pertaining to the calculation of Plaintiff's damages in the amount of $27,090.00.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2008 in Los Angeles, California.

//s//
_____
Thomas P. Bleau

-2-
DECLARATION OF THOMAS P. BLEAU

# EXHIBIT "A"

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | Case No. 3:07-cv-5627 |
| Plaintiff, | **DEFENDANT AND COUNTER-PLAINTIFF CONOCOPHILLIPS COMPANY'S INITIAL DISCLOSURES** |
| vs. | |
| CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive | Trial Date: February 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Before: Hon. Samuel Conti |
| Defendants. | |

These initial disclosures are made based on information currently known to ConocoPhillips Company ("ConocoPhillips"). Discovery and investigation are ongoing, and ConocoPhillips reserves the right to use at trial such further and additional witnesses, documents and damages information as may become known in the course of ConocoPhillips' investigation and discovery. Subject to the foregoing, ConocoPhillips makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26 and the agreement of the parties.

**I.   WITNESSES**

Defendant and Counter-Plaintiff ConocoPhillips Company may use the following witnesses to support its claims and defenses:

1.  Dan Pellegrino. Mr. Pellegrino is an employee of ConocoPhillips and may be contacted through ConocoPhillips' counsel of record. He may have information regarding

ConocoPhillips' discussions with Plaintiff, the parties' franchise relationship, the franchise agreement that is at issue in this matter, and issues related to ConocoPhillips' counterclaims.

2. Greg Vasquez. Mr. Vasquez is an employee of ConocoPhillips and may be contacted through ConocoPhillips' counsel of record. He may have information regarding the parties' franchise relationship, the franchise agreement that is at issue in this matter and the termination of said agreement.

3. David Nash. Mr. Nash is an employee of ConocoPhillips and may be contacted through ConocoPhillips' counsel of record. He may have information regarding the parties' franchise relationship, the franchise agreement that is at issue in this matter and the termination of said agreement.

4. Jay Rollins. Mr. Rollins is an employee of ConocoPhillips and may be contacted through ConocoPhillips' counsel of record. He may have information regarding ConocoPhillips' discussions with Plaintiff, the franchise agreement that is at issue in this matter, and issues related to ConocoPhillips' counterclaims.

5. Phillip Bonina. Mr. Bonina is an employee of ConocoPhillips and may be contacted through ConocoPhillips' counsel of record. He may have information regarding the franchise agreement that is at issue in this matter, the expiration of ConocoPhillips' underlying property lease of the service station property at issue, ConocoPhillips' efforts to obtain an extension and/or renewal of said underlying property lease, ConocoPhillips' bona fide offer to sell its equipment and improvements at the subject station to Plaintiff, and issues related to ConocoPhillips' counterclaims.

6. Richard Mathews. Mr. Mathews may be contacted through ConocoPhillips' counsel of record. He may have information regarding the franchise agreement that is at issue in this matter, the expiration of ConocoPhillips' underlying property lease of the service station property at issue, ConocoPhillips' efforts to obtain an extension and/or renewal of said underlying property lease, ConocoPhillips' bona fide offer to sell its equipment and improvements at the subject station to Plaintiff, and issues related to ConocoPhillips' counterclaims.

7. John Vidovich, De Anza Properties, 920 West Fremont Avenue, Sunnyvale, California. Mr. Vidovich may have information regarding ConocoPhillips' underlying property lease of the service station property at issue, ConocoPhillips' efforts to obtain an extension and/or renewal of said underlying property lease and Plaintiff's current lease agreement.

8. Carla Wilkey, De Anza Properties, 920 West Fremont Avenue, Sunnyvale, California. Ms. Wilkey may have information regarding ConocoPhillips' underlying property lease of the service station property at issue, ConocoPhillips' efforts to obtain an extension and/or renewal of said underlying property lease and Plaintiff's current lease agreement.

## II. DOCUMENTS

Pursuant to Rule 26(a)(1)(ii) and the agreement of the parties, ConocoPhillips produces herewith all documents it may use to support its claims and defenses, with the exception of documents which either party has already produced, exchanged or submitted as part of a pleading, motion or other paper filed in this action.

## III. DAMAGES

ConocoPhillips will seek compensatory damages reflecting Plaintiff's failure to pay rent for equipment and improvements owned by ConocoPhillips which Plaintiff has wrongfully retained. The appropriate market rent for this property is $4,000 per month. In addition, ConocoPhillips seeks punitive damages, disgorgement of amounts by which Plaintiff has been unjustly enriched and attorneys' fees.

Dated: January 28, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant and
Counter-Plaintiff ConocoPhillips Company

- 3 -
CONOCOPHILLIPS' INITIAL DISCLOSURES

# EXHIBIT "B"

# YAHOO! MAIL

Print - Close Window

**Subject:** FW: FW: Proposed lease extension - COP site #255661 Mt. View, CA
**Date:** Wed, 21 Mar 2007 16:42:31 -0500
**From:** "Mathews, Richard L" <Richard.L.Mathews@conocophillips.com>
**To:** "Carla -De Anza Properties" <carla_dap@yahoo.com>

Carla:

Anything to report?

