GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com
       jeldredge@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company


BLEAU/FOX, A P.L.C.
THOMAS P. BLEAU, Bar No. 152945
GENNADY L. LEBEDEV, Bar No. 179945
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068
Telephone: (323) 874-8613
Facsimile: (323) 874-1234
Email: bleaushark@aol.com
       glebedev@bleaufox.com

Attorneys for Plaintiff and Counter-Defendant
Houtan Petroleum, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | Case No. 3:07-cv-5627 SC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date: May 9, 2008 |
| CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive | Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti<br>Location: Courtroom 1, 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, California |
| Defendants. | |

Pursuant to the Clerk's Notice of March 20, 2008, Plaintiff Houtan Petroleum, Inc. ("Plaintiff" or "Houtan") and Defendant ConocoPhillips Company ("ConocoPhillips") submit this joint Case Management Statement.

1.  **Summary of Facts**

Houtan formerly operated a Union 76 gas station in Mountain View, California (the "Station") as a ConocoPhillips franchisee for approximately 10 years. ConocoPhillips owns the Union 76 brand and associated intellectual property. ConocoPhillips did not own the Station premises, but leased it from a third-party, V.O. Limited Partners ("V.O. Limited"), pursuant to a lease agreement that expired on October 31, 2007 (the "Master Lease"). ConocoPhillips does own the structures, equipment and improvements at the Station. ConocoPhillips formerly subleased the Station premises (including real property, equipment and improvements) to Houtan.

The parties' penultimate sublease and franchise agreement expired on August 31, 2007. The Master Lease between ConocoPhillips and V.O. Limited was set to expire on October 31, 2007, and ConocoPhillips had no further option or right to renew the Master Lease. ConocoPhillips contends that it advised Houtan of these facts, but that Houtan still wished to enter a new three-year franchise agreement. ConocoPhillips contends that it provided such an agreement to Houtan in May 2007.

The franchise agreement was for a three year term commencing on September 1, 2007, and expiring on August 31, 2010 (the "Franchise Agreement"). ConocoPhillips contends, however, that the Franchise Agreement included a notice of termination pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. section 2801, *et seq.* (the "PMPA"), providing that the Franchise Agreement was thereby terminated effective October 31, 2007. ConocoPhillips contends, and Houtan disputes, that this addendum constituted an effective notice of termination under the PMPA. Houtan executed the Franchise Agreement, including by separately initialing the addendum described above, on July 6, 2007. ConocoPhillips executed the Franchise Agreement on August 6, 2007.

On October 18, 2007, Houtan advised ConocoPhillips that it had entered an agreement to lease the Station premises directly from V.O. Limited, and demanded that ConocoPhillips make a bona fide offer to sell its equipment and improvements at the Station to Houtan. Although ConocoPhillips contends that Houtan's demand was untimely under the PMPA and that

ConocoPhillips was therefore under no legal obligation to make such an offer, ConocoPhillips nevertheless offered to sell its property to Houtan for $340,000. Houtan contends that the terms and conditions of the offer were arbitrary, commercially unreasonable and generally exceeded and failed to approach the fair market value of the improvements and equipment.

Upon expiration of the Master Lease, Houtan leased the Station real property directly from V.O. Limited. Although the Franchise Agreement (including Houtan's lease of ConocoPhillips' equipment and improvements) has terminated, and the Court has denied injunctive relief to prevent such termination, Houtan continues to use ConocoPhillips' equipment and improvements. Houtan has not paid any rent to ConocoPhillips for such use since termination of the Franchise Agreement.

**2.   Legal Issues**

The key legal issue to be decided is whether ConocoPhillips' termination of Houtan's franchise complied with the PMPA. ConocoPhillips contends the Court must determine: 1) whether the franchise termination was timely and for a proper reason under the PMPA; 2) whether ConocoPhillips was obligated to make a bona fide offer to sell its equipment and improvements at the Station to Houtan; and 3) if ConocoPhillips was required to make such an offer, whether ConocoPhillips made an offer that complied with the PMPA (i.e., whether the offer was for a price that approached the fair market value of the equipment and improvements). The parties have addressed these issues in the briefing on ConocoPhillips' motion for summary judgment as well as in the parties' trial briefs and other pretrial filings and motions.

ConocoPhillips' counterclaims seek recovery of its equipment, and damages resulting from Houtan's retention of the property during the period since the Franchise Agreement terminated. ConocoPhillips contends that Houtan's continued possession of the property is unlawful and in defiance of the Court's order denying preliminary injunctive relief. Houtan contends that the Court's denial of the preliminary injunctive relief was not a conclusive finding of the merits of Houtan's claims and did not constitute an authorization for ConocoPhillips to remove its equipment and improvements from the property during the pendency of this action

and that under the PMPA, Houtan is not legally obligated to pay any rent for such equipment and improvements.

