```
 1  GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
 2  ADAM D. FRIEDENBERG, Bar No. 205778
    JONATHAN A. ELDREDGE, Bar No. 238559
 3  One Walnut Creek Center
    100 Pringle Avenue, Suite 500
 4  Walnut Creek, CA 94596
    Telephone: (925) 210-2800
 5  Facsimile: (925) 945-1975
    Email: cglynn@glynnfinley.com
 6         afriedenberg@glynnfinley.com
           jeldredge@glynnfinley.com
 7
    Attorneys for Defendant and Counter-Plaintiff
 8  ConocoPhillips Company
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>    Defendants. | Case No. 3:07-cv-5627<br><br>**DEFENDANT CONOCOPHILLIPS' COMPANY'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      May 9, 2008<br>Time:      10:00 a.m.<br>Courtroom: 1<br>Before:    Hon. Samuel Conti |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") submits the following objections to evidence submitted by Plaintiff Houtan Petroleum, Inc. ("Houtan"), in support of its opposition to ConocoPhillips' motion for summary judgment on Houtan's Complaint.

| EVIDENCE | OBJECTION(S) |
|---|---|
| Declaration of Ed Haddad (submitted as Ex. 1 to Plaintiff's Request for Judicial Notice (Docket No. 98) and referred to herein as "Haddad Decl."), ¶ 4. | Best evidence rule. |
| Haddad Decl., ¶ 13. | Irrelevant. |
| Haddad Decl., ¶ 14. | Irrelevant; lacks foundation. |

DEFENDANT CONOCOPHILLIPS' COMPANY'S OBJECTIONS TO EVIDENCE

| | | |
|---|---|---|
| 1 | Haddad Decl., ¶¶ 15-16. | Irrelevant; lacks foundation; speculation; argumentative. |
| 2 | Haddad Decl., ¶¶ 17-19. | Irrelevant; argumentative. |
| 3 | Haddad Decl., ¶¶ 21-24. | Irrelevant; lacks foundation; speculation; argumentative. |
| 4 | Haddad Decl., ¶¶ 25-27. | Irrelevant; lacks foundation; argumentative. |
| | Exs. B, D and E to Haddad Decl. | Irrelevant. |
| 5-15 | Exs. B-E to the Declaration of Thomas P. Bleau (submitted as Ex. 2 to Plaintiff's Request for Judicial Notice (Docket No. 98) and referred to herein as "Bleau Decl."). | Irrelevant; lacks foundation and authenticating testimony. Plaintiff relies on these documents apparently to support its argument that ConocoPhillips had adequate notice of the expiration of its underlying property lease, such that it was able to provide notice of franchise termination to Houtan that was timely under the PMPA. As shown in ConocoPhillips' moving and reply papers, however, ConocoPhillips did provide timely notice, more than 90 days prior to termination, in the franchise agreement itself. These exhibits are therefore irrelevant to any truly disputed factual issue. Moreover, the documents are not authenticated. Mr. Bleau cannot authenticate correspondence between a ConocoPhillips agent and a third-party. That ConocoPhillips produced these documents in discovery does not obviate competent authenticating testimony. *See, e.g., Orr v. Bank of America*, 285 F.3d 764, 777 (9th Cir. 2002). |
| 16 | Ex. F to Bleau Decl. | Irrelevant; lacks foundation; speculation; argumentative. |
| 17-23 | Declaration of Andrew C. Plaine (submitted as Ex. 3 to Plaintiff's Request for Judicial Notice (Docket No. 98) and referred to herein as "Plaine Decl."), in its entirety. | Irrelevant, immaterial. The Plaine declaration purports to establish the value of ConocoPhillips' equipment and improvements at the subject service station. However, ConocoPhillips' motion for summary judgment addresses only the propriety of ConocoPhillips' termination of Plaintiff's franchise, and whether Plaintiff timely requested, and was therefore legally entitled to, a bona fide offer to purchase ConocoPhillips' equipment and improvements. The value of such property is wholly immaterial to the threshold question of whether Plaintiff had a right under the PMPA to an offer to purchase the property. |
| 24-26 | Plaine Decl., page 1, lines 22-23. | Lacks foundation. Mr. Plaine's conclusory assertion that he has "substantial experience in appraising gasoline station properties, which I am qualified to do" is unsupported by adequate foundation. |
| 27-28 | Plaine Decl., page 1, lines 27-28 and page 2, lines 1-20. | Lacks foundation. Mr. Plaine fails to set forth any basis for his opinion regarding the value of ConocoPhillips' equipment and improvements, but |

- 2 -
DEFENDANT CONOCOPHILLIPS' COMPANY'S OBJECTIONS TO EVIDENCE

| | | |
|---|---|---|
| 1<br>2 | | rather provides only a conclusory assertion of value. The declaration fails even to recite the research, standards and/or methodology used by Mr. Plaine to reach the value he opines. |
| 3<br>4<br>5<br>6 | January 11, 2008 Minute Order (submitted as Exhibit 4 to Plaintiff's Request for Judicial Notice (Docket No. 98) and referred to herein as the "Order"). | Irrelevant, immaterial. This Order has no relevance to the instant motion. The Court's denial of ConocoPhillips' motion to dismiss did not reflect a substantive disposition of the motion, but rather the Court's inclination to set the matter for trial on an expedited basis. |

Dated: May 5, 2008

GLYNN & FINLEY, LLP

By _____
Attorneys for Defendant and
Counter-Plaintiff ConocoPhillips
Company

DEFENDANT CONOCOPHILLIPS' COMPANY'S OBJECTIONS TO EVIDENCE