UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No. 07-5627 SC <br><br> ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND AND DENYING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF CONOCOPHILLIPS COMPANY |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Strike Plaintiff's Jury Demand ("Motion to Strike") filed by the defendant ConocoPhillips Company ("Conoco"), Docket No. 48, and the Motion to Dismiss the Counterclaims of Conoco ("Motion to Dismiss"), filed by the plaintiff Houtan Petroleum, Inc. ("Houtan"). Docket No. 49. Houtan submitted an Opposition and Conoco filed a Reply to the Motion to Strike, Docket Nos. 60, 64, and Conoco submitted an Opposition to the Motion to Dismiss. Docket No. 77. For the following reasons, the Court DENIES Conoco's Motion to Strike and DENIES Houtan's Motion to Dismiss.

///

## II. **BACKGROUND**

For a detailed background, see this Court's prior Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Docket No. 103.

## III. **DISCUSSION**

Having considered the arguments for and against the proposition that Houtan is not entitled to a jury trial, and in light of the fact that no caselaw is directly on point in this matter, the Court finds that the weight in the present action favors a jury trial. This is especially true in light of the fact that Conoco's counterclaims for breach of contract, conversion, and unjust enrichment, if they are in fact viable claims, will require a jury trial.

Furthermore, Houtan's argument that Conoco's counterclaims are preempted by the Petroleum Marketing Protection Act ("PMPA"), 15 U.S.C. § 2801 et seq., is unavailing. The counterclaims do not address the propriety of the franchise termination, and instead are directed towards recovery of damages allegedly incurred by Houtan's continued use of Conoco's equipment and improvements. Of course, these damages may hinge on whether Conoco fulfilled its obligation under the PMPA to make a bona fide offer to sell the equipment and improvements to Houtan upon termination of the franchise agreement. Nonetheless, it is clear that Conoco's counterclaims are not preempted by the PMPA.

///

///

2

## IV.  CONCLUSION

For the foregoing reasons, Conoco's Motion to Strike Plaintiff's Jury Demand is DENIED and Houtan's Motion to Dismiss the Counterclaims of Conoco is DENIED.


IT IS SO ORDERED.


Dated: July 22, 2008

_____
UNITED STATES DISTRICT JUDGE

3