GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No. 3:07-cv-5627 SC<br><br>**CONOCOPHILLIPS COMPANY'S MOTION IN LIMINE NO. 2**<br><br>**RE: ORDER OF PROOF**<br><br>Trial Date:    August 18, 2008<br>Time:         10:00 a.m.<br>Courtroom:    1<br>Before:       Hon. Samuel Conti |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby moves in limine for an order establishing the order of proof for presentation of evidence and argument at trial.

## I. INTRODUCTION

Under the PMPA, it is ConocoPhillips' burden to present evidence that its offer to sell its equipment and improvements to plaintiff was "bona fide" under the PMA. As ConocoPhillips has the burden of proof on this sole remaining issue, it should be permitted to present evidence and argument first and in rebuttal.

## II. ARGUMENT

The Court has already ruled that "[t]he only issue remaining in this case is whether the price at which Conoco offered to sell the equipment and improvements to Houtan was bona fide"

(and, if so, whether Houtan is liable to ConocoPhillips for damages). (Docket No. 103 at 20:3-8.) Under the PMPA, ConocoPhillips has the burden of producing evidence that the termination was proper (i.e., because it made a bona fide offer) under the PMPA. *See* 15 U.S.C. § 2805(c); *see, e.g., Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316 (2d Cir. 2003); *Koylum, Inc. v. Peksen Realty Corp.*, 223 F.Supp. 2d 405, 410 (E.D.N.Y. 2002). In other words, the sole remaining issue for trial is ConocoPhillips' affirmative defense under the PMPA.

Indeed, absent unusual circumstances, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof. *Martin v. Chesebrough-Pond's, inc.*, 614 F.2d 498, 501 (5th Cir. 1980); *Moylan v. Meadow Club, Inc.*, 979 F.2d 1246, 1251 (7th Cir. 1992) (holding that when setting the order of proof at trial, "it is customary for the party bearing the burden of proof to open and close the argument"). As the PMPA imposes the burden of production on ConocoPhillips, there is no basis for the evidence to be effectively taken out of order, which would be the effective result of permitting Plaintiff to present evidence and argument first.

### III. CONCLUSION

ConocoPhillips bears the burden of establishing that its offer was bona fide. Accordingly, ConocoPhillips should be permitted to open and close the case.

Dated: August 8, 2008

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant and Counter-Plaintiff ConocoPhillips Company