1   GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
2   ADAM FRIEDENBERG, Bar No. 205778
    One Walnut Creek Center
3   100 Pringle Avenue, Suite 500
    Walnut Creek, CA 94596
4   Telephone: (925) 210-2800
    Facsimile: (925) 945-1975
5   Email: cglynn@glynnfinley.com
            afriedenberg@glynnfinley.com
6
    Attorneys for Defendant and Counter-Plaintiff
7   ConocoPhillips Company

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11  HOUTAN PETROLEUM, INC.              )   **Case No. 3:07-cv-5627 SC**
                                        )
12                  Plaintiff,          )   **CONOCOPHILLIPS COMPANY'S**
                                        )   **MOTION IN LIMINE NO. 4**
13          vs.                         )
                                        )   **RE: EXCLUSION OF REFERENCES TO**
14  CONOCOPHILLIPS COMPANY, a Texas     )   **OR EVIDENCE OF SIZE, PROFITS OR**
    corporation and DOES 1 through 10,  )   **(1) FUEL OR OIL PRICES, (2)**
15  Inclusive                          )   **REFERENCES TO "BIG OIL," OR (3)**
                                        )   **CONOCOPHILLIPS' WEALTH**
16                  Defendants.         )
                                        )   **Trial Date:      August 18, 2008**
17  ————————————————————————           )   **Time:            10:00 a.m.**
                                            **Courtroom:       1**
18                                          **Before:          Hon. Samuel Conti**

19

20          Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby

21  moves in limine for an order excluding presentation to the jury of any argument or evidence of:

22  1) fuel or oil prices; 2) references to "Big Oil;" or 3) evidence of ConocoPhillips' size, profits

23  and wealth.

24  **I .    INTRODUCTION**

25          This case is about whether ConocoPhillips made a bona fide offer under the PMA.

26  ConocoPhillips' size, profits, wealth or business relationships are entirely irrelevant. The prices

27  of oil, gasoline, or other fuels are likewise not pertinent.  Though much in the news, these

28  matters have no bearing on this dispute.  Such information has no purpose other than to fan the

1   flames of prejudice against ConocoPhillips at a time when the public is highly concerned about

2   pump prices.

3   **II.    ARGUMENT**

4        ConocoPhillips is an international company.  It is the third-largest integrated energy

5   company in the United States, based on market capitalization and oil and natural gas proved

6   reserves and production; and the second-largest refiner in the United States. ConocoPhillips

7   operates in more than 40 countries and has approximately 33,100 employees worldwide and

8   assets of $190 billion.  Houtan Petroleum, Inc., on the other hand, is a much smaller, local

9   business.

10       Evidence of a party's wealth is irrelevant to the issue of liability.  "It has been widely held

11  by the courts that have considered the problem that the financial standing of the defendant is

12  inadmissible as evidence in determining the amount of compensatory damages to be awarded."

13  *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Such evidence "injects

14  into the damage determination a foreign, diverting and distracting issue which may effectuate a

15  prejudicial result."  *Id.*

16       Moreover, the PMPA explicitly provides that a claim for punitive damages under the

17  PMPA is determined by the Court, not a jury.  15 U.S.C. § 2805(d)(2).  Thus, in the event any

18  portion of the case is tried to a jury, it would be improper to discuss ConocoPhillips' size, profits,

19  or wealth in the presence of the jury.  Such information is highly prejudicial and has no probative

20  value to any issue to be determined by the jury.

21       ConocoPhillips' profits and wealth are therefore completely irrelevant.  Such evidence, or

22  general references to "Big Oil" or fuel prices would serve no purpose other than to mislead

23  and/or confuse the issues and unfairly prejudice ConocoPhillips in the eyes of the jury.  The

24  Court's order in limine excluding such evidence is therefore appropriate.[1]

25  _____

26  [1] Plaintiff's revenues, pricing, margins and/or profits during the time he has operated the station
    using ConocoPhillips' equipment and improvements, but without paying rent or having any
27  contractual or other right to keep such property, may be relevant to ConocoPhillips' damages and
    other remedies available on ConocoPhillips' counterclaims.  Likewise, Plaintiff's post-
28  termination operations and revenues may be relevant to ConocoPhillips' defenses to Plaintiff's
    claims.  This motion, of course, does not address such evidence, which ConocoPhillips reserves
    the right to present, as appropriate.

1   **III.     CONCLUSION**

2          For the above reasons, ConocoPhillips respectfully requests that the Court issue an order

3   prohibiting references by Plaintiff, or its witnesses, to:  1) fuel or oil prices; 2) references to "Big

4   Oil;" or 3) evidence of ConocoPhillips' size, profits and wealth.

5          Dated:  August  8 , 2008

6                                                    GLYNN & FINLEY, LLP
                                                     CLEMENT L. GLYNN
7                                                    ADAM FRIEDENBERG
                                                     One Walnut Creek Center
8                                                    100 Pringle Avenue, Suite 500
                                                     Walnut Creek, CA  94596

9

10                                         By _____

11                                                    Attorneys for Defendant and Counter-
                                                      Plaintiff ConocoPhillips Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONOCOPHILLIPS' MIL NO. 4: TO EXCLUDE REFERENCES TO CONOCOPHILLIPS' WEALTH