```
GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive<br><br>Defendants. | Case No. 3:07-cv-5627 SC<br><br>**CONOCOPHILLIPS' PROPOSED SPECIAL VERDICT FORM**<br><br>Trial Date:  August 18, 2008<br>Time:        10:00 a.m.<br>Courtroom:   1<br>Before:      Hon. Samuel Conti |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby proposes the following Special Verdict Form.[1]

Dated: August 8, 2008

                                                GLYNN & FINLEY, LLP
                                                CLEMENT L. GLYNN
                                                ADAM FRIEDENBERG

By /s/ Clement L. Glynn
Attorneys for Defendant and Counter-Plaintiff ConocoPhillips Company

---

[1] The parties have worked together in an attempt to submit a proposed special verdict form. The parties were unable to reach agreement on all sections of the form of verdict and ConocoPhillips therefore submits this proposed form for the Court's consideration.

- 1 -

CONOCOPHILLIPS' PROPOSED SPECIAL VERDICT FORM

**Special Verdict Form**

Do you find from a preponderance of the evidence:

1. That defendant and counter-plaintiff ConocoPhillips Company ("ConocoPhillips") has proven that its offer to sell its equipment and improvements to plaintiff and counter-defendant Houtan Petroleum, Inc. ("Houtan") was "bona fide"?

    Answer Yes or No: _____

    Proceed to Question No. 2.

2. That Houtan breached its contract with ConocoPhillips by refusing to permit ConocoPhillips to remove its equipment and improvements from Houtan's service station after termination of the parties' franchise agreement?

    Answer Yes or No: _____

    Proceed to Question No. 3.

3. That Houtan has committed a conversion by refusing to permit ConocoPhillips to remove its equipment and improvements after termination of the parties' franchise agreement?

    Answer Yes or No: _____

    If you answered "Yes" to Question No. 2 or 3, proceed to Question No. 4.

    If you answered "No" to Question No. 2 and 3, skip Question Nos. 4 and 5 and proceed to Question No. 6.

4. That ConocoPhillips was monetarily damaged as a result of Houtan's failure to permit ConocoPhillips to remove its equipment and improvements after the parties' franchise agreement terminated?

    Answer Yes or No: _____

    If you answered "Yes" to Question No. 4, proceed to Question No. 5.

    If you answered "No" to Question No. 4, skip Question No. 5 and proceed to Question No. 6.

5. What do you find to be the monthly fair market rental value of ConocoPhillips' equipment and improvements that ConocoPhillips should be awarded as its damages as a result of

Houtan Petroleum's failure to permit ConocoPhillips to remove its equipment and improvements?

   Answer with a dollar amount: $_____

   Proceed to Question No. 6.

6. Was Houtan Petroleum unjustly enriched by retaining control and possession of ConocoPhillips' equipment and improvements after termination of the parties' franchise agreement?

   Answer Yes or No _____

   If you answered "Yes" to Question No. 6 proceed to Question No. 7.

   If you answered "No" to Question No. 6, skip Question No. 7 and proceed to Question No. 8.

7. What profits did Houtan Petroleum receive as a result of its use of ConocoPhillips' equipment and improvements since the termination of the parties' franchise agreement?

   Answer with a dollar amount: $_____

   Proceed to Question No. 8 only if you answered "Yes" to Question No. 3, above.

   If you answered "No" to Question No. 3, skip Question Nos. 8 and 9 and have your foreperson sign and date this form below.

Do you find by clear and convincing evidence:

8. That Houtan acted with malice, fraud or oppression, or willfully or with reckless disregard of ConocoPhillips' rights, by refusing to allow ConocoPhillips to remove its equipment and improvements following termination of the parties franchise agreement?

   If you answered "Yes" to Question No. 8, proceed to Question No. 9.

   If you answered "No" to Question No. 8, skip Question No. 9 and have your foreperson sign and date this form below.

/ / /
/ / /
/ / /
/ / /

- 3 -

1  9.  What do you find to be the amount of punitive damages that ConocoPhillips should be awarded as a result of Houtan Petroleum's conversion of ConocoPhillips' equipment and improvements?

Answer with a dollar amount: $_____

Date: August ___, 2008

_____
Foreperson