Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone    :  (323) 874-8613
Facsimile    :  (323) 874-1234
e-mail:       bleaushark@aol.com
e-mail:       glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>            Plaintiff,<br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas Corporation   and  DOES  1  through  10, Inclusive<br><br>            Defendants.<br>_____ | CASE NO.  07-CV-5627 SC<br><br>**PLAINTFF/CROSS-DEFENDANT, HOUTAN PETROLEUM, INC.'S, MOTION IN LIMINE NO. 1 TO EXCLUDE THE TESTIMONY OF JEFF M. KEY AT TRIAL**<br>**[FED RULES CIV. PROC., RULE 37(C)(1)]**<br><br>Trial Date:    August 18, 2008<br>Time:           10:00 a.m.<br>Courtroom:   1<br>Before:         Hon. Samuel Conti<br><br>**Accompanying Document:**<br><br>**Declaration of Gennady L. Lebedev** |

Plaintiff/Cross-Defendant, Houtan Petroleum, Inc. ("Houtan"), hereby moves in limine for an order excluding the testimony by Jeff M. Key and any other expert who has not bee properly designated because of Defendant/Cross-Complainant, ConocoPhillips Company's ("ConocoPhillips") failure to timely designate such expert witnesses as required by Federal *Rules of Civil Procedure*, Rule 26(a).

**I.    SUMMARY OF ARGUMENT**

On July 31, 2008, Defendant/Cross-Complainant, ConocoPhillips Company ("ConocoPhillips") designated, for the first time, Jeff M. Key as its expert witness "regarding ConocoPhillips' bona fide offer to sell its equipment and improvements to Plaintiff and the fair market value of those equipment and improvements." (Lebedev Decl., ¶9, Exh. "H").  Mr. Key

was not identified in any discovery responses from ConocoPhillips, nor was he designated as an expert witness in any of its disclosures pursuant to Rule 26. The first time that Mr. Key was identified as an expert witness in this case was in an e-mail from ConocoPhillips' counsel on July 31, 2008. To even further prejudice Houtan's trial preparation, ConocoPhillips failed to provide any expert report from Mr. Key in violation of Rule 26, until August 8, 2008.

Given this extremely belated designation, Jeff M. Key should be precluded from offering any expert testimony at trial in this matter.

## II. BACKGROUND

On January 11, 2008, this Court issued an Order Re: Jury Trial Preparation For Judge Samuel Conti. The Order indicated that "any expert testimony shall strictly comply with FRCP Rule 26(a)." (Order entered January 11, 2008, Docket No. 44, p.2, ¶(5)(c)).

Due to the condensed schedule arising out of the trial set by this Court for February 11, 2008, counsel for ConocoPhillips requested and Houtan's counsel agreed that the parties would exchange their respective Expert Witness disclosures and reports under Rule 26 on Monday, January 28, 2008. The parties also agreed that, with respect to appraiser experts "a complete appraisal report shall be sufficient to satisfy the requirements of Rule 26(a)(2)(B)(i)-(iii)." (Lebedev Decl., ¶¶ 2, 3, Exh. "A," "B").

On January 28, 2008, ConocoPhillips designated Peter Morrison as its expert witness pertaining to the value of its equipment and improvements but failed to serve a copy of a "complete appraisal report" as previously agreed and as required by Rule 26. (Lebedev Decl., ¶¶ 4, 6 Exh. "C," "E").

Moreover, on January 30, 2008, counsel for ConocoPhillips sent a belated e-mail indicating that ConocoPhillips would be adding two witnesses to its Rule 26 disclosures, (1) Sandy Matthews, a ConocoPhillips employee, as a fact witness and (2) Robert W. Wintz of Valuation Research Corporation, as an expert witness. (Lebedev Decl., ¶9, Exh. "F").

On January 31, 2008, Houtan filed an Objection and Motion to Strike ConocoPhillips' newly designated witnesses. (Docket No. 62 & 63). On February 4, 2008, ConocoPhillips filed its Opposition to Houtan's Motion. (Docket No. 78). In conclusion ConocoPhillips argued:

1  Here, ConocoPhillips has gone beyond what is required by the Rules and this
2  Court's orders, and **has disclosed all witnesses and documents** of which it is
3  currently aware.  No cause exists for exclusion of ConocoPhillips' witnesses,
4  particularly its expert witnesses, a sanction that, given the nature of the action,
5  would be equivalent of entering ConocoPhillips' default. (Docket No. 78, p. 3 of
6  57, ln.17-21, emphasis added).

7  Yet, despite having pledged to this Court that it has disclosed all witnesses, ConocoPhillips is once again designating a completely new expert witness, Jeff M. Key, without any expert report, just days before trial.  To make things worse, ConocoPhillips failed to provide any expert report from Mr. Key pursuant to Rule 26, until just 10 days before trial on August 8, 2008.  In addition to being highly prejudicial, such behavior should not be tolerated.

### III.   LEGAL ARGUMENT

Under Rule 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not, unless such failure is harmless, permitted to use as evidence at a trial... any witness or information not so disclosed**." *Fed. R. Civ. P.* 37(c)(1) (emphasis added).  This exclusion sanction is "mandatory" and "automatic," unless ConocoPhillips can show its failure to disclose was justifiable or harmless.  *See, e.g. Finley v. Marathon Oil Co.* 75 F.3d 1225, 1230 (7th Cir. 1996); *accord Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003) (affirming exclusion of key document that was not produced prior to discovery cutoff because the defendant did not proffer a "substantial justification' for not disclosing this document"); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming exclusion of expert testimony because expert report was submitted 45 days late); *Fed. R. Civ. P.* 37, 1993 Adv. Comm. Note ("Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(3)(1).  This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence...").

Here, ConocoPhillips cannot show that its failure to designate Jeff M. Key as an expert

1  witness along with his Rule 26 expert report in a timely manner was justified or harmless.

2      The two exceptions to Rule 37's rule of mandatory exclusion (substantial justification and

3  harmlessness) were included in the Rule to address situations strikingly unlike the one at bar:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.
> *Fed R. Civ. P.* 37, 1993 Adv. Comm. Note.

8      It is clear from the e-mails of ConocoPhillips' counsel, Adam Friedenberg, that ConocoPhillips did not "inadvertently" omit the name of its proposed expert witness or failed to provide a copy of complete appraisal reports. Rather, it either willfully refused to provide the information as a litigation tactic or willfully delayed in attempting to discover the witness itself. This conclusion is supported by ConocoPhillips' previous representation to this Court that it "has gone beyond what is required by the Rules and this Court's orders, and has disclosed all witnesses and documents of which it is currently aware." (Docket No. 78, p. 3 of 57, ln.17-21).

15      In any event, there is no justification for ConocoPhillips' violations, let alone "substantial" justification. *See Finley, supra,* 75 F.3d at 1230 (affirming preclusion where only justification for delayed disclosure was that plaintiff was "tardy in seeking the data from [a] third party").

18      If ConocoPhillips were permitted to call expert witnesses whom it has not either identified or provided expert reports in a timely manner, Houtan would be unfairly and irreparably prejudiced. The purpose of Rule 26(a) is to allow opposing parties to adequately take discovery of witnesses on whom parties intend to rely. ConocoPhillips' failure to timely identify and produce reports has prevented Houtan from questioning those witnesses prior to trial, taking further discovery based on information provided by the witnesses and to have Houtan Petroleum's own witnesses be prepared to respond to the contentions and opinions put forth by such witnesses. *See, e.g., Thompson v. International Ass'n of Machinists and Aerospace Workers*, 614 F.SUpp. 1002, 1011 (D.D.C. 1985) (precluding testimony from three witnesses listed on witness list because the witnesses were not identified in response to interrogatory); *Minnkota Power Co-op., Inc. v. Manitowoc Co., Inc.* 669 F.2d 525, 528 (8th Cir. 1982) (affirming preclusion of expert

1  testimony where supplemental interrogatory response identifying substance of expert's testimony
2  was served three months after discovery cutoff); *Ferrara v. Balistreri & DiMaio, Inc.* 105 F.R.D.
3  147 150 (D.Mass. 1985) (precluding party from calling experts regarding whom adequate
4  discovery responses and supplemental responses were not made: "Counsel may not postpone
5  supplementation indefinitely by delaying the retaining of experts and expect that he will be able to
6  supplement at the last possible moment before trial is to start.").

7  ConocoPhillips is expected to argue that it was somehow justified in failing to disclose the
8  expert sooner because it has yet to coordinate an inspection of the subject property. However,
9  although, under the right circumstances a failure to inspect the property may be an excuse to
10 completing some portions of a report, it certainly does <u>not</u> excuse ConocoPhillips from
11 identifying the expert earlier in the case. Regardless, there was nothing stopping ConocoPhillips
12 from requesting and conducting an inspection in the regular course of discovery long ago.
13 Moreover, on March 28, 2008, counsel for ConocoPhillips wrote (regarding inspection of the
14 subject premises):

> The consultant would be on valuation issues, **either a previously disclosed expert or an additional retained consultant**. At this point, I do not know the specific individual who will attend, though I am agreeable to providing the names of all attendees at a reasonable time prior to the inspection.
>
> I understand that you have moved to exclude experts, and obviously the Court may address that motion at an appropriate time. We disagree that there is any basis for exclusion, particularly given the absence of any prejudice and **ample time you had and now have to conduct any necessary discovery**... (Lebedev Decl., ¶8, Exh. "G").

25 Thus, ConocoPhillips waited four (4) months from March 28, 2008 until July 31, 2008 to
26 disclose this new expert and did not provide any report from such expert until just 10 days before
27 trial on August 8, 2008. With the trial date, set for August 18, 2008, there is insufficient time to,
28 depose the expert, obtain a deposition transcript, and have Plaintiff's expert review the report and

1  deposition transcript, without prejudicing Plaintiff's trial preparation efforts.  Thus, it is wholly
2  unreasonable and unconscionable for ConocoPhillips to designate a completely new expert at this
3  late date, merely 18 days before trial.  Consequently, the testimony of Mr. Key should be
4  completely excluded from trial. (Lebedev Decl., ¶¶ 9, 10).

**IV.   CONCLUSION**

This is precisely the type of situation for which Rule 37's rule of automatic preclusion was adopted.  *See Fed. R. Civ. P.* §37, 1993 Adv. Comm. Note ("Paragraph (1) prevents a party from using as evidence any witness or information that, without substantial justificiaotion, has not been disclosed as required by Rules 26(a) and 26(e)(1).  This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence...").  Although ConocoPhillips may argue that exclusion of such expert and report would be detrimental to its case, it can nevertheless simply rely on its original appraisal report and original expert witness designation.  Moreover, it's designation of a brand new expert at the eleventh hour without any explanation or justification is its own doing.  The Court should therefore grant Houtan's instant motion in limine  to exclude the testimony of the newly designated expert, Jeff M. Key at trial, or any other expert witness who has not been properly designated to date.

                                    Respectfully submitted,

Dated: August 8, 2008                BLEAU / FOX, A P.L.C.

                                //s//
                          By: _____
                              Thomas P. Bleau, Esq.
                              Gennady L. Lebedev, Esq.
                              Attorneys for Plaintiff
                              Houtan Petroleum, Inc.