Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone  : (323) 874-8613
Facsimile  : (323) 874-1234
e-mail:    bleaushark@aol.com
e-mail:    glebedev@bleaufox.com

Attorneys for Plaintiff,
HOUTAN PETROLEUM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOUTAN PETROLEUM, INC.<br><br>　　　　　Plaintiff,<br>vs.<br><br>CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive<br><br>　　　　　Defendants. | CASE NO. 07-CV-5627 SC<br><br>**PLAINTFF/CROSS-DEFENDANT, HOUTAN PETROLEUM, INC.'S, MOTION IN LIMINE NO. 2 TO EXCLUDE ANY COMPUTATION OF DAMAGES BASED ON DISGORGEMENT OF PROFITS OR PUNITIVE DAMAGES AND TO EXCLUDE CALCULATIONS OF DAMAGES IN EXCESS OF $4,000 MONTHLY RENT AT TRIAL [FED RULES CIV. PROC., RULE 37(C)(1)]**<br><br>Trial Date:　August 18, 2008<br>Time:　　　10:00 a.m.<br>Courtroom:　1<br>Before:　　Hon. Samuel Conti<br><br>**Accompanying Document:**<br><br>**Declaration of Gennady L. Lebedev** |

　　　　Plaintiff/Cross-Defendant, Houtan Petroleum, Inc. ("Houtan"), hereby moves in limine for an order precluding Defendant/Cross-Complainant, ConocoPhillips Company ("ConocoPhillips") from introducing any computation of (1) Houtan's profits, (2) punitive damages and (3) compensatory damages in excess of $4,000 monthly rental value.

**I.　　FACTS**

　　　　ConocoPhillips filed a cross-compliant for breach of contract, conversion and unjust enrichment. On January 28, 2008, ConocoPhillips served Houtan with its initial disclosures pursuant to Federal Rules of Civil Procedure, rule 26(a)(1). In the "Damages" section of the

-1-

disclosure, ConcoPhillips stated the following:

> ConocoPhillips will seek compensatory damages reflecting Plaintiff's failure to pay rent for equipment and improvements owned by ConocoPhillips which Plaintiff has wrongfully retained. The appropriate market rent for this property is $4,000 per month. In addition ConocoPhillips seeks punitive damages, disgorgement of amounts by which Plaintiff has been unjustly enriched and attorneys' fees. (Lebedev Decl., Exh. "D").

ConocoPhillips never supplemented this disclosure and never quantified the amount of damages that it seeks other than what is contained in this initial disclosure.

## II.    ARGUMENT

### A.    This Court Should Exclude Evidence Related To Alleged Damages Because Of ConocoPhillips' Failure to Disclose Computations of Damages And Supporting Evidence As Required By Federal Rules of Civil Procedure

Under the Federal Rules of Civil Procedure, because ConocoPhillips has failed to provide the required computation of damages claimed (aside from the $4,000 monthly rent computation) it may not use such evidence at trial. Rule 26(a)(1) requires that:

> a party must, *without awaiting a discovery request*, provide to other parties: (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged from disclosure, on which such computation is based, including such materials bearing on the nature and extent of injuries suffered. Emphasis added.

Federal Rules of Civil Procedure, Rule 37(c)(1), provides:

> a party that without substantial justification fails to disclose information required by Rule 26(a)... is not, unless such failure is harmless, permitted to use as evidence at trial... any information not so disclosed.

Thus, if a party fails to disclose any of the information required to be voluntarily disclosed under Rule 26(a), such as a computation of damages and the supporting damages, that information is properly excluded from being presented at trial if the failure to have such evidence has harmed the other party.

Failure to disclose computation of damages an supporting documents does harm Houtan.

For example, in a case where plaintiff had failed to provide a computation of damage, the Court stated:

> the plaintiff's failure to provide any information whatsoever about he computation of his damages is harmful to the defendants, as they have no way to defend against plaintiff's damages claims. As a result, plaintiff would be precluded from introducing such evidence at trial.

*Colombini v. Members of the Board of Directors of the Empire College School of Law*, 2001 U.S. Dist. LEXIS 13405, 25 (N. Cal. 2001), affirm'd by *Colombini v. Members of the Bd. Of Dirs.*, 2003 U.S. App. LEXIS 6750 (9th Cir. Cal., April 7, 2003). In that case, the court granted summary judgment on damages because the plaintiff could show no damages at trial. *Id.* at 26. Therefore, failure to provide a computation of damages and supporting information is harmful to Houtan requiring the exclusion of such evidence from trial pursuant to Federal Rules of Civil Procedure, rule 37(c)(1).

Likewise, ConocoPhillips in the instant case has failed to disclose any computation regarding any category of damages alleged in this lawsuit (except for the $4,000 monthly rental value estimate) as required by Federal Rules of Civil Procedure, rule 26a(1)(C). Therefore, in this case as in *Colombini*, Houtan is harmed because it is unable to defend against ConocoPhillips' claims for damages.

**B.     This Court Should Exclude Evidence Related To Disgorgement Of Profits And Punitive Damages Because They Are Not Recoverable Under The Facts Of This Case.**

If ConocoPhillips fails to prove that its offer to Houtan was "bona fide" under the PMPA, then it necessarily failed to comply with the PMPA. In that case, ConocoPhillips could not rightly claim that Houtan either breached any contract or converted its property by failing to allow its removal because Houtan's continued possession of the property would have been **lawful** and in full accordance with the purpose and intent of the PMPA.

However, even if ConocoPhillips is successful in proving that its offer was "bona fide," it should be precluded from recovering any damages from Plaintiff.

As the Court already found, under the PMPA, ConocoPhillips is required to make a bona

fide offer as a condition precedent to its rights vis a vis the property. If ConocoPhillips is found to have satisfied such requirement, Plaintiff will have the opportunity to purchase the equipment and improvements at the offered price of $340,000. If, however, Plaintiff prevails on the merits, ConocoPhillips will be found to have failed to comply with the PMPA and would therefore not be entitled to collect any rental value for its equipment and improvements, which it was required to offer for a price that approaches fair market value. Instead, ConocoPhillips will be required to make another offer to Plaintiff for a price that does approach fair market value. Only if Plaintiff eventually rejects a bona fide offer from ConocoPhillips to sell the items for a price that approaches fair market value will ConocoPhillips have the right to remove its items.

There is no law that can be cited by ConocoPhillips to support a claim for disgorgement of profits under a theory of breach of contract. Moreover, there is nothing in any contract between ConocoPhillips and Houtan that allows for any damages as a result of ConocoPhillips' inability to remove its equipment and improvements from the premises.

Likewise, the proper measure of damages on a claim for conversion is the value of the property itself. California *Civil* Code §3336; Myers *v. Stephens* 233 Cal.App.2d 104, 116 (1965) ("Although the first part of section 336 appears to provide for alternative measures of recover, the first of the two measures, namely the value of the property converted at the time and place of conversion with interest from that time, is generally considered to be the appropriate measure of damages in a conversion action. The determination of damages under the alternative provision is resorted to only where the determination on the basis of value at the time of conversion would be manifestly unjust."). Thus, if successful on its claim for conversion, the only appropriate measure of damages would be the fair market rental value of the equipment and improvements to a maximum monthly amount of $4,000, as already plead by ConocoPhillips in its initial Rule 26 disclosure. (Lebedev Decl., Exh. D).

### III.  CONCLUSION

Based on the foregoing, the Court should grant Houtan's instant motion in limine to exclude and/or limit computation of damages by ConocoPhillips at trial.

Respectfully submitted,

| | | |
|---|---|---|
| 1 | Dated: August 8, 2008 | BLEAU / FOX, A P.L.C. |
| 2 | | //s// |
| 3 | | By: _____ |
| | | Thomas P. Bleau, Esq. |
| | | Gennady L. Lebedev, Esq. |
| 4 | | Attorneys for Plaintiff |
| | | Houtan Petroleum, Inc. |

-5-
Houtan Petroleum, Inc.'s Motion In Limine To Exclude Computation of Damages