**JURY INSTRUCTION NO. \_\_\_\_**

**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. _____**

**DUTY OF JURY (END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. \_\_\_\_**

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. ____

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## JURY INSTRUCTION NO. ____

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. _____**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. ____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. \_\_\_\_**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. ____**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

## JURY INSTRUCTION NO. ____

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**JURY INSTRUCTION NO. ____**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## JURY INSTRUCTION NO. ____

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. ____**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. _____**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. ____**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. ____

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. ____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. ____**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. ____**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTION NO. ____**

**LIABILITY OF CORPORATIONS - SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**JURY INSTRUCTION NO. ____**

**DAMAGES - PROOF**


It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for ConocoPhillips Company, you must determine its damages. [ConocoPhillips] has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate [ConocoPhillips] for any loss you find was caused by Houtan Petroleum.

* * *

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. ____**

Party Having Power To Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**JURY INSTRUCTION NO. _____**

Failure to Deny or Explain Adverse Evidence

In determining what inferences to draw from the evidence you may consider, among other things, a party's failure to explain or to deny such evidence.

**JURY INSTRUCTION NO. ____**

Experts-Questions Containing Assumed Facts

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**JURY INSTRUCTION NO. ____**

Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**JURY INSTRUCTION NO. ____**

Jury Not to Take Cue from Judge

I have not intended by anything I have said or done, or by any questions that I have asked, to suggest how you should decide any questions of fact, or that I believe or disbelieve any witness.

If anything I have done or said has seemed so to indicate, you must disregard it and form your own opinion.

**JURY INSTRUCTION NO. ____**

All Instructions Not Necessarily Applicable

The purpose of the court's instructions is to instruct you as to the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Even though I have instructed you on various subjects, including damages, you must not treat the instructions as indicating the court's opinion on how you should decide any issue in this case or as to which party is entitled to your verdict.

**JURY INSTRUCTION NO. ____**

Predeliberation Instructions

When you go to the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors.  Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury.  Feel free to change your mind if you are convinced that your position should be different.  You should all try to agree.  But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations.  Also, do not immediately announce how you plan to vote.  Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case.  Your training or experience is not a part of the evidence received in this case.

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony.  If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you.  Also, jurors may need further explanation about the laws that apply to the case.  If this happens during your discussions, write down your questions and give them to the [clerk/bailiff/court attendant].  I will do my best to answer them.  When you write me a note, do not tell me how you voted on an issue until I ask for this information in open court.

All of you must agree on each verdict and on each question that you are asked to answer.  As soon as you have agreed on a verdict and answered all the questions as instructed, the presiding juror must date and sign the form(s) and notify the [clerk/bailiff/court attendant].

Your decision must be based on your personal evaluation of the evidence presented in the case.  Each of you may be asked in open court how you voted on each question.

While I know you would not do this, I am required to advise you that you must not base your decision on chance, such as a flip of a coin.  If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

**JURY INSTRUCTION NO. _____**


**"Nature of Claim"**


This is an action under the Petroleum Marketing Practices Act ("Act").  The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's provisions.  The purposes of the Act are to provide protection for franchisees from arbitrary or discriminatory termination of their franchises, and also to provide uniform rules for both franchisors and franchisees.


Plaintiff, Houtan Petroleum, Inc., claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide." Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide".

**JURY INSTRUCTION NO. ___**

**"Determining a Bona Fide Offer"**

Under the PMPA (the "Act"), whether ConocoPhillips Company made a bona fide offer the terms of the offer must be objectively reasonable. In the present case, to be objectively reasonable, the offer must "approach the fair market value" of the equipment and improvements being offered for sale, but need not be the actual fair market value of the property. A range of prices may reasonably "approach fair market value."

## JURY INSTRUCTION NO. ____

### "Fair Market Value"

**Plaintiff proposes the following instruction because ConocoPhillips has already agreed to it in the parties prior joint submission [Docket No. 73-2, p.57]. ConocoPhillips' new proposed language improperly pre-determines the finding that a 20 percent difference between appraisals is acceptable. This is not conclusively determined in law. The trier of fact ultimately should decide questions re: value.**

Whether a bona fide offer has been made is measured by an objective market standard. To be objectively reasonable, an offer must approach fair market value.

In general, the "fair market value" of the equipment and improvements at the subject service station should reflect what a willing purchaser would pay for that property. The offering price need not be the actual fair market value of the property. The fair market value is a flexible concept and a range of prices may have a reasonable claim to being (i.e., approaching) fair market value.

**ConocoPhillips objects to this instruction on the grounds that the first paragraphs is redundant and duplicative of a prior instruction and the final paragraph fails to include essential instructions with respect to fair market value. ConocoPhillips proposes the following alternative instruction:**

In general, the "fair market value" of the equipment and improvements at the subject service station should reflect what a willing purchaser would pay for that property. The offering price need not be the actual fair market value of the property. The fair market value is a flexible concept and a range of prices may have a reasonable claim to being (i.e., approaching) fair market value. A difference of 20 percent or more may separate competent appraisals, and thus ConocoPhillips ' offer may be more than 20 percent greater than the actual fair market value of the property and still approach fair market value.

**JURY INSTRUCTION NO. ____**

**"Conversion"**

In this case, ConocoPhillips asserts a claim of "conversion" against Houtan Petroleum.

The basis for a claim of conversion is one party's alleged hostile act of dominion or control over a specific chattel to which the other party has the right of immediate possession.

In order to prevail on its claim of conversion, ConocoPhillips must prove:

1.  Its ownership or immediate right to possession of the property in question;

2.  That Houtan Petroleum wrongfully interfered with ConocoPhillips' regaining possession of the property;

3.  That ConocoPhillips was harmed as a result of Houtan Petroleum's alleged interference with ConocoPhillips' possession of the property.

**JURY INSTRUCTION NO. ____**

**"Unjust Enrichment"**

ConocoPhillips also asserts a claim for "unjust enrichment" against Houtan Petroleum.

The basis for a claim of "unjust enrichment" is the equitable principle that "a person should not be allowed to enrich himself at the expense of another." Unjust enrichment "presupposes the acceptance and retention of a benefit by one party with full appreciation of the facts, under circumstances making it inequitable for the benefit to be retained without payment of the reasonable value thereof."

In order to prevail on its claim of unjust enrichment, ConocoPhillips must prove:

1. That Houtan Petroleum received a benefit from the use of ConocoPhillips' property and

2. That Houtan Petroleum unjustly obtained that benefit at ConocoPhillips' expense.

<u>JURY INSTRUCTION NO.</u>

### Breach of Contract

**Plaintiff proposes the following instruction because ConocoPhillips has already agreed to it in a prior submission to the Court [Docket No. 73-2, p.64] and because item no. 3 is necessary because Houtan cannot be found to have breached the contract if ConocoPhillips had not complied with the PMPA, as the PMPA is made part of the franchise agreement:**

ConocoPhillips claims that it and Houtan Petroleum entered into a contract in the form of a franchise agreement for supply and delivery of gasoline and sublease of the land, equipment and improvements on which the subject gas station is located. ConocoPhillips claims that Houtan Petroleum breached this contract when it prevented ConocoPhillips from removing its equipment and improvements from the station property after the termination of the parties' contract.

Houtan Petroleum denies that it breached the contract and also claims that ConocoPhillips did not have the right to remove its equipment and improvements from the property because Houtan Petroleum has a right to purchase the property pursuant to the Petroleum Marketing Practices Act ("PMPA") which is addressed elsewhere in these Instructions.

To recover damages from Houtan Petroleum for breach of contract, ConocoPhillips must prove all of the following:

1.    That ConocoPhillips and Houtan Petroleum entered into a contract;

2.    That ConocoPhillips did all, or substantially all, of the significant things that the contract required it to do or it was excused from doing those things;

3.    That all conditions required by the contract and the PMPA for Houtan Petroleum's performance had occurred;

4.    That Houtan Petroleum failed to do something that the contract required it to do; and

5.    That ConocoPhillips was harmed by that failure.

**ConocoPhillips objects to this instruction on the ground that paragraph 3 is redundant and**

**improper.  ConocoPhillips submits the following alternative instruction:**

ConocoPhillips claims that it and Houtan Petroleum entered into a contract in the form of a franchise agreement for supply and delivery of gasoline and sublease of the land, equipment and improvements on which the subject gas station is located.  ConocoPhillips claims that Houtan Petroleum breached this contract when it prevented ConocoPhillips from removing its equipment and improvements from the station property after the termination of the parties' contract.

To recover damages from Houtan Petroleum for breach of contract, ConocoPhillips must prove all of the following:

1.    That ConocoPhillips and Houtan Petroleum entered into a contract;

2.    That ConocoPhillips did all, or substantially all, of the significant things that the contract required it to do or it was excused from doing those things;

3.    That Houtan Petroleum failed to do something that the contract required it to do; and

4.    That ConocoPhillips was harmed by that failure.

## JURY INSTRUCTION NO. ____

### Contract Damages

**Plaintiff proposes the following instruction because ConocoPhillips has already agreed to it in a prior submission to the Court [Docket No. 73-2, p.66] and because damages are an essential part of a breach of contract claim:**

If you decide that ConocoPhillips has proved its claim against Houtan Petroleum for breach of contract, you also must decide how much money will reasonably compensate ConocoPhillips for the harm caused by the breach, if any. This compensation is called "damages." The purpose of such damages is to put ConocoPhillips in as good a position as it would have been if Houtan Petroleum had performed as promised.

To recover damages for any harm, ConocoPhillips must prove:

1.     That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.     That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

ConocoPhillips also must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages.  You must not speculate or guess in awarding damages.

**ConocoPhillips objects to the final paragraph of the above instruction and submits the following alternative language:**

To recover damages for any harm, ConocoPhillips must prove:

1.     That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.     That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach; and

3.     The amount of its damages.

**JURY INSTRUCTION NO. ____**

**Interpretation—Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**JURY INSTRUCTION NO. ____**

**"Franchise Relationship"**

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**

The term "franchise relationship" means the respective motor fuel marketing or distribution obligations and responsibilities of a franchisor and a franchisee resulting from the marketing of motor fuel under a franchise.

**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

## JURY INSTRUCTION NO. _____
### "Franchisor"

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**


A "franchisor" is a refiner or distributor (as the case may be) who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel.


**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

**JURY INSTRUCTION NO. \_\_\_\_**

**"Franchisee"**

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**

A "franchisee" is a retailer or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment or distribution of motor fuel.

**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

**JURY INSTRUCTION NO. \_\_\_\_**

**"Marketing Premises"**

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**

      The term "marketing premises" means, in the case of any franchise, premises which, under such franchise, are to be employed by the franchisee in connection with sale, consignment, or distribution of motor fuel.

**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

**JURY INSTRUCTION NO. \_\_\_\_**

**"Leased Marketing Premises"**

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**

      The term "leased marketing premises" means marketing premises owned, leased, or in any way controlled by a franchisor and which the franchisee is authorized or permitted, under the franchise, to employ in connection with the sale, consignment, or distribution of motor fuel.

**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

**JURY INSTRUCTION NO. \_\_\_\_**

**"Termination"**

**Plaintiff proposes the following instruction because it is necessary to educate the jury on the terminology that will be used during trial:**

For purposes of the Act, the term "termination" includes cancellation.

**ConocoPhillips objects to this instruction on the ground that it is unnecessary as the sole remaining triable issue is whether ConocoPhillips' offer was bona fide under the PMPA.**

## JURY INSTRUCTION NO. _____
### "Essential Elements of Plaintiff's Claim-Generally"

**Plaintiff proposes the following instruction because given the unique nature of a PMPA case, it is necessary to familiarize the jury with the claims before it:**

In this case, the parties have stipulated and it is undisputed that Plaintiff, Houtan Petroleum, Inc. had a motor fuel franchise with defendant, ConocoPhillips Company and that it sub-leased the premises at which the motor fuel is sold from defendant, ConocoPhillips Company, who in turn, was leasing the premises from the landlord, VO Limited Partnership.

The parties have also stipulated and it is undisputed that defendant, ConocoPhillips Company, terminated plaintiff, Houtan Petroleum, Inc.'s, motor fuel franchise.

Defendant, ConocoPhillips Company, has the burden of establishing by a preponderance of the evidence its affirmative defense that the termination was permitted under the Petroleum Marketing Practices Act and that defendant, Conoco Phillips Company's action was undertaken in compliance with the procedural requirements of the Act.

Because the parties do not dispute the termination of the franchise, the burden of proof has shifted to the defendant, ConocoPhillips Company to prove its affirmative defense.

The Act provides certain conditions upon which termination of a franchise is permitted.

The condition for termination that is at issue in this case is whether the ConocoPhillips Company made a "bona fide" offer to sell all of its equipment and improvements located at the leased marketing premises to Houtan Petroleum, Inc., as further described in the following instructions.

**ConocoPhillips objects to this instruction on the ground that it is redundant of prior instruction(s) regarding the bona fide offer and submits that this instruction is therefore unnecessary and confusing.**

JURY INSTRUCTION NO. ___

Unclean Hands


**ConocoPhillips avers an affirmative defense of unclean hands and will supplement this submission with an appropriate proposed instruction.**

JURY INSTRUCTION NO. ___

Punitive Damages

**ConocoPhillips seeks punitive damages on its claim for conversion.   Plaintiff contends that ConocoPhillips may not obtain punitive damages.**

**ConocoPhillips will supplement this submission with an appropriate proposed instruction.**

JURY INSTRUCTION NO. ___

Disgorgement

**ConocoPhillips contends that it is entitled to disgorgement of profits on its count for unjust enrichment.  Plaintiff disputes this.  ConocoPhillips will supplement this submission with an appropriate proposed instruction.**