1    GLYNN & FINLEY, LLP
     CLEMENT L. GLYNN, Bar No. 57117
2    ADAM FRIEDENBERG, Bar No. 205778
     One Walnut Creek Center
3    100 Pringle Avenue, Suite 500
     Walnut Creek, CA 94596
4    Telephone: (925) 210-2800
     Facsimile: (925) 945-1975
5    Email: cglynn@glynnfinley.com
             afriedenberg@glynnfinley.com
6
     Attorneys for Defendant and Counter-Plaintiff
7    ConocoPhillips Company

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11   HOUTAN PETROLEUM, INC.            )  **Case No. 3:07-cv-5627 SC**
                                       )
12                    Plaintiff,       )  **CONOCOPHILLIPS COMPANY'S**
                                       )  **MOTION IN LIMINE NO. 5**
13        vs.                          )
                                       )  **RE:  EXCLUSION OF IRRELEVANT**
14   CONOCOPHILLIPS COMPANY, a Texas   )  **AND LATE-DISCLOSED EVIDENCE OF**
     corporation and DOES 1 through 10,)  **ANTICIPATED REPAIR COSTS**
15   Inclusive                         )
                                       )  **Trial Date:**
16                    Defendants.      )  **Time:**        **August 18, 2008**
                                       )  **Courtroom:**                 **10:00 a.m.**
17   _____  )  **Before:**          **1**
                                                               **Hon. Samuel Conti**
18

19        At the pretrial conference held August 15, 2008, plaintiff indicated that it would seek to

20   offer evidence regarding repair costs that it anticipates incurring with respect to certain

21   underground equipment at the service station site.  Such evidence is completely irrelevant; any

22   marginal relevance it could conceivably have is greatly outweighed by its unfairly prejudicial

23   impact.

24   I.    **BACKGROUND**

25        As the Court knows, the sole issue for trial (on plaintiff's claim for relief) is whether the

26   price at which ConocoPhillips offered to sell its equipment to plaintiff in 2007 was "bona fide"

27   under the Petroleum Marketing Practices Act.("PMPA").  Based on an independent third party

28   appraisal, ConocoPhillips determined the value of the equipment at $340,000, and offered to sell

                                        - 1 -

1  it to plaintiff at that price.  Plaintiff never responded, and never made a counter-offer, choosing

2  instead to file suit alleging that ConocoPhillips had violated the PMPA by not properly

3  terminating its franchise agreement with plaintiff.  The Court rejected that claim as a matter of

4  law, and summarily adjudicated it in ConocoPhillips' favor.  Plaintiff thus is left to challenge

5  whether the amount offered was bona fide—i.e., whether it approached fair market value.

6       In January 2008, plaintiff had its own appraisal performed which concluded that the fair

7  market value of ConocoPhillips' equipment was only $145,000.  The difference in appraisal

8  values is almost entirely because plaintiff's appraiser has depreciated the property sharply on the

9  theory that the station would have to be razed and rebuilt within a few years so that it could be

10  modernized.  As the Court will learn, this pivotal assumption is flatly incorrect, as plaintiff itself

11  is not planning on razing and rebuilding, but rather is seeking to remodel using ConocoPhillips'

12  equipment.

13       At the pretrial conference, plaintiff disclosed an intention to reduce the $145,000

14  appraisal by some amount, based on recently obtained information that certain underground

15  repairs must be made.  As discussed below, this evidence—which postdates both appraisals as

16  well as ConocoPhillips' offer to Plaintiff—may not be considered in determining whether

17  ConocoPhillips' offer was bona fide **when made.**

18  **II.     ARGUMENT**

19       **A.     Post-offer evidence affecting value is irrelevant.**

20       Post -offer evidence is completely irrelevant.  The bona fide offer requirement

21  under the PMPA necessarily requires that the petroleum company assess the value of its

22  equipment **at the time of the offer.**  *Covey v. Union Oil Co. of Calif.*, 820 F. Supp. 1257, 1259

23  (D.Or. 1993).  "Defendant . . . has the burden of proof in showing the offer to sell was bona fide

24  **at the time it was made.**"  *Id.* (emphasis added).  Any other rule would be chaotic.  An oil

25  company could make an offer that was unquestionably bona fide at the time but nevertheless face

26  liability based on later events over which it had no control.  For example, tanks and piping

27  regulations existing at the time of the appraisal could later change, requiring that sound and

28  functional tanks and lines be replaced with some new technology.  It would be unconscionable to

1    use that later regulatory change to argue that the appraisal two years earlier was not bona fide.

2    Likewise, for procedural reasons a case could take years to come to trial.  To permit plaintiff then

3    to argue that the offer was no longer bona fide due to the passage of time would be patently

4    inequitable, and wholly unsupported by law.

5        That is precisely what plaintiffs wish to do here.  Long **after** ConocoPhillips made its

6    PMPA offer, plaintiff learned that it may have to make certain repairs to the equipment.  Such is

7    a normal part of the service station business, and such is broadly taken into account in estimating

8    the remaining functional life of the equipment, essential to estimating depreciation.  The specific

9    repair information was not available at the time ConocoPhillips made its bona fide offer.  To

10   allow plaintiff to put such evidence before the jury would be error.

11       Even if the evidence had any marginal evidence, it would be excludable under Rule 403

12   of the Federal Rules of Evidence.  It would be hard to imagine evidence more likely to confuse

13   the trier of fact than evidence that post-dated the bona fide offer which the jury is being asked to

14   evaluate.

15   **B.      The evidence should be excluded because Plaintiff has sat on it for
          months and this constitutes unfair surprise.**
16

17       As noted, this evidence is not admissible.  But even if it were, plaintiff has unfairly

18   withheld it until the last minute, and the Court should not permit such sandbagging to occur.  On

19   August 8, 2008, plaintiff filed witness and exhibit lists.  (Exs. A, B.)  The repair estimates

20   Plaintiff now seeks to use, and the witness it now seeks to call (Matt Thomas) were listed

21   nowhere on those lists.  Not until the evening of August 13 — 48 hours before the pretrial

22   conference—did plaintiff file an amended witness and exhibit list indicating that it would seek to

23   offer such evidence.  (Docket Nos. 130, 131.)

24       Plaintiff, however, has been aware of these issues for months.  The allegedly necessary

25   repairs cover two areas:  1) "EVR" or vapor recovery repairs; and 2) "SB 989 repairs" to the

26   underground fuel equipment.  (Exs. C, D.)  Plaintiff has known of the need for the EVR repairs

27   since January; indeed, plaintiff's appraiser admitted at deposition that month that such repairs

28   would be required.  (Ex. E (Plaine Depo.) at 83:16-18 ("the EVR, the vapor recovery

- 3 -

1    requirements, are going to change, or have changed, so they would probably be required to be

2    replaced").) Likewise, plaintiff has known of the need for "SB 989" repairs since February of

3    this year. (Ex. F.) It nevertheless waited, without justification, until two days ago to provide the

4    information to ConocoPhillips.

5         The Court has precluded ConocoPhillips from calling an appraiser it retained just a few

6    weeks ago, and who ConocoPhillips promptly disclosed and immediately offered for deposition,

7    on the ground that the disclosure was too late. If ConocoPhillips' disclosure was too late, then

8    we respectfully submit that plaintiff's delay is far more egregious. Plaintiff has known of the

9    repairs for months. If it thought the evidence was relevant, it should have so indicated, so that

10   the defense could prepare to defend the issue, including by motion for summary adjudication.

11   **III.    CONCLUSION**

12        For all the foregoing reasons, we submit the Court should enter an order precluding

13   evidence or testimony regarding post-offer repairs.

14

15        Dated: August 15, 2008

16                                                    GLYNN & FINLEY, LLP
                                                      CLEMENT L. GLYNN
17                                                    ADAM FRIEDENBERG
                                                      One Walnut Creek Center
18                                                    100 Pringle Avenue, Suite 500
                                                      Walnut Creek, CA  94596
19

20                                                    By _____
21                                                      Attorneys for Defendant and Counter-
                                                      Plaintiff ConocoPhillips Company
22

23

24

25

26

27

28

CONOCO'S MIL NO. 5: TO EXCLUDE EVIDENCE OF ANTICIPATED REPAIR COSTS

# EXHIBIT A

Thomas P. Bleau, Esq., SBN 152945
Gennady L. Lebedev, Esq., SBN 179945
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone      : (323) 874-8613
Facsimile      : (323) 874-1234
e-mail:        bleaushark@aol.com
e-mail:        glebedev@bleaufox.com

Attorneys for Plaintiff and Cross-Defendant,
HOUTAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT IN AND FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | CASE NO. 07-CV-5627 SC |
| Plaintiff, | |
| vs. | **PLAINTIFF AND CROSS-DEFENDANT, HOUTAN PETROLEUM INC.'S, WITNESS LIST** |
| CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive | |
| | Trial Date:      August 18, 2008 |
| Defendants. | Courtroom:      1 |
| | Before:      Hon. Samuel Conti |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff and Cross-Defendant, Houtan Petroleum, Inc., pursuant to the Court Order of August 6, 2008, respectfully submits its following list of witnesses, the order that the witnesses are expected to be called, and a brief statement as to the content of the witness' testimony, and an estimate of time of the witness' testimony on both direct and cross examination.

| ORDER | WITNESS NAME | DESCRIPTION OF TESTIMONY | TIME ESTIMATE ON DIRECT AND CROSS |
|-------|--------------|--------------------------|-----------------------------------|
| 1 | Richard L. Mathews | ConocoPhillips real estate manager, expected to testify regarding the franchise agreement that is at issue in this matter, the expiration of ConocoPhillips' underlying property lease of the service station at issue, ConocoPhillips' offer to sell its equipment and improvements at the subject station to Plaintiff, authentication of various business records and correspondence. | 1 hour direct; 30 min. cross; 20 min. redirect |
| 2 | Ed Haddad | Representative of Houtan Petroleum, Inc., expected to testify regarding the franchise agreement with ConocoPhillips, the notice of termination from ConocoPhillips, the condition of the station property, circumstances surrounding the termination of its franchise, and authentication of various business records and correspondence. | 2 hour direct; 1 hour cross; 30 min. redirect |
| 3 | Andrew C. Plaine, MAI (expert) | Expert witness, MAI appraiser, expected to testify in conformance with his appraisal report that has been produced to ConocoPhillips pursuant to Rule 26, regarding the value of ConocoPhillips' equipment and improvements and to reply to any expert opinions that may be offered at trial by ConocoPhillips' expert appraisers. | 1 hour direct; 45 min. cross; 15 min. redirect |

Respectfully submitted,

Dated: August 8, 2008

BLEAU / FOX, A P.L.C.

//s//

By: _____

Thomas P. Bleau, Esq.
Gennady L. Lebedev, Esq.
Attorneys for Plaintiff
Houtan Petroleum, Inc.

# EXHIBIT B

1  Thomas P. Bleau, Esq., SBN 152945
   Gennady L. Lebedev, Esq., SBN 179945
2  BLEAU / FOX, A P.L.C.
   3575 Cahuenga Boulevard West, Suite 580
3  Los Angeles, California 90068
   Telephone    : (323) 874-8613
4  Facsimile    : (323) 874-1234
   e-mail:      bleaushark@aol.com
5  e-mail:      glebedev@bleaufox.com

6  Attorneys for Plaintiff and Cross-Defendant,
   HOUTAN PETROLEUM, INC.

7

8           UNITED STATES DISTRICT COURT IN AND FOR

9           THE NORTHERN DISTRICT OF CALIFORNIA

10 HOUTAN PETROLEUM, INC.            )  CASE NO.  07-CV-5627 SC
                                     )
11              Plaintiff,           )
   vs.                               )  **PLAINTIFF AND CROSS-DEFENDANT,**
12                                   )  **HOUTAN PETROLEUM INC.'S, EXHIBIT**
                                     )  **LIST**
13 CONOCOPHILLIPS COMPANY, a Texas   )
   Corporation  and DOES 1 through 10, )
14 Inclusive                         )  Trial Date:    August 18, 2008
                                     )  Courtroom:     1
15              Defendants.          )  Before:        Hon. Samuel Conti
                                     )
16 _____ )

17 TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

18       Plaintiff and Cross-Defendant, Houtan Petroleum, Inc., by and through its counsel of

19 record, respectfully submits its list of exhibits for trial.  Houtan Petroleum, Inc. reserves the right

20 to add or delete any documents from this list that Plaintiff elects to introduce or not introduce at

21 trial, or to add any documents inadvertently omitted from this list.

22 Dated: August 8, 2008              BLEAU / FOX, A P.L.C.

23                                              //s//
                                    By: _____
24                                          Thomas P. Bleau, Esq.
                                            Gennady L. Lebedev, Esq.
25                                          Attorneys for Plaintiff
                                            Houtan Petroleum, Inc.
26

27

28

                                      -1-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE #:  3:07-cv-05627-SC                          DATE: August 18, 2008

Houtan Petroleum, Inc. vs. ConocoPhillips Company

(X) PLAINTIFF                    ( ) DEFENDANT

| EXHIBIT NUMBER | DATE Marked for Identification | DATE Admitted in Evidence | DESCRIPTION |
|---|---|---|---|
| 1 | | | ConocoPhillips: Union 76 Branded Reseller Agreement (franchise agreement) |
| 2 | | | Notice of Termination from ConocoPhillips, dated September 18, 2007 |
| 3 | | | Lease between Houtan Petroleum, Inc. and VO Limited Partnership |
| 4 | | | Letter from Houtan Petroleum to ConocoPhillips, dated October 18, 2007 (COP 00134) |
| 5 | | | Offer to Sell Improvements from ConocoPhillips to Houtan Petroleum, dated October 22, 2007 |
| 6 | | | Storage Tank Certificate of Insurance to Demonstrate Financial Responsibility State of California |
| 7 | | | Tank Safe - Storage Tank Liability Insurance Policy Declarations |
| 8 | | | Tank Safe - Storage Tank Liability Insurance Policy |
| 9 | | | Additional Insured(s) Endorsement |
| 10 | | | Photograph #1 of the subject station |
| 11 | | | Photograph #2 of the subject station |
| 12 | | | Photograph #3 of the subject station |
| 13 | | | Photograph #4 of the subject station |
| 14 | | | Photograph #5 of the subject station |
| 15 | | | Photograph #6 of the subject station |

| 16 | | | Photograph #7 of the subject station |
| 17 | | | Photograph #8 of the subject station |
| 18 | | | Photograph #9 of the subject station |
| 19 | | | Photograph #10 of the subject station |
| 20 | | | Photograph #11 of the subject station |
| 21 | | | Photograph #12 of the subject station |
| 22 | | | Photograph #13 of the subject station |
| 23 | | | WITHDRAWN |
| 24 | | | Letter from ConocoPhillips to De Anza Properties, dated September 17, 2007 |
| 25 | | | Letter from Bleau Fox to ConocoPhillips, dated October 29, 2007 |
| 26 | | | Faxed letter from ConocoPhillips to De Anza Properties, dated October 30, 2007 |
| 27 | | | Letter from Bleau Fox to Glynn & Finley, dated October 31, 2007 |
| 28 | | | Letter from Glynn & Finley to Bleau Fox, dated October 31, 2007 |
| 29 | | | Letter from De Anza Properties to ConocoPhillips, dated November 1, 2007 |
| 30 | | | Letter from Bleau Fox to Clement L. Glynn, Esq., dated November 2, 2007 |
| 31 | | | Letter from Glynn & Finley to Bleau Fox, dated November 2, 2007 |
| 32 | | | Service Station Site Lease between Mt. View Shopping Center and Union Oil Company of California |
| 33 | | | Modification of Lease between Rojan Investments and Union Oil Company of California, dba Unocal |
| 34 | | | Lease between Mountain View Center Associates and Walgreen Co., dated October 26, 1983 and its Modification Agreements (COP 00026-00032) |

| 35 | | | Declaration of Richard L. Mathews in support of defendant ConocoPhillips Company's response to Order to Show Cause Re Preliminary Injunction, dated November 9, 2007 |
|---|---|---|---|
| 36 | | | Declaration of Dan Pellegrino in support of defendant ConocoPhillips Company's response to Order to Show Cause Re Preliminary Injunction, dated November 9, 2007 |
| 37 | | | Photograph #1 attached to Pellegrino declaration |
| 38 | | | Photograph #2 attached to Pellegrino declaration |
| 39 | | | Photograph #3 attached to Pellegrino declaration |
| 40 | | | Letter from Conoco Phillips to V O Partners, dated April 13, 2004 (COP 00038) |
| 41 | | | Letter from Carla J. Wilkey/De Anza Properties/V.O. Ltd Partnership to ConocoPhillips, dated April 19, 2004 (COP 00037) |
| 42 | | | Letter from ConocoPhillips to Carla J. Wilkey/De Anza Properties, dated September 17, 2004 (COP 00036) |
| 43 | | | Letter from Carla J. Wilkey/De Anza Properties/V.O. Ltd Partnership to ConocoPhillips with enclosed map, dated September 21, 2004 (COP 00034) |
| 44 | | | Letter from ConocoPhillips to Carla J. Wilkey/De Anza Properties, dated March 11, 2005 (COP 00033) |
| 45 | | | Letter from Carla J. Wilkey/De Anza Properties/V.O. Ltd Partnership to ConocoPhillips, dated April 15, 2005 (COP 00025) |
| 46 | | | Fax Transmittal with Proposal from TAIT & Associates to ConocoPhillips, dated June 9, 2005 (COP 00173-00174) |
| 47 | | | Invoice from Oley & Associates to ConocoPhillips, dated September 1, 2005 (COP 00172) |

| | | | |
|---|---|---|---|
| 48 | | | Letter from ConocoPhillips to Carla J. Wilkey/Anza Properties, dated May 8, 2006 (COP 00024) |
| 49 | | | Letter from ConocoPhillips to Carla J. Wilkey/Anza Properties, dated June 15, 2006 (COP 00023) |
| 50 | | | Series of e-mails re: Richard L. Matthews, latest dated July 10, 2006, with attachment (COP 00020-00022) |
| 51 | | | E-mail from Richard L. Mathews to carla_DAP@yahoo.com, dated July 17, 2006 (COP 00167) |
| 52 | | | Series of e-mails re: Richard L. Matthews, latest dated August 11, 2006 (COP 00165) |
| 53 | | | Letter from ConocoPhillips to John Vidovich/Anza Properties, dated November 6, 2006 (COP 00016-00017) |
| 54 | | | ConocoPhillips' Proposed Site Plan per November 6, 2006 letter (COP 00018-00019) |
| 55 | | | Letter from ConocoPhillips to John Vidovich/De Anza Properties, dated December 8, 2006 (COP 00015) |
| 56 | | | Series of e-mails re: Richard L Mathews, latest dated January 12, 2007 (COP 00159-00161) |
| 57 | | | Series of e-mails re: Richard L Mathews, latest dated January 19, 2007 (COP 00155-00158) |
| 58 | | | Series of e-mails re: Richard L Mathews, latest dated February 23, 2007 (COP 00151-00154) |
| 59 | | | Letter from ConocoPhillips to John Vidovich/De Anza Properties, dated March 1, 2007 (COP 00014) |
| 60 | | | E-mail from Richard L Mathews to Carla-De Anza Properties, dated March 21, 2007 (COP 00013) |
| 61 | | | Handwritten note, dated April 11, 2007 (COP 00149) |

| | | | |
|---|---|---|---|
| 62 | | | Letter from ConocoPhillips to De Anza Properties, dated April 12, 2007 (COP 00006) |
| 63 | | | Series of e-mails re: Richard L Mathews, latest dated April 18, 2007 (COP 00008-00009) |
| 64 | | | Facsimile Cover Sheet from ConocoPhillips to John Vidovich/VO Limited Partners, dated April 19, 2007 (COP 00007) |
| 65 | | | Letter from John Vidovich/De Anza Properties/V.O. Limited Partnership to ConocoPhillips, dated May 24, 2007 (COP 00143) |
| 66 | | | Letter from ConocoPhillips to John Vidovich/De Anza Properties, dated June 1, 2007 (COP 00142) |
| 67 | | | Facsimile Cover Sheet from ConocoPhillips to John Vidovich/De Anza Properties, dated July 30, 2007 (COP 00140) |
| 68 | | | Facsimile Cover Sheet from ConocoPhillips to John Vidovich/De Anza Properties, dated July 30, 2007 (COP 00141) |
| 69 | | | Letter from ConocoPhillips to John Vidovich/De Anza Properties, dated September 17, 2007, with fax cover pages (COP 00135-137) |
| 70 | | | Letter from De Anza Properties to ConocoPhillips, dated November 1, 2007 (COP 00001) |
| 71 | | | Order Granting Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction, dated November 6, 2007 (COP 00003-00005) |
| 72 | | | Appraisal by Andrew C. Plaine, MAI, dated January 21, 2008 |
| 73 | | | Appraisal by Andrew C. Plaine, MAI, dated March 4, 1996 (COP 00116-00130) |
| 74 | | | WITHDRAWN |
| 75 | | | Andrew C. Plaine's appraisal file, attached to his deposition |

| | | | |
|---|---|---|---|
| 76 | | | Letter from counsel for ConocoPhillips, dated February 15, 2008 |
| 77 | | | Test Result Summary Report from Tankology, dated January 28, 2008 |
| 78 | | | Secondary Containment Testing Report Form from Tankology, dated January 28, 2008 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT C



8-11-08

Mr. Ed Hadad
Hadad Inc.
700 South Bernardo Ave.
Suite 103
Sunnyvale, CA 94087
Phone: 408-736-2500
Fax: 408-736-2503

Regards:  Veeder Root ISD & Healy EVRII Upgrade

Dear Ed,

Slunaker Construction (SC) is pleased to submit the following scope of services to provide labor and materials to install the Veeder Root ISD and the Healy EVRII Vapor Recovery Systems at the above referenced facility. SC will prepare plans and submit permit applications to local governing agencies. SC will provide all supervision, labor, material, and parts as specifically described in the following scope of services to perform dispenser upgrade. Slunaker Construction will also provide startup, certification, & testing services as part of this proposal.

**Scope of Services:**

1. Slunaker Construction will provide plans and apply for permits as set forth by the local governing agencies. Cost of plans **are** included with this estimate. Permit fees to be **reimbursed** at cost plus 15%.
2. SC will install safety fencing and barricades as required to protect work areas from vehicle and pedestrian traffic.
3. SC will prepare site for electrical installation of the Healy & Veeder Root sensors at the dispensers.
4. Slunaker Construction will install Veeder Root ISD sensor and wiring into existing conduit at dispensers and pull cabling into the Veeder Root Monitoring panel for termination.
5. SC to install six (6) new Veeder Root 208 dispenser pan sensors in existing UDC's.
6. SC will install new Healy vacuum pump and new Healy hanging hardware on dispensers.
7. Slunaker Construction will install four (4) bollards, eight inch thick concrete slab to accommodate new Healy Bladder Tank adjacent to existing vent pipes.
8. SC will call for inspections as necessary.
9. Slunaker Construction will provide all testing of Veeder Root & the Healy EVRII system per State & Local requirements as necessary.
10. SC will dispose of all construction related debris, and fencing at the close of the project.

**Exclusions:**
*The following items are not included and will affect the project timeline and cost if encountered during the course of construction. If any items identified below require attention, it will require a signed change order by the owner of his pre-identified agent to address:*

- Dispenser pans or installation not included with estimate.
- Existing sensor conduit shall be free and clear of obstructions.
- Single hose conversions not included with estimate.
- Supplying materials and/or equipment not specifically in this scope of services.
- All warrantee claims shall be per manufacture's published policies.
- Any work beyond the proposed scope of work currently identified.

*General Contracting Company  License: 778098 A, B, C21, HAZ*
*3672 Chicago Ave Suite B  Riverside, CA 92507 Phone: 951-788-7070   Fax: 951-788-7089*

1



8-11-08
Union 76 continued

After identification of start date, anticipated construction schedule to complete this project is one week. Anticipated preparation and permit submittal will be approximately three weeks after award of contract.

**Estimated Cost For Above Scope of Services**..................................................... **$67,650.00**
**Enclosure for Healy CAS**....................................................................... **$5,800.00**

In closing Slunaker Construction believes that the above scope of services can be accomplished within four to five days. SC will perform installation of the Healy CAS foundation of the project prior to the installation of the Veeder Root ISD sensors and the Healy vacuum motors. Local Building Codes may require an enclosure around the Healy CAS based on the placement of the CAS. SC recommends that the CAS be located at least 10' from property line and or buildings. The Healy Clean Air Separator can be located up to 100' from the UST vents. SC will then notify site of the installation date of the project. Should additional work be required SC will obtain approval via written change order before such work is started. Time and materials rates shall apply on any extra work that is not part of the above scope of services.

Slunaker Construction would like to thank you for this opportunity and look forward to a favorable response.

Please call or email me should you have any questions regarding this estimate.

Submitted by:

*Matt Thomas*

Matt Thomas
Slunaker Construction
E-mail: MattThomas999@aol.com
Cell: 626-627-8316
Fax:  661-722-1206

## ACKNOWLEDGEMENT AND ACCEPTANCE

**By initialing options and signing this acknowledgement and acceptance, it is understood that terms of service have been read and accepted.**

**Signature of Company Representative**_____ **Date:** _____.

**Name and Title of Company Representative**_____

Invoices not paid per terms will incur monthly interest at 1.5% monthly.
Contractor reserves the right to stop work if payments are not made when due.
In the event of disputes, the prevailing party will recover reasonable attorney fees and cost

*General Contracting Company  License: 778098 A, B, C21, HAZ*
*3672 Chicago Ave Suite B  Riverside, CA 92507 Phone: 951-788-7070  Fax: 951-788-7089*



# EXHIBIT D



8-12-08

Mr. Ed Hadad
Hadad Inc.
700 South Bernardo Ave.
Suite 103
Sunnyvale, CA 94087
Phone: 408-736-2500
Fax: 408-736-2503

Re:    SB 989 Repair
       101 East El Camino Real
       Mountain View, CA 94040

Dear Mr. Hadad,

Thank you for contacting Slunaker Construction (SC) for construction services. SC is a California Licensed Contractor, License #778098. All SC technicians performing tests are individually certified by the equipment manufacturers and hold ICC certifications.

## Scope of Services:

SC to provide labor and materials to perform SB 989 repairs and provide SB 989 retesting as required.

### Summary of current SB 989 Testing:
1. All tank annulars passed SB 989 testing.
2. 87 & 91 secondary product line **_failed_** pressure testing.
3. 87 STP (turbine) sumps passed hydrostatic testing.
4. 91 STP (turbine) sumps **_failed_** hydrostatic testing.
5. All six UDC pans passed hydrostatic testing.

### Replace UDC's & Repair Secondary Pipe Breeches:

*Task I - Pre construction activities:*
- Submit plans to City of Mountain View, CUPA, & AQMD for approval.
- Order parts.
- Notification of dig alert before excavation.
- Mark location of utilities.
- Prepare site for construction as required.

*Task II – Excavation*
- Saw cut, demo and expose turbine sumps and product pipe.
- Saw cut through existing concrete islands, demo existing UDC's.
- Excavate and expose existing piping three feet in front of UDC's for Fire Department inspection.
- Remove and dispose of piping via Hazardous Waste Hauler
- Call for soil sample via third party lab.
- Provide and install Blue Line penetrations on secondary piping.
- Size excavation for piping, and new UDC installation.

*Task III – Rough in plumbing & electrical*
- Saw cut new electrical conduit trench for new UDC sensors.
- Size and excavate all pipe and electrical trenching.
- Bed excavated trenches with pea gravel & level.

*General Contracting Company  License: 778098 A, B, C21, HAZ*
3672 Chicago Ave Suite B  Riverside, CA 92507 Phone: 951-788-7070  Fax: 951-788-7089



8-12-08
Mountian View 76 continued

- Install dispenser pans.
- Install new electrical conduit for UDC sensors.
- Install Smith product piping.

*Task I V – Backfill all excavations*
- Backfill all excavations to grade with pea gravel.
- Clean site from "SC" related construction debris.
- Set all manway & sump covers to grade for concrete.
- Inspections as necessary.

*Task V – Form and pour concrete*
- Form and pour dispenser exposed drive slab area.
- *All concrete to be reinforced with #4 rebar 18" on center LxW*
- Inspections as necessary.

*Task VI– Final plumbing and electrical*
- Plumb and wire existing dispensers.
- Finalize Veeder Root monitoring system & wiring.

*Task VII – Finalize project*
- Start up and testing of equipment.
- Gather and deliver warrantees and operation and maintenance material.
- Deliver final project documentation.

**Exclusions:**

*The following items are not included and will affect the project timeline and cost if encountered during the course of construction. If any items identified below require attention, it will require a signed change order by the owner of his pre-identified agent to address:*

- No removal of contaminated soils (if contaminated soils are encountered, they will be covered with plastic sheeting)
- Soil sampling and closure report by others.
- Certified compaction not included with estimate.
- Cost of removal or replacement of private utilities damaged by construction that is not clearly marked on the surface within ten feet of the proposed excavation areas.
- Supplying materials and or equipment not specified in this scope of services.
- Any work beyond the proposed scope of work currently identified.

**Cost Estimate**
Provide labor to remove, replace UDC's, and repair secondary piping failures…… $110,502.00
Prepare and submit plans……………………………………………….…………………….. $1,200.00
Permits at cost plus 15% approximately……………………………….…………………… $800.00
**Total cost estimate………….…………………………………………………….. $112,502.00**

In closing Slunaker Construction has reviewed the site testing results and believes that the above repairs can remedy the failures discovered during testing. SC cannot guarantee condition of any buried component of the tank and piping system. Should the above repairs not provide conclusive results, SC will provide cost estimate to find and then repair the failed buried piping or tank component.



8-12-08
Mountian View 76 continued

Please call or email me should you have any questions regarding this estimate.

Submitted by:

*Matt Thomas*

Matt Thomas
Slunaker Construction
E-mail: MattThomas999@aol.com
Cell: 626-627-8316
Fax:  661-722-1206

## ACKNOWLEDGEMENT AND ACCEPTANCE

**By initialing options and signing this acknowledgement and acceptance, it is understood that terms of service have been read and accepted.**

**Signature of Company Representative**_____ **Date:**_____

**Name and Title of Company Representative**_____

Invoices not paid per terms will incur monthly interest at 1.5% monthly.
Contractor reserves the right to stop work if payments are not made when due.
In the event of disputes, the prevailing party will recover reasonable attorney fees and cost.

*General Contracting Company  License: 778098 A, B, C21, HAZ*
3672 Chicago Ave Suite B  Riverside, CA 92507 Phone: 951-788-7070   Fax: 951-788-7089

# EXHIBIT E



Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

HOUTAN PETROLEUM, INC.,                    )
                                           )
           Plaintiff,                      )
                                           )
     vs.                                   )   No. 3:07-cv-5627
                                           )
CONOCOPHILLIPS COMPANY, a Texas            )
corporation, and DOES 1 through 10,        )
Inclusive,                                 )
                                           )
           Defendants.                     )
                                           )
_____    )


DEPOSITION OF

ANDREW C. PLAINE

_____

January 31, 2008


REPORTED BY:   KAREN A. FRIEDMAN, CSR 5425    JOB # 405639



M E R R I L L   L E G A L   S O L U T I O N S

Bayou Place, 315 Capitol Street, Suite 100
Houston, TX 77002

www.merrillcorp.com/law

713.426.0400

Andrew C. Plaine  -  1/31/08

Page 82

1    Q.    The next sentence, you write, "The dispensing

2  equipment has a relatively short economic life (10 to 15

3  years) due to wear and tear."

4        What "wear and tear" are you referring to

5  specifically?

6    A.    Well, the dispensing equipment is the element

7  with the predominant customer interface.  So it's this

8  sort of high-use component, if you will.  That's the

9  other aspect of dispensing equipment, is that

10  regulations change, and the technology of dispensing

11  equipment changes, all of which actually come into play

12  in determining its probable economic life.

13    Q.    And this is another esthetic consideration?

14    A.    No.  Well, the aspect of dispensing equipment

15  is, yes, is esthetics.  Oil companies look at that.

16        But also the change in regulations.

17  Multiproduct dispensers have changed quite significantly

18  in the 20 to 30 years that they have been -- how many

19  years have they been around?

20    Q.    Are you aware of any regulations that will

21  require replacement of these dispensers at any time?

22    A.    I can't quote you the statute, but it's my

23  understanding that by 2009, various requirements that

24  all dispensing equipment has to be single-hose, blending

25  dispensing equipment, with EVR units and sumps.  I can't

Andrew C. Plaine  -  1/31/08

Page 83

1  get into some of the more technical aspects of it, but

2  these are environmental regulations in terms of the

3  agencies are basically saying, "We want to make sure

4  that there is spill containment underneath the

5  dispensers."

6       And the vapor recovery systems are changing,

7  for the recapture and recirculation of vapor recovery.

8  Used to be vented to the air; now they want it to be

9  vented to a charcoal tank and captured, and so forth.

10     Q.   What understanding do you have regarding what

11 maintenance or modifications to the dispensers at this

12 station will be required in 2009?

13     A.   Well, they don't appear to have the containment

14 sumps.  That's my understanding.

15     Q.   Anything else?

16     A.   And probably the EVR, the vapor recovery

17 requirements, are going to change, or have changed, so

18 they would probably be required to be replaced.

19     Q.   Anything else?

20     A.   That's about it.

21     Q.   Can you estimate what the cost of those

22 upgrades would be?

23     A.   Well, I think you put new dispensers in.

24     Q.   Why?

25     A.   Well, because some of the changes -- I don't

1

2                    CERTIFICATE OF REPORTER

3         I, KAREN A. FRIEDMAN, a Certified Shorthand

4    Reporter, hereby certify that the witness in the

5    foregoing deposition was by me duly sworn to tell the

6    truth, the whole truth and nothing but the truth in the

7    within-entitled cause;

8         That said deposition was taken down in

9    shorthand by me, a disinterested person, at the time and

10   place therein stated, and that the testimony of the said

11   witness was thereafter reduced to typewriting, by

12   computer, under my direction and supervision;

13        I further certify that I am not of counsel or

14   attorney for either or any of the parties to the said

15   deposition, nor in any way interested in the event of

16   this cause, and that I am not related to any of the

17   parties thereto.

18

19        DATED: _____February 4_____, 2008

20

21

22        _____
             KAREN A. FRIEDMAN, CSR 5425
23

24

25

                                                    129

# EXHIBIT F

GLYNN & FINLEY, LLP

ONE WALNUT CREEK CENTER
SUITE 500
100 PRINGLE AVENUE
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: (925) 210-2800

FACSIMILE: (925) 945-1975

WRITER'S DIRECT DIAL NUMBER

(925) 210-2809
e-mail:  afriedenberg@glynnfinley.com

February 15, 2008

<u>ConocoPhillips/Houtan Petroleum</u>

**<u>VIA FACSIMILE AND U.S. MAIL</u>**

Thomas P. Bleau, Esq.
Bleau, Fox & Fong
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068-1336

Dear Mr. Bleau:

As you may know, ConocoPhillips Company ("ConocoPhillips") recently commissioned routine, required testing of the underground storage tanks, piping and containment systems at Houtan Petroleum's service station site at 101 East El Camino Real in Mountain View, California.  A summary report of the test results is enclosed. The report indicates a failure necessitating repairs to the secondary piping and one sump. Pursuant to Cal. Code Regs., Title 23, Division 3, Chapter 16 Section 2637, the underground storage tank system is required to be tested once every three years.  This requirement is not satisfied until all necessary components have passed their respective testing.  Therefore, all necessary repairs and re-tests must be completed as soon as possible.

As the parties' sublease and franchise agreement terminated on October 31, 2007, ConocoPhillips is no longer under any obligation to conduct such repair work. Accordingly, we ask that you provide written confirmation no later than February 20, 2008, that Houtan Petroleum and/or De Anza/V.O. Limited will timely conduct the necessary repairs.  In the event that we do not receive such written assurance and thereafter confirmation of completion of the repairs, ConocoPhillips reserves the right to make the repairs and to seek reimbursement from your client of any associated costs.

Very truly yours,

Adam Friedenberg

<u>Enclosure</u>

# BLEAU FOX

A PROFESSIONAL LAW CORPORATION

3575 CAHUENGA BLVD. WEST, SUITE 580
LOS ANGELES, CALIFORNIA 90068
(323) 874-8613
FACSIMILE (323) 874-1234

Via Facsimile and Regular Mail
(925)945-1975

February 20, 2008

GLYNN & FINLEY
100 Pringle Ave., Suite 500
Walnut Creek, CA 94596
Att: Adam Friedenberg

Re:     My Client: Houtan Petroleum
        Station Location: 101 E. El Camino Real, Mountain View, CA 94040
        Station #: 255661

Dear Adam:

In response to your letter dated February 15, 2008, please be advised that my client has retained an experienced, licensed contractor to inspect the underground storage tank containment system, conduct any and all required testing and to make any repairs necessary to make sure that the underground storage tank containment system is in strict compliance with California Regulations.

While we understand ConocoPhillips' contention that it is not obligated to conduct any repairs, my client will undertake such repairs without prejudice to any of my client's claims against ConocoPhillips for its violations of the PMPA. Further, the necessity of such repairs obviously affects the fair market value of the underground storage tank system and I have forwarded a copy of your letter to our expert witness, Andrew Plaine, for his consideration of this new evidence. We will also be amending our exhibit list to add your recent letter and documents pertaining to the inspection results and related repairs.

Thank you for bringing this information to my attention. If you have any further questions, please feel free to contact the undersigned.

Very truly yours,

Thomas P. Bleau
TPB: tb