GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Email: cglynn@glynnfinley.com
       afriedenberg@glynnfinley.com

Attorneys for Defendant and Counter-Plaintiff
ConocoPhillips Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC. | **Case No. 3:07-cv-5627** |
| Plaintiff, | **CONOCOPHILLIPS COMPANY'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS (WITH SOURCE)** |
| vs. | |
| CONOCOPHILLIPS COMPANY, a Texas corporation and DOES 1 through 10, Inclusive | **Trial Date:** August 18, 2008<br>**Time:** 10:00 a.m.<br>**Courtroom:** 1<br>**Before:** Hon. Samuel Conti |
| Defendants. | |

Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby submits the following Supplemental Proposed Jury Instructions.

This version of the instructions includes the sources for the instructions. Pursuant to the Court's Order, a second version is being filed that does not display the sources.

Dated: August 19, 2008

                                                                        GLYNN & FINLEY, LLP
                                                                       CLEMENT L. GLYNN
                                                                       ADAM FRIEDENBERG

                                                                       By _____/s/_____
                                                                        Attorneys for Defendant and
                                                                        Counter-Plaintiff ConocoPhillips
                                                                        Company

**JURY INSTRUCTION NO. \_\_\_\_**

**"Punitive Damages"**

If you decide that Houtan Petroleum's conduct caused ConocoPhillips harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed another and to discourage similar conduct in the future.

You may award punitive damages against Houtan Petroleum only if ConocoPhillips proves that Houtan Petroleum's retention and use of ConocoPhillips' equipment after the franchise agreement was terminated without paying ConocoPhillips was done with malice. To do this, ConocoPhillips must prove by clear and convincing evidence that the conduct constituting malice was committed by one or more officers, directors or managing agents of Houtan Petroleum, who acted on behalf of Houtan Petroleum.

"Clear and convincing" evidence is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true.

"Malice" means that Houtan Petroleum acted with intent to cause injury or that Houtan Petroleum's conduct was despicable and was done with a willful and knowing disregard of ConocoPhillips' rights. A person acts with knowing disregard when he or she is aware of the probable consequences of his or her conduct and deliberately fails to avoid those consequences.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

   (a) How reprehensible was Houtan Petroleum's conduct? In deciding how reprehensible Houtan Petroleum's conduct was, you may consider, among other factors:

   1. Whether Houtan Petroleum acted with trickery or deceit.

   b) Is there a reasonable relationship between the amount of punitive damages and ConocoPhillips' harm that Houtan Petroleum knew was likely to occur because of its conduct?

   c) In view of Houtan Petroleum's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the

      punitive award above an amount that is otherwise appropriate merely because Houtan Petroleum has substantial financial resources.

d)

**Sources:** **Judicial Council of California, Civil Jury Instructions, Instruction Nos. 201 and 3945**

**JURY INSTRUCTION NO. _____**

"Bona Fide Offer"

Under the PMPA (the "Act"), in order for ConocoPhillips Company to have made a bona fide offer the terms of the offer must have been objectively reasonable at the time the offer was made, disregarding information which came to light thereafter. In the present case, to be objectively reasonable, the offer must "approach the fair market value" of the equipment and improvements being offered for sale, but need not be the actual fair market value" of the equipment and improvements being offered for sale. A range of prices may reasonably "approach fair market value."

**Source:**

**15 U.S.C. § 2802(a)(2);**

**15 U.S.C. § 2802(b)(1)(A);**

**15 U.S.C. § 2802(b)(1)(B);**

**15 U.S.C. § 2802(b)(3)(D)(i)(III);**

**15 U.S.C. § 2804(a);**

**15 U.S.C. § 2804(c);**

*Roberts v. Amoco Oil. Co.* 740 F.2d 602, 606-607 (8th Cir. 1984);

*Grieco v. Mobil* 597 F.Supp. 468, 472, citing *Roberts v. Amoco Oil. Co.* 740 F.2d 602 (8th Cir. 1984);

*Slatky v. Amoco Oil Co.* 830 F.2d 476, 481-85 (3dCir 1987);

*LCA Corporation v. Shell Oil Company* 916 F.2d 434, 437 (8th Cir. 1990);

*Ellis v. Mobil Oil*, 969 F.2d 784, 787 (9th Cir. 1992) (quoting *Slatky v. Amoco Oil Co.* 830 F.2d 476, 485 (3dCir 1987));

*Arnold v. Amoco Oil Co.* 872 F.Supp. 1493, 1500 (W.D. Va. 1995);

*Anand v. BP West Coast Prods. LLC* (C.D. Cal 2007) 484 F.Supp.2d 1086, 1096; *Covey c. Union Oil Company of California* (D. Oregon 1993) 820 F.Supp 1257, 1259.

## JURY INSTRUCTION NO. \_\_\_\_

### "Bona Fide Offer – Environmental Indemnity"

An offer may be bona fide even though it requires the franchisee to provide environmental indemnity to the franchisor. Thus, in determining whether the offer that ConocoPhillips made to Houtan Petroleum was bona fide, you should focus solely on:

1. Whether the offer price approached fair market value at the time the offer was made;

2. Whether the environmental indemnity was a reasonable condition; and

3. Whether the offer was made in conformity with ConocoPhillips' general business practice.

**Source:** *Slatky v. Amoco Oil Co.* **(Cir. 3 1987) 830 F.2d 476, 485 fn 7.**

*Gooley v. Mobil Oil Corp.* **(D. Mass. 1987) 678 F. Supp. 939, 941-42**

*Tobias v. Shell Oil Co.* **(Cir. 4 1986) 782 F.2d 1172**

**JURY INSTRUCTION NO. ___**

**"Unclean Hands"**

You may refuse to grant relief to a party if you find that the party behaved in an unfair or inequitable manner. The law calls this "unclean hands." Thus, if you find that Houtan Petroleum acted towards ConocoPhillips in an inequitable manner by retaining and using ConocoPhillips' property without paying rent, your verdict should be in favor of ConocoPhillips.

**Source:**   *Burton v. Sosinsky* **(1988) 203 Cal.App.3d 562, 573**

*Fibreboard Paper Products Corp. v. East Bay Union of Machinists* **(1964) 227 Cal.App.2d 675-728-29**

**JURY INSTRUCTION NO. _____**

**"Nature of Claim"**

This is an action under the Petroleum Marketing Practices Act ("Act"). The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's provisions. The purposes of the Act are to provide protection for franchisees from arbitrary or discriminatory termination of their franchises, and also to provide uniform rules for both franchisors and franchisees. The Court has determined that ConocoPhillips Company properly gave notice under the Act.

Plaintiff, Houtan Petroleum, Inc., nevertheless claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide" (i.e., objectively reasonable which, in this case, means that it approached fair market value of such equipment and improvements). Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide".


**Source:**

*Slatky v. Amoco Oil Company* 830 F.2d 476 (3rd Cir. 1987) ("While we have held that sincere belief and objective reasonableness (as defined) are essential elements in the determination of the *bona fides* of an offer, we do not thereby exclude the possibility that there may be other relevant factors. For example, an offer approaching fair market value might be hedged with unreasonable conditions of sale")

*LCA Corp. V. Shell Oil Co.*, 916 F.2d 434, 438 (8th Cir. 1990) ("Whether a particular offer is bona fide must be decided on a case by case basis considering the offer as a whole and the purposes underlying the PMPA.")
15 U.S.C. §2805(d)

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Ed., §152.01
*Checkrite Petroleum, Inc. v. Amoco Oil Co.* 678 F.2d 5, 7 (2d Cir.), cert. denied 459 U.S. 833 (1982)

*Zipper v. Sun Co., Inc.* 947 F.Supp. 62, 67 (E.D.N.Y. 19996), citing *Mobil Oil Corp. V. Karbowski* 879 F.2d 1052, 1055 (2d Cir. 1989) 15 U.S.C. §2805(d)