1   GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
2   ADAM FRIEDENBERG, Bar No. 205778
    One Walnut Creek Center
3   100 Pringle Avenue, Suite 500
    Walnut Creek, CA 94596
4   Telephone: (925) 210-2800
    Facsimile: (925) 945-1975
5   Email: cglynn@glynnfinley.com
            afriedenberg@glynnfinley.com
6
    Attorneys for Defendant and Counter-Plaintiff
7   ConocoPhillips Company

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11   HOUTAN PETROLEUM, INC.          )   **Case No. 3:07-cv-5627**
                                     )
12              Plaintiff,           )   **CONOCOPHILLIPS COMPANY'S**
                                     )   **SUPPLEMENTAL PROPOSED JURY**
13       vs.                         )   **INSTRUCTIONS (WITHOUT SOURCE)**
                                     )
14   CONOCOPHILLIPS COMPANY, a Texas )   **Trial Date:   August 18, 2008**
     corporation and DOES 1 through 10, )   **Time:        10:00 a.m.**
15   Inclusive                       )   **Courtroom:   1**
                                     )   **Before:      Hon. Samuel Conti**
16              Defendants.          )
                                     )
17   _____)

18       Defendant and Counter-Plaintiff ConocoPhillips Company ("ConocoPhillips") hereby

19   submits the following Supplemental Proposed Jury Instructions.

20       This version of the instructions does not include the sources for the instructions. Pursuant

21   to the Court's Order, a second version is being filed that does display the sources.

22       Dated: August 19, 2008

23                                           GLYNN & FINLEY, LLP
                                             CLEMENT L. GLYNN
                                             ADAM FRIEDENBERG
24

25                                           By _____/s/_____
                                             Attorneys for Defendant and
26                                           Counter-Plaintiff ConocoPhillips
                                             Company
27

28

**JURY INSTRUCTION NO. ____**

**"Punitive Damages"**

If you decide that Houtan Petroleum's conduct caused ConocoPhillips harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed another and to discourage similar conduct in the future.

You may award punitive damages against Houtan Petroleum only if ConocoPhillips proves that Houtan Petroleum's retention and use of ConocoPhillips' equipment after the franchise agreement was terminated without paying ConocoPhillips was done with malice. To do this, ConocoPhillips must prove by clear and convincing evidence that the conduct constituting malice was committed by one or more officers, directors or managing agents of Houtan Petroleum, who acted on behalf of Houtan Petroleum.

"Clear and convincing" evidence is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true.

"Malice" means that Houtan Petroleum acted with intent to cause injury or that Houtan Petroleum's conduct was despicable and was done with a willful and knowing disregard of ConocoPhillips' rights. A person acts with knowing disregard when he or she is aware of the probable consequences of his or her conduct and deliberately fails to avoid those consequences.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

    (a) How reprehensible was Houtan Petroleum's conduct? In deciding how reprehensible Houtan Petroleum's conduct was, you may consider, among other factors:

        1. Whether Houtan Petroleum acted with trickery or deceit.

    (b) Is there a reasonable relationship between the amount of punitive damages and ConocoPhillips' harm that Houtan Petroleum knew was likely to occur because of its conduct?

    (c) In view of Houtan Petroleum's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the

punitive award above an amount that is otherwise appropriate merely because Houtan Petroleum has substantial financial resources.

**JURY INSTRUCTION NO. _____**

**"Bona Fide Offer"**

Under the PMPA (the "Act"), in order for ConocoPhillips Company to have made a bona fide offer the terms of the offer must have been objectively reasonable at the time the offer was made, disregarding information which came to light thereafter.  In the present case, to be objectively reasonable, the offer must "approach the fair market value" of the equipment and improvements being offered for sale, but need not be the actual fair market value" of the equipment and improvements being offered for sale.  A range of prices may reasonably "approach fair market value."

**JURY INSTRUCTION NO. _____**

**"Bona Fide Offer – Environmental Indemnity"**

An offer may be bona fide even though it requires the franchisee to provide environmental indemnity to the franchisor. Thus, in determining whether the offer that ConocoPhillips made to Houtan Petroleum was bona fide, you should focus solely on:

  1.      Whether the offer price approached fair market value at the time the offer was made;

  2.      Whether the environmental indemnity was a reasonable condition; and

  3.      Whether the offer was made in conformity with ConocoPhillips' general business practice.

**JURY INSTRUCTION NO. \_\_\_**

**"Unclean Hands"**

You may refuse to grant relief to a party if you find that the party behaved in an unfair or inequitable manner.  The law calls this "unclean hands."  Thus, if you find that Houtan Petroleum acted towards ConocoPhillips in an inequitable manner by retaining and using ConocoPhillips' property without paying rent, your verdict should be in favor of ConocoPhillips.

**JURY INSTRUCTION NO. _____**

**"Nature of Claim"**

This is an action under the Petroleum Marketing Practices Act ("Act").  The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's provisions.  The purposes of the Act are to provide protection for franchisees from arbitrary or discriminatory termination of their franchises, and also to provide uniform rules for both franchisors and franchisees.  The Court has determined that ConocoPhillips Company properly gave notice under the Act.

Plaintiff, Houtan Petroleum, Inc., nevertheless claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide" (i.e., objectively reasonable which, in this case, means that it approached fair market value of such equipment and improvements).  Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide".