**FILED**

AUG 21 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC., </br></br>        Plaintiff, </br></br>    v. </br></br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive, </br></br>        Defendants. | Case No. 07-5627 SC </br></br> <u>JURY INSTRUCTIONS</u> |

# INDEX OF JURY INSTRUCTIONS

1. Duty of Jury

2. Burden of Proof–Preponderance of Evidence

3. What is Evidence

4. What is Not Evidence

5. Direct and Circumstantial Evidence

6. Credibility of Witnesses

7. Expert Opinion and Hypothetical Questions

8. Corporations and Partnerships–Fair Treatment

9. Damages–Proof

10. Nature of Claim

11. Bona Fide Offer

12. Conversion

13. Unjust Enrichment

14. Breach of Contract

15. Contract Damages

16. Pre-deliberation Instructions

17. Return of Verdict

## JURY INSTRUCTION NO. 1

## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## JURY INSTRUCTION NO. 2

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

# JURY INSTRUCTION NO. 4

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 6

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witnessMBOL 61 \f "WP TypographicSymbols" \s 12s testimony;

(6) the reasonableness of the witness=s testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# JURY INSTRUCTION NO. 7

## EXPERT OPINION AND HYPOTHETICAL QUESTIONS

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

In permitting this type of question, the court does not rule, and does not necessarily find that all the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

## JURY INSTRUCTION NO. 8

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## JURY INSTRUCTION NO. 9

## DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for ConocoPhillips Company, you must determine its damages. ConocoPhillips has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate ConocoPhillips for any loss you find was caused by Houtan Petroleum.

* * *

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## JURY INSTRUCTION NO. 10

## NATURE OF CLAIM

This is an action under the Petroleum Marketing Practices Act ("Act"). The Act prohibits franchisors engaged in the sale, consignment, or distribution of motor fuel in commerce from terminating franchises without satisfying the Act's provisions. The purposes of the Act are to provide protection for franchisees from arbitrary or discriminatory termination of their franchises, and also to provide uniform rules for both franchisors and franchisees.

Plaintiff, Houtan Petroleum, Inc., claims that defendant, ConocoPhillips Company, violated the Act by failing to make the plaintiff an offer for the sale of equipment and improvements owned by the defendant that was "bona fide." Defendant, ConocoPhillips Company claims that its actions were proper under the Act because its offer to the plaintiff was "bona fide".

## JURY INSTRUCTION NO. 11

### "Bona Fide Offer"

Under the PMPA, a franchisor is obligated to make a bona fide offer to sell any equipment and improvements on the premises to the franchisee upon termination of the franchise agreement. A bona fide offer under the PMPA is measured by an objective market standard and must be objectively reasonable. To be objectively reasonable, the offer must approach fair market value of the equipment and improvements being offered for sale, but need not be the actual fair market value of the property. If the offer is within a range of the fair market value, then the standard is satisfied. The value of a reasonable offer should reflect what a willing purchaser would pay for the equipment and improvements and what a willing seller would accept for the equipment and improvements.

## JURY INSTRUCTION NO. 12

### "Conversion"

In this case, ConocoPhillips asserts a claim of "conversion" against Houtan Petroleum.

The basis for a claim of conversion is one party's alleged hostile act of dominion or control over a specific chattel to which the other party has the right of immediate possession.

In order to prevail on its claim of conversion, ConocoPhillips must prove:

1. Its ownership or immediate right to possession of the property in question;

2. That Houtan Petroleum wrongfully interfered with ConocoPhillips' regaining possession of the property;

3. That ConocoPhillips was harmed as a result of Houtan Petroleum's alleged interference with ConocoPhillips' possession of the property.

## JURY INSTRUCTION NO. 13

### "Unjust Enrichment"

ConocoPhillips also asserts a claim for "unjust enrichment" against Houtan Petroleum.

The basis for a claim of "unjust enrichment" is the equitable principle that "a person should not be allowed to enrich himself at the expense of another." Unjust enrichment "presupposes the acceptance and retention of a benefit by one party with full appreciation of the facts, under circumstances making it inequitable for the benefit to be retained without payment of the reasonable value thereof."

In order to prevail on its claim of unjust enrichment, ConocoPhillips must prove:

1. That Houtan Petroleum received a benefit from the use of ConocoPhillips' property and

2. That Houtan Petroleum unjustly obtained that benefit at ConocoPhillips' expense.

## JURY INSTRUCTION NO. 14

### "Breach of Contract"

ConocoPhillips claims that it and Houtan Petroleum entered into a contract in the form of a franchise agreement for supply and delivery of gasoline and sublease of the land, equipment and improvements on which the subject gas station is located. ConocoPhillips claims that Houtan Petroleum breached this contract when it prevented ConocoPhillips from removing its equipment and improvements from the station property after the termination of the parties' contract.

Houtan Petroleum denies that it breached the contract and also claims that ConocoPhillips did not have the right to remove its equipment and improvements from the property because Houtan Petroleum has a right to purchase the property pursuant to the Petroleum Marketing Practices Act ("PMPA") which is addressed elsewhere in these Instructions.

To recover damages from Houtan Petroleum for breach of contract, ConocoPhillips must prove all of the following:

1. That ConocoPhillips and Houtan Petroleum entered into a contract;

2. That ConocoPhillips did all, or substantially all, of the significant things that the contract required it to do or it was excused from doing those things;

3. That all conditions required by the contract and the PMPA for Houtan Petroleum's performance had occurred;

4. That Houtan Petroleum failed to do something that the contract required it to do; and

5. That ConocoPhillips was harmed by that failure.

## JURY INSTRUCTION NO. 15

### "Damages"

If you decide that ConocoPhillips has proved its claim against Houtan Petroleum for breach of contract, unjust enrichment, and/or conversions, you also must decide how much money, if any, will reasonably compensate ConocoPhillips for the harm caused by Houtan. This compensation is called "damages."

## JURY INSTRUCTION NO. 16

## PRE-DELIBERATION INSTRUCTIONS

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations. Also, do not immediately announce how you plan to vote. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not a part of the evidence received in this case.

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you. Also, jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to the [clerk/bailiff/court attendant]. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue until I ask for this information in open court.

All of you must agree on each verdict and on each question that you are asked to answer. As soon as you have agreed on a verdict and answered all the questions as instructed, the presiding juror must date and sign the form(s) and notify the [clerk/bailiff/court attendant].

Your decision must be based on your personal evaluation of the evidence presented in the case. Each of you may be asked in open court how you voted on each question.

While I know you would not do this, I am required to advise you that you must not base your decision on chance, such as a flip of a coin. If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

## JURY INSTRUCTION NO. 17

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.