1   GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
2   ADAM FRIEDENBERG, Bar No. 205778
    One Walnut Creek Center
3   100 Pringle Avenue, Suite 500
    Walnut Creek, CA 94596
4   Telephone: (925) 210-2800
    Facsimile: (925) 945-1975
5   Email: cglynn@glynnfinley.com
           afriedenberg@glynnfinley.com
6
    Attorneys for Defendant and Counter-Plaintiff
7   ConocoPhillips Company

8

9                        UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11  HOUTAN PETROLEUM, INC.                    )   **Case No. 3:07-cv-5627 SC**
                                              )
12                  Plaintiff,                )   **CONOCOPHILLIPS COMPANY'S**
                                              )   **OPPOSITION TO HOUTAN**
13          vs.                               )   **PETROLEUM, INC.'S MOTION FOR**
                                              )   **JUDGMENT AS A MATTER OF LAW**
14  CONOCOPHILLIPS COMPANY, a Texas           )
    corporation and DOES 1 through 10,        )   **Courtroom:        1**
15  Inclusive                                 )   **Before:           Hon. Samuel Conti**
                                              )
16                  Defendants.               )
                                              )
17  ─────────────────────────────────────────

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3   I.    INTRODUCTION ...................................................................................................1

4   II.   ARGUMENT .........................................................................................................1

5         A.   The Jury Verdict Was "Advisory" Only On Equitable Issues, And Not On
               ConocoPhillips' Claims For Conversion And Breach Of Contract ...........................2

6

7         B.   The PMPA Does Not Preempt ConocoPhillips' Counterclaims ...............................3

8              1.   Houtan's motion on preemption grounds is duplicative of Houtan's
                    previous identical motions ..............................................................................3

9              2.   The PMPA preempts only claims that directly address franchise
                    termination or nonrenewal ..............................................................................3

10

11             3.   ConocoPhillips' counterclaims address Houtan's post-termination
                    conduct, not the franchise termination ............................................................5

12        C.   The Non-Monetary Provisions Of ConocoPhillips' Offer Were Not
               Improper Under The PMPA .....................................................................................6

13

14             1.   Houtan made no pre-verdict motion pursuant to Rule 50(a) on this issue .......6

15             2.   Even were the motion procedurally proper, it must still be denied ..................7

16        D.   ConocoPhillips Submitted Proof That Its Bona Fide Offer Was For
               An Amount That Approached Fair Market Value......................................................8

17             1.   Houtan made no pre-verdict challenge to Morrison or his methodology .........8

18             2.   Plaintiff fails to establish any basis for disqualification under
                    Federal Rule of Evidence 702 or *Daubert* .......................................................9

19

20   III.  CONCLUSION....................................................................................................11

21

22

23

24

25

26

27

28

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1

**TABLE OF AUTHORITIES**

2

3   **CASES**

4   *Covey v. Union Oil Co. of Calif.*
        820 F. Supp. 1257 (D.Or. 1993) ................................................................................. 7, 8
5

*Daubert v. Merrell Dow Pharms., Inc.*
6        509 U.S. 579 (1993) ..................................................................................................... 8, 9

7   *Freund v. Nycomed Amersham*
        347 F.3d 752 (9th Cir. 2003) ................................................................................. 1, 6, 8
8

*Koylum Inc. v. 1677 Ridge Road Realty Corp.*
9        2005 WL 3528781 (2nd Cir. 2005) ............................................................................... 4

10  *Koylum Inc. v. Peksen Realty Corp.*
        223 F. Supp. 2d 405 (E.D.N.Y. 2002) ......................................................................... 4
11

*Koylum Inc. v. Peksen Realty Corp.*
12       357 F. Supp. 2d 593 (E.D.N.Y. 2005) ......................................................................... 4

13  *Meloff v. New York Life Ins. Co.*
        240 F.3d 138 (2d Cir. 2001) ......................................................................................... 2
14

*Murphy v. City of Long Beach*
15       914 F.2d 183 (9th Cir. 1990) ....................................................................................... 1

16  *O'Shea v. Amoco Oil Co.*
        886 F.2d 584 (3rd Cir. 1989) ....................................................................................... 4
17

*Pride v. Exxon Corp.*
18       911 F.2d 251 (9th Cir. 1990) ................................................................................. 3, 4, 5

19  *Settlegoode v. Portland Public Schools*
        371 F.3d 503 (9th Cir. 2004) ....................................................................................... 2
20

*Sun Chase Enterprises, Inc. v. Swati Enterprises, Inc.*
21       143 S.W.3d 902 (2004) ................................................................................................. 4

22  *Unocal Corp. v. Kaabipour*
        177 F.3d 755 (9th Cir. 1999) ....................................................................................... 3
23

*Winarto v. Toshiba America Electronics Components, Inc.*
24       274 F.3d 1276 (9th Cir. 2001) ..................................................................................... 2

25

26

27

28

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1

**TABLE OF AUTHORITIES**
**Continued**

2

3    **STATUTES**

4    15 United States Code (U.S.C.)
             Section 2801 .................................................................................................................... 3
5            Section 2802(c)(4)(C)(i) ................................................................................................... 6

6    Federal Rules of Civil Procedure
7            Rule 50............................................................................................................................ 1, 8
             Rule 50(a) .................................................................................................................. 1, 6, 9
8            Rule 50(b) .................................................................................................................. 1, 6, 8

9    Federal Rule of Evidence 702................................................................................................ 8, 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1      Defendant and Counter-Plaintiff ConocoPhillips Company submits this opposition to the

2   motion for judgment as a matter of law of Plaintiff and Counter-Defendant Houtan Petroleum,

3   Inc.

4   **I.      INTRODUCTION**

5      Houtan's motion fails to demonstrate any legitimate basis for judgment as a matter of

6   law.  The Court has already addressed Houtan's preemption argument, and Houtan cites no new

7   or different facts or law to support its redundant motion.  Houtan never asserted its remaining

8   arguments -- that the offer was not bona fide because of its indemnity provision or that Peter

9   Morrison was not competent to offer expert opinion testimony -- via a pre-verdict motion

10   pursuant to Rule 50(a).  As a matter of law, it is not permitted to raise such issues now.

11      In any event, substantial evidence supports the jury's verdict, and Houtan fails to make

12   the required showing of a "complete absence of evidence" to establish that ConocoPhillips' offer

13   was bona fide.  Likewise, Houtan can show no basis to disregard the expert testimony of Mr.

14   Morrison, but rather argues in effect that his opinion is less persuasive than that of Houtan's

15   expert.  Such an argument likewise ignores the controlling legal standard.  Houtan demonstrates

16   no basis on which to disregard the jury verdict and its motion must therefore be denied.

17   **II.      ARGUMENT**

18      A party may move for judgment as a matter of law before a case is submitted to the jury,

19   on the ground that no evidence supports the other party's claim or defense.  Fed. R. Civ. P. 50(a).

20   If the Court denies the motion, and the jury verdict is adverse to the moving party, that party may

21   renew its motion after the verdict.  Fed. R. Civ. P. 50(b).  The post-verdict motion renews the

22   pre-verdict motion.  *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).  A pre-

23   verdict Rule 50(a) motion is thus a prerequisite to consideration of a post-verdict Rule 50(b)

24   motion.  *Id.*  A party cannot raise arguments in its post-trial motion for judgment as a matter of

25   law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion.  *Id.* (citing Fed. R.

26   Civ. P. 50, *Murphy v. City of Long Beach* 914 F.2d 183, 186 (9th Cir. 1990).

27      The motion is a challenge to the sufficiency of the evidence supporting a claim or

28   defense.  However, the Court's role is not to make credibility determinations or weigh the

1    evidence.  *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th

2    Cir. 2001).  Moreover, even weak evidence does not justify judgment as a matter of law.  *See*

3    *Settlegoode v. Portland Public Schools*, 371 F.3d 503, 510 (9th Cir. 2004).  Rather, judgment as

4    a matter of law is proper only where the evidence is so overwhelmingly in favor of the moving

5    party that no reasonable person could find for the non-movant.  *See Id.*  Such relief

6
7       is inappropriate unless:  (1) there is such a complete absence of evidence
        supporting the verdict that the jury's findings could only have been the result of
        sheer surmise and conjecture, or (2) there is such an overwhelming amount of
        evidence in favor of the movant that reasonable and fair minded [persons] could
8       not arrive at a verdict against [it].

9    *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001).

10       **A.    The Jury Verdict Was "Advisory" Only On Equitable Issues, And Not
                 On ConocoPhillips' Claims For Conversion And Breach Of Contract.**
11

12          Houtan argues that "an *advisory* jury found in favor of ConocoPhillips."  (Docket No.

13   148 at 2:5 (emphasis added).)  The jury was advisory only on equitable issues (Houtan's PMPA

14   claim and ConocoPhillips' unjust enrichment claim).  ConocoPhillips properly demanded a jury

15   on its counterclaims (Docket No. 46 at 1:16, 16:1-3), and was entitled to trial by jury on its tort

16   and contract claims.  Accordingly, the Court found that a jury trial was "require[d]" on

17   ConocoPhillips' counterclaims.[1]  (Docket 105 at 2:11-14.)

18          At the pretrial conference, ConocoPhillips offered to waive jury on its claims and try the

19   entire case to the Court.  *Houtan*, however, refused to waive.  Thus, on the issues that are the

20   central focus of Houtan's motion -- ConocoPhillips' tort and contract claims -- the jury verdict

21   was determinative, not advisory.

22   / / /

23   / / /

24   / / /

25

26   [1] Unjust enrichment is an equitable claim.  This is irrelevant to the instant motion, however, as
     the verdict Houtan asks the Court to disregard was an award of *damages*.  Thus, Houtan's
27   motion necessarily challenges the jury verdict on ConocoPhillips' breach of contract and tort
     claims (for which damages were an appropriate remedy) and not the unjust enrichment claim (for
28   which restitution and disgorgement, rather than damages, are authorized).

- 2 -

1    **B.    The PMPA Does Not Preempt ConocoPhillips' Counterclaims.**

2    **1.    Houtan's motion on preemption grounds is duplicative of Houtan's previous identical motions.**

3

4    Initially, we note that Houtan's preemption argument is wholly redundant of the identical

5    argument raised in Houtan's motion to dismiss ConocoPhillips' counterclaims (Docket Nos. 49,

6    50 (at pp. 3-6)).  The Court denied that motion, explicitly finding that the claims were not

7    preempted because they addressed Houtan's post-termination conduct, and not the termination of

8    the franchise.  (Docket No. 105 at 2:15-25.)  Houtan's renewed motion identifies no new or

9    different facts, and cites no new or different law.  It simply cuts and pastes the same erroneous

10    argument the Court has already rejected.  The motion must again be denied.

11    **2.    The PMPA preempts only claims that directly address franchise termination or nonrenewal.**

12

13    Even were Houtan's preemption argument procedurally appropriate, it would

14    nevertheless fail -- for the same reasons the Court has already articulated.  Plaintiff argues that

15    "[s]tatutory and common law claims are preempted where they pertain to termination or

16    nonrenewal pursuant to the PMPA."  (Docket No. 148 at 3:10-11.)  As the Court has already

17    found, however,

18    Houtan's argument that Conoco's counterclaims are preempted by the Petroleum
Marketing Protection Act ("PMPA"), 15 U.S.C. § 2801 et seq., is unavailing.  The
19    counterclaims do not address the propriety of the franchise termination, and
instead are directed towards recovery of damages allegedly incurred by Houtan's
20    continued use of Conoco's equipment and improvements.  Of course, these
damages may hinge on whether Conoco fulfilled its obligation under the PMPA
21    to make a bona fide offer to sell the equipment and improvements to Houtan upon
termination of the franchise agreement.  Nonetheless, it is clear that Conoco's
22    counterclaims are not preempted by the PMPA.

23    (Docket No. 105 at 2:15-25.)

24    The Court's ruling was supported amply by well-settled Ninth Circuit authorities.  *See,*

25    *e.g., Unocal Corp. v. Kaabipour,* 177 F.3d 755, 768 (9th Cir. 1999) ("[t]he preemptive scope of

26    the PMPA *is* limited; it does not reach any state laws which only incidentally affect franchise

27    termination or nonrenewal"); *see also Pride v. Exxon Corp.*, 911 F.2d 251, 258 (9th Cir. 1990)

28    ("the Act 'does not preempt every state law that relates remotely to the termination or

- 3 -

1    nonrenewal of petroleum franchises'"").  The PMPA preempts only state law that would regulate

2    the " '*grounds for, procedures for, and notification requirements*' with respect to terminations

3    and nonrenewals."  *Pride*, 911 F.2d at 258 (emphasis added).

4         "The PMPA does not attempt to govern everything that happens in a motor fuel franchise

5    relationship.  State contract law continues to govern where not preempted, as does state tort

6    law."  *Sun Chase Enterprises, Inc. v. Swati Enterprises, Inc.*, 143 S.W.3d 902, 905 (2004)

7    (citation omitted).   "The goal of the framers of the PMPA was to create a uniform system of

8    franchise termination, not a uniform system of contract law. . . .  There is no reference to any

9    legislative intent to preempt the general common law of contract, even to the extent that it may

10   become involved in a PMPA action."  *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 593 (3rd Cir.

11   1989) (citation omitted).

12        Thus, the PMPA does not preempt common law claims for rental obligations that accrue

13   as a result of a franchisee's holdover after termination of a franchise agreement.  *See Koylum*

14   *Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593 (E.D.N.Y. 2005) *aff'd in part, vacated in part*

15   *in Koylum Inc. v. 1677 Ridge Road Realty Corp.*, 2005 WL 3528781 (2nd Cir. 2005).  In

16   *Koylum*, the franchisor terminated the franchise agreement, but the franchisee refused to vacate

17   the station property.  *Koylum*, 357 F.Supp.2d at 595.  The franchisor then initiated proceedings in

18   state court to evict the franchisee from the property.  *Id*. at 595.[2]  Subsequently, the franchisee

19   filed suit in federal court alleging violations of the PMPA and a right to purchase the premises.

20   *Id.*  After the franchisor prevailed at trial on the PMPA claims, and the court found that the

21   franchisee was a holdover tenant, the franchisor sought rent from the franchisee for the period

22   after the termination of the franchise agreement.  *Id.*  The Court found for the franchisor,

23   awarding damages of $373,438.54 in back rent plus interest and previously awarded costs.  *Id.* at

24   597.[3]

25

26   [2] A more complete recitation of the facts for *Koylum* is found in *Koylum Inc. v. Peksen Realty*
     *Corp.*, 223 F. Supp. 2d 405 (E.D.N.Y. 2002).
27

     [3] The liability finding was affirmed on appeal (though the damage period was shortened).
28   *Koylum Inc.,* 2005 WL 3528781 at *2.

- 4 -

### 3.    ConocoPhillips' counterclaims address Houtan's post-termination conduct, not the franchise termination.

1

2    ConocoPhillips' counterclaims in no way addressed the "grounds for, procedures for, and

3    notification requirements" for the franchise termination. *Pride*, 911 F.2d at 258. Thus, the jury

4    verdict Houtan now asks the Court to disregard did not consider such issues. Rather, prior to

5    trial, the Court had already granted summary judgment in ConocoPhillips' favor on Plaintiff's

6    claim that the termination was itself improper and untimely. (Docket No. 103.)

7    The franchise agreement further provided that upon its termination or expiration, Houtan

8    Petroleum was obligated to surrender all station property to ConocoPhillips. (Trial Ex. No. D-

9    501 at ¶ 32.) Houtan Petroleum refused to do so, however, but instead remained in possession of

10    ConocoPhillips' equipment and improvements, without paying rent. Moreover, this is not a

11    situation in which Houtan was forced to choose between purchasing the property for a price it

12    believed was not bona fide or permitting its removal by ConocoPhillips. Rather, as this Court

13    recognized when it denied preliminary injunctive relief ten months ago, ConocoPhillips offered

14    to leave its property at the station pending the litigation, in exchange for an interim rental

15    payment by Houtan. (Docket No. 18 at 16:7-14.) Houtan refused.

16    Having failed to persuade the jury that ConocoPhillips' offer was not bona fide, Houtan

17    now argues that it was entitled to retain and use ConocoPhillips' valuable property, without

18    paying rent, simply because it had filed a PMPA lawsuit. One need only state the proposition to

19    refute it. Were the law as Houtan asserts, merely filing the lawsuit would entitle a franchisee,

20    win or lose, to keep and use the franchisor's property, without paying compensation, for as long

21    as the litigation was pending. The result would be to encourage litigation upon all franchise

22    terminations, even where there was no actual dispute that a termination was improper, because

23    the franchisee, at worst, could retain the franchisor's property indefinitely and without threat of

24    legal sanction. Such was not the intent of the PMPA.

25    Indeed, Houtan does not cite a single statutory provision, case or other authority to

26    support its novel theory. Instead, it cites general case law regarding PMPA preemption,

27    contending that judgment as a matter of law is warranted because the purpose of the PMPA was

28    to prevent "arbitrary and discriminatory" franchise termination. (Docket No. 148 at 3:24-4:11.)

1   The argument is circular.  No evidence supports the claim that the termination of Houtan's

2   franchise was arbitrary, discriminatory or in any other way improper, as the Court's grant of

3   summary judgment necessarily recognized.  (Docket No. 103 at 8:19-9:27.)

4       As was true the first time Houtan argued preemption, there is no legal support for its

5   argument.  If Houtan truly wanted to proceed in good faith, it was free to do so.  It could have

6   entered an interim rental agreement, as ConocoPhillips offered and the Court recognized.  It

7   could have accepted ConocoPhillips' offer under protest, purchased the property for $340,000,

8   and litigated the bona fides of the offer, a tactic Houtan's counsel has employed in other PMPA

9   matters in which it has represented franchisees.[4]  Houtan chose neither of these options, and

10  proposed no others.  Instead, it gambled that a jury would find that because ConocoPhillips is a

11  petroleum franchisor, its fundamental property rights may be freely disregarded.  The jury

12  concluded that even oil companies have rights and it rejected Houtan's ploy.  No legal basis

13  exists to disregard the verdict.

14      **C.     The Non-Monetary Provisions Of ConocoPhillips' Offer Were Not
                 Improper Under The PMPA.**
15

16      Houtan argues that ConocoPhillips' bona fide offer failed to comply with the PMPA

17  because it did not "offer to sell, transfer or assign to the franchisee 'the interest of the franchisor'

18  in any improvements or equipment located on the premises."  (Docket No. 148 at 5:19-21 citing

19  15 U.S.C. § 2802(c)(4)(C)(i) (emphasis omitted).)  The argument fails for both procedural and

20  substantive reasons.

21      **1.     Houtan made no pre-verdict motion pursuant to Rule 50(a)
                 on this issue.**
22

23      As shown above, a post-verdict motion for judgment as a matter of law under Rule 50(b)

24  can address only issues raised in a pre-verdict motion pursuant to Rule 50(a).  *Freund*, 347 F.3d

25  at 761. The pre-verdict motion is an absolute prerequisite to a post-verdict challenge.  *Id.*  Where

26

27  ──────────────────────

28  [4]  We do not concede that such a purchase "under protest" is authorized under the PMPA, but
     merely recognize that Houtan's counsel has asserted the right elsewhere.

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1  the party moving post-verdict for judgment as a matter of law failed to raise the issue prior to the

2  verdict, the motion must be denied.  *Id.*

3         Such is the case here.  Houtan never moved at the close of evidence, or before, for

4  judgment as a matter of law on the ground that ConocoPhillips failed to offer its entire interest in

5  the subject property.  For this reason alone, the Court must deny Houtan's motion.

6               **2.      Even were the motion procedurally proper, it must still be denied.**

7         The assertion that ConocoPhillips failed to offer to sell its entire interest in the

8  improvements and equipment is, of course, is false.  The bona fide offer attached to Houtan's

9  motion makes clear that ConocoPhillips offered to sell its entire interest in all the improvements

10  and equipment at the subject service station.  Houtan presented no evidence showing otherwise.

11         Thus, Houtan explains that its true argument is that the PMPA prohibits a franchisor from

12  including routine indemnity and waiver provisions, common to any commercial real estate

13  transaction.  Plaintiff cites not a single case to support this unusual argument.  We are aware of

14  no case holding that a PMPA bona fide offer may not be subject to reasonable conditions.

15  Nothing in the PMPA stands for the proposition that an offer to sell underground fuel equipment

16  may not identify and allocate potential environmental risks.  Rather, the relevant question is

17  whether an offer is reasonable under the circumstances, as the jury instructions made clear.

18  (Docket No. 146 at Instruction No. 11.)

19         Moreover, the assumption on which Houtan's argument is based -- that active or potential

20  environmental contamination exists at the site -- is unsupported by evidence.  The undisputed

21  testimony of Jack Whalen and Richard Mathews made clear that the underground fuel tanks

22  were not leaking either at the time of the October 2007 bona fide offer or the subsequent

23  "SB989" testing that Houtan contended, falsely, established such a leak.[5]  Further, this is not a

24  situation in which Houtan was unable to make such a determination at the time of the offer.

25  _____

26  [5]  Further, the undisputed testimony established at trial the "SB989" testing had not occurred and
*was not required* at the time of the bona fide offer.  Such testing is therefore completely

27  irrelevant to the sole legal question presented by Houtan's PMPA claim -- whether the offer was
bona fide *at the time it was made*.  *See Covey v. Union Oil Co. of Calif.*, 820 F. Supp. 1257, 1259
(D.Or. 1993) (**"**Defendant . . . has the burden of proof in showing the offer to sell was bona fide

28  *at the time it was made*") (emphasis added).

1    Rather, as Mr. Mathews testified (and Houtan did not dispute), Houtan utilizes state of the art

2    leak detection equipment such that it would have known immediately of any fuel leak at the site.[6]

3            Houtan opened the trial by contending that the underground fuel tanks were leaking.  Its

4    president, Mr. Haddad, testified that such leaks were occurring.  The evidence showed these

5    assertions to be false.  Moreover, the "SB989" repair estimate that Houtan did not obtain until

6    almost a year after the bona fide offer (and less than two weeks prior to trial) -- *and which was*

7    *not required at the time of the offer* -- could not have any legal or logical relevance to

8    ConocoPhillips' good faith when it made the offer.  *See Covey*, 820 F. Supp. at 1259.

9            Houtan failed in its effort to persuade the jury that there were leaks at the station.  The

10   jury's rejection of that assertion was well-supported by the evidence.  Houtan now seeks to have

11   the Court simply disregard the jury's verdict, which the Court may not do.  For this further

12   reason, the Court should deny Houtan's motion.

13           **D.      ConocoPhillips Submitted Proof That Its Bona Fide Offer Was For An
                        Amount That Approached Fair Market Value.**
14

15           Finally, Houtan argues that ConocoPhillips failed to meet its burden to establish its offer

16   was bona fide under the PMPA.  In support of the claim, Houtan contends that the Court should

17   have excluded the testimony of ConocoPhillips' expert witness, real estate appraiser Peter

18   Morrison, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509

19   U.S. 579 (1993).  Under Rule 50, Houtan waived the argument by failing to raise it pre-verdict.

20   In any event, the argument is without evidentiary or legal basis.

21           **1.      Houtan made no pre-verdict challenge to Morrison or his
                        methodology.**
22

23           As discussed above, a post-verdict Rule 50(b) motion can address only issues raised at or

24   prior to the close of evidence.  *Freund*, 347 F.3d at 761. Houtan never challenged Morrison or

25

26   _____

27   [6]  Houtan, moreover, would have been obligated under the terms of the franchise agreement
     immediately to report to ConocoPhillips any such leak. (Trial Ex. No. D-501 ¶ 23(a)(8) (pp. 18-
28   19).)  Houtan presented no evidence of such a report, because no leak ever occurred.

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1    his methodology by a pre-verdict Rule 50(a) motion, by motion in limine or in any other manner

2    prior to the verdict.  Houtan's motion must therefore be denied on this ground alone.

3                    **2.        Plaintiff fails to establish any basis for disqualification under
                              Federal Rule of Evidence 702 or *Daubert*.**

4

5            Even if the motion were procedurally proper, it would be utterly without merit.  Federal

6    Rule of Evidence 702 permits exclusion of expert opinion testimony only where the expert

7    witness fails to rely upon sufficient facts, uses an invalid methodology, or fails to apply his

8    methods reliably to the facts.  Houtan's motion fails to demonstrate any defect in the appraisal

9    methodology used by Mr. Morrison.  Instead, it points to its now familiar litany of irrelevant

10   and/or false assertions.  (Docket No. 148 at 7:7-27.)  To wit:

11       •   **"Mr. Morrison is not licensed to do appraisals in the State of California."**  This
             sophistry omits the following facts: 1) Mr. Morrison is licensed in his home state of
12           Wisconsin; 2) the undisputed testimony was that an appraiser need not hold a
             California license to appraise California properties; and 3) the appraisal report was
13           signed and prepared both by Mr. Morrison and his colleague, Robert Wintz, who does
             hold a California license.
14
         •   Mr. Morrison **"does not hold an MAI certification from the Appraisal Institute
15           (a common industry standard)."**  No witness testified that such a professional
             designation is required.  There are many California appraisers who are not members
16           of the Institute.

17       •   Mr. Morrison **"assum[ed] that the subject property was <u>owned in fee simple</u>."**
             This "assumption" is easily explained:  it is undisputed that although ConocoPhillips
18           held only a leasehold interest in the real property that Houtan now leases, it *owned*
             (and continues to own) the equipment and improvements.  Houtan's argument is
19           frivolous.

20       •   **"Mr. Morrison never visited the site before preparing a report."**  Mr. Morrison
             testified that his colleague (Mr. Wintz) visited the site, as is common in the appraisal
21           industry.[7]

22       •   **"Mr. Morrison . . . gave no consideration of California's Enhanced Vapor
             Recovery requirements . . . ."**  Houtan admits that these requirements require no
23           upgrade prior to *April 2009*.  Moreover, Mr. Whalen testified that such upgrades are
             routine upgrades, and Mr. Morrison testified that his appraisal depreciation method
24           necessarily reflected the age of the equipment and need for periodic upgrade and
             maintenance.
25
         •   **"Mr. Morrison . . . gave no consideration . . . that the Underground Storage
26           Tank system comply [sic] with SB989."**  As shown above, "SB989" testing was not
             required at the time of the bona fide offer or Mr. Morrison's earlier appraisal.
27

28   [7] The site visit notes of Mr. Wintz were presented at trial as Trial Ex. No. D-504.

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1    • **"ConocoPhillips' [sic] never tendered Mr. Morrison as an expert witness to the Court during the trial."** This argument reflects only the lengths to which plaintiff is willing to go in its scatter-shot approach. ConocoPhillips disclosed Mr. Morrison as an expert, and made him available for deposition pretrial (though plaintiff elected not to depose him). ConocoPhillips adequately established Mr. Morrison's credentials and the foundation for his opinions, and indeed Houtan never objected at any time that Mr. Morrison was not a qualified expert. Thus, the assertion that he was not formally "tendered" is silly.

    • **"ConocoPhillips deliberately concealed and withheld" a "spreadsheet" that reflected the "Valuation of Improvements Adjusted for Remaining Term of Lease."** Houtan ignores its obligations under Rule 11. ConocoPhillips did not "conceal" or "withhold" anything;[8] it produced all documents required by Rule 26 (and Houtan did not serve a single discovery request in the case).

Finally, Houtan argues that Morrison "fail[ed] to testify as to the leasehold valuation of the improvements. . . ."[9] (Docket No. 148 at 9:5-6.) One need only flesh out Houtan's argument to fully appreciate its absurdity. Houtan contends that ConocoPhillips was required to reduce the value of its equipment and improvements to reflect the remaining term of its ground lease with the landowner, V.O. Limited. In other words, Houtan argues that because ConocoPhillips made its offer on October 23, 2007, just eight days before that lease expired, ConocoPhillips was required to offer Houtan a price that assumed the equipment and improvements would be used for only eight days and thereafter have no further value. But Houtan has continued to use the equipment for almost a year since the bona fide offer, and Mr. Haddad admitted at trial that he intends to continue using it indefinitely. The argument is breathtakingly dishonest and, of course, completely unsupported by authority.

Houtan thus fails to demonstrate any defect in the methodology used or facts assumed by Mr. Morrison, much less any basis for the complete disregard of his expert opinion. Instead, it

---

[8] Houtan, on the other hand, used exhibits it had not properly disclosed or produced to ConocoPhillips, over ConocoPhillips' objections at trial. (*See, e.g.,* Trial Ex. No. 82.)

[9] Houtan referred at trial to a "voluntary offer" program under which ConocoPhillips would offer to sell to a franchisee ConocoPhillips' remaining interest in an underlying ground lease, along with Company-owned equipment and improvements on such leased property. In such a case, ConocoPhillips voluntarily reduced the value of equipment and improvements to reflect the fact that the franchisee might not be able to secure an additional tenancy at the end of the leasehold period. Such a circumstance is completely inapplicable here for multiple reasons. The case at bar does not involve a "voluntary" offer and ConocoPhillips was under no obligation to voluntarily reduce its offer price. Further, Houtan does not have a limited remaining tenancy at the property, but rather a 25-year lease.

1    offers an argument directed at the weight of his opinion, but one completely unsupported by true

2    facts.

3    **III.    CONCLUSION**

4        Houtan's motion fails to set forth any legitimate ground on which to disregard the jury

5    verdict.  The Court has already considered and rejected the preemption argument.  The

6    remaining arguments are not properly raised at this time, and in any event establish no basis for

7    relief.  The Court should therefore deny Houtan's motion and enter judgment consistent with the

8    August 21, 2008 jury verdict.

9        Dated:  September 12, 2008

10                                          GLYNN & FINLEY, LLP
                                            CLEMENT L. GLYNN
                                            ADAM FRIEDENBERG
11

12                                          By _____/S/_____
                                            Attorneys for Defendant and Counter-
13                                          Plaintiff ConocoPhillips Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONOCOPHILLIPS' OPPOSITION TO HOUTAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW