UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No. 07-5627 SC <br><br> MEMORANDUM OF DECISION, FINDINGS OF FACT AND CONCLUSIONS <u>OF LAW</u> |

## I. **BACKGROUND**

The present matter arose out of the termination of a franchise agreement between ConocoPhillips Company and Houtan Petroleum, Inc.[1] The primary issue remaining after summary judgment was whether ConocoPhillips made a "bona fide" offer to sell its equipment and improvements at the underlying gas station to Houtan Petroleum, as required by the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 <u>et</u> <u>seq.</u>

A jury was empaneled and a four day trial was held beginning August 18, 2008. The parties agreed that the equitable issues,

---

[1] A detailed factual background may be found in this Court's previous Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Docket No. 103.

including whether the offer was bona fide and whether Houtan had been unjustly enriched by retaining use and possession of ConocoPhillips' equipment after termination of the franchise, were to be tried by the Court, with the jury serving in an advisory capacity. ConocoPhillips' counterclaims of conversion and breach of contract were to be tried by the jury. The jury returned a verdict in favor of ConocoPhillips and against Houtan. See Docket No. 145. In its advisory capacity, the jury found that the offer made by ConocoPhillips was bona fide. Id. The jury further found that Houtan was liable to Conoco for damages of $40,000 for the ten months that Houtan continued using ConocoPhillips' equipment after the termination of the franchise agreement. The following are the Findings of Fact and Conclusions of Law of the Court.

## II. **FINDINGS OF FACT**

1. $340,000 approached the fair market value of the equipment and improvements. Even Houtan's own expert appraisal witness testified that, although he valued the equipment at $145,000 and ConocoPhillips' witness appraised the equipment at $340,000, it is not necessarily unusual for appraisers to reach such divergent values. Thus, according to Houtan's own expert, $340,000 was not necessarily unreasonable. The remaining evidence at trial also demonstrated that $340,000 approached the fair market value of the equipment and improvements.
2. The evidence at trial demonstrated that $4,000 per month was a reasonable rental value of the equipment and improvements

2

1     at the underlying gas station.
2  3. The evidence at trial demonstrated that Houtan had continued
3     to use ConocoPhillips' equipment and improvements for ten
4     months subsequent to the termination of the franchise
5     agreement.

7  **III.  CONCLUSIONS OF LAW**
8  1. Although the offer to sell the equipment and improvements
9     contained an indemnification clause whereby Houtan would
10    release ConocoPhillips from any liability arising from leaks
11    that may have happened before the franchise agreement
12    terminated, this clause was not in violation of §
13    2802(c)(4)(C)(i) of the PMPA, which requires a franchisor to
14    make "a bona fide offer to sell, transfer, or assign to the
15    franchisee the interest of the franchisor in any improvements
16    or equipment located on the premises."  15 U.S.C. §
17    2802(c)(4)(C)(i).
18 2. The offer of $340,000, in combination with the
19    indemnification clause, was a bona fide offer under the PMPA.
20    See Ellis v. Mobil Oil, 969 F.2d 784, 787 (9th Cir. 1992)
21    (stating that it "is settled law that a bona fide offer under
22    PMPA is measured by an objective market standard" and to "be
23    objectively reasonable, an offer must approach fair market
24    value"); see also id. at 788 (holding that the "facts of each
25    case will set the terms of what constitutes a bona fide
26    offer").
27 3. Regarding ConocoPhillips' counterclaim for unjust enrichment,

3

the Court finds that $4,000 per month, in light of the franchise agreement and the other evidence presented at trial, was a reasonable rental value for the improvements and equipment.  Furthermore, because Houtan used the equipment for ten months, the Court concludes that Houtan is liable to ConocoPhillips in the amount of $40,000 for the use of this equipment.  The Court notes that the jury also found Houtan liable to ConocoPhillips for $40,000 on the counterclaims for breach of contract and conversion.  These amounts are not cumulative, and Houtan is liable under all three counterclaims for a total of $40,000.

IT IS SO ORDERED.

Dated: September 23, 2008

UNITED STATES DISTRICT JUDGE