United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUTAN PETROLEUM, INC., | ) Case No. 07-5627 SC |
| Plaintiff, | ) |
| v. | ) ORDER DENYING |
| | ) PLAINTIFF HOUTAN |
| | ) PETROLEUM, INC.'S |
| CONOCOPHILLIPS COMPANY, a Texas | ) MOTION FOR JUDGMENT |
| Corporation and DOES 1 through 10, | ) <u>AS A MATTER OF LAW</u> |
| Inclusive, | ) |
| Defendants. | ) |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion for Judgment as a Matter of Law filed by the plaintiff Houtan Petroleum, Inc. ("Houtan" or "Plaintiff"). Docket No. 148. The defendant ConocoPhillips Company ("Conoco") submitted an Opposition and Houtan filed a Reply. Docket Nos. 149, 150.[1] At the request of the Court, the parties then filed simultaneous letter briefs. Docket Nos. 153, 154. For the reasons discussed herein, Houtan's Motion is DENIED.

///

---

[1] Conoco subsequently filed a Motion for Leave to File Surrepply. Docket No. 151. That Motion is DENIED.

**II. BACKGROUND**

The background of this case is extensively detailed in this Court's prior Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Docket No. 103. The Court assumes the parties' familiarity with the facts and only discusses those relevant to the present Motion.

On November 5, 2007, Houtan filed a Complaint against Conoco alleging violations of the Petroleum Marketing Practices Act ("PMPA") 15 U.S.C. § 2801 et seq., arising out of the termination of the franchise relationship between Conoco and Houtan. On the same day, Houtan also filed an Ex Parte Motion for a Temporary Restraining Order and Application for Preliminary Injunction. On November 6 the Court issued a Temporary Restraining Order and enjoined Conoco from taking further action to interfere with Houtan's immediate assumption of control of the gas station at issue. See TRO, Docket No. 8. The TRO prevented Conoco from removing any equipment or improvements and compelled Conoco to resume its franchise relationship with Houtan by supplying fuel and processing credit card sales from the station. Id. On November 16, 2007, the Court issued an Order Denying Plaintiff's Motion for Preliminary Injunction ("Preliminary Injunction Order"). Docket No. 18. On January 18, 2008, Conoco filed an Answer as well as counterclaims for breach of contract, conversion, and unjust enrichment.

The parties subsequently filed various motions, including to dismiss, for summary judgment, and to strike the jury request. After disposition of these motions, a four-day jury trial was held

2

beginning August 18, 2008. The primary issue at trial was whether the offer to sell that Conoco made Houtan for the equipment and improvements at the gas station was a bona fide offer, as required by the PMPA. Houtan contended that the offer, which was for $340,000 and included a release of liability provision whereby Houtan would agree to indemnify Conoco for any leaks subsequently discovered in the underground tanks and pipes, was not bona fide.

The jury returned a verdict in favor of Conoco, finding that the initial offer to sell the equipment for $340,000 by Conoco was in fact bona fide. In addition, the jury found in favor of Conoco on its counterclaims and awarded Conoco $40,000 in rental fees for the continued use of Conoco's equipment after the termination of the franchise agreement. This number was based on the jury's conclusion that $4,000 per month was a reasonable rental value and that Houtan had used the equipment and improvements for ten months after the franchise agreement terminated.

In the instant Motion, Houtan raises a number of issues, each of which is addressed below.[2]

### III. **LEGAL STANDARD**

"Federal Rule of Civil Procedure 50(a) permits a party to move for judgment as a matter of law after the opposing party has been fully heard and prior to the submission of the case to the

---

[2] Houtan argues that Conoco's Opposition was filed more than ten days after the initial motion and was thereby in violation of this Court's order. This argument is without merit. See Fed. R. Civ. P. 6(a)(2) (stating that in computing time for motion papers, parties are to "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days").

1  jury." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir.
2  2003). Thus, "[i]f a party has been fully heard on an issue
3  during a jury trial and the court finds that a reasonable jury
4  would not have a legally sufficient evidentiary basis to find for
5  the party on that issue, the court may resolve the issue against
6  the party . . . ." Fed. R. Civ. P. 50(a). "If the court does not
7  grant a motion for judgment as a matter of law made under Rule
8  50(a), the court is considered to have submitted the action to the
9  jury subject to the court's later deciding the legal questions
10 raised by the motion." Id. at 50(b). Rule 50(b), in turn,
11 "allows the moving party to 'renew' its motion within ten days
12 after the court's entry of final judgment in the case." Freund,
13 347 F.3d at 761 (citing Fed. R. Civ. P. 50(b)). "A party cannot
14 raise arguments in its post-trial motion for judgment as a matter
15 of law under Rule 50(b) that it did not raise in its pre-verdict
16 Rule 50(a) motion." Id.

**IV. DISCUSSION**

A.  Preemption

As a preliminary matter, Conoco argues that Houtan's Motion is barred because Houtan did not move for judgment as a matter of law before the case went to the jury. This argument is contradicted by the unofficial transcript of the record, as Houtan raised its arguments regarding preemption on the third day of trial, before closing arguments.[3] Counsel for Plaintiff stated:

---

[3] An official transcript is not yet available.

"The only thing I would throw in there to put on the record right now is that Plaintiff wish[es] to move for a judgment as a matter of law against ConocoPhillips' counterclaims, based upon the fact that we believe the PMPA preempts them and their remedies are set forth in the PMPA." Unofficial Tr. of R. ("TR") at 139. The Court therefore finds that Houtan's Motion is proper.

Houtan argues that Conoco's counterclaims are preempted by the PMPA. Although Houtan previously raised, and the Court expressly rejected, this very argument, see Order Denying Defendant's Motion to Strike Jury Demand and Denying Plaintiff's Motion to Dismiss the Counterclaims of ConocoPhillips Company ("Order Denying Plaintiff's Motion to Dismiss"), Docket No. 105, the Court briefly revisits the issue for the sake of finality.

The PMPA contains an express preemption section, which states:

> To the extent any provision of [the PMPA] applies . . . to the nonrenewal . . . of any franchise relationship, no state or any political subdivision thereof may adopt, enforce or continue in effect any provision of any law or regulation . . . with respect . . . to the nonrenewal . . . of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter.

15 U.S.C. § 2806(a). "This section provides for preemption of all state law inconsistent with the PMPA." In re Herbert, 806 F.2d 889, 892 (9th Cir. 1986) (emphasis in original). Thus, under the PMPA, "state law is preempted . . . to the extent it frustrates federal objectives and when it is inconsistent with" the PMPA.

5

Pride v. Exxon Corp., 911 F.2d 251, 258 (9th Cir. 1990).

Houtan argues that Conoco's counterclaims are preempted because the claims "would allow ConocoPhillips to circumvent PMPA obligations to make a bona fide offer to Houtan Petroleum and would create a hammer to unfairly punish a franchisee merely for contesting a PMPA offer." Mot. at 4. As this Court previously held, however, the counterclaims do not address the propriety of the franchise termination, and instead are directed towards recovery of damages allegedly incurred by Houtan's continued use of Conoco's equipment and improvements after the franchise agreement allegedly terminated. Order Denying Pl.'s Mot. to Dismiss at 2.

This conclusion is consistent with Ninth Circuit authority addressing the scope of the PMPA's preemption. See, e.g., Unocal Corp. v. Kaabipour, 177 F.3d 755, 768 (9th Cir. 1999) (stating "[t]he preemptive scope of the PMPA is limited; it does not reach any state laws which only incidentally affect franchise termination or nonrenewal") (emphasis in original); see also Pride, 911 F.2d at 257-58 (holding that state law fraud claim regarding the formation of the underlying contract was not preempted by the PMPA because it did "not implicate the grounds for, procedures for or notification requirements of termination and nonrenewal under" the PMPA). Conoco's claims for conversion, unjust enrichment, and breach of contract are all directed at recovering damages from Houtan's continued possession and use of Conoco's equipment after the alleged termination of the franchise agreement. These claims do not implicate the grounds for,

6

procedures for, or requirements of termination of the underlying franchise agreement. They are, therefore, not preempted.

Houtan also argues that Conoco could and should have sought relief not through state law counterclaims but instead under § 2805(b)(1) of the PMPA, which permits a court to "grant such equitable relief as the court determines is necessary to remedy the effects of any failure to comply with the requirements of section 2802, 2803, or 2807 of this title . . . ." 15 U.S.C. § 2805(b)(1). By its very language, however, § 2805(b)(1) only grants the court power to fashion equitable relief where there has been a "failure to comply" with the PMPA requirements. In the present case, for reasons discussed more fully below, Conoco complied with the PMPA. Section 2805(b)(1) would not, therefore, permit this Court to fashion the equitable relief that Houtan asserts Conoco should have sought. Were Conoco's counterclaims preempted, Conoco would have no way to recover for Houtan's continued use of Conoco's equipment after Conoco made, and Houtan refused, a bona fide offer to sell said equipment. Moreover, Conoco's counterclaims did not allege PMPA violations. Conoco, therefore, would have no reason for asserting a claim under § 2805(b)(1). For these reasons, Houtan's Motion for Judgment as a Matter of Law on the preemption of Conoco's state law counterclaims is DENIED.

B. <u>Bona Fide Offer</u>

Houtan also asserts that, as a matter of law, Conoco's offer to sell its improvements and equipment was not bona fide because the offer was contingent on the execution by Houtan of a release

7

1 and waiver of rights whereby Houtan would indemnify Conoco for any
2 leaks that may have occurred prior to transfer of ownership from
3 Conoco to Houtan.  As an initial matter, Houtan did not raise this
4 issue before the verdict was rendered by the jury.  As such,
5 Houtan is precluded from now raising it.  See Freund, 347 F.3d at
6 761 (stating a "party cannot raise arguments in its post-trial
7 motion for judgment as a matter of law under Rule 50(b) that it
8 did not raise in its pre-verdict Rule 50(a) motion").
9 Nonetheless, even if this issue had been properly raised, it would
10 have been to no avail.

11     It is uncontested that the Bill of Sale for the equipment
12 contained the following provision: "Buyer agrees that any leak
13 discovered at any time hereafter shall be buyer's responsibility
14 and shall be deemed to have occurred after such ownership has
15 passed to buyer."  Mot. at 6.  Furthermore, neither party disputes
16 the fact that the PMPA requires a franchisor, in circumstances
17 such as these, to make "a bona fide offer to sell, transfer, or
18 assign to the franchisee the interest of the franchisor in any
19 improvements or equipment located on the premises."  15 U.S.C. §
20 2802(c)(4)(C)(i).

21     As a threshold matter, the Court notes that the jury was used
22 in an advisory capacity for the equitable claims of Houtan's PMPA
23 claim and Conoco's unjust enrichment claim.  Not only was this
24 noted on the record during trial but the parties were both in
25 agreement that such a course of action was proper.  See TR at 131
26 (The Court: "As I originally stated, I'm using the jury as an
27 advisory jury in that regard"); Reply at 2 (stating "the equitable

28

United States District Court
For the Northern District of California

1  (non-jury) issue of whether ConocoPhillips' offer complied with
2  the PMPA is still under submission and pending before the Court");
3  Opp'n at 2 (stating the "jury was advisory only on equitable
4  issues").

5  Regarding the merits of its Motion, Houtan argues that
6  because Conoco conditioned the sale of its equipment on a waiver
7  of liability, Conoco was not transferring its full interest in the
8  equipment.  After looking at the entire offer and considering this
9  argument during trial, the jury rejected it.  The Court concurs
10 with the jury's finding.  More importantly, the Court
11 independently concludes that the offer was bona fide in light of
12 all of its terms.  That Conoco conditioned the offer upon
13 acceptance of a waiver of liability does not indicate that Conoco
14 was transferring more or less than its full interest in the
15 equipment.  Furthermore, Plaintiff has provided no authority for
16 the proposition that bona fide offers under the PMPA may not
17 identify and allocate potential environmental risks.

18 Finally, any argument by Houtan that the offer price was too
19 high was undercut by Houtan's own appraisal expert, who testified
20 on direct that even though his appraisal of the equipment was
21 $145,000 and Conoco's appraisal was $340,000, this range of
22 roughly %70 between the two appraisals was not necessarily
23 unusual.  TR 113.  Thus, Houtan's own expert believed that
24 Conoco's appraisal may have been within the reasonable range that
25 two different appraisers might reach.  Such testimony severely
26 undercuts Houtan's argument that $340,000 was not a bona fide
27 offer.  For these reasons, the Court FINDS that Conoco's offer to

9

sell the equipment and improvements to Houtan was bona fide pursuant to the PMPA. The evidence from trial amply supports this conclusion and Houtan's Motion for Judgment as a Matter of Law with regards to whether the offer was bona fide is DENIED.

### C. Damages

The jury's verdict regarding damages was clear. Lest there be any confusion, however, the Court notes that the jury returned an advisory verdict stating that the offer of $340,000 was bona fide. In addition, on the monetary claims, the jury found Houtan liable to Conoco on Conoco's counterclaims for damages in the amount of $40,000. As Conoco argued in a motion in limine and in its closing argument, this amount was reached by multiplying a monthly rental value of $4,000 by the number of months, ten, during which Houtan continued to use Conoco's equipment. Therefore, if Houtan now rejects the offer of $340,000, which it is entitled to do, Houtan is liable only for the damages of $40,000 and Conoco may remove the improvements and equipment. If, however, Houtan accepts the offer, then Houtan is liable to Conoco for the offer price of $340,000 plus damages in the amount of $40,000.

///
///
///
///
///
///

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Judgment as a Matter of Law is DENIED.


IT IS SO ORDERED.


Dated: September 23, 2008               
                                        _____
                                        UNITED STATES DISTRICT JUDGE

11