My management is becoming very disenchanted. Since early in 2006, I have
sent dozens of e-mails and at least two formal letters (just since December, 2006) following your initial requests to express our willingness to stay and under what terms, and not one piece of correspondence has been responded to with anything material, such as what lease terms and what rent you want.

What does ConocoPhillips need to do to get a "response"? Do you want a face to face meeting - then tell me when and where and I will be there. Please, just give me some definitive response to our proposal.

If you do not want ConocoPhillips as a tenant after our current lease expires on 10/31/07, then just please say so and we will move on.

Respectfully,

Dick

-----Original Message-----
From: Carla -De Anza Properties [mailto:carla_dap@yahoo.com]
Sent: Friday, March 09, 2007 3:50 PM
To: Mathews, Richard L
Subject: Re: FW: Proposed lease extension - COP site #255661 Mt. View, CA

Dick:
Confirmed he got your letter, agreed he needed to get this done...will continue Monday.
Carla

--- "Mathews, Richard L"
<Richard.L.Mathews@conocophillips.com> wrote:

> Carla:
>
> Is there any response from you or John to my letter dated 3/1/07 (and
> previous letter dated 12/8/06) forthcoming any time soon?
>
> Sincerely,
>
> -----Original Message-----
> From: Mathews, Richard L
> Sent: Friday, March 09, 2007 10:43 AM
> To: Mathews, Richard L

COP 00013

http://us.f344.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=7603_1083019_55020...   3/21/2007

# EXHIBIT "C"

 

# ConocoPhillips

*Dick Mathews, Real Estate Dept*

April 12, 2007

De Anza Properties
920 West Fremont Avenue
Sunnyvale, CA 94087

Attn:   John Vidovich, Owner

Re:    Ground Lease
       101 East El Camino Real
       Mountain View, CA
       ConocoPhillips Site #255661

Dear Mr. Vidovich:

As you recall one of the conditions you wanted from ConocoPhillips Company ("COP"), in return for extending the ground lease at the above referenced location, was that we agree to make considerable improvements to our facility. To that end, COP has articulated to you in person as well as in written form that we will agree to raze and rebuild the site. In addition, COP presented you with a site plan in late 2006, which you and Ms. Wilkey agreed to. This plan, consisting of a new fuel layout, convenience store and car wash, was designed to work on the property we currently lease from you.

COP has also presented you with a proposal where, in return for a fifteen (15) year ground lease extension (with two (2) additional 5-year options), we would commence with a rental of $13,000 per month and adjust each year pursuant to CPI increases. I have also indicated that the raze and rebuild would require formal approval from the City of Mountain View, which approvals consist of a new conditional use permit ("CUP") and building permit, would take time (and money) to secure. The minimum cost for COP to do a raze/rebuild project at this site would be around $1,800,000, including costs for entitlements. This is not a commitment we take lightly, but we are willing to do this as it will be beneficial for COP, our dealer as well as for your retail center.

I am concerned that we have not had any material response to our good faith effort and proposal sent in December, 2006. I'm further perplexed because we have been a tenant of yours for several years, and I suggest we have been a reasonably good tenant, and COP is a solid company financially. I am more than willing to pursue the entitlements but before we do we need to finalize the basic ground lease extension terms and conditions, as well as rent, in order to ensure the proposed project meets our economic hurdles. I do not think this is an unreasonable position for COP to take. Time, however, is now a real concern as the current ground lease expires on October 31, 2007.

I sincerely would like to know if you are still seriously considering any lease extension with COP. If there is anything COP can do that we have not already done, would you please just let me know what that might be?

Sincerely,

R. L. (Dick) Mathews
Real Estate Manager,
Northern CA

cc:    Carla J. Wilkey

---

76 Broadway, Sacramento, CA 95818
Telephone (916) 558-7607, Fax (916) 558-7696, E-mail: richard.l.mathews@conocophillips.com

COP 00010

EXHIBIT "D"



Dick Mathews
Real Estate Manager

ConocoPhillips Company
76 Broadway
Sacramento, CA 95818
phone 916-558-7607
fax 916-558-7696

September 17, 2007

De Anza Properties
920 West Fremont Avenue
Sunnyvale, CA 94087

Attn:   John Vidovich, Owner

Re:   Ground Lease
      101 East El Camino Real
      Mountain View, CA
      ConocoPhillips Site #255661

Dear Mr. Vidovich:

I am still hopeful that ConocoPhillips Company ("COP") might still have an opportunity to secure a long-term lease with you for the above referenced location. Since there has been no response since your brief letter of May 24th, 2007, however, I appreciate this might not be possible. Please understand we are still interested if you are willing to discuss this issue with COP.

In the meantime, there are notice obligations we must make to our franchise dealer that make it necessary for us to request a short-term extension. To this end, this letter serves as a formal request to extend the expiration date to the ground lease for a period of ninety (90) days, under the same terms and conditions. If you concur, the revised expiration date will be January 31, 2008.

In addition, I would like to also request that the period by which we must raze all improvements following the terms of the lease be extended from 10 days to 30 days.

Timing is of the essence, so may we please have your response to our 90-day extension request by **September 21, 2007**? Should I not hear from you by September 21st, I will take your silence as your unwillingness to extend the lease as requested.

Very truly yours,

R. L. (Dick) Mathews - Contractor
ConocoPhillips Real Estate Department

cc:   Carla J. Wilkey
      Phil Bonina

COP 00132

1-86 S

EXHIBIT "E"

RECEIVED
REAL ESTATE DEPT

MAY 3 0 2007

R.L. MATHEWS

# De Anza Properties

May 24, 2007

R.L. Mathews
Real Estate Manager,
Northern California
CONOCOPHILLIPS
76 Broadway
Sacramento, California 95818

RE: Ground Lease
    101 East El Camino Real
    Mountain View, California
    ConocoPhillips Site #255661

Dear Mr. Mathews:

I apologize for not getting back to you earlier. I know your present lease expires in October of 2007.

At this time we are exploring some alternatives.

Sincerely,

John Vidovich
DE ANZA PROPERTIES
V.O. LIMITED PARTNERSHIP

COP 00143

920 West Fremont Avenue • Sunnyvale, California 94087 • Phone: 408/738-4444

# EXHIBIT "F"

# REPORT OF RUSSELL S. BRASCH, E.A.
## In Houtan Petroleum, Inc. v. ConocoPhillips Company

I. **Professional background**

I was born and raised a fifth generation Californian on the San Francisco peninsula where I attended Sequoia High School and received a Bachelor of Arts from San Jose State University in 1990.

While attending university, I began my own business consulting firm which I operated until joining Whitfield Management Service Inc. in 1989, which is a former E.K Williams accounting office.

I have also been an enrolled agent with the Internal Revenue Service since 1998.

I have been engaged in providing business and tax advice to gasoline service stations since 1989.

Today my firm, Whitfield Management Service, helps over 400 businesses throughout the western United States make informed decisions on every aspect of their day to day business operations. The primary focus of Whitfield's service is providing small to medium sized businesses with concise, accurate and timely financial information. In 2005, the combined sales of businesses utilizing Whitfield Management Service exceeded 1.7 billion dollars. Additionally, our firm and I regularly provide professional training and educational seminars for corporations such as ChevronTexaco, Shell Oil Co., ConocoPhillips as well as independent trade organizations and the Small Business Administration.

Approximately 80% of my practice is devoted to providing accounting service and advice to both wholesale and retail petroleum industry clients.

1

My firm and I are also regularly consulted and testify as expert witnesses by the IRS and other governmental agencies on questions related to taxation and how it affects specific industries.

I am currently an active member of the National Association of Enrolled Agents, the California Association of Enrolled Agents as well as the National Association of Small Business Accountants. I have served as a board member of the Sequoia Union High School District Education Foundation and am a founding member of the Sequoia High School Alumni Association.

I have not authored any publications of note.

I have not testified in a deposition or trial within the last four years.

My standard compensations rates, which also apply to this case, are $250 per hour for consulting, research, analysis, and testimony.

## II.   Scope of assignment

I have been asked to analyze the amount of loss suffered, if any, by Houtan Petroleum, Inc. for five days from November 2, 2007 through November 6, 2007, when its credit card system was turned off and gasoline supply terminated by ConocoPhillips at its station located at 101 E. El Camino Real, Mountain View, California 94040.

In reaching the conclusions set forth in this Report, I have reviewed the following documents:

- Daily Book Analysis printouts from Houtan Petroleum's gasoline station computer system from October 5, 2007 through November 6, 2007, copies of which are included with this Report.

III. Opinions and Analysis

The principles involved in this analysis are standard in the accounting profession.

From November 2, 2007 through November 6, 2007, Houtan Petroleum's average gross daily sales were $10,980.00.

From October 5, 2007 through November 1, 2007, Houtan Petroleum's average gross daily sales were $26,030.00. When the average gross daily sales in the November period are compared to the average gross daily sales in the October period, we see an estimated shortfall in average gross daily sales of $15,050.00. By multiplying this daily average shortfall by five days, we arrive at a total average gross daily loss between November 2, 2007 and November 6, 2007 of $75,250.00.

A review of the above-referenced Daily Book Analysis reveals an estimated average markup of 36%. Thirty-six percent of the $75,250.00 total average gross daily sales yields a total loss in the form of adjusted gross profits of $27,090.00.

This report is subject to revision if more information and/or discovery becomes available at a later date.

Russel S. Brausch, B.A.
January 28, 2008

3