### 3. Motions

The following Motions are currently pending before the Court:

| | |
|---|---|
| Docket No. 48: | ConocoPhillips' Motion to Strike Plaintiff's Jury Demand; |
| Docket No. 49: | Houtan's Motion to Dismiss Counterclaims of ConocoPhillips; |
| Docket No. 53: | Houtan's First Motion In Limine To Preclude ConocoPhillips from Introducing Evidence Of Settlement Discussions; |
| Docket No. 54: | ConocoPhillips' First Motion In Limine Re: Exclusion of Evidence or Argument Regarding Propriety of ConocoPhilips' Termination of the Parties Franchise Agreement; |
| Docket No. 55: | ConocoPhillips' Second Motion In Limine Re: Exclusion of Evidence That ConocoPhillips' Offer to Sell Its Equipment And Improvements to Houtan Was Not Bona Fide; |
| Docket No. 56: | ConocoPhillips' Third Motion In Limine Re: Exclusion of Evidence of Lost Profits, Consequential Damages or Other Alleged Actual Damages; |
| Docket No. 57: | ConocoPhillips' Fourth Motion In Limine Re: Exclusion of Lay Opinion and Conclusion Testimony by Plaintiff's Employees; |
| Docket No. 58: | ConocoPhillips' Fifth Motion In Limine Re: Exclusion of References to or Evidence of Size, Profits or Wealth of ConocoPhillips; |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

|   |   |   |
|---|---|---|
| 1 | Docket No. 59: | ConocoPhillips Sixth Motion in Limine Re: Exclusion of Russel S. Braasch; |
| 3 | Docket No. 62: | Houtan's Objection and Motion to Strike Witnesses at Trial For Failure to Comply With Rule 26 Against ConocoPhillips; |
| 6 | Docket No. 94: | ConocoPhillips' Motion for Summary Judgment. |

ConocoPhillips' motion for summary judgment (Docket No. 94) is set for hearing on May 9, 2008, at the time of the Case Management Conference.

**4.  Discovery**

The parties have made initial disclosures and completed the depositions of Ed Haddad and Andrew Plaine. ConocoPhillips has noticed a site inspection at the Station and anticipates additional expert depositions. Houtan contends that given the fact that the case is already fully prepared for trial and Rule 26 expert disclosures have been completed, further discovery should not be allowed.

**5.  Relief**

Houtan seeks damages resulting from ConocoPhillips' termination of the franchise agreement, including lost profits and goodwill value of business based on its cessation of supply of Union 76 branded gasoline and de-branding of the station. Houtan also seeks injunctive relief compelling ConocoPhillips to make a bona fide offer under the PMPA.

ConocoPhillips contends that Houtan, as a matter of law, is not entitled to damages resulting from the franchise termination because: 1) the termination was proper and timely under the PMPA; 2) upon termination Houtan had no right to use the Union 76 trademarks or to purchase fuel from ConocoPhillips; and 3) damages are unavailable under the PMPA where, as here, the franchisee remains in possession of and continues to operate the subject service station during the pendency of the litigation. ConocoPhillips further contends that Houtan is not entitled to injunctive relief requiring a bona fide offer because Houtan waived its right to such an offer. In any event, ConocoPhillips has already made an offer that complied in all respects with the PMPA.

Houtan denies ConocoPhillips' contentions.

### 6. Settlement and ADR

The parties completed a settlement conference before Magistrate Judge Larson. The case did not resolve. ConocoPhillps believes that resolution of ConocoPhillips' motion for summary judgment may be necessary to permit further productive settlement discussions. Houtan believes that ConocoPhillips motion for summary judgment is without merit.

### 7. Narrowing of Issues

ConocoPhillips believes that resolution of ConocoPhillips' motion for summary judgment will dispose of or narrow the issues for trial. Houtan believes that the respective outstanding issues have already been sufficiently addressed in Houtan's Trial Brief (Docket No. 76). The parties will confer in a good faith effort to enter stipulations and expedite the presentation of evidence at trial, if appropriate.

### 8. Scheduling

ConocoPhillips proposes the following schedule:

| | |
|---|---|
| Designation of experts: | May 30, 2008 |
| Rebuttal expert reports: | June 11, 2008 |
| Discovery cutoff: | June 18, 2008 |
| Final pretrial conference: | June 20, 2008 |
| Trial: | June 30, 2008 |

Houtan contends that in light of the fact that the case is fully prepared for trial, proposed jury instructions and exhibit books have been prepared, no further discovery should be allowed.

### 9. Trial:

The parties estimate that a jury trial would last 5-7 days, but if the case is tried to the Court, the parties estimate a 2-4 day trial. These estimates may change, depending on resolution of ConocoPhillips' motion for summary judgment and the parties' motions in limine and other pretrial motions.

ConocoPhillips contends that Houtan is not entitled to damages, and is therefore not entitled to a jury trial, as addressed in ConocoPhillips' motion to strike Plaintiff's jury demand

1  (Docket No. 48) and its third motion in limine (Docket No. 56). Houtan disputes these
2  contentions and has opposed these motions (Docket No. 60 and Docket No. 81).
3
4      Dated: May 2, 2008

                                                  GLYNN & FINLEY, LLP
5                                                 CLEMENT L. GLYNN
                                                  ADAM FRIEDENBERG
6                                                 JONATHAN A. ELDREDGE
7
8                                                 By _____
                                                  Attorneys for Defendant and Counter-
9                                                 Plaintiff ConocoPhillips Company
10
11     Dated: May 2, 2008

                                                  BLEAU/FOX, A P.L.C.
12                                                THOMAS P. BLEAU
                                                  GENNADY L. LEBEDEV
13
14
                                                  By _____
15                                                Attorneys for Plaintiff and Counter-
                                                  Defendant Houtan Petroleum, Inc.
16
17
18
19
20
21
22
23
24
25
26
27
28

- 7 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT